LEWIS AND ROCA LLP LAWYERS

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| STACY D. FORD-KELLY,<br><br>               Plaintiff,<br><br>vs.<br><br>AMEC EARTH & ENVIRONMENTAL, INC.,<br><br>               Defendant. | No. 3:12-cv-08085-NVW<br><br>**AMEC EARTH & ENVIRONMENTAL INC.'S PARTIAL MOTION TO DISMISS** |

This matter is a re-filed action that was removed from Mohave County Superior Court after it was dismissed due to insufficient service of process. Plaintiff Stacy Ford-Kelly ("Plaintiff") brings a panoply of claims against her former employer AMEC Earth & Environmental, Inc. ("AMEC"), the majority of which should be dismissed at the pleading stage either because they are not cognizable claims under the law or because they are time-barred. Specifically, the following claims are not legitimate causes of action under either federal or Arizona state law:

- Second Cause of Action - Violation of Arizona Drug Testing Law
- Fifth Cause of Action - Extortion and Attempted Bribery
- Eighth Cause of Action - Violation of the Privacy Act of 1974
- Thirteenth Cause of Action - Financial, Emotional & Mental Distress/Damages

2871442.1

Further, the following claims are barred by the pertinent statute of limitations:

- Tenth Cause of Action - Knowledge of Sexual Harassment
- Eleventh Cause of Action - Racial Discrimination
- Twelfth Cause of Action - Religious Discrimination

For these reasons, and as discussed in greater detail below, AMEC respectfully requests that this Court dismiss the above-listed claims *with prejudice*, as the defects in these claims could not be saved by amendment.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL BACKGROUND

On February 10, 2010, Plaintiff filed a charge of discrimination with the EEOC against AMEC claiming:

> I believe I was discriminated against due to my race, Native American, sex, female, religion, Christian, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

*See* Request for Judicial Notice, Ex. A.

On April 15, 2010, Plaintiff filed a hand-written complaint in Mohave County Superior Court, in which she made the following (and complete) allegations:

> Plaintiff alleges that this Court has jurisdiction over this matter and Plaintiff is suing the Defendant for violation of Arizona Employment Protections Act, Arizona Constructive Discharge Law, Arizona Equal Pay Law, Arizona Drug Testing Law, Arizona Blacklist Law. Plaintiff also seeks relief for being discharged for "whistle blowing" that is in violation of public policy, theft of original BSCE Degree, theft of original EIT Certification, theft of official transcripts, attempted bribery, defamation of character/libel, public disclosure of private facts, false light laws and physical, mental and emotional distress.

*Id.*, Ex. B. Plaintiff did not list in this complaint any of the discrimination claims she made in her EEOC charge. *Id.* After filing affidavits of service falsely attesting that she had served her complaint on AMEC, Plaintiff sought a default judgment which was not granted. *Id.*, Ex. C. Instead, Plaintiff was allowed to amend her complaint. *Id.*

On April 30, 2010—two weeks after Plaintiff filed her first complaint—the EEOC issued Plaintiff a right-to-sue notice on her Title VII discrimination claims after it was



1  "unable to conclude that the information obtained establishes violations of the statutes."
2  (Complaint, at Ex. 18.)  The right-to-sue notice states that Plaintiff must bring her Title
3  VII claims in federal or state court within ninety days of her receipt of the notice or her
4  "right to sue based on this charge will be lost." *Id.*

5  On January 14, 2011, some eight months later, Plaintiff amended her original
6  complaint and attempted to add her now-untimely Title VII claims of sexual harassment,
7  racial discrimination, and religious discrimination.  *See* Request for Judicial Notice, Ex. D.
8  Plaintiff again filed false affidavits of service claiming she served the amended complaint
9  on AMEC, and again she sought a default judgment against AMEC.  AMEC finally
10  became aware of Plaintiff's lawsuit due to its own investigation of packages of blank
11  papers that had been received, via certified mail return receipt requested, by two officers
12  of AMEC and its statutory agent.  AMEC moved to dismiss the complaint based in part on
13  insufficient service of process and attempted fraud upon the court.

14  On December 8, 2011, after concluding the packages sent to AMEC and its
15  statutory agent contained only blank papers, Plaintiff's original action was dismissed by
16  the state court due to insufficient service of process, but she was given leave to file a new
17  complaint within ninety days.  *Id.*, Ex. E.

18  On March 2, 2012, Plaintiff filed the instant action.  Plaintiff attached a document
19  to her complaint which, according to Plaintiff, purports to be her "Employment Contract"
20  with AMEC.  (Complaint, at Exhibit 1.)  In fact, this document is a highly doctored
21  version of her actual employment offer letter from AMEC, which is not an employment
22  contract and which clearly states that Plaintiff was an at-will employee whose employment
23  could be terminated at any time.  AMEC will present further evidence regarding this
24  fraudulent document as the litigation proceeds.

25  **II.     ARGUMENT**
26        **A.     Legal Standard**
27        A motion to dismiss for failure to state a claim should be granted when the
28  complaint fails to state a legally cognizable claim and the grounds on which it rests.  Fed.



R. Civ. Pro. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In other words, "[d]ismissal under Rule 12(b)(6) can be based on 'the lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Ganucheau v. E-Systems Management, LLC*, 2012 WL 1313080 (D. Ariz. 2012) (quoting *Balistreri v. Pacidica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  Further, if the complaint's deficiencies cannot be cured by amendment, dismissal should be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

In evaluating a motion to dismiss, the Court accepts all of the plaintiff's factual allegations as true and construes the pleadings in a light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  In addition, "the Court may take judicial notice of matters of public record, even if not alleged in the complaint." *Chanen v. Bank of America, N.A.*, 2011 WL 5593037 (D. Ariz. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001)).

**B.     Allegations**

Plaintiff makes certain factual allegations in support of her claims.  However, the primary basis for dismissal of the causes of action that are the focus of this motion do not require analysis of the facts alleged, but rather the claims are dismissible on purely legal grounds.  Therefore, where the specific allegations bear on the analysis of the claims, they are recited in the discussion below.

**C.     Analysis**

**1.     Plaintiff's Second Claim Should Be Dismissed As There is No Cause of Action for "Violation of Arizona Drug Testing Law."**

In her second claim, Plaintiff alleges that AMEC violated A.R.S. § 23-493.04(D) by instituting mandatory drug testing but not requiring all employees to undergo drug testing or sign the Employee Substance Abuse Policy Acknowledgment. (Complaint, at p. 3.)  However, by the very terms of the statute under which Plaintiff brings this claim, Plaintiff has no cause of action.  A.R.S. § 23-493.08 states that "compliance with this

2871442.1

article by employers is voluntary and no cause of action arises as a result of having a drug testing and alcohol impairment testing policy that is not in compliance with this article," which article includes the provisions of A.R.S. § 23-493.04(D). Therefore, this cause of action should be dismissed for failure to state a claim because under A.R.S. § 23-493.08, Plaintiff cannot bring such a claim.

      **2.**    **Plaintiff's Fifth Claim Should Be Dismissed As There is No Cause of Action for "Extortion and Attempted Bribery."**

In her fifth claim, Plaintiff alleges that AMEC attempted to extort and bribe her by asking her to sign a Separation Agreement upon the termination of her employment and, allegedly, telling her that in exchange she would receive her property and cash contained in an envelope. (Complaint, at p. 6.) Plaintiff cites no authority for the viability of such a claim in a civil context, and none appears in state or federal statutes. *See, e.g., Becker v. Kroll*, 340 F. Supp. 2d 1230, 1237 (D. Utah 2004) (holding that there "is not a separate cause of action" for bribery and extortion under federal law), *reversed on other grounds*, 494 F.3d 904 (10th Cir. 2007). Therefore, this cause of action should be dismissed for failure to state a claim.

      **3.**    **Plaintiff's Eighth Claim Should Be Dismissed As There is No Cause of Action under the Privacy Act of 1974 Against a Private Company.**

In her eighth claim, Plaintiff alleges that AMEC disclosed a list of her former employers to the Lake Havasu City interim City Manager without her consent, which she claims is a violation of the Privacy Act of 1974. (Complaint, at p. 8.)

Under the Privacy Act of 1974, it is unlawful for an "agency" to disclose certain information about a person without first obtaining the person's consent. 5 U.S.C. § 552a(b). However, the definition of "agency" includes only the following: an executive department, military department, government corporation, or other establishment in the executive branch, or any independent regulatory agency. 5 U.S.C. § 552(f)(1); *see also Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) ("The private right of civil action created by the Act is specifically limited to actions against agencies of the United

5

2871442.1



States Government. The civil remedy provisions of the statute do not apply against private individuals . . . ."); *Bell v. Moore*, 2007 WL 865313, at *3 (D. Ariz. 2007) (denying plaintiff's request for leave to amend complaint to allege Privacy Act claim against a private entity on the grounds that the Privacy Act does not apply to non-government entities).

AMEC is not a government agency. (Complaint, at p. 1.) Therefore, this cause of action cannot be brought against it and the claim should be dismissed.

### 4. Plaintiff's Tenth, Eleventh, and Twelfth Claims Should Be Dismissed Because They Are Time-barred.

Title VII provides, in relevant part, that "[i]f a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ." 42 U.S.C. § 2000e-5(f)(1). If a claimant fails to file a complaint within ninety days of notice, her action is barred by the statute. *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir.1990); *see also Scholar v. Pacific Bell*, 963 F.2d 264, 266–67 (9th Cir.1992) ("The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations.").

The start of the limitations period is measured "from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgm't Serv.*, 495 F.3d 1119, 1222 (9th Cir.2007). "Where the actual date of receipt [of the right-to-sue notice letter] is unknown but receipt itself is not disputed," the letter is presumed to have arrived within three days of its issuance. *Id.*

Plaintiff received her right-to-sue notice on or about April 30, 2010, and she filed the instant complaint on March 2, 2012, nearly two years after the notice had been issued. Plaintiff declares in her complaint that "April 15, 2010 being the date [her first action] was filed with Mohave County Superior Court in the State of Arizona shall be the date used when calculating the statute of limitations for this new action." (Complaint, at p. 2 ¶ 3.)

2871442.1



However, this statement is incorrect. Plaintiff did not bring her Title VII claims in her April 15, 2010 complaint. In fact, she asserted nearly every claim she brings in the instant action (though with considerably less detail) *except for* her discrimination claims. As detailed above, the entirety of Plaintiff's April 15, 2010 complaint stated:

> Plaintiff alleges that this Court has jurisdiction over this matter and Plaintiff is suing the Defendant for violation of Arizona Employment Protections Act, Arizona Constructive Discharge Law, Arizona Equal Pay Law, Arizona Drug Testing Law, Arizona Blacklist Law. Plaintiff also seeks relief for being discharged for "whistle blowing" that is in violation of public policy, theft of original BSCE Degree, theft of original EIT Certification, theft of official transcripts, attempted bribery, defamation of character/libel, public disclosure of private facts, false light laws and physical, mental and emotional distress.

There is plainly no mention of Title VII or of racial, religious, or sex discrimination. Nor could there have been, as Plaintiff had yet to receive her right-to-sue notice, a fact that would have rendered any such claims dismissible for failure to exhaust administrative remedies. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.1988) (holding that "Plaintiff must file a discrimination charge with the Equal Employment Opportunity Commission and receive a right-to-sue letter from the Commission" and that "[f]ailure to observe these requirements renders a suit subject to dismissal").

Plaintiff did not assert her Title VII claims until she amended her complaint in the original action on January 14, 2011, more than 200 days after receiving her right-to-sue notice. Plaintiff asserts no grounds—nor can any be gleaned from even a liberal reading of the complaint—for the Title VII statute of limitations to be tolled on these claims. Therefore, Plaintiff's tenth, eleventh and twelfth claims should be dismissed because they are barred by the applicable statute of limitations.

### 5. Plaintiff's Thirteenth Claim Should Be Dismissed As There is No Cause of Action for "Financial, Emotional & Mental Distress/Damages."

Damages cannot stand alone as a separate claim. *See, e.g., Sisemore v. Farmers Ins. Co. of Ariz.*, 161 Ariz. 564, 566, 779 P.2d 1303, 1305 (App. 1989) (finding that a



request for punitive damages does not state a separate claim for relief under Arizona law). To the extent that Plaintiff is seeking to assert an independent claim for damages separate from a legal wrong, this count should be dismissed for failure to state a claim upon which relief may be granted. *Id.*

### 6. The Foregoing Causes of Action Should Be Dismissed With Prejudice As None Can Be Saved By Amendment.

Because the defects in the above-analyzed claims are not curable—either because they are not cognizable claims or they are time-barred—the order dismissing them should be with prejudice. *See McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1096 (9th Cir. 2003) (holding that dismissal with prejudice and without leave to amend is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment"); *see also U.S. ex rel. Sallade v. Orbital Sciences Corp.*, 2008 WL 724973, at *4 (D. Ariz. 2008) (dismissing a claim with prejudice because the defect in the claim could not be cured with an amended pleading).

Plaintiff's Second, Fifth, Eighth, and Thirteenth claims cannot be cured with amended pleadings because they are not cognizable legal actions and therefore cannot become actionable. Likewise, Plaintiff's Tenth, Eleventh, and Twelfth claims should be dismissed with prejudice because no amendment to the pleadings can change the fact that these claims are time-barred. *Calhoun v. Department of Corrections*, 402 Fed. Appx. 196, 197 (9th Cir. 2010) (holding that claims that are time-barred "cannot be cured by amendment" and therefore should be dismissed with prejudice).

### III. CONCLUSION

For the foregoing reasons, AMEC respectfully requests that this Court dismiss Plaintiff's Second, Fifth, Eighth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action with prejudice.

2871442.1

1 | RESPECTFULLY SUBMITTED this 8th day of May, 2012.

2 |       LEWIS AND ROCA LLP

4 |       By  */s/ Melanie V. Pate*
5 |           Melanie V. Pate
          Alastair Gamble
          Attorneys for Defendant

2871442.1

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

I hereby certify that on May 8, 2012, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

>Stacy D. Ford-Kelly
>1561 Mohican Drive
>Lake Havasu City, Arizona  86406

/s/ Susan J. Durkee