✓ FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 0 4 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____M DEPUTY

1  Stacy D. Ford-Kelly
   1561 Mohican Dr.
2  Lake Havasu City, AZ 86406
   928-505-4963
3  jamesstacy5871@gmail.com
   Pro Se Plaintiff
4

5

6                    UNITED STATES DISTRICT COURT
                         DISTRICT OF ARIZONA
7
                                                     06D85
8  STACY D FORD-KELLY,                 Case No.: 3:12-cv-080805-NVW
            Plaintiff,
9

10     vs.

11                                            MOTION TO REMAND
                                       TO THE ARIZONA SUPERIOR COURT
12 AMEC EARTH & ENVIRONMENTAL, INC.,        FOR MOHAVE COUNTY
            Defendant,
13                                     Assigned to: Honorable Neil V. Wake

14

15        Pursuant to 28 U.S.C. § 1447(c) and other applicable law, Plaintiff Stacy D. Ford-Kelly

16 (hereinafter, "Plaintiff") hereby files her Motion to Remand this case to the Arizona Superior Court for

17 Mohave County.  Because Defendant AMEC Earth & Environmental, Inc. (hereinafter, "AMEC") is a

18 citizen of Arizona for diversity purposes and AMEC failed to properly file Notice of Removal within

19 which a case may not be removed on the basis of jurisdiction conferred by 28 U.S.C. § 1332 more than

20 one year after receipt by the removing defendant of a paper from which it is first ascertainable from

21 the face of the document that the action is removable, Defendant waived its right by actively litigating

22 the action for more than the last two years in State Court and Defendant is using the removal process

23 as a tactical advantage after not faring well in State Court, Defendants have failed to meet the burden

24 of removal statutes and because Plaintiff's case involves important State legal issues of substantial

25 public importance, presenting issues of first impression pertaining to interpretation of State laws, this

26 matter should be remanded to State Court, the forum of Plaintiff's choosing.

1    No actions or pleadings by Plaintiff constitute an acquiescence or waiver of procedural or other

2    defects in the Notice of Removal.

3        This Motion is supported by the Memorandum of Points and Authorities below.

4

5                      **MEMORANDUM OF POINTS AND AUTHORITIES.**

6

7    **I.  BACKROUND.**

8        On April 15, 2010, Plaintiff filed her lawsuit against the Defendant in her chosen forum of the

9    Arizona Superior Court for Mohave County (Exhibit 1 Attached).  This forum was chosen because all

10   of the Plaintiff's claims and issues are State in nature, nothing warrants the use of federal statutes or

11   code, there are Arizona Defendants involved in this matter, employment rights in Arizona are a policy

12   problem of substantial public importance and federal jurisdiction would be disruptive of Arizona's

13   need to rule on issues of first impression.

14       On January 26, 2011 the Defendant was served Summons and Complaint (Exhibit 2 Attached).

15       On January 14, 2011 Plaintiff filed her First Amended Complaint (Exhibit 3 Attached).

16       On March 10, 2011 the Defendant was served Summons and First Amended Complaint

17   (Exhibit 4 Attached).

18       On December 8, 2011 Mohave County Superior Court ordered that Plaintiff be allowed to file

19   a new complaint for the same causes of action under Arizona Revised Statutes § 12-504 Saving Statute

20   (Exhibit 5 Attached).

21       On March 2, 2012 Plaintiff filed her Complaint that Defendant is trying to remove which the

22   Court can clearly see the document is nearly identical to Exhibit 3 of this motion, her First Amended

23   Complaint.

24       On May 1, 2012 Defendant filed a Notice of Removal.

25       On May 4, 2012 Plaintiff received Notice of Removal via USPS.

26

## II.  LEGAL STANDARD

### A.    28 U.S.C. § 1331. *Federal question:*

Section 1331 establishes that district courts shall have original jurisdiction when actions contain questions which are Federal in nature.

Section 1331 states:
The district courts *shall have original jurisdiction of all civil actions arising* under the Constitution, laws, or treaties of the United States.

### B.    28 U.S.C. § 1332. Diversity of citizenship; amount in controversy; costs

Section 1332 establishes the parameters upon which a district court shall have original jurisdiction.

Section 1332 (a) states,
The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties;

### C.    28 U.S.C. § 1446. Procedure for removal

Section 1446 establishes the proper procedures for removal of an action to Federal Court.

Section 1446 (b) states:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

1

**D.    28 U.S.C. § 1447. Procedure after removal generally**

2

Section 1447 elaborates on the parameters upon which a party may move the court for a

3

remand.

4

28 U.S.C. § 1447 states:

5

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section

6

1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require

7

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of

8

the State court. The State court may thereupon proceed with such case.

9

10

**III.   ARGUMENT**

11

12

**A.    This Matter Should Be Remanded to the Arizona Superior Court for Mohave County as Nothing within the Complaint Alleges Any Claims Which Create Federal Question Jurisdiction.**

13

14

Federal question jurisdiction exists only where the complaint "establishes either that [1] federal

15

law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on

16

resolution of a substantial question of federal law, in that 'federal law is a necessary element of one of

17

the well-pleaded … claims'." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09

18

(1988) (quoting *Franchise Tax Bd.*, 463 U.S. at 27-28); 28 U.S.C. § 1331. "[I]n order for a complaint

19

to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-

20

pleaded complaint that there is a federal question." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.

21

1996). The "mere presence of a federal issue in a state cause of action does not automatically confer

22

federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

23

Defendant's removal to Federal court is an attempt to evade the operation of mandatory

24

provisions of applicable Arizona statutes and law.  This matter should be remanded to the Arizona

25

Superior Court for Mohave County as there are no federal questions before the Court.

26

**B.    This Matter Should Be Remanded to the Arizona Superior Court for Mohave County as AMEC is a Citizen of Arizona for Diversity Purposes**

AMEC is an Arizona Corporation and thus a citizen of Arizona for diversity purposes.  Since there are only two parties involved and AMEC is a citizen of Arizona the Defendant has not meet the burden of establishing complete diversity of citizenship which is required under 28 U.S.C § 1332.  For the foregoing reason, this matter should be remanded to the Arizona Superior Court for Mohave County.

**C.    This Matter Should Be Remanded to the Arizona Superior Court for Mohave County; AMEC's Failure to Timely File for Removal under 28 U.S.C § 1446 Is A Defect In Removal Procedure and it Warrants Remand.**

Section 1446 establishes the proper procedures for removal of an action to Federal Court.  Under this provision, it appears that "service or otherwise" merely requires receipt by the removing defendant of a paper from which it is first ascertainable from the face of the document that the action is removable. *Harris*, 425 F.3d at 694; *see also* Babasa v. Lenscrafter, Inc., 498 F.3d 972 (9th Cir. 2007).

Courts have construed "other paper" broadly to include correspondence.  In *Harris*, the court found a letter from plaintiffs counsel to defense counsel that indicated constituted "other paper" under the statute.  Similarly, in *Babasa*, the court found that a letter sent in preparation for mediation served as proper notice that the claim had become removable. *Babasa*, 498 F.3d 972.

As a creature of statute, removal comes with procedures and requirements that are mandatory in nature. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985).  The Ninth Circuit strictly construes the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).  Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Id*; *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 507 (E.D. Va. 1992)

("Removal of civil cases to federal court infringes state sovereignty. Consequently, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.") "Courts should interpret the removal statute narrowly, and presume that the plaintiff may choose his or her forum." *Id* (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th cir. 1993)).

This failure to act, under the case law, the Notice of Removal is procedurally defective for failure to timely file for removal. Following the guidance of the Ninth Circuit and numerous District Courts deciding the matter, the removal statute must be strictly construed against removal. This failure to timely file for removal is a procedural defect to be weighed in favor of the Plaintiff. Therefore, the court should remand this matter back to the Arizona Superior Court for Mohave County which is the Plaintiff's chosen forum.

**D.    This Matter Should Be Remanded to the Arizona Superior Court for Mohave County as Defendant has waived is Using Removal as a Tactical Advantage After Not Faring Well in State Court.**

A defendant "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Paoa*, 2007 U.S. Dist. LEXIS 67596, at *19

"The purpose of the 30–day limitation is twofold." *Wilson v. Intercollegiate Collegiate Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). First, "to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system." Id. Second, "to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court." Id.

This attempted tactical maneuver of seeking for removal after two years of litigation in State Court is a procedural and ethical defect to be weighed in favor of the Plaintiff. Therefore, the Court

should remand this matter back to the Arizona Superior Court for Mohave County which is the Plaintiff's chosen forum.

### E. This Matter Should Be Remanded to the Arizona Superior Court for Mohave County; Employer Policies In Arizona Are a Policy Problem of Substantial Public Importance; Retention of Jurisdiction Would Be Disruptive of Arizona's Need to Rule on Issues of First Impression.

Under federal common law, there are many different reasons why federal courts abstain from deciding cases removed to their courts. Federal courts may abstain from the exercise of diversity jurisdiction "where there is an important countervailing interest served by having the issue decided by a state court." *State v. Mushroom King, Inc.*, 77. B.R. 813, 818 (D. Or. 1987).

[A]bstention is appropriate if the case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Mushroom King*, 77 B.R. at 818 (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976)). "It is enough that the exercise of federal review of the question would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Mushroom King*, 77 B.R. at 819. If an issue in the litigation is one of first impression for the state, which significantly affects the state's statutory scheme, the state court should decide the matter.

One cannot argue with the statement that employer policies in the State of Arizona are governed by state law, bearing on policy problems of substantial public importance. The issues presented in this case transcend the results of this particular piece of litigation. Whether in the Superior Courts or District Courts, the dockets are filled with lawsuits by employees against their current/former employer. Loan servicers and other named defendants routinely remove the cases to federal court, in spite of the plaintiff's choice of forum and in spite of the issues of state, not federal, concern. Continued federal court determination of these cases is disruptive of this State's need to establish a coherent policy regarding the state's statutory scheme.

Many of the issues presented in Plaintiff's Complaint are issues of first impression, and without doubt significantly affect *Arizona's statutory scheme*.

Employment in this State is a critical matter of statewide importance to its citizens and to its economy. Plaintiff employees are seeking the assistance of their local courts, while their employers and related defendants routinely remove these cases to federal court. Given the absence of instruction and interpretation of these issues of statewide importance from the Arizona Supreme Court or Court of Appeals, this Court should remand this matter back to the Arizona Superior Court for Mohave County. This Court should not stand in the way of this State's interpretation and construction of its own statutes which is a matter of strictly local concern.

That said, the Arizona Supreme Court has laid down the law that there is to be strict compliance with Employment statutes. The Court has clearly established that any review of the associated statutes and contracts is required to meet a standard of strict compliance. At no point in the review should any issue or allegation of non-compliance be considered "de minimis". As ruled by the Arizona Supreme Court, the bar for judicial review has been raised to the standard of "strict."

**F.      This Matter Should Be Remanded to the Arizona Superior Court for Mohave County as the Issues of Statewide Importance Should be Adjudicated with Precedent Exclusive to the Unique Statutory Employer Procedures for the State of Arizona.**

Plaintiff calls to the attention of the Court the distinctions between the allowable selection of Precedent Cases in the *District Court and the Arizona Superior Court for Mohave County.*

The District Court, per their local rules, allows the use of the disposition of any case memorialized after January 1, 2007, including cases which result in Memoranda, Orders or are Non-Published. The District Court does not allow the use of Memoranda, Orders or Non-Published cases with a disposition date prior to January 1, 2007. The District Court also generously allows the use of out of state or out of district cases using dispositions that have adjudicated laws and employment schemes that are very dissimilar to the statutes of Arizona. The challenge to adjudicating Issues of

Statewide Importance in District Court is that many of the dispositions used in court have no relevancy to the Statewide Issues *of First Impression brought in this matter.*

On the other hand, the Arizona Superior Court does not allow poorly pleaded cases that result in Memoranda, Orders or Non-Published dispositions or lower court case dispositions to be used in a case's adjudication. Arizona Superior Courts do not readily welcome the use of case dispositions outside the confines of Arizona without a lack of holding within the state. Even when such a case is used, a valid argument must be made for such a holding to be considered by the Arizona court.

The practice of the District Court is misleading, harmful and adverse to Plaintiff's efforts to seek a fair, forthright and lawful resolution to the claims and Statewide Issues of First Impression raised in her Complaint. The application of strong local precedent makes it all the more imperative that this action be adjudicated in State Court. The proper action of this court is to deny the Defendant's Notice of Removal and cause this matter to be heard and adjudicated in the court most apt to use applicable precedent which closely reflects the applicable laws of the state of Arizona, the Arizona Superior Court for Mohave County. To adjudicate this matter in a venue that will allow weak non-precedential cases from outside the state of Arizona to influence the lawful conclusions drawn in this action is an affront to the Plaintiff and the citizens of Arizona. This important matter should be adjudicated in a court that will employ strong case precedent drawn predominately from Arizona law. For this reason, this matter should be remanded to the Arizona Superior Court for Mohave County.

### IV.  CONCLUSION

Based on the foregoing, Plaintiff has demonstrated the defects in the arguments of the defendant participating in the removal:

1.  Defendant has not met the technical requirements for removal of this case to Federal Court and is time barred from filing for removal.

2.  Defendant's arguments about diversity were flawed as AMEC was properly named in the Complaint and is a Citizen of Arizona.

3.   No party to this matter indicates there are or have been federal questions in this matter which would *confer jurisdiction on a basis other than diversity.*

4.   Remand will avoid giving the Defendant an unfair tactical advantage and properly allow the Arizona State Courts to continue being the Forum of Palintiff's choice, as this action has already been in State Court for more than two years

5.   The issues raised in the Plaintiff's Complaint presented issues of statewide importance and represented issues of first impression relating to the worst economic crisis this state has known.

6.   When the state courts have not decided an issue, it is of course impossible for the federal court to divine how the state court would have ruled.  The Arizona State Courts have never had an opportunity to speak on many of the issues brought to court by this Plaintiff.  His claims are all state law claims, most of which are claims of first impression as illuminated above.  Federal court determinations of these issues, to date, have prevented the state courts from confronting and deciding these difficult first impression issues of state law and policy.  This Court should not operate to deprive the State Court of its duty to rule on the state law issues presented here.  The State Court should be allowed to develop a coherent body of case law to deal with this burgeoning area of litigation. Remand will properly allow the Arizona State Courts to rule on these critical issues.

7.   *Judicial economy, fairness, comity, the existence of novel issues under Arizona law,* and the necessity for the Court to interpret Arizona state statutes weigh heavily in favor of the Court declining jurisdiction over this matter. Remand at this time will reduce litigation costs and eliminate any need to certify novel state-law issues to the Arizona Supreme Court or speculate how the Arizona Supreme Court would rule on these issues.

1    Because the Defendants have failed have failed to prove that federal questions exist and to

2    prove that removal is proper, the Plaintiff respectfully requests that this Court grant its Motion

3    to Remand this case to Arizona Superior Court for Mohave County.

4

5            Dated this 4th day of June, 2012.

6                                    By: _____

7                                        STACY D. FORD-KELLY
                                         Plaintiff
8

**VERIFICATION**

9

10   State of Arizona        )
                             )ss:
11   County of LAPAZ        )

12

13   I, Stacy D. Ford-Kelly the undersigned, being first duly sworn, upon oath deposes and says: That I
     am the Plaintiff herein; that I have read the foregoing Motion to Remand and that I know of the
14   contents thereof: that the statements made are true and correct to the best of my own knowledge and
     belief; except as to those statements based upon information and belief, I believe them to be true and
15   correct.

16

17   _____
     Stacy D. Ford-Kelly, Plaintiff
18

19

20   Subscribed, sworn and affirmed to before me this 4th day of June, 2012.
     My Commission expires on:

21

22

23                                   _____
         NOTARY PUBLIC               Notary/Deputy Clerk
24       STATE OF ARIZONA
           Mohave County
25       REBECKA PHILPOT
     My Commission Expires 12/16/14

26

11

**CERTIFICATE OF MAILING**

Copy of this Motion to Remand (including the attached Exhibits 1-5) was mailed via USPS on this 4th day of June, 2012 to the following:

  Attorney for Defendant:
  Lewis & Roca, LLP
  Melanie V. Pate
  Alastair Gamble
  40 North Central Avenue
  19th Floor
  Phoenix, AZ 85004

# PLAINTIFF'S

# EXHIBIT 1

Name of Person Filing: *Stacy D. Ford-Kelly*
Mailing Address: *1561 Mohican Dr.*
City, State, and Zip Code: *Lake Havasu City, Az 86406*
Daytime Phone Number: *(928) 846-2289*
Evening Phone Number: _____
ATLAS Number (if applicable): _____
State Bar Number (if applicable): _____
Representing: ☑ Self ☐ Petitioner ☐ Respondent

For Clerk's Use Only
BY: *188*
2010 APR 15 PM 4:28
VIRLYNN TINNELL
SUPERIOR COURT CLERK

## SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

*Stacy D. Ford-Kelly*
(Name of Petitioner/Plaintiff)

Case Number: *CV-2010-07063*

*CIVIL COMPLAINT*
(Title of Form)

AND

*AMEC Earth & Environmental, Inc.*
(Name of Respondent/Defendant)

COMES NOW *Stacy D. Ford-Kelly* in the above captioned case to request the Court to:
(Name)

*ask for judgment against Defendant in the sum of $25,000,000.00, with interest (at the legal rate from date of judgment) until paid, plus all costs of this suit.*

For the following reason(s):

*Plaintiff alleges that this Court has jurisdiction over this matter and Plaintiff is suing the Defendant for violation of Arizona Employment Protections Act, Arizona Constructive Discharge Law, Arizona Equal Pay Law, Arizona Drug Testing Law, Arizona Blacklist Law. Plaintiff also seeks relief for being discharged for "whistle blowing" that is in violation of Public policy, theft of original BSCE Degree, theft of original EIT Certification, theft of official transcripts, attempted bribery, defamation of character/libel, public disclosure of private facts, false light laws and physical, mental and emotional distress.*

10/9/2009

Page 1 of 2



L8015CV201007063

Case No._____

## OATH OR AFFIRMATION

STATE OF ARIZONA    )
                    ) ss.
County of Mohave    )

I declare under penalty of perjury that the information on this form is true and correct to the best of my knowledge and belief.

_Stacy D. Ford-Kelly_                    _04/15/2010_
Signature                                Date

Subscribed and sworn to (or affirmed) before me on this ___15___ day of ___April___, 20_10_.

By: _Stacy Deann Ford Kelly_

My commission Expires:_____    _____
                                           Deputy Clerk / Notary Public

_AMEC Earth & Environmental, Inc. Statutory Agent:_

Copy sent to:    _CT Corporation System_        (other party)
                 _2394 E. Camelback Rd._        (address)
                 _Phoenix, AZ  85016_           (city, state, zip)
            on:  _April 15, 2010_               (date)
                 _Certified mail- return receipt requested_

# PLAINTIFF'S

# EXHIBIT 2

Mar. 10. 2011 11:02AM                                    No. 7816   P. 6/9

For Clerk's Use Only

FILED
TIME 3:35 M
MAR 8 2011
VIELYNN TINNELL
CLERK SUPERIOR COURT
BY: _____ DEPUTY

**Name of Person Filing:** STACY D. FORD-KELLY
**Mailing Address:** 1561 MOHICAN DR.
**City, State, and Zip Code:** LAKE HAVASU CITY, AZ 86406
**Daytime Phone Number:** (928) 505-4963
**Evening Phone Number:** _____
**ATLAS Number (if applicable):** _____
**State Bar Number (if applicable):** _____
**Representing:** ☑ Self  ☐ Petitioner  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

STACY D. FORD-KELLY                    Case Number: CV-2010-07063
(Name of Petitioner/Plaintiff)

                                       **AFFIDAVIT OF SERVICE BY**
AND                                    **CERTIFIED MAIL**

AMEC EARTH & ENVIRONMENTAL, INC.
(Name of Respondent/Defendant)

1.    I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the
      court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to
      Arizona rules of Civil Procedure, Rule 4.2(c)/4.1(k)

      Person served (name of other party): David Ott, Vice President AMEC E&E, Inc.

      Address where other party was served: 800 Marquette Ave. Minneapolis, MN 55402

      Date of receipt by the other party: 01/26/11

      Date of return of receipt to sender: 01/31/11

2.    I know that the other party is located outside the State of Arizona. the following documents were sent to the
      other party by certified mail: (List all of the documents sent to the other party):
      Summons and First Amended Civil Complaint including Exhibits 1 - 18
      _____
      _____

      These court papers were received by the other party as shown by the receipt, a copy of which is attached to
      this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.2(c)/4.1(k)

**OATH OR AFFIRMATION**

State of Arizona          )
Mohave County             ) ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

_Stacy D. Ford-Kelly_                          03/08/2011
Signature of Sender                            Date

Sworn to, or Affirmed before me this   8th   day of March , 20 11
by  Stacy D. Ford-Kelly

My Commission Expires: _____      _Kristoof_
                                             Deputy Clerk or Notary Public



Page 1 of 1

L8015CV201017063

Mar. 10. 2011 11:03AM                                    No. 7816    P. 7/9

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _B.Achrs_  ☒ Agent  ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery<br>B. Shafer  1-26-11<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☒ No |
| 1. Article Addressed to:<br><br>David Ott, Vice President<br>AMEC Earth & Environmental<br>Midwest Plaza Building #1200<br>800 Marquette Ave.<br>Minneapolis, MN. 55402 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7010 0780 0001 4418 1722 | |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

Mar. 10. 2011 11:02AM                                                    No. 7816   P. 4/9

| | | For Clerk's Use Only |
|---|---|---|
| Name of Person Filing: | **STACY D. FORD-KELLY** | |
| Mailing Address: | **1561 MOHICAN DR.** | **FILED** |
| City, State, and Zip Code: | **LAKE HAVASU CITY, AZ 86406** | TIME ___3:57___ M |
| Daytime Phone Number: | **(928) 505-4963** | |
| Evening Phone Number: | | MAR 8 2011 |
| ATLAS Number (if applicable): | | |
| State Bar Number (if applicable): | | VIRLYNN TINNELL |
| Representing: ☑ Self ☐ Petitioner ☐ Respondent | | CLERK SUPERIOR COURT |
| | | BY: _____ DEPUTY |

# SUPERIOR COURT OF ARIZONA
# MOHAVE COUNTY

**STACY D. FORD-KELLY**
(Name of Petitioner/Plaintiff)

Case Number: _CV-2010-07063_

AND

**AFFIDAVIT OF SERVICE BY
CERTIFIED MAIL**

**AMEC EARTH & ENVIRONMENTAL, INC.**
(Name of Respondent/Defendant)

1.  I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona rules of Civil Procedure, Rule 4.2(c)./4.1(k)

    Person served (name of other party): _Roger Jinks, President AMEC E&E, Inc._

    Address where other party was served: _502 W Germantown Pike #850, PH, PA 19462_

    Date of receipt by the other party: _01/26/11_

    Date of return of receipt to sender: _01/31/11_

2.  I know that the other party is located outside the State of Arizona. the following documents were sent to the other party by certified mail: (List all of the documents sent to the other party):
    _Summons and First Amended Civil Complaint Including Exhibits 1 - 18_
    _____
    _____

    These court papers were received by the other party as shown by the receipt, a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.2(c)/4.1(k)

**OATH OR AFFIRMATION**

State of Arizona        )
Mohave County        ) ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

_Stacy D. Ford-Kelly_                                    _03/08/2011_
Signature of Sender                                         Date

Sworn to or Affirmed before me this ___8th___ day of _March_, 20_11_

by _Stacy D. Ford-Kelly_

My Commission Expires: _____        _L. Barnhart_
                                                        Deputy Clerk or Notary Public



                                    Page 1 of 1

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br> _Morgan Hall_  ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery<br> _Megan Smith_   _1/26/2011_<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☑ No |
| 1. Article Addressed to:<br><br>Roger Jinks, President<br>AMEC Earth& Environmental<br>502 W. Germantown Pike<br>Suite 850<br>Plymouth Meeting, PA<br>19462 | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☑ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7010 0780 0001 4418 1714 |
| PS Form 3811, February 2004      Domestic Return Receipt | 102595-02-M-1540 |

Mar. 10. 2011 11:03AM                                No. 7816   P. 8/9

**Name of Person Filing:** STACY D. FORD-KELLY
**Mailing Address:** 1561 MICHIGAN DR.
**City, State, and Zip Code:** LAKE HAVASU CITY, AZ 86406
**Daytime Phone Number:** (928) 505-4953
**Evening Phone Number:**
**ATLAS Number (if applicable):**
**State Bar Number (if applicable):**
**Representing:** ☑ Self ☐ Petitioner ☐ Respondent

For Clerk's Use Only

**FILED**
TIME _3:35_ M
MAR 8 2011
VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY: _____ DEPUTY

## SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

STACY D. FORD-KELLY
(Name of Petitioner/Plaintiff)

AND

AMEC EARTH & ENVIRONMENTAL, INC
(Name of Respondent/Defendant)

**Case Number:** CV-2010-07063

**AFFIDAVIT OF SERVICE BY
CERTIFIED MAIL**

1. I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona rules of Civil Procedure, Rule 4.1(k)

   Person served (name of other party): Statutory Agent - CT Corporation System
   Address where other party was served: 2394 E Camelback Rd. Phoenix, AZ 85016
   Date of receipt by the other party: 01/26/11
   Date of return of receipt to sender: 01/28/11

2. In accordance with A.R.S. 10-504.D.1 and 10-1106.A, the following documents were sent to the other party by certified mail: (List all of the documents sent to the other party):
   Summons and First Amended Civil Complaint Including Exhibits 1 - 18

   These court papers were received by the other party as shown by the receipt, a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.1(k)

**OATH OR AFFIRMATION**

State of Arizona )
Mohave County ) ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

_Stacy D. Ford Kelly_                        _03/08/2011_
Signature of Sender                            Date

Sworn to or Affirmed before me this _8th_ day of _March_, 20_11_
by _Stacy D. Ford-Kelly_

My Commission Expires: _____        _Bushop_
                                      Deputy Clerk or Notary Public

Page 1 of 1



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>x  S  T Corporation  ☐ Agent  ☑ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery  1–28 |
| 1. Article Addressed to:<br><br>CT Corporation System<br>Statutory Agent for<br>AMEC Earth & Environmental<br>2394 E. Camelback Rd.<br>Phoenix, AZ. 85016 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:   ☐ No<br><br>3. Service Type<br>   ☑ Certified Mail    ☐ Express Mail<br>   ☐ Registered       ☑ Return Receipt for Merchandise<br>   ☐ Insured Mail     ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>   (Transfer from service label) | 7010 0780 0001 4418 1707 |

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# PLAINTIFF'S

# EXHIBIT 3

1    Stacy D. Ford-Kelly
     1561 Mohican Dr
2    Lake Havasu City, AZ 86406
     928-505-4963
3    Plaintiff Pro Per

FILED
BY: _____
2011 JAN 14  PM 4: 36
VIRLYNN TINNELL
SUPERIOR COURT CLERK

4              **SUPERIOR COURT OF THE STATE OF ARIZONA**

5                        **COUNTY OF MOHAVE**

6

7                                          Case No: CV-2010-07063

8         **STACY D. FORD-KELLY,**
               Plaintiff                   **FIRST AMENDED CIVIL COMPLAINT in re:**
9                                          Violation of AEPA, Breach of Employment Contract,
                       v.                  Violation of AZ Drug Testing Law, Violation of the
                                           Whistle Blowing Act, Theft, Attempted Bribery, FLMA
10   **AMEC EARTH & ENVIRONMENTAL, INC.,**  Violation, Defamation of Character/Libel, Blacklisting,
               Defendant                   Privacy Act Violation, Sexual Harassment, Racial
11                                         Discrimination, Religious Discrimination, Punitive
                                           Damages for Financial, Emotional, Physical & Mental
12                                         Distress/Damages

13   COMES NOW, Stacy D. Ford-Kelly, in pro per for her complaint against the above named Defendant, alleges and states

14   as follows:

15
       1.   Plaintiff, Stacy D. Ford-Kelly, resides at 1561 Mohican Drive, Lake Havasu City, AZ 86406.
16

17     2.   Defendant AMEC Earth & Environmental, Inc., a division of the International Corporation AMEC Holdings, is a

18          licensed Arizona Corporation located at 94 Acoma Blvd. S. #100, Lake Havasu City, AZ 86403. Defendant is a

19          corporation with a business office in Mohave County, State of Arizona, and that all matters and the obligation

20          hereinafter set forth incurred and is payable in Mohave County, State of Arizona.

21     3.   Original Civil Complaint was filed by the Plaintiff on April 15, 2010. On December 20, 2010, the Honorable

22          Randolph A. Bartlett ordered granting the Plaintiff's Motion to Amend Civil Complaint.

23
       4.   That the amount of Plaintiff's claim is within the jurisdictional limits of this Court, the venue is proper, and
24
            that the Defendant is liable for and/or has contractual obligations to Plaintiff which are to be carried out and
25
            fulfilled in this jurisdiction.
26

                                                                    Page 1 of 11

L8015CV201007063

**FIRST CAUSE OF ACTION- BREACH OF CONTRACT**

5.   Plaintiff alleges that on or about January 21, 2008, the Defendant, AMEC Infrastructure, Inc. now known as AMEC Earth & Environmental, Inc., made and delivered to the Plaintiff an Employment Contract that was executed by both parties and that was effective January 28, 2008 and expires December 31, 2013 which is in the form and figures as set forth in Exhibit 1 attached hereto and by reference made a part hereof. Defendant violated Arizona Employment Protection Act of 1996 and breached the employment contract when they laid her off on April 21, 2009.

6.   Employment contract became due and payable in full on April 24, 2009, which is three days after Plaintiff was involuntarily laid off and is eligible for rehire as set forth in Exhibit 2 attached hereto and by reference and made a part hereof. Balance due for remainder of employment contract is $455,672.93, which includes unpaid wages, bonuses, vacation, and sick pay for the remaining period of the employment contract; plus the eighteen months of Cobra in the amount of $24,830.28 for a total of $480,503.21.

7.   Pursuant to A.R.S. 23-353(A), Payment of wages as stated in paragraph 6 for the period of the Employment Contract is due and payable in the amount of $480,503.21 is enforceable pursuant to A.R.S §23-1501(2) and A.R.S. § 23-1501(3)(a). Amount of recovery in accordance with ARS §23-255(A) of the amount owed is treble the unpaid wages, etc, ($455,672.93 x 3=$1,367,028.18) as set forth in Exhibit 3 & Exhibit 4 attached hereto and reference made a part hereof. Treble wages $1,367,018.78 plus Cobra $24,830.28 = $1,391,849.06.

**SECOND CAUSE OF ACTION- VIOLATION OF ARIZONA DRUG TESTING LAW**

8.   Plaintiff alleges that the Defendant violated A.R.S. § 23-493.04(D) by instituting a mandatory drug testing policy on January 01, 2008 as AMEC Infrastructure, Inc., was merging with AMEC Earth & Environmental, Inc. AMEC Earth & Environmental, Inc. does Homeland Security and other US Government projects. Plaintiff was subjected to pre-employment drug testing on 1/23/2008 as set forth in Exhibit 5 attached hereto and reference made a part hereof . All the other compensated employees, including officers, directors and supervisors admitted to Plaintiff they were not required to undergo drug testing or sign the Employee

Substance Abuse Policy Acknowledgment or participate in Supplemental Training for Employees Involved in U.S. Government Work as set forth in Exhibit 6 attached hereto and reference made a part hereof.

9.  Plaintiff seeks relief for punitive damages in the amount of $70,000.00

## THIRD CAUSE OF ACTION- VIOLATION OF WHISTLE BLOWING ACT

10. Plaintiff alleges that her involuntary layoff on April 21, 2009 was in retaliation for two incidents of "Whistle Blowing". On April 16, 2009 Plaintiff's immediate supervisors discovered that Plaintiff had lodged formal complaints about the incidents involving overpriced construction costs/bid rigging by AMEC Earth & Environmental that is funded with Federal and State public funds to the Criminal Division of the Environmental Protection Agency as set forth in Exhibit 7 attached hereto and reference made a part hereof, Arizona Department of Environmental Quality (ADEQ) and the Arizona Board of Professional Registrants because AMEC did nothing to correct the matters that they are legally liable for as described below. Plaintiff's complaints of design errors that led to overpriced construction costs/bid rigging are backed up by the former oversight engineer Todd Connelly from RCI, Inc. as set forth in Exhibit 8 attached hereto and reference made a part hereof.

11. The first incident was notifying superior Nick Bokaie via telephone and then reiterated in an email dated August 28, 2008, as set forth in Exhibit 9 attached hereto and reference made a part hereof, that Plaintiff had discovered AMEC inspectors approved serious errors in the plans during construction of the Hillside Area of Lake Havasu City Wastewater Expansion Project that had already been completed. When Plaintiff brought her findings to her immediate supervisor, Darin Miller, he just said "Not good" and that there wasn't much we could do about it. The design errors were in violation of ADEQ minimum slope design requirements/standards.

12. The second incident occurred October 6, 2008 when Plaintiff had notified superior Nick Bokaie, whose PE stamp was on all documents and construction plans, via email as set forth in Exhibit 10 attached hereto and reference made a part hereof, that her immediate supervisor, Darin Miller, was insisting that the Engineering Report she was preparing for the Neptune Area of the Lake Havasu City Wastewater Sewer Expansion Project be submitted to ADEQ with construction material quantities that were known by Darin Miller and Plaintiff to be

incorrect. Plaintiff refused to submit the Engineering Report because it was unethical and illegal. Plaintiff also notified Nick Bokaie in the same email (Exhibit 10) that the issue for Bid (IFB) plans and quantities in the Bid Package, which were to be included in the ADEQ submittal with the Engineering Report, had already been submitted to the Lake Havasu City Public Works Department and were currently being advertised for bid.

13.    Both incidents are in violation of the Arizona Employment Protection Act of 1996, Whistleblower Protection Act of 1989, 40 C.F.R. 7.100(b), A.R.S. § 23-1501(3)(c)(i) and A.R.S. § 23-1501(3)(c)(ii). Plaintiff asks for punitive relief for damages in the amount of $5,000,000.00 for her termination being "malicious, willful, reckless, wanton, fraudulent, and/or in bad faith."

## FOURTH CAUSE OF ACTION -THEFT OF ORIGINAL CREDENTIALS

14.    Plaintiff alleges that her work area was illegally searched on April 20, 2009 and resulted in the theft of Plaintiff's original BSCE Degree, original Engineering Certification License, official transcripts, and computer. The Plaintiff also alleges that her former supervisor, Darin Miller and former City Manager, Richard Kaffenberger, took part in the search looking for documentation that could prove the illicit activities. Kaffenberger has a history of unwarranted searches as set forth in Exhibit 11 attached hereto and reference made a part hereof.

15.    These actions by Defendant are in violation of A.R.S. § 12-542.04. Plaintiff cannot get employment within the Civil Engineering field or finish her Master's Degree in Civil Engineering without all of the original professional credentials that were stolen and seeks punitive damages in the amount of $3,000,000.00

## FIFTH CAUSE OF ACTION-EXTORTION AND ATTEMPTED BRIBERY

16.    Plaintiff alleges that Defendant committed extortion and attempted to bribe her by asking her to sign a Separation Agreement as set forth in Exhibit 12 attached hereto and reference made a part hereof and would in return receive her professional credentials consisting of Plaintiff's original BSCE degree, original Engineering Certification License and official transcripts that were stolen from her work area and an undisclosed amount of cash that were in an envelope on the desk in front of her.

17.    Plaintiff refused to sign the agreement and seeks punitive damages in the amount of $3,000,000.00.

1

2      **SIXTH CAUSE OF ACTION- VIOLATION OF FMLA**

3      18.  Plaintiff alleges that the Defendant was laying her off due to the fact that she had exhausted all employment

4            protected Family Medical Leave as set forth in Exhibit 13 attached hereto and reference made a part hereof.

5            Defendant was mistaken, Plaintiff was on Non-FML Short Term Disability from December 22, 2008 through

6            March 6, 2009, as set forth in Exhibit 14 attached hereto and reference made a part hereof, because she did

7            not qualify for FML until January 28, 2009 and was informed of this in a letter from Defendant, as set forth in

8            Exhibit 15 attached hereto and reference made a part hereof. Plaintiff was never offered FML by defendant,

9            but if taken there would have been six weeks used out of twenty four weeks available, according to company

10          policy, leaving an available balance of employment protected leave of 18 weeks.

11     19.  Defendant's admitted reason for Plaintiff's involuntary layoff was a violation of FMLA governed by 29 U.S.C.

12          2615(a)(1). Plaintiff seeks statutory liquidated damages in the amount $43,905.60, which is two times eighteen

13          weeks of salary at the time (2 x 18 x $1219.60 = $43,905.60)

14          A.   Plaintiff cites *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112 (9th Cir. 2001). The Ninth Circuit

15                emphasized that Bachelder's lawsuit was governed by 29 U.S.C. 2615(a)(1), which prohibits an

16                employer from "interfer[ing] with" an employee's FMLA rights. The court declared that an employer

17                violates this provision any time it uses an employee's protected leave as *"a negative factor"* in an

18                adverse employment action. The "negative factor" language comes from a DOL regulation which the

19                court found worthy of deference. 29 C.F.R. 825.220(c). *Bachelder* is the first published appellate

20                decision to expressly apply DOL's "negative factor" standard. America West's termination of Bachelder

21                violated FMLA as a matter of law and she could recover statutory liquidated damages.

22          **SEVENTH CAUSE OF ACTION-DEFAMATION OF CHARACTER & LIBEL**

23     20.  Plaintiff alleges that Defendant publicized the Plaintiff in the Lake Havasu City Today's-News Herald newspaper

24          article dated November 19, 2009 in such a way that it made her appear to be incompetent and a liar about the

25          design errors, twisting her allegations around to make it sound as if Plaintiff had accused Defendant of

26          corruption and misconduct. Plaintiff had actually turned the Defendant in for violation of design standards and

Page 5 of 11

knowingly submitting false information to Local and State agencies. See Lake Havasu City Today's-News Herald newspaper article dated November 19, 2009 as set forth in Exhibit 16 attached hereto and reference made a part hereof.

21. Plaintiff seeks punitive damages for invasion of privacy false light tort claim for violation of the Privacy Act of 1974 in the amount of $3,000,000.00.

## EIGHTH CAUSE OF ACTION-VIOLATION OF THE PRIVACY ACT OF 1974

22. Plaintiff alleges that Defendant revealed private information, without her consent a list of Plaintiff's former employers to Charlie Cassens, LHC Interim City Manager and Cassens took it upon himself to contact Plaintiff's former employers as stated in a memo from Mr. Cassens and publicized in the Lake Havasu City Today's-News Herald newspaper article dated November 19, 2009 as set forth in Exhibit 16 attached hereto and reference made a part hereof.

23. Plaintiff seeks punitive damages for invasion of privacy public release of private information tort claim for violation of the Privacy Act of 1974 in the amount of $3,000,000.00

## NINTH CAUSE OF ACTION-BLACKLISTING

24. Plaintiff alleges that Defendant took part in blacklisting Plaintiff by means of communication or transmittal between two or more employers of labor, or their bosses, foremen, superintendents, managers, officers or other agents, whether verbal or written, whereby the Plaintiff is being prevented or prohibited from engaging in a useful occupation. Defendant and, including but not limited to, the LHC Public Works Department, whom employ engineers, had communications about Plaintiff admittedly beginning May of 2009 in the Lake Havasu City Today's-News Herald newspaper article dated November 19, 2009 as set forth in Exhibit 16 attached hereto and reference made a part hereof.

25. Plaintiff seeks punitive damages in the amount of $3,000,000.00 for Defendant's violation of A.R.S. § 23-1361(A).

**TENTH CAUSE OF ACTION-KNOWLEDGE OF SEXUAL HARRASSMENT**

26. Plaintiff alleges that Defendant knew of sexual harassment in the workplace due to the fact that on two separate occasions Plaintiff immediately made a verbal complaint after each incident directly to her supervisor, Darin Miller, who was also present during the harassment and witnessed the harassment, both instances were involving Jim Satterwhite, a co-worker, who made sexual comments directly to Plaintiff and another time about Plaintiff to Darin Miller in the Plaintiff's presence. No actions were taken to correct or end Jim Satterwhite's unwanted sexual comments/advancements towards the Plaintiff, which is a violation of EEOC Laws/Regulations and AMEC's Code of Business Conduct as set forth in Exhibit 17 attached hereto and reference made a part hereof. Plaintiff filed an EEOC Complaint in September of 2009 and was given the right to sue by the EEOC in April of 2009 as set forth in Exhibit 18 attached hereto and reference made a part hereof.

27. Defendant violated Arizona Employment Protection Act of 1996, EEOC Laws/Regulations and AMEC's Code of Business Conduct. Plaintiff seeks relief for hostile work environment claim in the amount of $100,000.00 ($50,000.00 per incident), plus relief for Defendant acting with malice and reckless indifference in the amount of $200,000.00 ($100,000.00 per incident) and punitive damages in the amount of $5,000,000.00 ($2,500,000.00 per incident).

   A. Plaintiff cites *Swenson v. Potter*, 2001 Daily Journal D.A.R. 12653 (9th Cir., November 30, 2001). The Court noted that notice of the sexually harassing conduct triggers an employer's duty to take prompt corrective action that is "reasonably calculated to end the harassment." The employer failed to take prompt corrective action and awarded punitive damages.

   B. Plaintiff cites *Miller v. Kenworth of Dothan*, 7 D.L.R. A-3to A-4 (11th Cir., January 10, 2002). The jury found in favor of Miller's claims of hostile work environment and that Kenworth acted with malice and reckless indifference awarding Miller monetarily for both claims. The Court readily admitted that Kenworth did have actual knowledge of harassment. Therefore, there was sufficient evidence to support the additional punitive damages award.

**ELEVENTH CAUSE OF ACTION- KNOWLEDGE OF RACIAL DISCRIMINATION**

28. Plaintiff, of Native American decent, alleges that Defendant knew of a hostile work environment in the workplace due to the fact that Plaintiff immediately made a verbal complaint directly to her supervisor, Darin Miller, who was also present during the harassment and witnessed the harassment involving Sean Anderson, a co-worker, who made racial slurs/comments to Plaintiff in the presence supervisor Darin Miller. No actions were taken to correct Sean Anderson's unwanted racial slurs/comments towards the Plaintiff and no corrective actions were taken by the Defendant to end the harassment, which is a violation of EEOC Laws/Regulations and AMEC's Code of Business Conduct as set forth in Exhibit 17 attached hereto and reference made a part hereof. Plaintiff filed an EEOC Complaint in September of 2009 and was given the right to sue by the EEOC in April of 2009 as set forth in Exhibit 18 attached hereto and reference made a part hereof.

29. Defendant violated EEOC Laws/Regulations and AMEC's Code of Business Conduct. Plaintiff seeks relief for hostile work environment claim in the amount of $50,000.00, plus relief for Defendant acting with malice and reckless indifference in the amount of $100,000.00 and punitive damages in the amount of $2,500,000.00.

   A. Plaintiff cites *Miller v. Kenworth of Dothan*, 7 D.L.R. A-3to A-4 (11th Cir., January 10, 2002). The jury found in favor of Miller's claims of hostile work environment and that Kenworth acted with malice and reckless indifference awarding Miller monetarily for both claims. The Court readily admitted that Kenworth did have actual knowledge of harassment. Therefore, there was sufficient evidence to support the additional punitive damages award.

**TWELFTH CAUSE OF ACTION – KNOWLEDGE OF RELIGIOUS DISCRIMINATION**

30. Plaintiff, a Christian, alleges that Defendant knew of a hostile work environment in the workplace due to the fact that Plaintiff immediately made a verbal complaint directly to her supervisor, Darin Miller, who was also present during the harassment and witnessed the harassment involving Jim Satterwhite, a co-worker, who made negative religious slurs/comments about Plaintiffs religious preference in the presence of supervisor Darin Miller. No actions were taken to correct Jim Satterwhite's unwanted negative religious slurs/comments towards the Plaintiff and no corrective actions were taken by the Defendant to end the harassment, which is in

violation of EEOC Laws/Regulations and AMEC's Code of Business Conduct as set forth in Exhibit 17 attached hereto and reference made a part hereof. Plaintiff filed an EEOC Complaint in September of 2009 and was given the right to sue by the EEOC in April of 2009 as set forth in Exhibit 18 attached hereto and reference made a part hereof.

31. Defendant violated EEOC Laws/Regulations and AMEC's Code of Business Conduct. Plaintiff seeks relief for a hostile work environment claim in the amount of $50,000.00, plus relief for Defendant acting with malice and reckless indifference in the amount of $100,000.00 and punitive damages in the amount of $2,500,000.00.

    A.   Plaintiff cites *Miller v. Kenworth of Dothan*, 7 D.L.R. A-3to A-4 (11th Cir., January 10, 2002). The jury found in favor of Miller's claims of hostile work environment and that Kenworth acted with malice and reckless indifference awarding Miller monetarily for both claims. The Court readily admitted that Kenworth did have actual knowledge of harassment. Therefore, there was sufficient evidence to support the additional punitive damages award.

**THIRTEENTH CAUSE OF ACTION-FINANCIAL, PHYSICAL, EMOTIONAL & MENTAL DISTRESS/DAMAGES**

32. Plaintiff alleges that Defendant's actions have caused irreversible financial, physical, emotional, mental distress/damages to the Plaintiff as a result of losing her employment with Defendant. Defendant has two daughters ages 11 and 15 at the time of her discharge. Plaintiff had 100% physical custody of her oldest daughter and was unable to pay for an attorney when the father filed for a modification requesting full custody along with the Plaintiff forgiving over $11,000.00 in back child support and $20,000.00 in back medical owed to her. Plaintiff had 50% physical custody and of her youngest daughter and was unable to pay for an attorney when the father filed for a modification requesting full custody and support. Plaintiff lost any and all custody of both of her daughters because she could not afford an attorney or travel to Idaho several times and the Idaho courts denied her telephonic appearance and she now pays child support in the amount of $357.00 per month. Plaintiff is convinced that these losses would have never happened if Defendant had not breached Plaintiff's employment contract.

33. Plaintiff seeks relief of punitive damages for irreversible financial, mental, physical and emotional distress/damages in the amount of $4,250,000.00.

WHEREFORE, Plaintiff prays for Judgment against the Defendant(s) and on behalf of Plaintiff as follows:

    A.  Breach of Contract-Treble wages $1,367,018.78 plus COBRA $24,830.28 = $1,391,849.06

    B.  Punitive damages in the amount of $34,320,000.00

    C.  Statutory liquidated damages of $43,905.60

    D.  Relief for hostile work environment claim in the amount of $200,000.00

    E.  Malice and reckless indifference in the amount of $400,000.00

    F.  Total Principal Balance in the amount of **$36,355,754.66** plus interest at the legal rate of 10% per annum.

    G.  Pursuant to A.R.S. § 12-341.01, for Plaintiff's costs of suit incurred herein of court filing fee of $256.00 and any other costs associated in bringing this action to court.

    H.  For such other relief as the Court may deem just and proper.

Respectfully submitted this ___14th___ day of January 2011.

Stacy D. Ford-Kelly, Plaintiff

1  **OATH OR AFFIRMATION**

2  STATE OF ARIZONA          )
                             )ss.
3  County of Mohave          )

4  I, Stacy D. Ford-Kelly, declare under penalty of perjury that the information contained herein is true and correct to the
5  best of my knowledge and belief.

6  ~~Stacy D. Ford-Kelly~~                                        01/14/2011
   Stacy D. Ford-Kelly, Plaintiff                                 Date

7
   Subscribed, sworn to (or affirmed) before me on this ___14___ day of January 2011.
8

9  By: ~~Stacy Deann Ford Kelly~~

10

11 My commission Expires:_____
                                                          Deputy Clerk / Notary Public

12

13

14 Copy sent via Certified Mail to each of the following:

15         Statutory Agent for
           AMEC Earth & Environmental, Inc.
16         CT Corporation System
           2394 E. Camelback Rd.
17         Phoenix, AZ 85016

18         Roger Jinks, President
           AMEC Earth & Environmental, Inc.
19         502 W. Germantown Pike, STE 850
           Plymouth Meeting, PA 19462
20
           David Ott, Vice President
21         AMEC Earth & Environmental, Inc.
           Midwest Plaza Building #1200
22         800 Marquette Ave.
           Minneapolis, MN 55402

23

24

25

26
                                                                    **Page 11 of 11**

# PLAINTIFF'S

# EXHIBIT 4

For Clerk's Use Only

**Name of Person Filing:** Stacy D. Ford-Kelly
**Mailing Address:** 1561 Mohican Dr.
**City, State, and Zip Code:** Lake Havasu City, AZ 86406
**Daytime Phone Number:** (928) 846-2289
**Evening Phone Number:**
**ATLAS Number (if applicable):**
**State Bar Number (if applicable):**
**Representing:** ☑ Self ☐ Petitioner ☐ Respondent

**FILED**
TIME_____4:28 p M

JUN 16 2010

VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY: _____ DEPUTY

## SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

Stacy D. Ford-Kelly
(Name of Petitioner/Plaintiff)

AND

AMEC Earth & Environmental , Inc.
(Name of Respondent/Defendant)

Case Number: CV-2010-07063

**AFFIDAVIT OF SERVICE BY CERTIFIED MAIL**

1.   I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona rules of Civil Procedure, Rule 4.2(c)/4.i(k)

   Person served (name of other party): David Ott, Vice President AMEC E&E

   Address where other party was served: 800 Marquette Ave, Minneapolis, MN 55402

   Date of receipt by the other party: 05/10/10

   Date of return of receipt to sender: 05/15/10

2.   I know that the other party is located outside the State of Arizona. the following documents were sent to the other party by certified mail: (List all of the documents sent to the other party):
   Summons, Appendix A, Civil Complaint, Certificate of Compulsory Arbitration and

   Certificate of Agreement Regarding Compulsory Arbitration

   These court papers were received by the other party as shown by the receipt, a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.2(c)/4.i(k)

## OATH OR AFFIRMATION

State of Arizona       )
Mohave County          ) ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

Signature of Sender _____     Date 6/16/2010

Sworn to or Affirmed before me this 16th day of June , 20 10
by Stacy D Ford Kelly

My Commission Expires: _____     Deputy Clerk or ~~Notary Public~~

3/11/2010                    Page 1 of 1



L8015CV201007063

Case #CV-2010-07063

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Marie Hopper*    ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
*M. Hopper*                         5-10-10

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☒ No

1. Article Addressed to:

David Ott, Vice Pres.
AMEC Earth & Environmental
Midwest Plaza Building #1200
800 Marquette Ave.
Minneapolis, MN 55402

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery?

2. Article Number
   (Transfer from s    7008 0150 0001 3705 1307

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

<table>
<tr><td>

Name of Person Filing: **Stacy D. Ford-Kelly**
Mailing Address: **1561 Mohican Dr.**
City, State, and Zip Code: **Lake Havasu City, AZ 86406**
Daytime Phone Number: **(928) 846-2289**
Evening Phone Number:
ATLAS Number (If applicable):
State Bar Number (If applicable):
Representing: ☑ Self  ☐ Petitioner  ☐ Respondent

</td><td>

For Clerk's Use Only

**FILED**

TIME _____4:28_____ ⌐M

JUN 16 2010

VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY: _____ DEPUTY

</td></tr>
</table>

## SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

**Stacy D. Ford-Kelly**
(Name of Petitioner/Plaintiff)

AND

**AMEC Earth & Environmental, Inc.**
(Name of Respondent/Defendant)

Case Number: _CV-2010-07063_

**AFFIDAVIT OF SERVICE BY
CERTIFIED MAIL**

1.  I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona rules of Civil Procedure, Rule 4.1(k).

    Person served (name of other party): **Statutory Agent - CT Corporation System**

    Address where other party was served: **2394 E. Camelback Rd.; Phoenix, AZ 85016**

    Date of receipt by the other party: **05/06/10**

    Date of return of receipt to sender: **05/08/10**

2.  _In accordance with A.R.S. 10-504.b.1 and 10-1106.A,_ the following documents were sent to the other party by certified mail: (List all of the documents sent to the other party):
    **Summons, Appendix A, Civil Complaint, Certificate of Compulsory Arbitration and**

    **Certificate of Agreement Regarding Compulsory Arbitration**

    These court papers were received by the other party as shown by the receipt, a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.1(k).

**OATH OR AFFIRMATION**

State of Arizona        )
Mohave County        ) ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

_Stacy D. Ford Kelly_                                          _6/16/2010_
Signature of Sender                                                    Date

Sworn to or Affirmed before me this  _16th_  day of _June_ , 20 _10_
by _Stacy D. Ford Kelly_

My Commission Expires: _____

_D. Barber_
Deputy Clerk or Notary Public

Page 1 of 1

L8015CV201007063

Case # DN-2010-07063

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired. <br>■ Print your name and address on the reverse so that we can return the card to you. <br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X CT Corporation  ☐ Agent  ☒ Addressee <br> B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to: <br><br> CT Corporation System <br> Statutory Agent for <br> AMEC Earth & Environmental <br> 2394 E. Camelback Rd. <br> Phoenix, AZ 85016 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> 3. Service Type <br> ☒ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☒ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> (Transfer from se    7008 0150 0001 3705 1376 | |
| PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540 | |

For Clerk's Use Only

| | |
|---|---|
| **Name of Person Filing:** | _Stacy D. Ford-Kelly_ |
| **Mailing Address:** | _1561 Mohican Dr._ |
| **City, State, and Zip Code:** | _Lake Havasu City, AZ 86406_ |
| **Daytime Phone Number:** | _(928) 846-2289_ |
| **Evening Phone Number:** | |
| **ATLAS Number (if applicable):** | |
| **State Bar Number (if applicable):** | |

**FILED**

TIME _4:38_ p M

JUN 16 2010

VIRLYNN TINNELL
CLERK SUPERIOR COURT

BY: _____ DEPUTY

**Representing:** ☑ Self ☐ Petitioner ☐ Respondent

# SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

_Stacy D. Ford-Kelly_
(Name of Petitioner/Plaintiff)

AND

_AMEC Earth & Environmental, Inc._
(Name of Respondent/Defendant)

Case Number: _CV-2010-07063_

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL

1.      I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona rules of Civil Procedure, Rule 4.2(c)/4.i(k)

         Person served (name of other party): _Roger Jinks, President AMEC E&E_

         Address where other party was served: _502 W Germantown Pike #850, PM, PA 19462_

         Date of receipt by the other party: _05/07/10_

         Date of return of receipt to sender: _05/11/10_

2.      I know that the other party is located outside the State of Arizona. the following documents were sent to the other party by certified mail: (List all of the documents sent to the other party):
     _Summons, Appendix A, Civil Complaint, Certificate of Compulsory Arbitration and_

     _Certificate of Agreement Regarding Compulsory Arbitration_

     These court papers were received by the other party as shown by the receipt. a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.2(c)/4.i(k)

## OATH OR AFFIRMATION

State of Arizona    )
Mohave County    ) ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

_Stacy D. Ford-Kelly_
Signature of Sender

Date

Sworn to or Affirmed before me this _16th_ day of _June_, 20 _10_
by _Stacy D Ford Kelly_

My Commission Expires: _____

_____
Deputy Clerk or Notary Public

3/11/2010

Page 1 of 1

L8015CV201007063

Case # CV-2010-07063

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Roger Jinks, President
AMEC Earth & Environmental
502 W. Germantown Pike
Suite 850
Plymouth Meeting, PA.
19462

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X D. A. Kumpf                    ☐ Agent
                                 ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
   D. A. Kumpf                   15-7-10

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☒ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☒ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4.

2. Article Number
   (Transfer from service label)     7008 0150 0001 3705 1352

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# PLAINTIFF'S

# EXHIBIT 5

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

**FILED BHC**
TIME _10:35_ M

FEB 14 2012

VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY_____ DEPUTY

1   40 North Central Avenue, 19th Floor
    Phoenix, Arizona 85004-4429
    Telephone: (602) 262-5311

2   Robert G. Schaffer, State Bar No. 017475
    Direct Dial: (602) 262-0271
3   Direct Fax: (602) 734-3777
    EMail: BSchaffer@LRLaw.com

    Cindy Villanueva, State Bar No. 028163
4   Direct Dial: (602) 262-5789
    Direct Fax: (602) 734-3904
    EMail: CVillanueva@LRLaw.com
5
    Attorneys for Defendant
6   AMEC Earth & Environmental, Inc.

LODGED _1-31-2012_
BY _D_

7                    SUPERIOR COURT OF ARIZONA
8                       COUNTY OF MOHAVE

9   Stacy D. Ford-Kelly,                  )   No. CV-2010-07063
                                          )
10                      Plaintiff,        )   **ORDER OF DISMISSAL**
                                          )
11  vs.                                   )   (Assigned to the Honorable
                                          )   Charles W. Gurtler, Jr.)
12  AMEC Earth & Environmental, Inc.,     )
                                          )
13                      Defendant.        )
                                          )
14  ────────────────────────────────

15          The Court having considered the various motions filed by the parties as discussed

16  in its Minute Entry of December 8, 2011, and good cause appearing,

17          **IT IS ORDERED** granting Defendant AMEC Earth & Environmental, Inc.'s Motion to

18  Dismiss;

19          **IT IS FURTHER ORDERED** granting to Plaintiff the right to file a new action under

20  A.R.S. § 12-504(A) provided that the new action is commenced and filed within ninety (90) days

21  of the date of this signed Order of Dismissal;

22          **IT IS FURTHER ORDERED** that this ruling abates the necessity for ruling on all other

23  pending Motions as the same have become moot; and

24          **IT IS FURTHER ORDERED** directing the Clerk to proceed to close the file.

25          DATED this _14th_ day of _Feb_, 2012.

26

27                                            _____
                                              Hon. Charles W. Gurtler, Jr.
                                              Superior Court Judge, Mohave County



L8015CV201007063

2644416.1