**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly,<br><br>              Plaintiff,<br><br>vs.<br><br>AMEC Earth & Environmental, Inc.,<br><br>              Defendant. | No. CV 12-08085-PCT-NVW<br><br>**ORDER** |

Before the Court is AMEC Earth & Environmental Inc.'s Partial Motion to Dismiss (Doc. 6) and Plaintiff's Motion to Remand to the Arizona Superior Court for Mohave County (Doc. 8).

**I.     BACKGROUND**

Plaintiff filed her currently pending complaint in Mohave County Superior Court on March 2, 2012 (Doc. 1-1 at 5). In that complaint, Plaintiff alleges thirteen causes of action arising out of her employment and termination with Defendant: (1) breach of contract; (2) violation of Arizona drug testing law; (3) violation of Whistle Blower Protection Act; (4) theft of original credentials; (5) extortion and attempted bribery; (6) violation of the Family Medical Leave Act ("FMLA"); (7) defamation of character and libel; (8) violation of the Privacy Act of 1974; (9) blacklisting; (10) knowledge of sexual harassment; (11) racial discrimination; (12) religious discrimination; and (13) financial, physical, emotional, and mental distress/damages. Defendant was served with Plaintiff's complaint on April 11, 2012 (Doc. 1-1 at 2). Defendant removed this action pursuant to 28 U.S.C. § 1331 on May 1, 2012, based on Plaintiff's assertion of several federal claims.

Defendant also asserts the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because Defendant is a Nevada corporation with its headquarters in Georgia, Plaintiff is a citizen of Arizona, and Plaintiff seeks on the face of her complaint several million dollars in damages.

On May 8, 2012, Defendant filed its motion to dismiss Plaintiff's second, fifth, eight, tenth, eleventh, twelfth, and thirteenth causes of action on the basis that those claims are either not cognizable claims under law or are time-barred (Doc. 6). Plaintiff did not file a response to Defendant's motion. However, on June 4, 2012, Plaintiff filed a motion to remand this action to the Mohave County Superior Court on the basis that (1) there is neither federal question nor diversity jurisdiction over Plaintiff's claims; (2) Defendant's removal was untimely; and (3) public policy considerations and the presence of state law issues of first impression dictate this case should be tried in state court (Doc. 8).

**II.   LEGAL STANDARD**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

1  alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it
2  asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To
3  show that the plaintiff is entitled to relief, the complaint must permit the court to infer
4  more than the mere possibility of misconduct. *Id.*

5  **III.   MOTION TO DISMISS**

6  Defendant asserts Plaintiff's claims for employment discrimination—knowledge
7  of sexual harassment, racial discrimination, and religious discrimination—should be
8  dismissed as time-barred. Defendant further contends Plaintiff's causes of action for
9  violation of Arizona drug testing law, extortion and attempted bribery, violation of the
10 Privacy Act of 1974, and financial, physical, emotional, and mental distress/damages
11 should be dismissed because they are not legitimate causes of action.  As a threshold
12 matter, the Court notes that Plaintiff's response to Defendant's motion to dismiss was due
13 on May 25, 2012.  However, no response has yet been filed with this Court.  Failure to
14 respond alone is grounds for the Court to grant Defendant's motion to dismiss. *See*
15 LRCiv. 7.2(i).  The Court finds Plaintiffs' failure to respond to Defendant's motion
16 constitutes acquiescence to the motion being granted.  Nevertheless, the Court agrees
17 with Defendant's substantive analysis and will grant the motion on its merits.

18 Plaintiff filed a claim with the Equal Employment Opportunity Commission
19 ("EEOC") asserting her employment discrimination claims on February 10, 2010, and
20 received a dismissal of her claims and notice of suit rights on April 30, 2010 (Doc. 7-4 at
21 88). The notice of suit rights informed Plaintiff that if she wanted to pursue her claims in
22 federal or state court, she must file suit within ninety days of receipt of that notice. This
23 suit was not filed until March 2, 2012, well outside the permissible time period for filing
24 suit.  While Plaintiff also asserted her employment discrimination claims in an earlier
25 lawsuit, which was dismissed, that complaint was filed on January 14, 2011, also clearly
26 outside the permissible filing deadlines.  Accordingly, Plaintiff's claims are time-barred
27 and will be dismissed with prejudice.

28

In addition, the substantive claims challenged in Defendant's motion do not state legally plausible claims for relief.  First, Plaintiff has no cause of action for a violation of A.R.S. § 23-493.04(D).   A.R.S. § 23-493.08(C) explicitly states that "[c]ompliance with this article by employers is voluntary and no cause of action arises as a result of having a drug testing and alcohol impairment testing policy that is not in compliance with this article."  Second, Plaintiff has failed to show that she has a claim for extortion and attempted bribery: these are criminal actions prosecuted by the state and do not create private civil causes of action.  Third, the Privacy Act of 1974 provides a private cause of action only against governmental agencies; it does not provide for a private cause of action against a private company.  *See Unt v. Aerospace Corp*. 765 F.2d 1440, 1447 (9th Cir. 1985) (noting private causes of action under the Act are "specifically limited to actions against agencies of the United States Government" and does "not apply against . . . private entities").  Finally, Plaintiff alleges an independent cause of action for financial, emotional, and mental distress damages.  However, damages are available as a remedy for an independent substantive claim for wrongdoing; damages is not a separate cause of action.  *See, e.g.*, *Sisemore v. Farmers Ins. Co. of Ariz.*, 161 Ariz. 564, 566, 779 P.2d 1303, 1305 (Ct. App. 1989) (stating request for punitive damages does not state a separate claim for relief under Arizona law).

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).   However, leave to amend "need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). With respect to Plaintiff's time-barred claims, amendment would be futile; therefore, the Court will dismiss Plaintiff's tenth, eleventh, and twelfth causes of action with prejudice.  Additionally, Plaintiff cannot state a claim under A.R.S. § 23-493.04 as it does not create a private right of action, nor does the Privacy Act of 1974 apply to Plaintiff's claims.  Plaintiff's second and eighth causes of action will thus be dismissed with prejudice as well.

Plaintiff will be given an opportunity to amend her complaint with respect to her fifth cause of action to attempt to state a plausible civil claim for the facts underlying her extortion and attempted bribery claims. However, any amended complaint must conform to the requirements of the Federal Rules of Civil Procedure. Plaintiff is warned that if she elects to file an amended complaint and fails to comply with the Federal Rules of Civil Procedure, her case will be dismissed. *See* Fed. R. Civ. P. Rule 41(b); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

## IV. MOTION TO REMAND

Plaintiff's motion to remand is without merit. Plaintiff challenges this Court's subject matter jurisdiction, claiming it has neither federal question nor diversity jurisdiction over this matter. However, both bases for jurisdiction are present here. Plaintiff has cited several federal statutes in her complaint, including, for example, the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) (Doc. 1-1 at 9), and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (*id.* at 10), conveying this Court jurisdiction under 28 U.S.C. § 1331. Further, for diversity purposes, Plaintiff is a citizen of Arizona and Defendant is a citizen of Nevada and Georgia. Plaintiff's claim for relief is well above the jurisdictional amount of $75,000, as apparent from the face of her complaint seeking millions of dollars in damages. The Court therefore has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as well.

Plaintiff also claims Defendant's removal was untimely. This argument is without merit. Plaintiff filed this complaint on March 2, 2012, and served Defendant on April 11, 2012. Defendant removed this action on May 1, 2012, well within the thirty days

permitted for removal under 28 U.S.C. § 1446(b).  Plaintiff has also failed to show any compelling reason for this Court to abstain from deciding any of the issues presented. For all of these reasons, Plaintiff's motion to remand will be denied.

IT IS THEREFORE ORDERED that AMEC Earth & Environmental Inc.'s Partial Motion to Dismiss (Doc. 6) is granted.  Plaintiff's second, eight, tenth, eleventh, twelfth, and thirteenth causes of action are dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand to the Arizona Superior Court for Mohave County (Doc. 8) is denied.

Dated this 18th day of June, 2012.

_____
Neil V. Wake
United States District Judge