LEWIS AND ROCA LLP LAWYERS

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Melanie V. Pate, State Bar No. 017424
Direct Dial:  (602) 262-5318
Direct Fax:   (602) 734-3785
EMail:   MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial:  (602) 262-5370
Direct Fax:  (602) 262-3787
EMail:  AGamble@LRLaw.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| STACY D. FORD-KELLY, | ) |
| Plaintiff, | ) No. 3:12-cv-08085-NVW |
| vs. | ) |
| AMEC EARTH & ENVIRONMENTAL, INC., | ) **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendant. | ) |

Defendant AMEC Earth & Environmental, Inc. ("AMEC") through its undersigned counsel, answers and responds to plaintiff Stacy D. Ford-Kelly's ("Plaintiff") Civil Complaint ("Complaint") as follows:

**PRELIMINARY ALLEGATIONS**

(pp. 1-2 of the Complaint)

1. AMEC is without knowledge to answer the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2. To the extent that the allegations in Paragraph 2 require a response, AMEC denies the allegations. AMEC asserts that it changed its name from AMEC Earth & Environmental, Inc. to AMEC Environment & Infrastructure, Inc. effective November 1, 2011. AMEC further asserts that AMEC Environment & Infrastructure, Inc. is wholly owned by National Ventures, Inc., a Florida corporation, which is itself a wholly owned AMEC holding company. AMEC further asserts that it no longer maintains an office in Lake Havasu City, Arizona.

2949876.1

3. The allegations in Paragraph 3 of the complaint do not require a response. However, AMEC asserts that the Order referenced speaks for itself. To the extent that the remaining allegations do require a response, AMEC denies the allegations.

4. The allegations in Paragraph 4 of the complaint do not require a response. To the extent that the allegations do require a response, AMEC denies the allegations.

**FACTUAL ALLEGATIONS**

(pp. 2-13 of the Complaint)

1. AMEC denies all the allegations contained in Paragraph 1 of the Complaint, including the allegations in subparagraph "A" (which immediately follows Paragraph 1), to the extent these allegations require a response.

2. AMEC need not respond to the allegations contained in Paragraph 2 of the Complaint, including the allegations in subparagraph "A" (which immediately follows Paragraph 2), because this cause of action has been dismissed pursuant to this Court's Order dated June 18, 2012. If the allegations in Paragraph 2 and subparagraph A require a response, AMEC denies all the allegations.

3. AMEC denies all the allegations contained in Paragraph 3 of the Complaint, including the allegations in subparagraph "A" (which immediately follows Paragraph 3), to the extent these allegations require a response.

4. AMEC denies all the allegations contained in Paragraph 4 of the Complaint, including the allegations in subparagraph "A" (which immediately follows Paragraph 4), to the extent these allegations require a response.

5. AMEC need not respond to the allegations contained in Paragraph 5 of the Complaint, including the allegations in subparagraph "A" (which immediately follows Paragraph 5), because this cause of action has been dismissed pursuant to this Court's Order dated June 18, 2012. If the allegations in Paragraph 5 and subparagraph A require a response, AMEC denies all the allegations.

6. AMEC denies all the allegations contained in Paragraph 6 of the Complaint, including the allegations in subparagraphs "A," "i," "ii," and "iii" (which immediately follow

1. Paragraph 6), to the extent these allegations require a response, except that it admits that Plaintiff was once an employee of AMEC, that during her employment she did take leave, and that she was laid off in April of 2009.

7. AMEC denies all the allegations contained in Paragraph 7 of the Complaint, including the allegations in subparagraph "A" (which immediately follows Paragraph 7), to the extent these allegations require a response.  Further, AMEC asserts that the newspaper article referenced speaks for itself.

8. AMEC need not respond to the allegations contained in Paragraph 8 of the Complaint, including the allegations in subparagraph "A" (which immediately follows Paragraph 8), because this cause of action has been dismissed pursuant to this Court's Order dated June 18, 2012.  If the allegations in Paragraph 8 and subparagraph A require a response, AMEC denies all the allegations.

9. AMEC denies all the allegations contained in Paragraph 9 of the Complaint, including the allegations in subparagraph "A" (which immediately follows Paragraph 9), to the extent these allegations require a response.  Further, AMEC asserts that the newspaper article referenced speaks for itself.

10. AMEC need not respond to the allegations contained in Paragraph 10 of the Complaint, including the allegations in subparagraphs "A," "i," and "ii" (which immediately follow Paragraph 10), because this cause of action has been dismissed pursuant to this Court's Order dated June 18, 2012.  If the allegations in Paragraph 10 and subparagraphs A and i and ii require a response, AMEC denies all the allegations.

11. AMEC need not respond to the allegations contained in Paragraph 11 of the Complaint, including the allegations in subparagraphs "A" and "i" (which immediately follow Paragraph 11), because this cause of action has been dismissed pursuant to this Court's Order dated June 18, 2012.  If the allegations in Paragraph 11 and subparagraphs A and i require a response, AMEC denies all the allegations.

12. AMEC need not respond to the allegations contained in Paragraph 12 of the Complaint, including the allegations in subparagraphs "A" and "i" (which immediately follow

Paragraph 12), because this cause of action has been dismissed pursuant to this Court's Order dated June 18, 2012. If the allegations in Paragraph 12 and subparagraphs A and i require a response, AMEC denies all the allegations.

13. AMEC need not respond to the allegations contained in Paragraph 13 of the Complaint, including the allegations in subparagraph "A" (which immediately follows Paragraph 13), because this cause of action has been dismissed pursuant to this Court's Order dated June 18, 2012. If the allegations in Paragraph 13 and subparagraph A require a response, AMEC denies all the allegations.

## AFFIRMATIVE DEFENSES

AMEC asserts and alleges each of the following affirmative defenses set forth below:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action as to Each Cause of Action)**

1. As to each and every cause of action in the Complaint, and as to the Complaint in its entirety, Plaintiff fails to state facts sufficient to constitute any cause of action against AMEC upon which relief may be granted to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations as to Each Cause of Action)**

2. The Complaint and each purported cause of action contained therein are barred in whole, or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel as to Each Cause of Action)**

3. Each purported cause of action in the Complaint is barred, in whole or in part, because any of the conduct of AMEC or its agents which is alleged to be unlawful was taken as a result of conduct by Plaintiff; Plaintiff is thus estopped to assert any cause of action against AMEC.

### FOURTH AFFIRMATIVE DEFENSE

**(Managerial Discretion as to Each Cause of Action)**

4. AMEC's conduct and that of its agents and employees, was a just and proper

exercise of management discretion, undertaken for fair and legitimate reasons, and regulated by good faith under the circumstances then existing.

### FIFTH AFFIRMATIVE DEFENSE
### (No Vicarious Liability as to Each Cause of Action)

5.  AMEC is not liable for the actions of its employees which were outside of their authority and outside the course and scope of their employment duties and responsibilities.

### SIXTH AFFIRMATIVE DEFENSE
### (Consent as to Each Cause of Action)

6.  Each purported cause of action in the Complaint is barred, in whole or in part, on the ground that Plaintiff consented to the alleged improper conduct by AMEC.

### SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith as to Each Cause of Action)

7.  AMEC, in good faith, acted under a legal right and did no more than exercise these rights in a permissible way.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages as to Each Cause of Action)

8.  Plaintiff has failed to take all reasonable and necessary diligence to mitigate the damages alleged in each of the causes of action set forth in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
### (Wrongful Conduct as to Each Cause of Action)

9.  If Plaintiff suffered damages, which AMEC denies, such damages were caused by the wrongful or negligent conduct of Plaintiff, someone acting on Plaintiff's behalf, or third parties for whose actions AMEC is not liable.

### TENTH AFFIRMATIVE DEFENSE
### (Plaintiff's Failure to Utilize Internal Preventative or Corrective Measures as to Each Cause of Action)

10. AMEC exercised reasonable care to prevent and promptly correct any workplace discrimination, retaliation or harassment and Plaintiff unreasonably failed to take advantage of the

2949876.1

1  preventative or corrective measures.

## ELEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence as to Each Cause of Action)

11. During her employment, Plaintiff violated company policies that would have resulted in her termination had AMEC been made aware of them at the time.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands as to Each Cause of Action)

12. Each purported cause of action in the Complaint is barred, in whole or in part, by the equitable doctrine of unclean hands inasmuch as Plaintiff has engaged in improper conduct connected to the matters alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Causal Connection as to Each Cause of Action)

13. The actions taken and decisions made by AMEC in connection with Plaintiff's employment were not by reason of Plaintiff's membership in a protected class or engagement in any protected activity.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Actions Justified As to Each Cause of Action)

14. The actions taken and decisions made by AMEC in connection with Plaintiff's employment were justified by bona fide business needs and requirements.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Business Judgment As to Each Cause of Action)

15. AMEC acted in accordance with reasonable and sound business judgment. All employment decisions affecting Plaintiff were not retaliatory nor discriminatory and were based on legitimate non-discriminatory reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Future Defenses)

16. AMEC reserves the right to amend this Answer by way of adding additional parties, affirmative defenses, counterclaims, cross-claims, and third-party claims, as additional


1  investigation, discovery or circumstances may warrant.

2  **WHEREFORE**, AMEC prays for judgment as follows:

3  1.  That the Complaint be dismissed with prejudice;

4  2.  That Plaintiff, Stacy D. Ford-Kelly, take nothing by reason of her Complaint;

5  3.  That judgment be rendered in favor of AMEC;

6  4.  For costs of defending this suit, including attorney's fees; and

7  5.  For such other and further relief as this Court may deem just and proper.

8  RESPECTFULLY SUBMITTED this 2nd day of July, 2012.

9  LEWIS AND ROCA LLP

11  By */s/ Melanie V. Pate*
    Melanie V. Pate
12  Alastair Gamble
    Attorneys for Defendant

2949876.1



**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

I hereby certify that on July 2, 2012, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

>Stacy D. Ford-Kelly
>1561 Mohican Drive
>Lake Havasu City, Arizona  86406

        /s/  Debbie Robbins

2949876.1