**THE STROJNIK FIRM L.L.C.**
ATTORNEYS AT LAW
ESPLANADE CENTER III  SUITE 700
2415 East Camelback Road
Phoenix, Arizona 85016
(602) 510-9409

PETER K. STROJNIK, ESQ.
AZBN 026082, CABN 242728
strojnik@skplaw.com

*Attorney for Plaintiff Stacy Ford-Kelly*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| STACY D. FORD-KELLY, | ) | NO.  3:12-cv-08085-NVW |
| | ) | |
| Plaintiff, | ) | **MOTION TO AMEND COMPLAINT**[1] |
| | ) | |
| vs. | ) | |
| | ) | |
| AMEC EARTH & ENVIRONMENTAL, INC., | ) | |
| | ) | |
| Defendant. | ) | (Oral Argument Requested) |
| | ) | |

**MOTION TO AMEND**

Plaintiff Stacy D. Ford-Kelly, by and through undersigned counsel, hereby respectfully moves to amend the Complaint pursuant to Rule 15, Federal Rules of Civil Procedure.  The grounds for this Motion are Plaintiff wishes to add several contract-based counts for

---

[1] Pursuant to LRCiv 15.1, Plaintiff attaches a "dirty" copy of the amended pleading to the best of her ability.  As the Court is aware, Plaintiff filed the original complaint pro se.  Plaintiff cannot completely follow the local rule here because (i) she does not have the MS Word version of the original complaint, and (ii) the amended complaint vastly differs from the original

-1-

Defendant's breach of a settlement agreement entered into during the pendency of the underlying State court action. With the amended pleading, Plaintiff also seeks to add Defendant's parent company, add causes of action for fraud and civil extortion, and strike the theft, Whistleblower and defamation counts.

WHEREFORE, Plaintiff respectfully requests to amend her Complaint. This Motion is more fully supported by the below Memorandum of Points and Authorities, which by this reference is incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff originally filed a lawsuit in State court alleging, *inter alia*, a breach of employment contract in which she alleged Defendant terminated her employment five years before the natural expiration of the lucrative six-year employment term. In the State court lawsuit, Plaintiff demanded $25 million in damages. During the pendency of that action, Defendant sent Plaintiff an IRS Form 1099 in which Defendant advised Plaintiff of a settlement of the State court action in the amount of $25 million, but Defendant withheld the entire amount. In reliance on the $25 million settlement, Plaintiff filed an IRS tax return claiming the $25 million settlement, but since Defendant never sent the funds to the IRS, the latter financially penalized Plaintiff for filing the tax return claiming the funds. With this amendment, Plaintiff seeks to add a count for <u>breach of settlement agreement</u>, and/or, in the alternative (i) promissory estoppel, or (ii) fraud.

---

complaint. Infra. In the spirit of the local rule, Plaintiff attaches hereto the amended complaint, which underlines the counts

In addition to the 1099-related counts, Plaintiff also seeks to add Defendant's parent company and clarify the name of Defendant because Defendant has changed its name since the initiation of the instant lawsuit.

During the pendency of this action, the Court granted Defendant's Motion to Dismiss some of the previously pled counts. The Court permitted Plaintiff to clarify her causes of action relating to her extortion and bribery claims. In the proposed First Amended Complaint, Plaintiff clarifies the extortion claim but does not reallege the bribery claim.

Finally, with the proposed amended pleading, Plaintiff temporarily strikes the theft, defamation and Whistleblowing counts pending further discovery. The basis for striking these counts is that there is currently not sufficient information to allege these causes of action without further information in the exclusive possession of Defendant and non-parties.

## II. FACTUAL AND PROCEDURAL BACKGROUND

AMEC PLC is a British company that conducts engineering and design business across the world. One of PLC's businesses was once known as AMEC Infrastructure, Inc., a Nevada company. During the employment term at issue in this case, AMEC Infrastructure changed its name to AMEC Earth & Environmental, Inc. During the pendency of this action, AMEC Earth & Environmental once again changed its name to AMEC Environment & Infrastructure, Inc. Because AMEC has changed its names so many times in such a short period of time, a visual is produced as follows for the sake of clarity:

---

that are to be added. This Motion further elucidates which counts will be stricken.

**AMEC PLC (British company)**
↓
**AMEC Environment & Infrastructure (Nevada company)**
*fka*
↓
**AMEC Earth & Environmental (Nevada company)**
*fka*
↓
**AMEC Infrastructure (Nevada company)**

On January 21, 2008, AMEC PLC, by and through AMEC Infrastructure, Inc., offered Plaintiff Stacy Ford-Kelly a position at AMEC Infrastructure's Lake Havasu City office.  See Exhibit 1 ("*I am pleased to offer you the position of Design Engineer, reporting to me in the Lake Havasu, AZ office, effective January 28, 2008*") (emphasis supplied).  The material terms of the employment contract called for a six-year guaranteed employment term with AMEC during which Plaintiff's employment and salary were guaranteed, to wit:

**Compensation Agreement**

- Status – Exempt; Contracted and salaried full-time employee.
- Contract of employment beginning January 28, 2008 and expires December 31, 2013.
- Starting salary is $2,384.62 payable on a bi-weekly basis, which annualizes to $62,000.12.
- Salary to increase to $85,000.00 beginning January 1, 2010, ending December 31, 2013 with a 2.25% annual minimum cost of living increase beginning January 1, 2011.
- The balance of monetary compensation of this contract due to you shall be paid in full within three business days if employment with AMEC ceases due to no fault of your own and is initiated by AMEC after the three-month probationary period. Balance of compensation is to include any accrued and future benefits ending December 31, 2013 for both vacation time and sick leave as outlined below. If such action takes place by AMEC you will also receive payment equivalent to 18 months of COBRA costs which will be included with the balance of this contract compensation due to you. If the remainder of contract is less than 18 months COBRA costs to be paid will be adjusted accordingly.
- You will receive a relocation allowance in the amount of $4,500.00 – the terms of this allowance are attached. Please sign and return with this employment agreement.

*Id*.  During Plaintiff's first year of employment, she excelled and was rewarded with a pay-raise.  Unfortunately, she was plagued with a debilitating medical condition that required

her to take a brief disability leave pursuant to the Family and Medical Leave Act. On the same day Plaintiff returned to work after her FMLA leave, she was terminated coincidental with her return thereby depriving her of the ability to return to her same position or equivalent position. See e.g. Exhibit 2 ("*She will be returning to work tomorrow, and we want to do the layoff coincidental with her return to work. Stacy's work has been redistributed to several other people*") (emphasis supplied).

On the day of her termination (and her return from FMLA leave), AMEC employees Mike Lywood and Darin Miller met with Plaintiff in Mr. Miller's office. While in Mr. Miller's office, Plaintiff noticed that her original engineering credentials and certificates were on Mr. Miller's desk alongside an envelope filled with cash. Mr. Lywood immediately advised Plaintiff that AMEC was "letting you go" due to the "economic downfall" and presented her with a Confidential Separation and Release Agreement. Mr. Lywood also advised that she would receive her credentials and certificates back as well as the envelope containing an unspecified amount of cash if she signed the Separation Agreement. Plaintiff refused and demanded the return of her credentials, but Mr. Lywood refused.

Plaintiff alleges that she was terminated because she reported AMEC's overestimation of material quantities, bid-rigging and grossly negligent rise-over-run calculations for the Lake Havasu Sewer project that AMEC was responsible for designing. During this same time frame, AMEC was under investigation by the United States Department of Justice and United Kingdom's Serious Fraud Office for, *inter alia*, illegal kickbacks and fraud relating to four AMEC contracts with the United States General Services Administration. See e.g. http://www.justice.gov/opa/pr/2009/February/09-civ-085.html (Department of Justice press

release advising "*U.S. Recovers $19 million from AMEC Construction Management to Settle Litigation Regarding Fraud, False Claims, Kickbacks & Re-Procurement Costs on Federal Construction Contracts*") (emphasis supplied).

Following her unlawful termination, Plaintiff initiated the underlying State court litigation in Mohave Superior Court cause no. CV2010-07063. In the State court lawsuit, Plaintiff demanded $25 million in damages. During the pendency of that lawsuit, AMEC sent Plaintiff an IRS form 1099 in which AMEC advises Plaintiff of a settlement of the case in the amount of $25 million (same amount as demanded in lawsuit). The Form 1099 also advises that the entire $25 million settlement amount was withheld by AMEC, to wit:

[Form 1099-MISC for tax year 2010. Payer: AMEC Earth & Environmental Inc, 11810 North Creek Pkwy, Bothell, WA 98011. Payer's federal identification number: 91-1641772. Recipient's identification number: 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. Recipient: Stacy D. Ford-Kelly, 1561 Mohican Dr, Lake Havasu City, AZ 86406. Account number: AZ CV-201007063 SETTLEMENT. Box 3 Other income: $25,000,000.00. Box 4 Federal income tax withheld: $25,000,000.00.]

Exhibit 3. This form 1099 was sent to Plaintiff's home address from AMEC's Washington State office as follows:

-6-

[Image of envelope addressed from AMEC Earth & Environmental Inc, 11810 North Creek Pkwy, Bothell, WA to Stacy D. Ford-Kelly, 1561 Mohican Dr, Lake Havasu City, AZ 86406, marked "IMPORTANT TAX RETURN DOCUMENT ENCLOSED"]

Exhibit 4. Plaintiff understood the form 1099 to represent a confirmation of a settlement or, at a minimum, an offer of settlement. Plaintiff advised the Mohave Superior Court of the Settlement:

> COMES NOW, Stacy D. Ford-Kelly, in pro per to give the Court Notice of Partial Settlement received by her on January 31, ~~2009~~ 2011 in the form of IRS 1099-MISC (Exhibit 1). This Settlement has not been paid by the IRS to Plaintiff and her ~~QTR~~ taxes were filed on February 26, 2011(Exhibit 2).
>
> Respectfully submitted this _06_ day of April 2011.
>
> _/s/ Stacy D. Ford-Kelly_
> Stacy D. Ford-Kelly, Plaintiff

Exhibit 5. Plaintiff subsequently affirmed the acceptance of the settlement amount. AMEC has refused to honor the settlement agreement and failed to tender the $25 million to the Internal Revenue Service. Consequently, the IRS penalized Plaintiff for reporting this income while Defendant never tendered.

-7-

### III. ARGUMENT AND SUPPORTING LAW

**A.     Leave to Amend Standard**

Leave to amend a complaint "shall be freely given when justice requires." Fed.R.Civ.P. 15(a). In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 536 (9th Cir. 1989); *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Several factors can be disposed of because of their inapplicability to the instant motion. ***First***, there has been no undue delay in bringing this Motion because this action is at its infancy. ***Second***, Plaintiff has no bad faith or dilatory motive in filing this Motion. In fact, Plaintiff is showing good faith by striking several causes of action, including the whistleblower, theft, civil bribery and defamation counts. ***Third***, there have been no prior amendments in this action and therefore there has been no failure to cure deficiencies by prior amendments. ***Fourth***, AMEC will not suffer prejudice if the amended pleading is filed because discovery has only just commenced and therefore Defendant will have a full opportunity to discover the facts underlying the proposed amendments.

**B.     Plaintiff's Proposed Amendments Would Not Be Futile**

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman*, 317 U.S. at 182.

### i. Breach of Covenant of Good Faith and Fair Dealing

"All contracts as a matter of law include the implied duties of good faith and fair dealing, and contract damages are available for their breach." *United Dairymen of Arizona v. Schugg*, 212 Ariz. 133, 137, 128 P.2d 756, 760 (Ct. App. 2006); *Rawlings v. Apodaca*, 151 Ariz. 149, 153-54, 726 P.2d 565, 569-70 (1986). A breach of this implied covenant occurs where the offending party acts in ways that "bear adversely on the other party's reasonably expected benefits of the bargain." *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 424, 46 P.3d 431, 435 (Ct. App. 2002).

Here, Defendant violated this implied duty when it denied Plaintiff the expected benefit of continued employment and the payment of the entire balance of the contract within three days of layoff due to the "economic downfall". Plaintiff expected that if employment ceased with AMEC after the three-month probationary period due to no fault of her own (Exhibit 1), she would be paid the balance. She was <u>not</u> paid and therefore was denied her reasonable and expected benefits under the terms of the employment contract.

### ii. Civil Extortion

Arizona courts recognize a private cause of action for a violation of any predicate offense to a civil racketeering claim. *MacCollum v. Perkinson*, 185 Ariz. 179, 183, 913 P.2d 1097, 1101 (Ct. App. 1996); *Hammoudeh v. Jada*, 222 Ariz. 570, 573, 218 P.3d 1027, 1030 (Ct. App. 2009). Extortion is a predicate offense to a civil racketeering claim. A.R.S. § 13-2301(D)(4)(b)(iv), (vi). "A person commits theft by extortion by knowingly obtaining or seeking to obtain property or services by means of a threat to … cause anyone to part with any property." A.R.S. § 13-804(A)(8).

Here, AMEC attempted to extort Plaintiff when it offered her a cash bribe (in addition to the severance in the Separation Agreement) if she signed the Separation Agreement. AMEC also extorted Plaintiff by only agreeing to return Plaintiff's credentials and certificates if she accepted the bribe and signed the Confidential Separation Agreement.

### iii. Breach of Settlement Agreement

The construction and enforcement of settlement agreements are governed by general contract principles. *Emmons v. Superior Court*, 192 Ariz. 509, 512, ¶14, 968 P.2d 582, 585 (Ct. App. 1998). An enforceable contract requires an offer, acceptance, consideration and sufficiently specified terms so the parties' obligations can be understood. *K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n*, 139 Ariz. 209, 212, 677 P.2d 1317, 1320 (Ct. App. 1983).

Here, Defendant offered Plaintiff $25 million to settle the State court action. Plaintiff accepted the settlement offer when she filed a Notice of Settlement with the Court, which was also sent to Defendant. However, Defendant never paid the settlement figure to Plaintiff or the Internal Revenue Service. Accordingly, Defendant breached the settlement agreement.

### iv. *In the Alternative*, Promissory Estoppel

Promissory estoppel is a proper claim for relief as an alternative to a contract claim. *AROK Const. Co. v. Indian Const. Servs.,* 848 P.2d 870, 878 (Ariz. App. 1993). To state a claim for promissory estoppel, the plaintiff must demonstrate a clear and unambiguous promise, plaintiff's reliance on the offer, and the reliance is reasonable and foreseeable. *Contempo Const. Co. v. Mountain States Tel. & Tel. Co.,* 736 P.2d 13, 16 (Ariz. App. 1987).

Here, Plaintiff reasonably and foreseeably relied on Defendant's 1099 Offer because as a taxpaying citizen, Plaintiff was expected and was required to file her own tax return claiming

the funds Defendant deceitfully claimed it sent to the Internal Revenue Service. As a direct consequence, Plaintiff was penalized by the IRS for the tax filing.

### v. Fraud

In order to maintain an action for fraud under Arizona law, a plaintiff must sufficiently plead: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably calculated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, and (8) the right to rely on it, and (9) a consequent and proximate injury. *Neilson v. Flashberg*, 101 Ariz. 335, 338-39, 419 P.2d 514, 517-18 (1966).

Here, Defendant made a false, material representation because it communicated to Plaintiff that it settled the case with her for $25 million but withheld the entire amount. Defendant knew its representation was false because it never tendered the $25 million to the Internal Revenue Service and never paid the settlement. It was Defendant's intent that Plaintiff act upon the IRS form because it is Plaintiff's duty to file a return advising the federal government of the withheld income. Consequently, Plaintiff was penalized by the IRS.

### vi. Adding AMEC PLC and Defendant's Name Change

AMEC PLC conducts its business in Arizona through its divisions one of which is the current Defendant. AMEC PLC's website and logo were stated on the employment offer to Plaintiff and therefore it is liable for the breach. AMEC PLC's Washington State office sent to the IRS 1099 and therefore it is liable for the breach of the settlement agreement. Moreover, the decision to terminate Plaintiff's employment was made by and between HR managers for

AMEC PLC and current Defendant. Accordingly, AMEC PLC is equally liable for current Defendant's conduct in this action.

During this litigation, the current Defendant AMEC Earth & Environmental changed its name to AMEC Environment and Infrastructure, Inc., which is a company organized under the laws of Nevada.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests her Motion is granted. For the Court's convenience, a proposed form of Order is attached.

DATED this 27th day of August, 2012.

*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik (026082)
strojnik@skplaw.com
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602 510 9409 (tel)
602 532 7572 (fax)

***Attorney for Plaintiff Stacy Ford-Kelly***