# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly, | No. CV-12-08085-PCT-NVW |
| Plaintiff, | |
| vs. | **SCHEDULING ORDER** |
| AMEC Earth & Environmental, Incorporated, | |
| Defendant. | |

On **September 28, 2012**, a Scheduling Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Discovery Plan. On the basis of the Scheduling Conference and the Discovery Plan,

**IT IS HEREBY ORDERED:**

1. <u>Deadline for Initial Disclosures</u>. Initial disclosures required by Federal Rule of Civil Procedure 26(a) have already been exchanged by the parties.

2. <u>Deadline for Joining Parties and Amending Pleadings</u>. The deadline for joining parties and amending pleadings shall be **N/A**.

3. <u>Discovery Limitations</u>. Depositions in this case shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure. The number of depositions and interrogatories shall be as limited in Rules 30(a), 31(a), and 33(a)(1) of the Federal Rules of Civil Procedure. Each side also may propound up to 40 requests for

1 production of documents, including subparts, and up to 40 requests for admissions, including
2 subparts. The limitations set forth in this paragraph may be increased by mutual agreement
3 of the parties, but such an increase will not result in an extension of the discovery deadlines
4 set forth below.

5        4.    <u>Deadline for Completion of Fact Discovery</u>.  The deadline for completing fact
6 discovery, including all disclosure required under Rule 26(a)(3), shall be **April 26, 2013**.  To
7 ensure compliance with this deadline, the following rules shall apply:

8        a.    Depositions: All depositions shall be scheduled to commence at least
9 five working days prior to the discovery deadline.  A deposition commenced five days prior
10 to the deadline may continue up until the deadline, as necessary.

11       b.    Written Discovery: All interrogatories, requests for production of
12 documents, and requests for admissions shall be served at least 45 days before the discovery
13 deadline.

14       c.    Notwithstanding LRCiv 7.3, the parties may mutually agree in writing,
15 without court approval, to extend the time provided for discovery responses in Rules 33, 34,
16 and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall
17 not alter or extend the discovery deadlines set forth in this order.

18       5.    <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.
19       a.    The Plaintiff shall provide full and complete expert disclosures as
20 required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than
21 **February 15, 2013** (**deadline for alleged forged documents November 16, 2012**).

22       b.    The Defendant shall provide full and complete expert disclosures as
23 required by Rule26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **March
24 15, 2013 (deadline for alleged forged documents December 14, 2012)**.

25       c.    Rebuttal expert disclosures, if any, shall be made no later than **March
26 29, 2013**.  Rebuttal experts shall be limited to responding to opinions stated by initial experts.
27       d.    Expert depositions shall be completed no later than **April 26, 2013**.  As
28

- 2 -

with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

   e. No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

  6. <u>Discovery Disputes</u>.

   a. The parties shall not file written discovery motions without leave of court.  Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed one page, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through <u>personal</u> consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to <u>personally</u> consult, the party seeking relief shall describe the efforts made to obtain personal consultation.  Upon review of the filed written summary of the dispute, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing.  Any briefing ordered by the Court shall also comply with LRCiv 7.2(j).

   b. If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute.

   c. Absent extraordinary circumstances, the court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain

- 3 -

expert discovery disputes after the deadline for completion of expert discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

    7.    <u>Deadline for Filing Dispositive Motions and Motions Challenging Expert Opinion Testimony</u>.

    a.    Dispositive motions and motions challenging expert opinion testimony shall be filed no later than **May 24, 2013** at 5:00 p.m. Arizona time. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

    b.    No party or parties represented by the same counsel shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless by leave of the Court.

    c.    Failure to respond to a motion within the time periods provided in LRCiv 7.2 will be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to LRCiv 7.2(i).

    d.    A party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to LRCiv 7.2(f). The court will issue a minute entry order scheduling oral argument as it deems appropriate.

    8.    <u>Deadline for Engaging in Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **TBD**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the court a joint Report on Settlement Talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

The Court will set a settlement conference before a magistrate judge upon request of all parties.

The parties are encouraged to discuss settlement at all times during the pendency of the litigation. The Court will not, however, extend the case processing deadlines because the

- 4 -

parties wish to avoid litigation expense if and when they elect to pursue settlement efforts, including a settlement conference before a magistrate judge. The parties should plan their settlement efforts accordingly.

      9.    <u>Motions for Summary Judgment</u>.

      a.    If no motions for summary judgment have been filed, then Plaintiff(s) shall lodge a Joint Proposed Pretrial Order by **<u>June 14, 2013</u>** at 5:00 p.m. Arizona time**.** The order shall be in the form found at www.azd.uscourts.gov under Judges & Courtrooms; Orders, Forms & Procedures; Judge Wake. There are separate orders for cases being heard by a jury and cases being heard by the court.

      b.    If summary judgment motions have been filed, the court will set a time for lodging the Joint Proposed Pretrial Order after the resolution of such dispositive motions.

      10.    <u>Final Pretrial Conference</u>. The parties who will be trying the case shall appear at the Final Pretrial Conference **TO BE SET BY LATER ORDER**.

      11.    <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this order, and they should plan their litigation activities accordingly. The Court will not extend the case processing deadlines because the parties wish to avoid litigation expense if and when they elect to pursue settlement efforts, including a settlement conference before a magistrate judge.

      12.    <u>Dismissal for Failure to Meet Deadlines of This Order or of the Rules.</u> The parties are warned that failure to meet any of the deadlines in this order or in the Federal Rules of Civil Procedure without substantial justification may result in sanctions, **including dismissal of the action or entry of default.**

      13.    <u>Requirement for Paper Courtesy Copies</u>. Pursuant to Section II.D.3 of the Electronic Case Filing Administrative Policies and Procedures Manual, a paper courtesy copy of dispositive motions and responses and replies thereto and any document exceeding 10 pages in length shall be either post-marked and mailed directly to the judge or hand-delivered to the judge's mail box located in the courthouse the next business day after the electronic filing. A copy of the face page of the Notice of Electronic Filing shall be

1 appended to the last page of the courtesy copy. Courtesy copies of documents too large for
2 stapling must be bound with a metal prong fastener at the top center of the document or
3 submitted in three-ring binders. If courtesy copies are not delivered within three days of the
4 file date, the court may strike the pleading summarily for failure to follow court rules and this
5 order.

6   DATED this 28th day of September, 2012.

```
            _____
                    Neil V. Wake
              United States District Judge
```