Peter Strojnik,
Arizona State Bar No. 006464
**STROJNIK, P.C.**
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: ps@strojnik.com

Peter K. Strojnik, Esq.,
Arizona State Bar No: 026082
California State Bar No: 242728
**THE STROJNIK FIRM, LLC**
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: 602-510-9409
Facsimile: 602-532-7572
E-mail: strojnik@skplaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STACY D. FORD-KELLY, | NO. 3:12-CV-08085-NVW |
| Plaintiff, | |
| vs. | **MOTION FOR CLARIFICATION AND/OR CORRECTION OF DOC. 44 ORDER** |
| AMEC ENVIRONMENT & INFRASTRUCTURE, INC., a Nevada corporation *fka* AMEC EARTH & ENVIRONMENTAL, INC. *fka* AMEC INFRASTRUCTURE, INC.; AMEC PLC, a British Company, | |
| Defendants. | |

Plaintiff respectfully requests the Court clarify and/or correct the Doc. 44 Order denying Plaintiff's Motion for Sanctions. In her Doc. 42 Motion, Plaintiff requested that Defendant be sanctioned for destroying evidence in this case while this litigation was

pending. The Court's Order erroneously states that willful and intentional destruction of the central piece of evidence does not show bad faith, to wit:

> Before the Court is Plaintiff's Motion for Sanctions (Doc. 42). While the Motion does **not** show **any** bad faith by Defendant, the Motion is premature, as it cannot be decided until after the merits of this action.
>
> IT IS THEREFORE ORDERED that Plaintiff's Motion for Sanctions (Doc. 42) is denied. (Emphasis supplied)

The Order as written suggests that in this Circuit, a willful destruction of a central piece of evidence does not amount to "bad faith". The Order as written is contrary to the overwhelming body of federal law dealing with spoliation[1].

The Order as written is also contrary to the law of the 9th Circuit. In this Circuit, terminating sanctions are appropriate when the destruction is due to "**willfulness, fault, or bad faith**.'" *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir., 1995)(citations omitted); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg.*

---

[1] "Bad faith" is present when the spoliating party "intended to impair the ability of the potential defendant to defend itself." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 80 (3d Cir.1994). See also *Micron Tech. Inc. v. Rambus Inc.*, 645 F.3d 1311, 98 U.S.P.Q.2d 1693 (Fed. Cir., 2011) (same); *Faas v. Sears, Roebuck & Co.,* 532 F.3d 633, 644 (7th Cir.2008) ("A document is destroyed in bad faith if it is destroyed 'for the purpose of hiding adverse information.'") (citation omitted); *In re Hechinger Inv. Co. of Del., Inc.*, 489 F.3d 568, 579 (3d Cir.2007) (noting that bad faith requires a showing that the litigant "intentionally destroyed documents that it knew would be important or useful to [its opponent] in defending against [the] action"); *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 925 (1st Cir.1988) (finding bad faith "where concealment was knowing and purposeful," or where a party "intentionally shred[s] documents in order to stymie the opposition"); *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir.1983) (noting that an adverse inference from destruction of documents is permitted only when the destruction was "intentional, and indicates fraud and a desire to suppress the truth") (citation omitted). "The fundamental element of bad faith spoliation is advantage-seeking behavior by the party with superior access to information necessary for the proper administration of justice." *Micron Tech. Inc.*, supra, 645 F.3d at 1326.

*Corp.*, 982 F.2d 363, 368 n.2 (9th Cir. 1992) (observing that a district court may impose sanctions upon a finding of willfulness, fault, or bad faith on the part of the offending party). Sanctions are also appropriate when "fault" amounts to "gross negligence". *Surowiec v. Capital Title Agency Inc*., 790 F.Supp.2d 997, 1007 (D. Ariz., 2011) The duty to preserve runs not only to the aggrieved party, but to the judicial system as a whole. Id., 790 F.Supp.2d at 1006 and 1007.

Plaintiff's Motion for Sanctions (Doc 42) demonstrated without a scintilla of doubt that AMEC destroyed the original of the employment agreement during the pendency of this action and at least 7 (SEVEN) months after it learned that the original of the employment agreement constitutes the central piece of evidence. See Plaintiff's Motion for Sanctions (Doc 42) at pp. 4 – 7 and Exhibits 3, 6, 7, and 8. This amounts to willfulness, fault (gross negligence) **and** bad faith. Therefore, Plaintiff is constrained to conclude that the Order (Doc 44) contains an error.

Additionally, the appropriate time for considering a motion for sanctions for spoliation cannot await the conclusion of the merits of the action. This action cannot have a "meritorious" conclusion when the Plaintiff has been denied the very piece of evidence that constitutes the "merits" of the action. Therefore, an evidentiary hearing on this issue is appropriate.

For the foregoing reasons Plaintiff respectfully requests the Court's correcton or clarification of the Order, Doc. 44.

RESPECTFULLY SUBMITTED this 29th day of October, 2012.

          **STROJNIK, P.C.**

          */s/ Peter Strojnik*

          _____
          Peter Strojnik
          Attorney for Plaintiff