**LEWIS AND ROCA LLP — LAWYERS**

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| STACY D. FORD-KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-08085-NVW |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| AMEC EARTH & ENVIRONMENTAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6), Defendant AMEC Environment and Infrastructure, Inc. ("AMEC"), sued as AMEC Earth & Environmental, Inc., moves to dismiss the majority of the claims asserted in Plaintiff Stacy D. Ford-Kelly's ("Plaintiff") First Amended Complaint ("FAC"). Despite having the opportunity to file an amended complaint, Plaintiff's new claims are deficient and lack the requisite particularity and plausibility required by applicable law. This motion is supported by the following memorandum of points and authorities and the concurrently filed Request for Judicial Notice ("RJN").

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, an entry-level engineer-in-training, claims that AMEC terminated her employment in violation of an agreement that purportedly guaranteed her a six-year term of employment and an immediate payout of any remaining compensation upon her



termination. In addition to this far-fetched claim (which relies on a forged and highly doctored "employment contract"), Plaintiff's original complaint asserted a panoply of other claims that this Court previously dismissed. (Dkt. #9.)

Plaintiff has now filed a First Amended Complaint attempting to convert what is at most a dispute over the authenticity of her alleged employment contract and the circumstances of her termination into a thirteen-count lawsuit that could have been scripted by the Mad Hatter. According to the FAC, a sham Form 1099 is now the centerpiece of Plaintiff's attempt to enforce an alleged settlement agreement *for $25 million*. Plaintiff has also asserted numerous claims, ranging from defamation to fraud to RICO (both state and federal), because AMEC had the temerity to defend itself against Plaintiff's false allegations and manufactured evidence. As discussed below, Plaintiff's new claims are utterly devoid of the factual particulars needed to state legally plausible claims and they should be dismissed with prejudice.[1]

**I.    The Statute of Limitations Has Run on Count Two for Breach of Good Faith.**

AMEC disputes that it entered into the alleged employment contract proffered by Plaintiff in support of Counts One and Two. AMEC maintains that Plaintiff has created this purported "employment agreement"—the terms of which are facially unbelievable and unlike any other employment offer that AMEC has made to an employee in a similar position—for the purpose of alleging baseless claims against AMEC, with whom Plaintiff has never entered into any contract.[2] Even without needing to address the validity of this

---

[1] AMEC is moving to dismiss eleven of the thirteen claims asserted by Plaintiff. The only claims that AMEC is not moving to dismiss are (1) Count One for breach of an alleged employment contract and (2) Count Four alleging a violation of the Family and Medical and Leave Act ("FMLA"). By doing so, AMEC does not concede the validity of these claims and reserves the right to move for judgment on these claims at a later time.

[2] Plaintiff argues in her FAC that if AMEC believed the alleged "employment agreement" was fraudulent, it would have pled "fraud" as an affirmative defense in the answer filed in response to Plaintiff's original complaint. *See* FAC at ¶ 59. The affirmative defense of fraud, however, does not bear on whether false evidence was created for the purpose of asserting meritless claims, but rather whether formation of the contract was induced by a material misrepresentation.

3168438.5



1  document, however, Count Two fails insofar as it relates to the employment contract[3]
2  because it was not filed within the applicable two-year statute of limitations.  *See* A.R.S. §
3  12-542(3); *Lorry v. Federal Ins. Co.*, 122 Fed. Appx. 314, 316 (9th Cir. 2005).

   Plaintiff alleges in her complaint that the termination of her employment from AMEC occurred on April 21, 2009.  *See* FAC ¶¶ 29-30.  Therefore, the statute of limitations for Count Two, insofar as it is based on Plaintiff's alleged employment contract, expired on or around April 21, 2011, more than a year and a half before Plaintiff asserted this claim in the FAC.  Therefore, this claim is time barred.

**II.  Counts Two, Five, Six, and Thirteen of Plaintiff's First Amended Complaint Fail to Satisfy the General Pleading Standard of Rule 8.**

   Federal Rule of Civil Procedure 8 sets forth a general pleading standard that governs most complaints.  It requires, among other things, that a "pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Although a complaint need not state detailed factual allegations, it "must contain sufficient matter to 'state a claim to relief that is plausible on its face.'"  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim lacks such facial plausibility when the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Wilson*, 668 F.3d at 1140 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).  Only sufficiently-pled factual matter, not "threadbare recitals of a cause of action's elements, supported by

---

[3] Count 2 purports to assert a claim for breach of the implied covenant of good faith and fair dealing arising out of both the alleged employment contract and an alleged settlement agreement.  *See* FAC ¶¶ 67-71.  Insofar as this claim relates to the alleged settlement agreement, it fails because the FAC does not allege facts that plausibly establish that such an agreement was formed, as discussed below in Sections II.A and II.B.

3168438.5

mere conclusory statements" will be taken as true for the purpose of determining whether the complaint has met the requirements of Rule 8. *See Iqbal*, 556 U.S. at 678.

As described below, Plaintiff has not alleged legally plausible claims with respect to Counts Two, Five, Six, and Thirteen. Accordingly, these Counts must be dismissed.

### A. Count Five: Plaintiff Has Not Stated a Claim for Breach of a Settlement Agreement because There Was No Settlement Agreement.

Under Arizona law, to prevail on a breach of contract claim, Plaintiff is required to plead facts that show (1) a contract existed between herself and AMEC, (2) AMEC breached the contract, and (3) Plaintiff suffered damages as a result. *See Graham v. Asbury*, 112 Ariz. 184, 185 (1975) (citing *Clark v. Compania Ganadera de Cananea, S.A.*, 95 Ariz. 90, 94 (1963)). "It is elementary that for an enforceable contract to exist there must be an offer, an acceptance, consideration, and *sufficient specification of terms so that the obligations involved can be ascertained*." *Leflet v. Redwood Fire and Casualty Insurance Co.*, 247 P.3d 180, 185 (Ariz. Ct. App. 2011) (emphasis in original) (*quoting Regal Homes, Inc. v. CAN Insurance*, 171 P.3d 610, 617 (Ariz. Ct. App. 2007)); *see also Paczosa v. Cartwright Elementary School District No. 83*, 213 P.3d 222, 227 (Ariz. Ct. App. 2009).

Plaintiff does not allege how the alleged settlement agreement was created, only the conclusory assertion that one somehow existed. FAC ¶ 85. The only facts Plaintiff alleges with respect to the alleged settlement are that on January 29, 2011, AMEC sent her a Form 1099, with the "Account number" section on the form reading "AZ CV-201007063 SETTLEMENT," the "Other income" section reading "2500000.00," and the "Federal income tax withheld" section also reading "2500000.00." FAC ¶¶ 49-50. Judicially noticeable public court documents indicate that Plaintiff allegedly received this document on or around January 31, 2011, but that, far from dismissing her lawsuit or attempting to enforce the settlement agreement, Plaintiff filed a motion for default judgment against

AMEC six weeks later. RJN, Ex. 1-2. Even without these additional facts, however, there is no valid claim for breach of a settlement agreement.

First, the Form 1099 does not represent a valid offer. "[W]hether an offer has been made does not depend on the offeree's understanding of the terms of the offer, but instead on whether a reasonable person would understand that an offer has been made and that, upon acceptance, the offeror would be bound." *Ballesteros v. American Standard Ins. Co. of Wis.*, 248 P.3d 193, 197 (Ariz. 2011). Putting aside for the moment that it was Plaintiff herself who requested the Form 1099,[4] no reasonable person would understand receipt of the Form 1099 as an *offer* of settlement. It contains no language purporting to set forth an offer of settlement, and instead merely states that a $25 million payment had *supposedly been withheld and paid to the IRS* sometime in 2010. Plaintiff has alleged no other facts supporting the existence of a settlement agreement.

Even taking Plaintiff's allegations as true, the Form 1099 could only be understood as some sort of gratuitous payment, as the document required nothing of Plaintiff and failed to set forth the terms of any settlement agreement. The Form 1099 also indicates that AMEC's purported obligation was performed *prior* to AMEC's making of the alleged offer. *See* RESTATEMENT (SECOND) OF CONTRACTS § 71 (1981); *see also id.* § 86 cmt. a ("'past consideration' is inconsistent with the meaning of consideration").

Second, even assuming for the sake of argument that the Form 1099 could be understood as an offer, Plaintiff's filing of a motion for default judgment against AMEC after receiving the Form 1099 belies her claim that she accepted any such settlement offer.[5]

---

[4] Defendant must accept as true the FAC's factual allegations and therefore must accept as true the allegation that Plaintiff had no involvement in the creation of the Form 1099. However, as AMEC previously disclosed in its Notice of Non-Opposition to Plaintiff's Motion to Amend (Dkt. #37), an employee of AMEC has admitted preparing the form after Plaintiff called her and asked her to do so.

[5] Plaintiff may argue that her filing of a "Notice of Settlement" on April 9, 2011, in the initial state court action against AMEC constituted an acceptance of the settlement offer. FAC ¶ 53. However, Plaintiff filed the "Notice of Settlement" *after* moving for a default judgment, an act inconsistent with any purported "acceptance." *See* RESTATEMENT

Plaintiff has failed to allege facts showing that there was an offer, an acceptance, a sufficient specification of terms, or valid consideration, and Plaintiff's judicially noticeable behavior after allegedly receiving the alleged "offer" demonstrates that she did not accept the alleged offer in any event.  Consequently, Plaintiff has failed to allege facts that establish the critical first element of a breach of contract claim: the existence of a contract.  Therefore, Count Five must be dismissed.

### B. Count Two: Because Plaintiff Has Not Stated a Claim for Breach of a Settlement Agreement, She Cannot State a Claim for Breach of the Covenant of Good Faith and Fair Dealing Resulting Therefrom.

The covenant of good faith and fair dealing is not an independent claim; it is one that arises out of the contract from which it is derived.  *See Rawlings*, 726 P.2d at 569-70 (Ariz. 1986); *Wagenseller*, 710 P.2d at 1038.  Because Plaintiff has failed to state a claim for breach of a settlement agreement (by failing to allege any facts that would make it plausible that a settlement agreement did, in fact, exist), Plaintiff cannot state a claim for breach of the covenant of good faith and fair dealing arising from the alleged settlement agreement.  Therefore, Count Two should also be dismissed.[6]

### C. Count Six: Plaintiff Has Failed to State a Claim for Promissory Estoppel because She Has Not Alleged that AMEC Induced her to Action with Any Promise.

In the absence of an enforceable contract, the doctrine of promissory estoppel allows the enforcement of a promise made by one party to another party, but only under the following circumstances:

---

(SECOND) OF CONTRACTS §§ 35, 36. In addition, the document Plaintiff filed on April 4, 2011, was actually called "Notice of *Partial* Settlement." RJN, Ex. 3. What Plaintiff meant by this is anyone's guess, but it shows that there was no unequivocal acceptance of any offer contained in the Form 1099, as that document referred to an unqualified "settlement," and such a modification is considered a counteroffer which likewise terminates the offeree's power to accept the offer. *See* RESTATEMENT (SECOND) OF CONTRACTS § 36(1)(a).

[6] As discussed in Section I above, the portion of Count Two alleging breach of the covenant of good faith and fair dealing arising out of the alleged employment contract should be dismissed as untimely.  Therefore, Count Two should be dismissed in its entirety.

6

3168438.5

> A promise which the promisor *should reasonably expect to induce action or forbearance* on the part of the promisee or a third person and *which does induce such action or forbearance* is binding if injustice can be avoided only by enforcement of the promise.

*Double AA Builders, Ltd. V. Grand State Construction L.L.C.*, 114 P.3d 835 (Ariz. Ct. App. 2006) (emphasis added) (*quoting* RESTATEMENT (SECOND) OF CONTRACTS § 90(1) (1981)); *see also Tiffany Inc. v. W.M.K. Transit Mix, Inc.*, 493 P.2d 1220 (Ariz. Ct. App. 1972) (finding the elements of promissory estoppel met, but affirming dismissal of the claim because the agreement violated the statute of frauds).

Plaintiff has alleged that AMEC sent her a Form 1099 that simultaneously declared $25,000,000 in income to her and withheld that same amount as taxes. But the action AMEC allegedly hoped to induce and the action that Plaintiff alleges she took were not the same. That is, the action or forbearance that AMEC would have intended to accomplish by making an offer of settlement would have been to induce Plaintiff to dismiss her lawsuit; instead, Plaintiff merely filed her taxes (and then *filed a motion for default judgment* against AMEC). *See* FAC ¶¶ 49-50, 54, 57; RJN, Ex. 1. Thus, Plaintiff has not alleged that she relied on the Form 1099 and was induced into dismissing her lawsuit against AMEC, as the cause of action for promissory estoppel would require.

Therefore, because Plaintiff has failed to establish a critical element of her claim for promissory estoppel, Count Six should be dismissed.

### D. Count Thirteen: Plaintiff Has Not Stated a Claim for Defamation.

In the six paragraphs comprising Count 13, Plaintiff has muddled together the terms "defamation," "invasion of privacy," and "false light." FAC ¶¶ 124-129. But, regardless of what claim Plaintiff is actually trying to plead, Plaintiff has failed to state facts to plausibly establish any one of these distinct theories of liability.

It is the dearth of facts alleged that is fatal to Count 13. In fact, Plaintiff has primarily alleged legal conclusions in support of the claim(s): (1) that "Defendant engaged in false publications that impeached Plaintiff's honesty, integrity, virtue, or reputation and

brought Plaintiff into disrepute, contempt and/or ridicule" and (2) that "Defendant knowingly or recklessly gave publicity to a matter that placed Plaintiff in a false light that a reasonable person would find highly offensive." FAC ¶¶ 125, 126. These fact-less assertions cannot sustain this claim. *See Iqbal*, 556 U.S. at 678 ("The principle that allegations in a complaint are accepted as true does not apply to legal conclusions or conclusory factual allegations."); *Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The only detail Plaintiff alleges ostensibly in furtherance of this claim is that AMEC "revealed private information, a list of Plaintiff's former employers" to another person. FAC ¶ 127. Plaintiff does not allege how this alleged disclosure was "unreasonably offensive and attributes false characteristic," which is a critical element of a claim for invasion of privacy (the only one of the listed theories of liability that is potentially applicable to this lone factual allegation). *See Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 341 (1989).

Consequently, Plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2), and Count 13 should be dismissed.

**III. Counts Three and Seven through Twelve Fail to State a Cognizable Claim and Lack the Particularity Required By Rule 9(b).**

Arizona's anti-racketeering statute lists several predicate offenses. *See* A.R.S. § 13-2301(D)(4)(b). Based on this listing, Plaintiff has attempted to plead several claims, all of which were allegedly undertaken by AMEC to defraud Plaintiff: "civil extortion" in Count 3, fraud (based on the Form 1099) in Count 7, fraud (based on the alleged employment agreement) in Count 8, "civil scheme or artifice to defraud" in Count 9, "asserting false claims" in Count 10, and a pattern of unlawful activity under the Arizona RICO statute in Count 11. Plaintiff has also made general statements suggesting violations of the federal RICO act in Count 12 based on the same conduct underlying Counts 3 and 7-11.

3168438.5

1    A party alleging a civil claim stemming from state or federal racketeering laws
2  must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b),
3  when those claims sound in fraud.  Fed. R. Civ. P. 9(b); *ThermoLife Intern., LLC v.*
4  *Gaspari Nutrition, Inc.*, 2011 WL 6296833, at *3 (D. Ariz. 2011) (opinion by Wake, D.J.).
5  To satisfy Rule 9(b), a pleading must "identify 'the who, what, when, where, and how of
6  the misconduct charged,' as well as 'what is false or misleading about [the purportedly
7  fraudulent] statement, and why it is false.'" *Cafasso v. General Dynamics C4 Systems*, 637
8  F.3d 1047, 1055 (9th Cir. 2011) (*quoting Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998
9  (9th Cir. 2010)); *Sepuya v. Community Health Systems of San Bernardino*, 205 F.3d 1352,
10 1352 (9th Cir. 1999).

11   Plaintiff's pleading of Counts Three and Seven through Twelve falls far short of the
12 heightened standard required by Rule 9(b).  *See Lacey v. Maricopa County*, 649 F.3d
13 1118, 1138 (9th Cir. 2011) (affirming district court's dismissal of plaintiffs' federal and
14 state RICO claims, ruling that plaintiffs "offer only vague allegations with no factual
15 support that defendants engaged in any of the above predicate crimes, much less that they
16 engaged in them for financial gain," and that "[s]uch vague allegations simply are not
17 enough to defeat a motion to dismiss.").  Specifically:

18   • Count Three: Plaintiff alleges that AMEC extorted her by attempting to
19 obtain money or benefit by means of threat, and that AMEC intended to "cower" her and
20 make her become fearful, and that she was thereby harmed.  *See* FAC ¶¶ 75-77.  Yet
21 Plaintiff has not included a single allegation indicating *how*, or with *what*, AMEC
22 threatened her, nor *how* she was harmed by these alleged threats.  Plaintiff also has not
23 shown that a civil extortion claim even exists under Arizona law.

24   • Count Seven: Plaintiff alleges that she relied on the representations AMEC
25 made in the Form 1099.  *See* FAC ¶ 101.  However, as discussed in Section II(C) above,
26 Plaintiff has failed to allege *how* AMEC obtained her reliance when Plaintiff filed her
27 taxes, given that the reliance AMEC would have hoped to accomplish (had it, in fact,
28 issued this Form 1099 to obtain a settlement) would have been the dismissal of the lawsuit.

1       • Counts Eight and Ten: Plaintiff alleges that she has been damaged by the
2   "creation" of Exhibit 2 to her First Amended Complaint (the actual offer of employment
3   that AMEC sent to Plaintiff on January 21, 2008). *See* FAC ¶ 106. That is, Counts Eight
4   and Ten appear to be Plaintiff's attempt to attach liability to AMEC for providing the
5   evidence necessary to defend itself in this litigation. *See* FAC ¶¶ 102-06, 110-13. Aside
6   from the fact that such an attempt is nonsensical on its face, Plaintiff has failed to allege
7   *how* she was damaged by the mere introduction of Exhibit 2 as evidence in this matter.

8       • Counts Nine, Eleven and Twelve: Plaintiff's statements here apparently
9   attempt to combine her allegations in Counts Seven and Eight with allegations not
10  mentioned in any other count to create a "scheme or artifice to defraud" and "pattern of
11  unlawful activity." *See* FAC ¶¶ 107-09, 14-16. However, Plaintiff has failed to
12  specifically allege *how* these various events are connected such that they rise to the level
13  of a scheme or artifice to defraud or otherwise satisfy the elements of a claim under either
14  the federal or state RICO laws.

15      To state a civil RICO claim, a plaintiff must allege, among other things, the
16  commission of a pattern of racketeering activity by the defendant. *See* 18 U.S.C. § 1962;
17  Ariz. Rev. Stat. Ann. § 13-2314.04(A); *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001);
18  *Lifeflite Med. Air Transp., Inc. v. Native Am. Air Servs., Inc.*, 7 P.3d 158, 161 (Ariz. Ct.
19  App. 2000). To establish "racketeering activity" under these statutes, a plaintiff must
20  plead one of several specific categories of criminal conduct, referred to as "predicate acts."
21  *See* 18 U.S.C. § 1961(1); Ariz. Rev. Stat. Ann. § 13-2301(D)(4).

22      Read generously, Plaintiff alleges as predicate acts: (1) forgery in preparing a false
23  employment offer letter, (2) extortion, (3) asserting false claims (through the
24  aforementioned false offer letter), (4) participation in a criminal syndicate, and (5) scheme
25  or artifice to defraud. *See* FAC ¶ 115. As shown above, the FAC is utterly devoid of
26  factual allegations to support any of these alleged predicate acts. In particular, Plaintiff
27  has alleged no facts amounting to the criminal acts of "forgery," "extortion," "false
28  claims," or any of the other fanciful predicate acts Plaintiff alleges. *See* Ariz. Rev. Stat.

Ann. §§ 13-2002 (forgery); 13-1804 (theft by extortion); 13-2309 (participation in a criminal syndicate). Nor has Plaintiff specified how these alleged acts were the proximate cause of any harm to her or that she suffered a cognizable RICO injury in the form of a "concrete financial loss." *United Food & Commercial Workers Central Pennsylvania & Regional Health & Welfare Fund v. Amgen, Inc.*, 400 Fed. Appx. 255, 257 (9th Cir. 2010) (dismissing civil RICO claim for failing to plead facts showing a "cognizable theory of proximate causation"); *Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992).

In sum, Plaintiff has failed to specifically allege the who, what, where, when, why, and how necessary to meet the requirements of Rule 9(b) or to otherwise state a cognizable claim under any of the legal theories alleged. *See Lacey*, 649 F.3d 1118, 1138; *Cafasso*, 637 F.3d at 1055. Accordingly, Counts Three and Seven through Twelve must be dismissed.

## IV.    CONCLUSION.

Plaintiff has failed to timely file or to adequately plead the new claims set forth in her First Amended Complaint. Therefore, Counts Two, Three and Five through Thirteen should be dismissed. Because Plaintiff has had many previous opportunities to amend or correct her complaint, dismissal of these claims should be with prejudice.

DATED this 8th day of November, 2012.

LEWIS AND ROCA LLP

By   /s/*Melanie V. Pate*
Robert G. Schaffer
Melanie V. Pate
Alastair Gamble
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter K. Strojnik, Esq.
The Strojnik Firm L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, AZ  85016
strojnik@skplaw.com

Peter Strojnik, Esq.
Strojnik, P.C.
2415 East Camelback Road, Suite 700
Phoenix, AZ  85016
strojnik@aol.com

/s/ Susan J. Durkee