LEWIS AND ROCA LLP LAWYERS

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendant AMEC Earth & Environmental, Inc.
*nka* AMEC Environment and Infrastructure, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly, | ) |
| | ) |
| Plaintiff, | ) No. 3:12-cv-08085-NVW |
| | ) |
| vs. | ) **DEFENDANT'S ANSWER TO** |
| | ) **PLAINTIFF'S FIRST AMENDED** |
| AMEC Environment & Infrastructure, inc., a | ) **COMPLAINT** |
| Nevada corporation *fka* AMEC Earth & | ) |
| Environmental, Inc. *fka* AMEC Infrastructure, | ) |
| Inc.; AMEC PLC, a British Company, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Defendant AMEC Earth & Environmental, Inc. ("AMEC") through its undersigned counsel, answers and responds to plaintiff Stacy D. Ford-Kelly's ("Plaintiff") First Amended Complaint ("Complaint") as follows:

**SUMMARY OF ACTION**

1.  AMEC denies the allegations in Paragraph 1 of the Complaint. AMEC affirmatively alleges that Exhibit 1 to the Complaint is a fraudulent document, and that Plaintiff was an at-will employee who did not have a contractual employment relationship with AMEC.

2.  AMEC admits that part of Plaintiff's duties while she was employed as an engineer in training with AMEC involved work on the Lake Havasu City Wastewater Treatment Plant project, and AMEC admits Plaintiff's employment was terminated on April 21, 2009. AMEC denies the other allegations in Paragraph 2 of the Complaint.

3. AMEC denies the allegations in Paragraph 3 of the Complaint.

4. AMEC denies the allegations in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint require no response.

## PARTIES AND JURISDICTION

6. AMEC is without sufficient knowledge to answer the allegations in Paragraph 6 of the Complaint.

7. AMEC admits the allegations in Paragraph 7 of the Complaint, except that it denies that AMEC Environment and Infrastructure, Inc. is, or was ever, a "division" of AMEC PLC.

8. The allegations in Paragraph 8 of the Complaint require no response.

9. The allegations in Paragraph 9 of the Complaint require no response.

## ALLEGATIONS COMMON TO ALL COUNTS

10. The allegations in Paragraph 10 of the Complaint require no response. If a response is required, AMEC denies the allegations.

11. AMEC denies the allegations in Paragraph 11 of the Complaint, including the allegations in all subparagraphs. To the extent the allegations attempt to characterize matters of public record, those records speak for themselves.

12. AMEC admits that Chris Hassert interviewed Plaintiff for an employment position with AMEC in or around January 2008. AMEC denies the rest of the allegations in Paragraph 12 of the Complaint.

13. AMEC denies the allegations in Paragraph 13 of the Complaint.

14. AMEC denies the allegations in Paragraph 14 of the Complaint. AMEC affirmatively alleges that Exhibit 1 to the Complaint is a fraudulent document, and that Plaintiff was an at-will employee who did not have a contractual employment relationship with AMEC.

15. AMEC denies the allegations in Paragraph 15 of the Complaint.

16. AMEC is without sufficient knowledge to respond to the allegations in Paragraph 16 of the Complaint, except insofar as the allegations relate to any alleged employment contract between Plaintiff and AMEC, which allegations AMEC denies. In addition, AMEC denies that Plaintiff worked as a "design engineer" and affirmatively alleges that she was employed as an

1  engineer in training for AMEC.

2      17.    AMEC admits that the Lake Havasu City Sewer Project was a taxpayer-funded project involving the design and implementation of a new sewer system in Lake Havasu City. AMEC denies the remaining allegations in Paragraph 17 of the Complaint.

    18.    Upon information and belief, AMEC denies that Plaintiff was given a raise on January 5, 2009. AMEC denies the rest of the allegations in Paragraph 18 of the Complaint. To the extent the allegations quote from a document, AMEC responds that the document speaks for itself.

    19.    AMEC admits only that it is aware that Plaintiff made complaints to government agencies. AMEC denies the remaining allegations in Paragraph 19 of the Complaint. AMEC affirmatively alleges that AMEC has not been found to have engaged in any wrongful or illegal actions regarding the Lake Havasu City Sewer Project.

    20.    AMEC denies the allegations in Paragraph 20 and its sub-paragraphs. To the extent the allegations attempt to characterize statements made in emails, the documents speak for themselves. In addition, to the extent the allegations attempt to characterize matters of public record, those records speak for themselves.

    21.    AMEC denies the allegations in Paragraph 21 of the Complaint.

    22.    AMEC is without sufficient knowledge to respond to the allegations in Paragraph 22 of the Complaint.

    23.    AMEC admits that Plaintiff took a leave of absence during her employment with AMEC. AMEC denies the rest of the allegations in Paragraph 23 of the Complaint. To the extent the allegations quote from a document, AMEC responds that the document speaks for itself.

    24.    AMEC admits that Plaintiff took a leave of absence and was approved for short-term disability benefits during her employment with AMEC. AMEC denies the rest of the allegations in Paragraph 24 of the Complaint.

    25.    AMEC admits the allegations in Paragraph 25 of the Complaint, except insofar as the allegations appear to quote from a document, to which AMEC responds that the document speaks for itself.

26. AMEC admits the allegations in Paragraph 26 of the Complaint, except insofar as the allegations quote from a document, to which AMEC responds that the document speaks for itself. AMEC affirmatively alleges that the Non-FMLA Disability Leave of Absence Request form states that the employee may "return to same position, at same rate of pay if business conditions permit."

27. AMEC denies the allegations in Paragraph 27 of the Complaint.

28. AMEC denies the allegations in Paragraph 28 of the Complaint.

29. AMEC is without sufficient information to admit or deny the allegations regarding Plaintiff's actions on April 21, 2009. AMEC admits only that Mr. Miller and Mr. Lywood met with Plaintiff at the AMEC office in Lake Havasu City.

30. AMEC admits only that Plaintiff was told that she was being terminated as part of a reduction-in-force because her services were no longer needed at the Lake Havasu City office. AMEC further admits that it provided her with copies of a termination letter dated April 21, 2009, and a Confidential Separation Agreement and General Release signed by Mr. Lywood and dated April 21, 2009. To the extent the allegations quote from a document, AMEC responds that the document speaks for itself.

31. AMEC denies the allegations in Paragraph 31 of the Complaint.

32. AMEC admits that Plaintiff did not sign the separation agreement and general release as part of the termination of her employment. AMEC denies the rest of the allegations in Paragraph 32 of the Complaint.

33. AMEC denies the allegations in Paragraph 33 of the Complaint.

34. AMEC admits only that Plaintiff's termination letter provides information about future employment opportunities with AMEC. Upon information and belief, AMEC denies the remaining allegations in Paragraph 34 of the Complaint.

35. AMEC denies the allegations in Paragraph 35 of the Complaint.

36. AMEC denies the allegations in Paragraph 36 of the Complaint.

37. AMEC denies the allegations in Paragraph 37 of the Complaint.

38. AMEC denies the allegations in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 of the Complaint seek to characterize a document. AMEC responds that the document speaks for itself.

40. The allegations in Paragraph 40 of the Complaint cite to or quote from a document, and AMEC responds that the document speaks for itself.

41. The allegations in Paragraph 41 of the Complaint seek to characterize or draw conclusions from a document, and AMEC responds that the document speaks for itself.

42. The allegations in Paragraph 42 of the Complaint cite to or quote from a document, and AMEC responds that the document speaks for itself.

43. The allegations in Paragraph 43 of the Complaint seek to characterize or draw conclusions from a document, and AMEC responds that the document speaks for itself.  To the extent that the allegations in Paragraph 43 do not seek to characterize or draw conclusions from a document, AMEC denies the allegations in Paragraph 43 of the Complaint.

44. As for the allegations in Paragraph 44 of the Complaint, AMEC admits that Plaintiff's employment was terminated, but it clarifies that the termination occurred on April 21, 2009.

45. The allegations in Paragraph 45 of the Complaint attempt to characterize matters of public record.  AMEC responds that those records speak for themselves.

46. The allegations in Paragraph 46 of the Complaint attempt to characterize matters of public record.  AMEC responds that those records speak for themselves.

47. AMEC denies that Plaintiff ever served the First Amended Complaint on AMEC or any of its officers, employees or agents.  The rest of the allegations in Paragraph 47 of the Complaint attempt to characterize matters of public record.  AMEC responds that those records speak for themselves.

48. The allegations in Paragraph 48 of the Complaint attempt to characterize matters of public record or cite to or quote from a document.  AMEC responds that the documents and records speak for themselves.

49. AMEC admits only that a former employee, who was acting outside the course and scope of her duties and not on behalf of AMEC, prepared a Form 1099 at Plaintiff's request and

1   without AMEC's authorization or approval, and mailed it to Plaintiff on January 29, 2011.

2        50.    AMEC admits only that a former employee, who was acting outside the course and
3   scope of her duties and not on behalf of AMEC, prepared a Form 1099 at Plaintiff's request and
4   without AMEC's authorization or approval, and mailed it to Plaintiff on January 29, 2011.

5        51.    The allegations in Paragraph 51 of the Complaint attempt to characterize matters of
6   public record. AMEC responds that those records speak for themselves.

7        52.    The allegations in Paragraph 52 of the Complaint attempt to characterize matters of
8   public record. AMEC responds that those records speak for themselves.

9        53.    AMEC denies that Plaintiff accepted any offer of settlement by AMEC because
10  AMEC has never made an offer of settlement to Plaintiff. The rest of the allegations in Paragraph
11  53 of the Complaint attempt to characterize matters of public record. AMEC responds that those
12  records speak for themselves.

13       54.    AMEC denies that Plaintiff "relied" on the Form 1099. AMEC is without
14  sufficient information to respond to the rest of the allegations in Paragraph 54 of the Complaint,
15  and therefore denies the allegations.

16       55.    AMEC is without sufficient information to answer the allegations in Paragraph 55
17  of the Complaint.

18       56.    The allegations in Paragraph 56 of the Complaint attempt to characterize matters of
19  public record. AMEC responds that those records speak for themselves.

20       57.    The allegations in Paragraph 57 of the Complaint attempt to characterize matters of
21  public record. AMEC responds that those records speak for themselves.

22       58.    The allegations in Paragraph 58 of the Complaint attempt to characterize matters of
23  public record. AMEC responds that those records speak for themselves. AMEC affirmatively
24  alleges that it denied Plaintiff's factual allegation that she had any type of employment contract
25  with AMEC.

26       59.    AMEC denies the allegations in Paragraph 59 of the Complaint, insofar as the
27  allegations require a response.

28       60.    AMEC denies the allegations in Paragraph 60 of the Complaint.

3222518.1

## ANSWER TO COUNT ONE

### Breach of Employment Contract

61. AMEC realleges and incorporates by reference its responses to paragraphs 1 through 60 of the Complaint. The allegations contained in Paragraph 61 require no response.

62. AMEC denies the allegations in Paragraph 62 of the Complaint.

63. AMEC denies the allegations in Paragraph 63 of the Complaint.

64. AMEC denies the allegations in Paragraph 64 of the Complaint.

65. AMEC denies the allegations in Paragraph 65 of the Complaint, insofar as a response is required.

66. AMEC denies the allegations in Paragraph 66 of the Complaint, insofar as a response is required.

## ANSWER TO COUNT TWO

### Breach of Covenant of Good Faith and Fair Dealing -- Employment Contract and Settlement Agreement

67. AMEC realleges and incorporates by reference its responses to paragraphs 1 through 66 of the Complaint. The allegations contained in Paragraph 67 require no response.

68. The Court has dismissed Court Two of the Complaint, and therefore no response to Paragraph 68 of the Complaint is required.

69. The Court has dismissed Court Two of the Complaint, and therefore no response to Paragraph 69 of the Complaint is required.

70. The Court has dismissed Court Two of the Complaint, and therefore no response to Paragraph 70 of the Complaint is required.

71. The Court has dismissed Court Two of the Complaint, and therefore no response to Paragraph 71 of the Complaint is required.

## ANSWER TO COUNT THREE

### Civil Extortion

72. AMEC realleges and incorporates by reference its responses to paragraphs 1 through 71 of the Complaint. The allegations contained in Paragraph 72 require no response.

1  73. The Court has dismissed Court Three of the Complaint, and therefore no response
2  to Paragraph 73 of the Complaint is required.

3  74. The Court has dismissed Court Three of the Complaint, and therefore no response
4  to Paragraph 74 of the Complaint is required.

5  75. The Court has dismissed Court Three of the Complaint, and therefore no response
6  to Paragraph 75 of the Complaint is required.

7  76. The Court has dismissed Court Three of the Complaint, and therefore no response
8  to Paragraph 76 of the Complaint is required.

9  77. The Court has dismissed Court Three of the Complaint, and therefore no response
10  to Paragraph 77 of the Complaint is required.

11  78. The Court has dismissed Court Three of the Complaint, and therefore no response
12  to Paragraph 78 of the Complaint is required.

## ANSWER TO COUNT FOUR

### FMLA

15  79. AMEC realleges and incorporates by reference its responses to paragraphs 1
16  through 78 of the Complaint. The allegations contained in Paragraph 79 require no response.

17  80. AMEC denies the allegations in Paragraph 80 of the Complaint. To the extent the
18  allegations relate to statements, opinions, or conclusions of law, no response is necessary.

19  81. AMEC denies the allegations in Paragraph 81 of the Complaint.

20  82. AMEC denies the allegations in Paragraph 82 of the Complaint.

21  83. AMEC denies the allegations in Paragraph 83 of the Complaint.

## ANSWER TO COUNT FIVE

### Breach of Settlement Agreement

24  84. AMEC realleges and incorporates by reference its responses to paragraphs 1
25  through 83 of the Complaint. The allegations contained in Paragraph 84 require no response.

26  85. The Court has dismissed Court Four of the Complaint, and therefore no response to
27  Paragraph 85 of the Complaint is required.

28  86. The Court has dismissed Court Four of the Complaint, and therefore no response to

1  Paragraph 86 of the Complaint is required.

2      87.    The Court has dismissed Court Four of the Complaint, and therefore no response to
3  Paragraph 87 of the Complaint is required.

### ANSWER TO COUNT SIX

### Promissory Estoppel -- Alternative Claim to Count 5

6      88.    AMEC realleges and incorporates by reference its responses to paragraphs 1
7  through 87 of the Complaint. The allegations contained in Paragraph 88 require no response.

8      89.    The Court has dismissed Court Six of the Complaint, and therefore no response to
9  Paragraph 89 of the Complaint is required.

10      90.    The Court has dismissed Court Six of the Complaint, and therefore no response to
11  Paragraph 90 of the Complaint is required.

12      91.    The Court has dismissed Court Six of the Complaint, and therefore no response to
13  Paragraph 91 of the Complaint is required.

14      92.    The Court has dismissed Court Six of the Complaint, and therefore no response to
15  Paragraph 92 of the Complaint is required.

16      93.    The Court has dismissed Court Six of the Complaint, and therefore no response to
17  Paragraph 93 of the Complaint is required.

18      94.    The Court has dismissed Court Six of the Complaint, and therefore no response to
19  Paragraph 94 of the Complaint is required.

20      95.    The Court has dismissed Court Six of the Complaint, and therefore no response to
21  Paragraph 95 of the Complaint is required.

### ANSWER TO COUNT SEVEN

### Fraud -- 1099 -- Alternative Claim to Counts 5 and 6

24      96.    AMEC realleges and incorporates by reference its responses to paragraphs 1
25  through 95 of the Complaint. The allegations contained in Paragraph 96 require no response.

26      97.    The Court has dismissed Court Seven of the Complaint, and therefore no response
27  to Paragraph 97 of the Complaint is required.

28      98.    The Court has dismissed Court Seven of the Complaint, and therefore no response

3222518.1

to Paragraph 98 of the Complaint is required.

99. The Court has dismissed Court Seven of the Complaint, and therefore no response to Paragraph 99 of the Complaint is required.

100. The Court has dismissed Court Seven of the Complaint, and therefore no response to Paragraph 100 of the Complaint is required.

101. The Court has dismissed Court Seven of the Complaint, and therefore no response to Paragraph 101 of the Complaint is required.

## ANSWER TO COUNT EIGHT

### Extrinsic and Intrinsic Fraud

102. AMEC realleges and incorporates by reference its responses to paragraphs 1 through 101 of the Complaint. The allegations contained in Paragraph 102 require no response.

103. The Court has dismissed Court Eight of the Complaint, and therefore no response to Paragraph 103 of the Complaint is required.

104. The Court has dismissed Court Eight of the Complaint, and therefore no response to Paragraph 104 of the Complaint is required.

105. The Court has dismissed Court Eight of the Complaint, and therefore no response to Paragraph 105 of the Complaint is required.

106. The Court has dismissed Court Eight of the Complaint, and therefore no response to Paragraph 106 of the Complaint is required.

## ANSWER TO COUNT NINE

### Civil Scheme or Artifice to Defraud

107. AMEC realleges and incorporates by reference its responses to paragraphs 1 through 106 of the Complaint. The allegations contained in Paragraph 107 require no response.

108. The Court has dismissed Court Nine of the Complaint, and therefore no response to Paragraph 108 of the Complaint is required.

109. The Court has dismissed Court Nine of the Complaint, and therefore no response to Paragraph 109 of the Complaint is required.

3222518.1

## ANSWER TO COUNT TEN

### Asserting False Claims

110.   AMEC realleges and incorporates by reference its responses to paragraphs 1 through 109 of the Complaint. The allegations contained in Paragraph 110 require no response.

111.   The Court has dismissed Court Ten of the Complaint, and therefore no response to Paragraph 111 of the Complaint is required.

112.   The Court has dismissed Court Ten of the Complaint, and therefore no response to Paragraph 112 of the Complaint is required.

113.   The Court has dismissed Court Ten of the Complaint, and therefore no response to Paragraph 113 of the Complaint is required.

## ANSWER TO COUNT ELEVEN

### Pattern of Unlawful Activity in Violation of State Statute A.R.S. 13-2314.04

114.   AMEC realleges and incorporates by reference its responses to paragraphs 1 through 113 of the Complaint. The allegations contained in Paragraph 114 require no response.

115.   The Court has dismissed Court Eleven of the Complaint, and therefore no response to Paragraph 115 of the Complaint is required.

116.   The Court has dismissed Court Eleven of the Complaint, and therefore no response to Paragraph 116 of the Complaint is required.

117.   The Court has dismissed Court Eleven of the Complaint, and therefore no response to Paragraph 117 of the Complaint is required.

118.   The Court has dismissed Court Eleven of the Complaint, and therefore no response to Paragraph 118 of the Complaint is required.

119.   The Court has dismissed Court Eleven of the Complaint, and therefore no response to Paragraph 119 of the Complaint is required.

120.   The Court has dismissed Court Eleven of the Complaint, and therefore no response to Paragraph 120 of the Complaint is required.

3222518.1

## ANSWER TO COUNT TWELVE

**Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968**

121. AMEC realleges and incorporates by reference its responses to paragraphs 1 through 120 of the Complaint. The allegations contained in Paragraph 121 require no response.

122. The Court has dismissed Court Twelve of the Complaint, and therefore no response to Paragraph 122 of the Complaint is required.

123. The Court has dismissed Court Twelve of the Complaint, and therefore no response to Paragraph 123 of the Complaint is required.

## ANSWER TO COUNT THIRTEEN

**Defamation -- Invasion of Privacy -- False Light**

124. AMEC realleges and incorporates by reference its responses to paragraphs 1 through 123 of the Complaint. The allegations contained in Paragraph 124 require no response.

125. The Court has dismissed Court Thirteen of the Complaint, and therefore no response to Paragraph 125 of the Complaint is required.

126. The Court has dismissed Court Thirteen of the Complaint, and therefore no response to Paragraph 126 of the Complaint is required.

127. The Court has dismissed Court Thirteen of the Complaint, and therefore no response to Paragraph 127 of the Complaint is required.

128. The Court has dismissed Court Thirteen of the Complaint, and therefore no response to Paragraph 128 of the Complaint is required.

129. The Court has dismissed Court Thirteen of the Complaint, and therefore no response to Paragraph 129 of the Complaint is required.

## PRAYER FOR RELIEF

130. Each and every purported count in the Complaint fails to state a claim upon which relief can be granted. Accordingly, AMEC denies Plaintiff is entitled to any relief, including the relief sought in the Prayer for Relief at Paragraphs 130-138 of the Complaint.

**AFFIRMATIVE DEFENSES**

AMEC asserts and alleges each of the following affirmative defenses set forth below:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action as to Each Cause of Action)**

1. As to each and every cause of action in the Complaint, and as to the Complaint in its entirety, Plaintiff has failed to state facts sufficient to constitute any cause of action against AMEC upon which relief can be granted to Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations as to Each Cause of Action)**

2. The Complaint and each purported cause of action contained therein are barred in whole, or in part, by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel as to Each Cause of Action)**

3. Each purported cause of action in the Complaint is barred, in whole or in part, because any of the conduct of AMEC or its agents which is alleged to be unlawful was taken as a result of conduct by Plaintiff; Plaintiff is thus estopped to assert any cause of action against AMEC.

**FOURTH AFFIRMATIVE DEFENSE**

**(Managerial Discretion as to Each Cause of Action)**

4. AMEC's conduct and that of its agents and employees, was a just and proper exercise of management discretion, undertaken for fair and legitimate reasons, and regulated by good faith under the circumstances then existing due to the legitimate needs of AMEC's business.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Vicarious Liability as to Each Cause of Action)**

5. AMEC is not liable for the actions of its employees which were outside of their authority and outside the course and scope of their employment duties and responsibilities.

3222518.1

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent as to Each Cause of Action)**

6. Each purported cause of action in the Complaint is barred, in whole or in part, on the ground that Plaintiff consented to the alleged improper conduct by AMEC.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith as to Each Cause of Action)**

7. AMEC, in good faith, acted under a legal right and did no more than exercise these rights in a permissible way.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages as to Each Cause of Action)**

8. Plaintiff has failed to take all reasonable and necessary case and diligence to mitigate the damages alleged in each of the causes of action set forth in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Wrongful Conduct as to Each Cause of Action)**

9. If Plaintiff suffered damages, which AMEC denies, such damages were caused by the wrongful or negligent conduct of Plaintiff, someone acting on Plaintiff's behalf, or third parties for whose actions AMEC is not liable.

**TENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Failure to Utilize Internal Preventative or**

**Corrective Measures as to Count Four)**

10. AMEC exercised reasonable care to prevent and promptly correct any workplace discrimination, retaliation or harassment and Plaintiff unreasonably failed to take advantage of the preventative or corrective measures.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence as to Each Cause of Action)**

11. Subsequent to the termination of Plaintiff's employment, AMEC discovered evidence of misconduct that, had they been discovered prior, would have justified the immediate termination of Plaintiff's employment.

3222518.1



## TWELFTH AFFIRMATIVE DEFENSE

**(Unclean Hands as to Each Cause of Action)**

12. Each purported cause of action in the Complaint is barred, in whole or in part, by the equitable doctrine of unclean hands inasmuch as Plaintiff has engaged in improper conduct connected to the matters alleged in the Complaint. For example, Plaintiff has engaged in fraud on the Court and malicious prosecution of false claims against AMEC, as further detailed in the Sixteenth Affirmative Defense (Fraud) below.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(No Causal Connection as to Count Four)**

13. The actions taken and decisions made by AMEC in connection with Plaintiff's employment were not by reason of Plaintiff's engagement in any protected activity.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Actions Justified As to Each Cause of Action)**

14. The actions taken and decisions made by AMEC, which form the basis for the claims Plaintiff asserts against AMEC, were justified by bona fide business needs and requirements.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Business Judgment As to Each Cause of Action)**

15. AMEC acted in accordance with reasonable and sound business judgment. All employment decisions affecting Plaintiff were based on legitimate reasons and not based illegal, illegitimate, or bad faith reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Fraud on the Court As to Each Cause of Action)**

16. Plaintiff has engaged in several acts of fraud related to this litigation. Specifically, she has alleged claims against AMEC based on knowingly fraudulent documents, including (1) a document Plaintiff alleges is an employment agreement between her and AMEC and (2) an I.R.S. FORM 1099-MISC she alleges was sent to her by AMEC as an offer to settle her lawsuit for $25 million. Plaintiff was directly involved in the creation of both of these documents for the purpose



of alleging meritless and bad faith claims against AMEC.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Future Defenses)

17. AMEC reserves the right to amend this pleading to assert additional defenses.

**WHEREFORE**, AMEC prays for judgment as follows:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff, Stacy Ford-Kelly, take nothing by reason of her Complaint;

3. That judgment be rendered in favor of AMEC;

4. For reasonable attorney's fees and costs of defending this suit; and

For such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 14th day of January, 2013.

LEWIS AND ROCA LLP

By /s/ *Melanie V. Pate*
Robert G. Schaffer
Melanie V. Pate
Alastair Gamble
Attorneys for Defendant

3222518.1

# CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter K. Strojnik, Esq.
The Strojnik Firm L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, AZ 85016
strojnik@skplaw.com

Peter Strojnik, Esq.
Strojnik, P.C.
2415 East Camelback Road, Suite 700
Phoenix, AZ 85016
strojnik@aol.com

/s/ Susan J. Durkee

3222518.1