**LEWIS AND ROCA LLP LAWYERS**

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendant AMEC Earth & Environmental, Inc.
*nka* AMEC Environment and Infrastructure, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly, <br><br> Plaintiff, <br><br> vs. <br><br> AMEC Environment & Infrastructure, Inc., a Nevada corporation *fka* AMEC Earth & Environmental, Inc. *fka* AMEC Infrastructure, Inc.; AMEC PLC, a British Company, <br><br> Defendants. | No. 3:12-cv-08085-NVW <br><br> **MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT ONE OF PLAINTIFF'S FIRST AMENDED COMPLAINT; FRCP 12(C)** |

Defendant AMEC Environment and Infrastructure, Inc. (named as AMEC Earth & Environmental, Inc.) ("AMEC") moves for judgment on the pleadings as to Count One ("Breach of Employment Contract") of Plaintiff Stacy D. Ford-Kelly's ("Plaintiff") First Amended Complaint ("FAC") on the grounds that the claim is untimely. This motion is based on the Memorandum of Points and Authorities below as well as the Request for Judicial Notice filed contemporaneously herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff alleges that she had a contract for employment with AMEC that was breached when her employment was terminated on April 21, 2009.[1] Under Arizona law, a breach of employment contract claim is subject to a one-year statute of limitations. However, Plaintiff did not bring a claim for breach of employment contract until January 2011, many months beyond the expiration of the limitations period. Therefore, her breach of contract claim should be dismissed with prejudice as time barred.

## II.  STANDARD

"Rules 12(b)(6) and 12(c) are substantially identical," and therefore Rule 12(c) motions for judgment on the pleadings are reviewed under the standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Strigliabotti v. Franklin Resources, Inc.*, 398 F.Supp.2d 1094, 1097 (N.D. Cal. 2005); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

In evaluating the motion, the Court may consider the allegations on the face of the complaint, documents that are attached to the complaint as exhibits, and matters of public record of which the Court may take judicial notice. *Payne v. Arpaio*, 2009 WL 3756679, at *1 (D. Ariz. 2009) (citing *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)); *see also id.*, at *1 n.1 (citing *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008)). Judicially noticeable matters of public record include court filings made in related litigation. *E.g.*, *Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

---

[1] AMEC disputes that an employment contract ever existed between it and Plaintiff, and it asserts that the alleged employment contract that underlies this claim (and that is attached to the FAC) is a fraudulent document created by Plaintiff on which to base false claims. Nevertheless, for purposes of this motion, AMEC accepts the allegation as true.



### III. ALLEGATIONS AND JUDICIALLY NOTICEABLE FACTS

Plaintiff alleges that she had a contract for employment with AMEC that was breached when her employment was terminated on April 21, 2009. (FAC, at ¶¶ 14, 30, 62-66.)

Plaintiff initiated a civil action against AMEC in Mohave County Superior Court on April 15, 2010 (the "Original Action"), in which she sought $25,000,000 in damages based on the following total allegations:

> Plaintiff alleges that this Court has jurisdiction over this matter and Plaintiff is suing the Defendant for violation of Arizona Employment Protections Act, Arizona Constructive Discharge Law, Arizona Equal Pay Law, Arizona Drug Testing Law, Arizona Blacklist Law. Plaintiff also seeks relief for being discharged for "whistle blowing" that is in violation of public policy, theft of original BSCE Degree, theft of original EIT certification, theft of original transcripts, attempted bribery, defamation of character/libel, public disclosure of private facts, false light laws and physical, mental and emotional distress.

Request for Judicial Notice ("RJN"), Ex. 1.

Plaintiff filed an amended complaint in the Original Action on January 14, 2011, in which she alleged, for the first time, a breach of contract action against AMEC based on the alleged contract. RJN, Ex. 2.

### IV. DISCUSSION

#### A. **Plaintiff Did Not Allege A Breach of Contract Claim Within One Year**

In Arizona, a breach of employment contract claim must be brought within one year. A.R.S. § 12-541(3); *Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi, P.C.*, 218 Ariz. 293, 296 (App. 2008). Here, the statute of limitations clock began running on April 21, 2009, the date Plaintiff's employment with AMEC was terminated. *See Fallar v. Compuware Corp.*, 202 F. Supp. 2d 1067, 1077 (D. Ariz. 2002). However, Plaintiff did not allege a claim for breach of employment contract until January 14, 2011, nearly nine months after the expiration of the limitations period. *See* RJN, Exs. 1-2. Therefore, the claim is untimely and should be dismissed with prejudice. *E.g.*, *Redhair*, 218 Ariz. at 296; *Fallar*, 202 F. Supp. 2d at 1077.

3218062.1

### B. **Plaintiff's Contract Claim Did Not "Relate Back" To Initial Complaint**

A later-pled claim can "relate back," for statute of limitations purposes, to the date of an earlier complaint only if "the claim or defense in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Ariz. R. Civ. Pro. 15(c); *see also Boatman v. Samaritan Health Services, Inc.*, 168 Ariz. 207, 213 (App. 1990) (defamation claim against employer did not relate back to earlier complaint that alleged breach of contract).

Plaintiff filed her initial complaint in the Original Action on April 15, 2010, and her amended complaint on January 14, 2011. It is undisputed that Plaintiff did not allege a breach of contract claim--or any claim that could conceivably have put AMEC on notice of a contract claim--in the initial complaint. In fact, Plaintiff alleged no facts whatsoever in the initial complaint. Read as liberally as possible, the initial complaint suggests (based on the claims that are actually listed) that Plaintiff is a former employee of AMEC and that she was discharged for "whistle blowing."

A breach of employment contract claim does not "relate back" to a complaint based on allegations that an employee suffered a retaliatory discharge. *Lyons v. Red Roof Inns, Inc.*, 2006 WL 1046955, at *1 (D. Colo. 2006) (holding that breach of employment contract claim did not relate back to original complaint that alleged wrongful discharge, stating that "[t]here was no way for Defendant to infer from the original complaints asserting discrimination and retaliation that Plaintiff also intended to assert claims of . . . breach of contract. Those claims are legally and factually very distinct from discrimination claims . . . ."); *see also Rump v. Philips Lifeline*, 2010 WL 4502485, at *3 (N.D. Cal. 2010) ("The fact that all the claims relate to the former employment relationship between plaintiff and defendant does not amount to a common transaction under Rule 15(c)(1)(B).") (citing *Williams v. Boeing Co.*, 517 F. 3d 1120, 1133 (9th Cir. 2008)).[2]

---

[2] Arizona cases have not specifically addressed the question whether a later-filed breach of employment contract claim relates back to allegations of retaliatory discharge. However, the Arizona rule regarding the relation back of amendments "came from" and is "identical" to the corresponding Federal rule, and consequently Arizona courts give "great weight" to Federal



Accordingly, Plaintiff did not allege a breach of contract claim until many months after the expiration of the one-year statute of limitations, and the claim is therefore untimely.

**V.   CONCLUSION**

Plaintiff did not timely bring a breach of employment contract claim, such a claim did not relate back to her original state court complaint, and Count One should therefore be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 14th day of January, 2013.

LEWIS AND ROCA LLP

By */s/ Melanie V. Pate*
Robert G. Schaffer
Melanie V. Pate
Alastair Gamble
Attorneys for Defendant

---

authority in evaluating whether an amended claim arises from the same "transaction or occurrence" alleged in an earlier pleading. *Hedlund v. Ford Marketing Corp.*, 129 Ariz. 176, 178 (App. 1981); *Huskie v. Ames Bros. Motor and Supply Co., Inc.*, 139 Ariz. 396, 403 (App. 1984); *see also* Ariz. R. Civ. Pro 15(c), State Bar Committee Note to the 1966 Amendment (noting that the amendment had been "adopted in the interest of conformity" with the Federal rule).

3218062.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter K. Strojnik, Esq.
The Strojnik Firm L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, AZ  85016
strojnik@skplaw.com

Peter Strojnik, Esq.
Strojnik, P.C.
2415 East Camelback Road, Suite 700
Phoenix, AZ  85016
ps@strojnik.com

/s/ Susan J. Durkee