**LEWIS AND ROCA LLP LAWYERS**

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| STACY D. FORD-KELLY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AMEC ENVIRONMENT & INFRASTRUCTURE, INC., a Nevada corporation *fka* AMEC EARTH & ENVIRONMENTAL, INC. *fka* AMEC INFRASTRUCTURE, INC.; AMEC PLC, a British Company,<br><br>　　　　Defendants. | No. 3:12-cv-08085-NVW<br><br>**DEFENDANT AMEC PLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR (1) LACK OF PERSONAL JURISDICTION UNDER FRCP 12(B)(2) AND (2) FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6)** |

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant AMEC PLC moves to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Stacy D. Ford-Kelly ("Plaintiff") on two independent grounds: (1) the Court lacks personal jurisdiction over AMEC PLC and (2) the FAC fails to state a cause of action against AMEC PLC. This Motion is supported by the following memorandum of points and authorities and the attached Declaration of Ben Hancock.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  The Court Lacks Personal Jurisdiction Over AMEC PLC.**

"A district court may assert personal jurisdiction over a nonresident defendant only when doing so would be (1) allowed by the forum state's long-arm statute, and (2)

3215931.1

consistent with due process." *MMI, Inc. v. Baja, Inc.*, 743 F. Supp.2d 1101, 1108 (D. Ariz. 2010). In Arizona, personal jurisdiction is coextensive with that permitted by due process. *See* Ariz. R. Civ. Pro. 4.2. Accordingly, the Court need consider only the federal constitutional limits of personal jurisdiction.

Personal jurisdiction can be general or specific. To establish general jurisdiction, the non-resident corporation's contacts with the forum state must be "substantial, continuous, and systematic," approximating static presence. *E.g.*, *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011). To establish specific jurisdiction, the allegations must show: "(a) the defendant purposefully directed his activities toward or consummated some transaction within the forum, or otherwise performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum; (b) the legal claims arise out of or relate to the defendant's forum-related activities; and (c) the exercise of jurisdiction is reasonable." *Kingsley*, 820 F. Supp. 2d at 1017 (citing *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1111 (9th Cir. 2004)). Plaintiff can establish neither general nor specific jurisdiction over AMEC PLC.

When a non-resident defendant challenges personal jurisdiction, the Court examines the complaint to see if facts have been alleged to make out a prima facie showing that the Court may exert either general or specific personal jurisdiction. *E.g.*, *Kingsley Capital Management, LLC v. Sly*, 820 F. Supp. 2d at 1017. Additional evidence may be presented by either party related to jurisdiction. *Id.*

The operative complaint in this case, the FAC, alleges only the following as to AMEC PLC: "AMEC Environment and Infrastructure, Inc., formerly known as AMEC Earth & Environmental, Inc., formerly known as AMEC Infrastructure, Inc., are purported divisions of AMEC, PLC, which is a company organized under the laws of the United Kingdom." (FAC ¶ 7.) AMEC Environment and Infrastructure, Inc. is a Nevada corporation that is a separate corporate entity from AMEC PLC. *See* Ex. 1, AMEC Environment and Infrastructure, Inc. Business Entity Information. Although the FAC states that AMEC Environment and Infrastructure, Inc. "is . . . doing business in Arizona,"

3215931.1

it makes no such statement about AMEC PLC.  Further, the alleged employment contract that Plaintiff attaches to the FAC does not mention AMEC PLC at all.  (FAC, Ex. 1.)  Indeed, there are no facts alleged in the complaint that would suggest AMEC PLC had any contact with Arizona sufficient to establish specific jurisdiction , much less general jurisdiction.

The FAC's failure to establish personal jurisdiction over AMEC PLC is not surprising.  AMEC PLC is a public limited company organized under the laws of the United Kingdom.  The company maintains no offices or staff in Arizona, and it owns no property located in Arizona.  AMEC PLC is not licensed or registered to conduct business in Arizona.  It has no registered agent for service of process in Arizona and it pays no Arizona state taxes.  *See* Ex. 2, Declaration of Ben Hancock.  And, most critically, at no point did AMEC PLC employ Plaintiff.  It appears therefore that Plaintiff is attempting to assert personal jurisdiction over AMEC PLC based solely on its parent-subsidiary relationship with AMEC Environment and Infrastructure, Inc., and this is plainly insufficient.  *E.g.*, *MMI, Inc.*, 743 F. Supp. 2d at 1100 (holding that parent is typically considered to be jurisdictionally distinct from subsidiary).

Therefore, Plaintiff has not and cannot meet her burden to establish personal jurisdiction over AMEC PLC, and the entire action must be dismissed against it.

**II.     The Remaining Claims Asserted in the FAC Fail Against AMEC PLC.**

By order of this Court, all of the causes of action in the FAC have been dismissed with prejudice against AMEC PLC except Count 1 ("Breach of Employment Contract") and Count 4 ("Violation of FMLA").  *See* Dkt # 65.  For the reasons stated below, these two remaining claims should be dismissed as against AMEC PLC because they fail to state a claim.[1]

---

[1] After the Court issued its order of dismissal (Dkt # 65), counsel for Defendants requested that Plaintiff either stipulate to dismiss Counts 1 and 4 against AMEC PLC, since on their face, neither of these claims could in good faith be alleged against this entity, who was neither a signatory to the alleged employment contract nor Plaintiff's legal employer under FMLA, or to explain the factual and legal basis for the claims against AMEC PLC.  Plaintiff refused to stipulate or offer an explanation, thereby requiring this motion.  AMEC



### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper when there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating a motion to dismiss, the Court accepts the *facts* alleged in the complaint as true; however, not *all* allegations are "'entitled to the assumption of truth.'" *Alvarez v. Chevron Corp.*, 656 F.3d 925, 930-31 (9th Cir. 2011) (*quoting Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

### B. Count 1 (Breach of Employment Contract) Fails Against AMEC PLC

#### 1. AMEC PLC Was Not a Party to the Alleged Contract.

Though AMEC PLC asserts that the alleged employment contract attached as Exhibit 1 to the FAC is fraudulent, no claim could arise here against AMEC PLC because it is neither a signatory nor a beneficiary to the alleged contract. (FAC, Ex. 1.)

Under Arizona law, to prevail on a breach of contract claim, Plaintiff is required to plead facts that show (1) a contract existed between herself and AMEC PLC, (2) AMEC PLC breached the contract, and (3) Plaintiff suffered damages as a result. *See Graham v. Asbury*, 112 Ariz. 184, 185 (1975) (citing *Clark v. Compania Ganadera de Cananea, S.A.*, 95 Ariz. 90, 94 (1963)). Here, the alleged employment contract clearly identifies AMEC Infrastructure, Inc. as the contracting party, not AMEC PLC. The FAC alleges no facts that plausibly suggest how AMEC PLC could be held accountable for the alleged breach of an employment agreement with AMEC Infrastructure, Inc. Therefore, Plaintiff has

---

PLC has informed Plaintiff and its counsel that it intends to serve and then file a motion for Rule 11 sanctions for the cost of preparing this Motion.



1  failed to allege facts that establish that a contract existed between her and AMEC PLC.
2  The claim must therefore fail against AMEC PLC.

### 2. The Claim is Untimely.

In Arizona, a breach of employment contract claim must be brought within one year.  A.R.S. § 12-541(3); *Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi, P.C.*, 218 Ariz. 293, 296 (App. 2008).  Here, the statute of limitations began running on April 21, 2009, the date Plaintiff's employment with AMEC Infrastructure was terminated.  *See* FAC, ¶¶ 14, 30, 62-66; *Fallar v. Compuware Corp.*, 202 F. Supp. 2d 1067, 1077 (D. Ariz. 2002). Plaintiff did not allege this claim against AMEC PLC until the filing of the FAC on October 22, 2012, more than three years after the clock began to run.  (Dkt. #39.) Accordingly, the claim is untimely.

### C. Count 4 (Violation of FMLA) Fails Against AMEC PLC

#### 1. AMEC PLC Was Not Plaintiff's "Employer" Under the FMLA

The FMLA creates a private right of action, but only against the plaintiff's "employer."  29 U.S.C. § 2617(a)(2); *Csanyi v. Regis Corp.*, 265 Fed. Appx. 465, 466 (9th Cir. 2008) (upholding dismissal of corporate defendant because plaintiff failed to prove that she had been an employee of defendant).

Reading the FAC liberally, Plaintiff has alleged that she was hired by AMEC Infrastructure, Inc. (FAC, Ex. 1) and that after Plaintiff's hiring, AMEC Infrastructure changed its name to AMEC Earth and Environmental, Inc. and then AMEC Environment and Infrastructure, Inc. (FAC ¶ 7).  Further, Plaintiff alleges that her employment with AMEC Earth & Environmental was terminated.  (FAC ¶ 30(a).)  Plaintiff alleges, correctly, that AMEC PLC is a separate corporate entity from her former employer.  (FAC ¶ 7.)

The fact that one of the two defendants here was Plaintiff's former employer, without any other factual allegations, forecloses liability as to AMEC PLC.  It is possible, of course, for a plaintiff to have joint or co-employers.  But there are no facts alleged in the FAC—not even a conclusory statement—that would suggest that AMEC PLC qualifies

3215931.1



for that unusual position. Regardless, given that the FAC is clear that it was Plaintiff's termination from AMEC Earth & Environmental (FAC, ¶ 30(a)) that gave rise to her FMLA claim,[2] the claim is foreclosed against AMEC PLC. *E.g.*, *Brown v. Cook County, Ill.*, 2012 WL 6055318, at * 3 (N.D. Ill. 2012) ("Nowhere in the statue or regulations, however, is it suggested that one employer can or should be held liable for the other employer's adverse employment actions solely because of their joint employer relationship.").

The FMLA claim therefore fails against AMEC PLC.

### 2. The Claim is Untimely

The maximum statute of limitations for claims brought under the FMLA is three years. 29 U.S.C. §§ 2617(c)(1) & (2). Here, given that the FMLA claim is based on Plaintiff's termination (FAC, ¶ 81), the claim accrued in April 2009. Plaintiff's failure to allege this claim against AMEC PLC until October 2012 therefore makes the claim untimely.

**III.  Conclusion.**

For the foregoing reasons, the Court does not have personal jurisdiction over AMEC PLC. Regardless, even if the Court did have personal jurisdiction, all of the claims Plaintiff brings against AMEC PLC fail substantively.

DATED this 18th day of January, 2013.

                       LEWIS AND ROCA LLP

                       By  /s/*Melanie V. Pate*
                             Robert G. Schaffer
                             Melanie V. Pate
                             Alastair Gamble
                            Attorneys for Defendant

---

[2] Consistent with this analysis, in the initial Complaint, the FMLA claim was brought only against AMEC Environment and Infrastructure, Inc. (Dkt. #1.)

3215931.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter K. Strojnik, Esq.
The Strojnik Firm L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, AZ  85016
strojnik@skplaw.com

Peter Strojnik, Esq.
Strojnik, P.C.
2415 East Camelback Road, Suite 700
Phoenix, AZ  85016
ps@strojnik.com

/s/ Susan J. Durkee

3215931.1