Peter Strojnik
Arizona State Bar No. 006464
**STROJNIK, P.C.**
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: ps@strojnik.com

Peter K. Strojnik
Arizona State Bar No: 026082
**THE STROJNIK FIRM, LLC**
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: 602-510-9409
Facsimile: 602-532-7572
E-mail: strojnik@skplaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STACY D. FORD-KELLY,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>AMEC ENVIRONMENT &<br>INFRASTRUCTURE, INC., *et al*.<br><br>                        Defendants.<br>_____ | NO.  3:12-CV-08085-NVW<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Oral Argument Requested) |

### SUMMARY OF RESPONSE

Defendant requested this Court to take judicial notice of the proceedings before the Mohave County Superior Court (*Ford-Kelly v. AMEC Earth & Environmental, Inc.*, Case No: CV-2010-07063), but Defendant disclosed only the Complaint and the Amended Complaint instead of the minute entries and other documents that clearly show Defendant's Motion is moot due to Arizona's Savings Statute. Defendant declines to disclose the Court Orders by which the Mohave County Superior Court specifically

granted Plaintiff Ford-Kelly the right, pursuant to the Arizona Savings Statute A.R.S. § 12-504, to re-file the action. The Savings Statute eliminates the defense of statute of limitations because it saves "**any** cause of action" which would be "timely if it was or could have been timely asserted in the prior action." A.R.S. § 12-504(C). There is no dispute that the contract action based on the Arizona Employment Protection Act (breach of a written employment contract) was timely filed in the Mohave County Superior Court and, if it were not, that it "could have been". Id. Thus, the entire discussion regarding the statute of limitations has been rendered moot by the Mohave County Superior Court.

During the Mohave County Superior Court proceedings, Defendant AMEC was represented by the same counsel as here. On March 22, 2011, Counsel for AMEC filed a Motion to Dismiss With Prejudice for Fraud Upon The Court and Other Grounds. Exhibit 1[1].  In it – as in the case before this Court – AMEC accused Plaintiff of committing horrible acts including "fraud upon the court", "obstruction of the administration of justice", "extreme circumstances" and "abusive litigation practices". *Id*.  However, as in the case before this Court, the Mohave County Superior Court rebuffed Defendant's unwarranted accusations, finding no bad faith on the part of Plaintiff. *See*, Exhibit 2 (Mohave County Court Order dated December 8, 2011); Exhibit 3 (Mohave County Court Order Dated January 5, 2012). In fact, the Court found "good

---

[1] Plaintiff requests the Court take judicial notice of Exhibits 1 through 5 to this Response.  All exhibits hereto are minute entries and other court-stamped documents from the Original Action.

cause…under the Savings Statute of A.R.S. § 12-504(A) to allow Plaintiff to file a new lawsuit provided that the new action is filed within ninety (90) days…". Exhibit 2.

AMEC's attorneys promptly responded with a Motion for Reconsideration of December 8, 2011 Order Granting Plaintiff the Right to File New Action. Exhibit 4. In this Motion, AMEC *specifically* discussed the Arizona Savings Statute and *specifically* acknowledged that "Plaintiff may be prejudiced by this Court's denial of the right to re-file under the Savings Statute to the extent some of her claims may be time barred…" Id. at 5:4-5.

The Mohave County Superior Court rejected AMEC's Motion for Reconsideration, stating:

> Although some of the filings of the Plaintiff are difficult to follow in light of her pro per status, it appears to the Court that she has taken reasonable and good faith steps to attempt to prosecute this matter. There is an impediment to filing a new case given the Statute of Limitations and/or abatement rule. There have been serious allegations concerning the $10,000,000.00 W-2 [sic], which certainly can create significant tax consequences. As such, the Motion [to reconsider 90 days to re-file] is denied.

Exhibit 3.

Although the discussion of "relation back" of the Amended Complaint in the Original Action is completely irrelevant under the Savings Statute, it is important to correct Defendant's fundamental premise that a breach of the Arizona Employment Protection Act ("AEPA") was not alleged in the original Complaint. It was. The original Complaint specifically alleged the "violation of [the] Arizona Employment Protection

Act [and] Arizona Constructive Discharge Law". *See* Doc 71-1. Because the Motion is misleading and presents an incomplete and fraudulent picture of the events in the Mohave County Superior Court proceedings, Plaintiff requests an imposition of sanctions against AMEC's attorneys pursuant to 28 U.S.C. § 1927.

This Response is more fully supported by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.  INTRODUCTION AND TIMELINE

Two legal actions have been filed in this matter. The first action ("Original Action" or "Mohave County proceedings") was commenced by Plaintiff pro per on April 15, 2010 under cause number CV 2010-07063. *See* Doc 71-1.  In her initial pro-per Complaint, Plaintiff alleged that she was "suing the Defendant for violation of the Arizona Employment Protection Act" ("AEPA") and the "Arizona Constructive Discharge Law". *Id.* AEPA provides an employee with a cause of action for breach of a written employment agreement[2].

---

[2] 23-1501. Severability of employment relationships; protection from retaliatory discharges; exclusivity of statutory remedies in employment
A. The public policy of this state is that:
1. The employment relationship is contractual in nature.
2. The employment relationship is severable at the pleasure of either the employee or the employer unless both the employee and the employer have signed a written contract to the contrary setting forth that the employment relationship shall remain in effect for a specified duration of time or otherwise expressly restricting the right of either party to terminate the employment relationship. Both the employee and the employer must sign this written contract, or this written contract must be set forth in the employment handbook or manual or any similar document distributed to the employee, if that document expresses the intent that it is a contract of

On December 20, 2010, the Mohave County Superior Court advised Plaintiff that her Complaint did not comply with Rule 8 and granted here leave to amend. Exhibit 5. Indeed, Plaintiff filed her pro-per Amended Complaint on January 14, 2011 in which she restated the allegations of breach of the written contract pursuant to AEPA. *See* Doc 71-2. The Amended Complaint more fully developed the facts giving rise to her claim under AEPA by affirmatively alleging that she was discharged in violation of the written employment agreement. *See* A.R.S. §23-1501(A)(3). In fact, the Amended Complaint specifically referenced the AEPA in her breach of employment agreement count. *See* Doc. 71-2 at ¶7 ("Payment of wages as stated in Paragraph 6 for the period of the Employment Contract is due and payable in the amount of $480,503.21 is enforceable pursuant to A.R.S. § 1501(2) and A.R.S. § 1501(3)(a)").

On March 22, 2011, AMEC made its appearance in the Original Action, demanding dismissal with prejudice of the First Action for lack of personal service. Exhibit 1. Defendant accused Plaintiff of committing "fraud upon the court", "obstruction of the administration of justice", "extreme circumstances" and "abusive

employment, or this written contract must be set forth in a writing signed by the party to be charged. Partial performance of employment shall not be deemed sufficient to eliminate the requirements set forth in this paragraph. Nothing in this paragraph shall be construed to affect the rights of public employees under the Constitution of Arizona and state and local laws of this state or the rights of employees and employers as defined by a collective bargaining agreement.
3. An employee has a claim against an employer for termination of employment only if one or more of the following circumstances have occurred:
(a) The employer has terminated the employment relationship of an employee in breach of an employment contract, as set forth in paragraph 2 of this subsection, in which case the remedies for the breach are limited to the remedies for a breach of contract.

litigation practices". *Id.* On December 8, 2011, the Mohave Superior Court rebuffed Defendants unwarranted accusations, refused to dismiss the case with prejudice, and granted Plaintiff 90 days to re-file the action pursuant to the Savings Statute. Exhibit 2.

Still unsatisfied, Defendant filed a Motion for Reconsideration.  Exhibit 4.  In it, Defendant requested that the Mohave County Superior Court deny Plaintiff the right to re-file.  *Id.* AMEC was fully aware that the Savings Statute[3], A.R.S. § 12-504(C) specifically voids any statute of limitations defense. *See* A.R.S. § 12-504(C) ("The assertion of any cause of action … in the new action is timely if it was or could have

---

[3] 12-504. <u>Saving of action timely commenced; defense or counterclaim; improper plaintiff; applicability</u>

A. If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination. If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

B. The provisions of subsection A apply to judgments on appeal. The date of issuance of the mandate by the appellate court constitutes the date of termination of the action for the purposes of computing the time limited for commencement of the new action.

C. If a new action on the same cause of action is commenced by the plaintiff, his successor or his personal representative, **the assertion of any cause of action or defense by the defendant in the new action is timely if it was or could have been timely asserted in the prior action.**

D. If an action timely commenced is dismissed because the named plaintiff is not the proper party to bring the action, the provisions of this section apply to an action subsequently brought by the proper party, provided that the dismissed action was sufficient to put the defendant on notice of the claim sought to be asserted.

E. The provisions of this section are applicable to actions terminated by orders of dismissal entered on or after the effective date of this section. (Emphasis supplied)

been timely asserted in the prior action."). Defendant specifically cited to A.R.S. § 12-504(C) (at pp. 1-2) and specifically acknowledged that only a dismissal without leave to re-file could prejudice Plaintiff because – only if the right to re-file were denied – would "some of her claims…be time barred". Id. at 5:3-5.

It is with this background that Defendants bring the current Motion for Judgment on the Pleadings.

**2. ARIZONA SAVINGS STATUTE MAKES DEFENDANT'S MOTION MOOT**

Defendant concedes that State Law governs the applicability of the Statute of Limitations.   It is undisputed that the Mohave County Superior Court specifically invoked the protection of the Arizona Savings Statute in order to safeguard Plaintiff's causes of action against the statute of limitations.   A.R.S. § 12-504(C) is crystalline on the impact of the filing of cause of action under the Statute:

> If a new action on the same cause of action is commenced by the plaintiff, his successor or his personal representative, **the assertion of any cause of action or defense by the defendant in the new action is timely if it was or could have been timely asserted in the prior action.** (Emphasis supplied)

Discussing whether the Amended Complaint relates back to the original Complaint in the Original Action is irrelevant. Under the statute, a claim is timely "if it was or could have been" asserted in the Original Action. The claim for breach of employment contract was asserted in the Original Action. And, even if it were not (which it was) it could have been asserted.  Thus, the Savings Statute – a matter that was fully discussed, briefed and lost by Defendant in the Original Action – moots

Defendant's entire argument.  See *Short v. Dewald*, 226 Ariz. 88, 98, 244 P.3d 92, 102

(Ariz. 2010) where the Court stated:

> The second sentence of § 12-504(A) provides that when certain procedural defects have occurred resulting in dismissal, the plaintiff can refile only with leave to do so from the court. **A court that grants such relief necessarily has considered the defects and determined that the plaintiff should be permitted to start again, in essence, with a clean slate. The very purpose of the statute is to allow plaintiffs to cure such defects.** [citation] If we were to interpret § 12-504(C) as urged by Banner Health, any relief granted under the statute would be uncertain pending further review by the trial court in the subsequently filed action. **Because such a result would defeat the purpose of the relief granted under § 12-504(A), we do not construe subsection C as preserving defenses related to procedural defects unique to the prior case.**

While the entire discussion regarding "relation back" is irrelevant, Arizona Courts

have interpreted Rule 15(c) broadly as discussed in the footnote[4].

---

[4] EVEN IN THE ABSENCE OF THE SAVINGS STATUTE,  THE AMENDED COMPLAINT WOULD RELATE BACK

Rule 15(c) permits amendments to relate back to the original complaint "[w]henever the claim … in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading…")  As stated above, Plaintiff set forth a violation of the AEPA in the original pleading. While her Complaint could have been more specific, it certainly provided Defendant with notice that she was filing an action for breach of employment contract because she alleged a violation of the AEPA. At a very minimum, she *attempted* to state a cause of action for violation of the AEPA. It was for this precise reason that the Mohave County Superior Court granted her leave to amend. Exhibit 2.

The purpose of Rule 15(c), like the federal rule upon which it is modeled, is to ameliorate the effect of the statute of limitations. *Tyman v. Hintz Concrete, Inc.*, 148 P.3d 1146 (Ariz., 2006) Arizona Courts inquire "whether the adverse party, viewed as a reasonably prudent man, ought to have been able to anticipate... that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question." *Marshall v. Superior Court*, 131 Ariz. 379, 382-83, 641 P.2d 867, 870-71 (1982) "A party may allege new facts in an amended complaint so long as they relate to the same transaction." *Services Holding Co., Inc. v. Transamerica Occidental Life Ins. Co.*, 180 Ariz. 198, 208, 883 P.2d 435, 445 (App. 1994).

*Footnote 4 cont'd.*

The term "transaction" is interpreted broadly. For example, in *Services Holding v.* Transamerica, supra, Plaintiff SHC submitted his application for key employee insurance. The parties disagreed on the details of this transaction. Transamerica asserted that, at the time the application was submitted, it issued a conditional receipt indicating that its liability was limited to $100,000.00 until such time as a policy would be issued. SHC denied that Transamerica issued this conditional receipt. It asserted that Transamerica made oral representations that coverage in the amount of $1,000,000.00 per person would be effective upon submission of each application, completion of each physical, and payment of each initial premium.

In its original complaint, SHC alleged that a conditional receipt was issued by Transamerica.  Later, however, SHC filed an Amended Complaint in which it asserted that no such receipt was issued. The Court was asked to determine whether the Amended Complaint in which SHC alleged that a conditional coverage was not issued related back to the date of the original complaint where it claimed that the conditional coverage was issued.

Resolving the issue of relation back in favor of plaintiff/insured, the Court noted:

> [T]he analysis should center on whether 'the adverse party, viewed as a reasonably prudent man,…should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question.' [Citations] The focus, then, is whether defendants were given sufficient notice of the scope of the facts that might be called into question. A party may allege new facts in an amended complaint so long as they relate to the same transaction. Id.180 Ariz. at 208, 883 P.2d at 445.

Likewise in *Neeriemer v. Superior Court of Maricopa County*, 13 Ariz.App. 460, 477 P.2d 746 (1970), the plaintiff had filed a complaint against a doctor for negligence in a surgical operation and post-operative treatment. An amended complaint was filed charging battery by reason of failure to obtain informed consent, and the amendment was held to relate back, applying a liberal interpretation of Rule 15(c). See also *Arizona Title Insurance and Trust Company v. O'Malley Lumber Company*, 14 Ariz.App. 486, 484 P.2d 639 (1971); *Green Reservoir Flood Control District v. Willmoth*, 15 Ariz.App. 406, 489 P.2d 69 (1971); *Watts v. State*, 566 P.2d 693, 697-98, 115 Ariz. 545, 549-50 (Ariz. App., 1977) (citing cases).

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff was given a "clean slate" in the Original Action pursuant to the Savings Statute. Defendants' counsel brings the current motion with full knowledge that the issue raised by the instant Motion has been decided against Defendant in the Mohave County Superior Court and that their Motion multiplies the proceedings unreasonably and vexatiously. Therefore, Plaintiff respectfully requests that the Court impose a sanction of payment of attorney's fees and costs against Defendants' counsel pursuant to 28 U.S.C. § 1927[5].

RESPECTFULLY SUBMITTED this 21st day of January, 2012.


STROJNIK, P.C.

_____
Peter Strojnik
Peter Kristofer Strojnik
Attorneys for Plaintiff

---

[5] 28 USC § 1927 - COUNSEL'S LIABILITY FOR EXCESSIVE COSTS

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.