
FILED BHC
TIME 5:35 a M
DEC 08 2011
VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY:_____DEPUTY
*ks

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MOHAVE

**HONORABLE CHARLES W. GURTLER, JR., JUDGE**
**DIVISION I – BULLHEAD CITY**
**DATE:   DECEMBER 8, 2011**

## COURT ORDER

| | |
|---|---|
| STACY D. FORD-KELLY,<br><br>                    Plaintiff,<br><br>v.<br><br>AMEC EARTH & ENVIRONMENTAL, INC.,<br><br>                    Defendant. | NO. CV-2010-7063 |

　　　　Pending are several Motions including Plaintiff's Motion to Vacate Dismissal, Motion to Reinstate Claim, Motion for Enlargement of Time; Defendant's Motion to Dismiss Pursuant to Rule 4(i) or, Alternatively for Limited Discovery and Evidentiary Hearing, Defendant's Motion to Strike Plaintiff's Motion for Enlargement of Time, Defendant's Motion to Strike Plaintiff's Second Motion for Enlargement of Time, and Defendant's Motion for Summary Grant of Motion to Dismiss or Alternatively, for Limited Discovery and Evidentiary Hearing, and Plaintiff's Second Motion for Summary Grant of Motion to Dismiss.

　　　　Plaintiff argues in her initial Motion that there is excusable neglect warranting an extension of time with which to serve the Defendant. The Rule is premised upon Plaintiff establishing "good cause" as to why an extension of time to serve a Defendant should be granted. Rule 4(i), A.R.C.P. See also, <u>Maher v. Urman</u>, 211 Ariz. 543, 549, 124 P.3d 770 (App. 2005). As the Defendant points out, good cause is the standard. Good cause standard equates to excusable neglect.

　　　　There does not appear to be any case on point in Arizona. However, several Federal Courts have addressed the issue under the Federal Rules equivalent. As an example, in <u>Hart v. United States</u>, 817 F.2d 78, 80-81 (9th Cir. 1987) it was held that a secretary's failure to mail Summons along with a Complaint was inadvertent error, but that was not good cause. Additionally, in <u>West Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1528-29 (9th Cir. 1990), the Ninth Circuit held that a dismissal was warranted where a party had served an incomplete draft of a complaint by mistake. Therefore, it would appear to the Court that dismissal is appropriate.

　　　　However, the Court finds that excusable neglect or good cause exists under the Savings Statute of A.R.S. § 12-504(A) to allow the Plaintiff to file a new lawsuit provided that the new action is filed within ninety (90) days of the date of the signed Order dismissing this matter. In <u>Schwartz v. Arizona Primary Care Physicians</u>, 192 Ariz. 290, 964 P.2d 491 (App.Div.1 1998), the Court of Appeals found the Plaintiff was entitled to, as a matter of right, to commence a new action when the basis for a dismissal was insufficiency of process rather than abatement. In this matter, the Court's prior ruling was to the nature and extent that there was insufficient service of process. Plaintiff reasonably believed that she had served copies of the documents upon the appropriate agent or agents of the Defendant. Defendant moved to dismiss based upon fraud upon the

Court. The Court specified that it could not make a fraud determination without an evidentiary hearing. However, the Court also found that the service was inappropriate. Therefore, this case will not be dismissed upon abatement, but rather upon an insufficiency of service of process.

**IT IS, THEREFORE, ORDERED** granting Defendant's Motion to Dismiss.

**IT IS FURTHER ORDERED** granting to Plaintiff the right to file a new action under A.R.S. § 12-504(A) provided that the new action is commenced and filed within ninety (90) days of the date of the signed Order dismissing the case at bar.

**IT IS FURTHER ORDERED** directing the Clerk to proceed to close the file.

The Court's ruling on this particular issue abates the necessity for ruling on all the other pending Motions as the same become moot.

cc:

STACY D. FORD-KELLY
1561 MOHICAN DR
LAKE HAVASU CITY AZ 86406
Plaintiff

ROBERT G. SHAFFER*
LEWIS & ROCA, LLP
Attorney for Defendant

Honorable Charles W. Gurtler, Jr.
Division I