FILED BHC
TIME 10:20 M

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA    JAN 0 5 2012

IN AND FOR THE COUNTY OF MOHAVE

VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY: _____ DEPUTY

HONORABLE CHARLES W. GURTLER, JR., JUDGE
DIVISION I – BULLHEAD CITY                                             *ks
DATE:   JANUARY 5, 2012

## COURT ORDER

STACY D. FORD-KELLY,

                     Plaintiff,

v.

AMEC EARTH & ENVIRONMENTAL, INC.,

                     Defendant.

NO. CV-2010-7063

Pending is Defendant's Motion for Reconsideration of December 8, 2011, Order granting Plaintiff the right to file a new action. For the reasons hereinafter specified,

**IT IS ORDERED** denying the Motion.

The Court was essentially left with a couple of different inferences available to it as a result of the briefing in this matter. On the one hand, Defendant provided Affidavits that said that all they received were blank papers. The flip side of the coin is that Plaintiff provided a Declaration specifying she copied and mailed the Complaint and Summons to Defendant. Without an evidentiary hearing the Court could not determine the veracity of the two Affidavits.

One inference is that the Plaintiff thought she copied the Summons and Complaint and mailed the same, whereas, all that was sent were blank copies. Under such a scenario the Court would be looking at discretionary right to re-file under A.R.S. §12-504(A). In such a situation, the Court would query of Defendant's counsel as to whether staff had ever inaccurately copied a document? It certainly is not inconceivable that the document was placed upside down and it was ran through the copier (the Court notes that some copy machines take documents face down, and others face up). The Court would also query as to whether staff had ever inaccurately mailed anything? Had a document gone out without an exhibit? Had a document been sent to the wrong addressee? Without an evidentiary hearing, the Court can only assume that the Plaintiff reasonably took steps to copy and mail the Summons and Complaint, did so in a timely manner, and felt that service had occurred. Indeed, she proceeded to apply for the default of the Defendant in the matter. She unequivocally faces a procedural impediment given the Statute of Limitations which would affect the ability to file a second action. Therefore, the three factors as cited in Jepson v. New, 164 Ariz. 265, 272, 792 P.2d 728 (1990) have been met.

The second inference is that the Plaintiff did, in fact, copy and mail the Summons and Complaint to the Defendant. There are, in fact, conflicting statements under oath to this extent. Without an evidentiary hearing, the Court has no reason to doubt the veracity of either the Plaintiff or the Defendant's representatives.


L8015CV201007063

Similarly, Defendant desires the Court to focus on why the Plaintiff has provided no explanation, or why, she failed to take steps to correct service after being informed that she served blank papers citing Copeland v. Arizona Veterans Memorial Coliseum and Exposition Center, 176 Ariz. 86, 92, 859 P.2d 196 (App. 1993). However, the Court does note that the Plaintiff filed Motions to Extend the Time to Effectuate Service.

It further appears to the Court that as a result of the Application for the Default Hearings, the Defendant realized the Plaintiff thought service was complete. The Application for Default was filed March 8, 2011. The Defendant's Motion to Dismiss was filed March 22, 2011. If the Plaintiff were truly acting in bad faith, why would she proceed to mail the Applications for Default to the Defendant at its various addresses?

The gravamen of this matter boils down to the fact that Plaintiff thought that she had validly served the Defendant. She filed two Motions while the issue was under advisement to extend the time frame to serve. Although some of the filings of the Plaintiff are difficult to follow in light of her pro per status, it appears to the Court that she has taken reasonable and good faith steps to attempt to prosecute the matter. There is an impediment to filing a new case given the Statute of Limitations and/or abatement rule. There have been serious allegations concerning a $10,000,000.00 W-2, which certainly can create significant tax consequences. As such, the Motion is denied.

cc:

STACY D. FORD-KELLY
1561 MOHICAN DR
LAKE HAVASU CITY AZ 86406
Plaintiff

ROBERT G. SHAFFER*
LEWIS & ROCA, LLP
Attorney for Defendant

Honorable Charles W. Gurtler, Jr.
Division I