**LEWIS AND ROCA LLP — LAWYERS**

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Cindy Villanueva, State Bar No. 028163
Direct Dial: (602) 262-5789
Direct Fax: (602) 734-3904
EMail: CVillanueva@LRLaw.com

Attorneys for Defendant
AMEC Earth & Environmental, Inc.

FILED
BY: D
2011 DEC 22 PM 2 24
VIRLYNN TINNELL
SUPERIOR COURT CLERK

SUPERIOR COURT OF ARIZONA
COUNTY OF MOHAVE

| | |
|---|---|
| Stacy D. Ford-Kelly,<br><br>  Plaintiff,<br><br> vs.<br><br>AMEC Earth & Environmental, Inc.,<br><br>  Defendant. | No. CV-2010-07063<br><br>**MOTION FOR RECONSIDERATION OF DECEMBER 8, 2011 ORDER GRANTING PLAINTIFF THE RIGHT TO FILE NEW ACTION**<br><br>(Assigned to the Honorable Charles W. Gurtler, Jr.) |

Pursuant to Rule 59(a) of the Arizona Rules of Civil Procedure, AMEC Earth and Environmental, Inc. ("AMEC") hereby requests that this Court reconsider the portion of its December 8, 2011 Order which granted Plaintiff the right to file a new action within ninety days of the date of the signed order. The ruling should be reconsidered and Plaintiff should not be allowed to file a new action pursuant to the Savings Statute of A.R.S. § 12-504(A) because (1) the action was terminated due to insufficiency of *service* of process, *i.e.,* abatement; and (2) the *Flynn* factors strongly support denying Plaintiff discretionary relief to file a new action.

**Memorandum of Points and Authorities**

**I.  Dismissal Based on Insufficiency of *Service* of Process is Dismissal based on Abatement**

The Arizona Savings Statute states in relevant part:

> If an action is commenced within the time limited for the action, and the action is terminated *in any manner other than by abatement,* voluntary dismissal, dismissal for lack of prosecution or a final judgment on the

2594377.1

merits, the *plaintiff ... may commence* a new action for the same cause after the expiration of the time so limited and within six months after such termination. If an action timely commenced *is terminated by abatement,* voluntary dismissal by order of the court or dismissal for lack of prosecution, *the court in its discretion* may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

A.R.S. § 12-504(A)(emphasis added). Thus, if an action is abated, also known as dismissed for insufficiency of *service* of process, it can only be re-filed by leave of the court. *Id.* If the action is terminated for insufficiency of process, however, the statute entitles the plaintiff to re-file as a matter of right. *Id.*

Pursuant to Arizona law, abatement occurs when the defendant receives no summons or complaint within the 120-day time limit for service set forth in Rule 4(i), ARIZ. R. CIV. P., which would put him on notice of the pending case. *Schwartz v. Arizona Primary Care Physicians*, 192 Ariz. 290, 295, 964 P.2d 491, 496 (Ariz. App. 1998). The abatement rule gives effect to the statute of limitations and prevents a plaintiff who files an action within the statute of limitations, but fails to timely serve the defendant, from gaining a tactical advantage over the defendant. *Id.* Insufficiency of process, on the other hand, goes to the form of the papers rather than the manner or method of its service. *Id.* (citing Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353, at 276 (2d ed.1990)). For example, in the case of *Schwartz v. Arizona Primary Care Physicians*, 192 Ariz. 290, 964 P.2d 491 (Ariz. App. 1998), the court held that the claim did not abate because the defendants received process -- they received a copy of the summons. Instead, there was an insufficiency of process because the summons bore the seal of the wrong court. *Id.*

In the present case, there clearly was an insufficiency of *service* of process by Plaintiff, and thus the claim abated. Plaintiff failed to serve AMEC with any copy of the summons and complaint which would put AMEC on notice of the complaint. AMEC has shown that, in May 2010, Plaintiff did not serve her original Complaint but instead served

2594377.1

Case 3:12-cv-08085-NVW   Document 73-4   Filed 01/21/13   Page 3 of 6

LEWIS
AND
ROCA
——LLP——
LAWYERS

a December 22, 2009 letter that gave AMEC no notice that a lawsuit had been filed against it. *See* Mot. to Dismiss, Exs. 7-12. Likewise, AMEC has shown that, in January 2011, Plaintiff did not serve her Amended Complaint but instead served blank paper. *Id.*

In addition, the Court stated in its December 8, 2011 Order that the Court had previously ruled there was insufficient service of process: "In this matter, the Court's prior ruling was to the nature and extent that there was insufficient service of process." *See* 12/8/11 Order. As such, this Court's ultimate conclusion that "this case will not be dismissed upon abatement, but rather upon insufficiency of service of process," appears to have overlooked that abatement and insufficient service of process are one in the same. Therefore, the Court should reconsider its December 8, 2011 Order and find that Plaintiff's claim abated and, thus, Plaintiff has the burden of showing why the Court should grant discretionary relief pursuant to the Savings Statute.

## II. The Court Should Decline to Grant Discretionary Relief Pursuant to the Savings Statute

The Arizona Supreme Court has articulated a set of factors a trial court must consider in determining whether to permit discretionary relief under the Savings Statute of A.R.S. § 12-504(A). Those factors include whether the plaintiff: (1) acted reasonably and in good faith, (2) prosecuted the case diligently and vigorously, and (3) faces a procedural impediment affecting the ability to file a second action. In addition, the court looks to whether either party will be substantially prejudiced. *Jepson v. New*, 164 Ariz. 265, 272, 792 P.2d 728, 735 (1990) (quoting *Flynn v. Cornoyer-Hedrick Architects & Planners, Inc.*, 160 Ariz. 187, 192, 772 P.2d 10, 15 (App.1988)). Further, "[t]o obtain relief under the savings statute where the action has abated and been terminated, the plaintiff must show that despite diligent efforts, he was unable to effect service." *Id.* at 273, 792 P.2d at 736. "The burden is on the plaintiff to present the particular circumstances that justify relief under § 12-504." *Id.* at 272, 792 P.2d at 735. Moreover, Arizona courts have held that "the savings statute should act only as a *limited extension* to prevent injustice." *Flynn*, at 192, 772 P.2d at 15 (emphasis in original).

2594377.1

LEWIS
AND
ROCA
—LLP—
LAWYERS

Applying the *Flynn* test, there is no evidence that Plaintiff acted reasonably and in good faith in attempting to serve AMEC or that she prosecuted her case diligently and vigorously. As discussed above, Plaintiff did not serve her Amended Complaint in January 2011, but instead served blank paper. *See* Mot. to Dismiss, Exs. 7-12. Moreover, after a representative of CT Corp. received one of Plaintiff's certified mail packages in January 2011, Plaintiff was informed through a letter directed to her return mailbox address in Lake Havasu City that the package she sent contained blank paper. The letter was delivered on January 28, 2011, over a month before Plaintiff filed her affidavits of service with the Court. *See* Mot. to Dismiss, Ex. 12, Decl. of A. Martinez ¶¶ 3-4 & Exs. B-C (letter and delivery confirmation).

After receiving this letter, Plaintiff did not take steps to serve her actual Amended Complaint, but instead proceeded to file affidavits of service with the Court. In short, Plaintiff lacked diligence in pursuing her claim and her conduct was not reasonable because she failed to take action, or even attempt to make any inquiries, after she was notified of the deficient service. *See Perry v. County of Maricopa*, 167 Ariz. 458, 461, 808 P.2d 343, 346 (App. 1991) (trial court did not abuse its discretion in denying relief under § 12-504(A) when defendant, a government agency, was not difficult to find and plaintiff had made no effort to follow up on service after process server noted confusion and despite notice that service had to be completed shortly). In addition, Plaintiff has offered no explanation for why she failed to take any steps to correct service after being informed that she served blank paper. *See Copeland v. Arizona Memorial Coliseum and Exposition Center*, 176 Ariz. 86, 92, 859 P.2d 196, 202 (App. 1993) (trial court appropriately denied request for relief under savings statute where, among other things, plaintiff did not provide an explanation for his lengthy inaction).

Lastly, it cannot be overlooked that Plaintiff did not act in good faith if she, in fact, served blank paper intentionally. It stretches the bounds of plausibility to suggest that she attempted to serve her Amended Complaint — not once but three times — without checking to make sure that she was mailing copies of her actual Amended Complaint.

2594377.1

**LEWIS AND ROCA LLP LAWYERS**

And, if she did attempt to mail her Amended Complaint to three different addressees without noticing that she was sending blank paper, pursuant to the *Flynn* factors she lacked diligence in prosecuting her claim. Although Plaintiff may be prejudiced by this Court's denial of a right to re-file under the Savings Statute to the extent some of her claims may be time barred, all of the *Flynn* factors strongly support denying Plaintiff leave to re-file.

### III. Conclusion

For the foregoing reasons, AMEC respectfully requests that the Court reconsider its December 8, 2011 Order and deny Plaintiff the right to file a new action. Instead, the Court should hold that Plaintiff's claim is abated and that Plaintiff is not entitled to file a new action under the Savings Clause of A.R.S. § 12-504(A) because Plaintiff has failed to satisfy her burden of establishing grounds for discretionary relief and the *Flynn* factors support denying Plaintiff leave to re-file.

RESPECTFULLY SUBMITTED this 21st day of December, 2011.

**LEWIS AND ROCA LLP**

By: _____
Robert G. Schaffer
Cindy Villanueva
*Attorneys for AMEC Earth & Environmental, Inc.*

5

2594377.1

LEWIS AND ROCA LLP LAWYERS

ORIGINAL of the foregoing was filed by FedEx Next Day Delivery with the Mohave County Superior Court this 21st day of December, 2011, and a COPY provided for:

Honorable Charles W. Gurtler, Jr.
Mohave County Superior Court, Division I
2225 Trane Road
Bullhead City, AZ 86442

COPY of the foregoing was sent by FedEx Next Day Delivery this 21st day of December, 2011, to:

Stacy D. Ford-Kelly
1561 Mohican Dr.
Lake Havasu City, AZ 86406
*Pro Se*

/s/ Kathleen A. [signature]

6