40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendant AMEC Earth & Environmental, Inc.
*nka* AMEC Environment and Infrastructure, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly,<br><br>           Plaintiff,<br><br>     vs.<br><br>AMEC Environment & Infrastructure, Inc., a Nevada corporation *fka* AMEC Earth & Environmental, Inc. *fka* AMEC Infrastructure, Inc.; AMEC PLC, a British Company,<br><br>           Defendants. | No. 3:12-cv-08085-NVW<br><br>**AMEC ENVIRONMENT AND INSTRUCTURE, INC.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT ONE OF PLAINTIFF'S FIRST AMENDED COMPLAINT; FRCP 12(C)** |

Plaintiff Stacy D. Ford-Kelly's ("Plaintiff") Opposition[1] to AMEC's Motion for Judgment on the Pleadings ("Opposition") is based on a patently erroneous reading of the Savings Statute. The Savings Statute does not allow a plaintiff, upon re-filing, to prosecute a claim that was not timely filed to begin with.

Plaintiff's alternative argument—that she *did* timely assert her breach of employment agreement claim—is not convincing. Under a "relation back" analysis, simply listing the name of a statute—especially one as broad as the Arizona Employment Protection Act ("AEPA")—is

---

[1] Plaintiff has requested oral argument on this Motion. However, as the facts and law here are clear, AMEC believes that such a hearing would be unhelpful and would force AMEC to incur unnecessary fees and costs.

3280747.1

insufficient to provide notice that Plaintiff was asserting a claim for breach of an employment agreement.

I.  **The Savings Statute Does Not "Moot" the Relation-Back Analysis**

Plaintiff argues that because her original action was dismissed under the Arizona Savings Statute (A.R.S. § 12-504), there is no need to perform a relation-back analysis as to any claim that "was or could have been timely asserted in the prior action." (Opposition, at p. 7.) Plaintiff purports to find support for this argument in paragraph (C) of the Savings Statute:

> If a new action on the same cause of action is commenced by the plaintiff, his successor or his personal representative, the assertion of any cause of action or defense <u>*by the defendant*</u> in the new action is timely if it was or could have been timely asserted in the prior action.

A.R.S. § 12-504(C) (emphasis added). As the plain language of this provision makes clear, the "was or could have been" language applies to "any cause of action or defense" asserted "*by the defendant*." *Id.* (emphasis added). This paragraph has nothing to do with the timeliness of claims brought by the *plaintiff*.

Paragraph (A) of the Savings Statute does, however, apply to claims brought by "the plaintiff," and that paragraph reads:

> <u>*If an action is commenced within the time limited for the action*</u>, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination.

A.R.S. § 12-504(A) (emphasis added). The plain language of *this* provision makes clear that the effect of the Savings Statute on a cause of action brought by "the plaintiff" is to preserve as timely "*the same*" cause of action brought in the original action so long as two prerequisites are met: "(1) that '*an action is commenced within the time limited for the action*,' and (2) that 'the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits.'" *Janson v. Christensen*, 167 Ariz. 470, 472 (Ariz.

1991) (quoting A.R.S. § 12-504) (emphasis added). Far from "mooting" a statute of limitations/relation-back analysis, the Savings Statute expressly incorporates that analysis by requiring the first action to have been timely filed. More than that, paragraph (C) provides that a statute of limitations defense is preserved, *not* mooted, if it "was or could have been" asserted in the original action. A.R.S. § 12-504(C).[2]

The statutory language here is clear and unambiguous. *Janson*, 167 Ariz. at 471 ("We believe that the language of the saving statute is clear and that we need look no further . . . ."). Accordingly, the plain language interpretation is "conclusive" unless there is evidence of a contrary legislative intent or if "absurd consequences would result." *Hosea v. City of Phoenix Fire Pension Bd.*, 224 Ariz. 245, 250 (App. 2010) (citation omitted). Here, Plaintiff has offered no evidence of contrary legislative intent and has not pointed to any "absurd result" that would result from the plain language interpretation. On the other hand, Plaintiff's interpretation of the Savings Statute—in addition to being contrary to the clear statutory language—would permit a plaintiff to assert claims in a re-filed action that had not been timely filed in the original action. This would unequivocally qualify as an "absurd" result and would thwart the strong public policy reasons in favor of having a statute of limitations defense in the first place. *E.g.*, *Porter v. Spader*,

---

[2] Plaintiff cites *Short v. Dewald*, 226 Ariz. 88, 244 P.3d 92 (App. 2010), in support of her proffered interpretation of the Savings Statute, but in no place does that case hold that the Savings Statute protects a claim that was not timely asserted in the original action. In *Short*, a medical malpractice claim had been originally filed *within the statute of limitation period*, but due to service deficiencies the claim was dismissed (by the original judge) pursuant to the Savings Statute. *Short*, 226 Ariz. at 91. However, the judge presiding over the re-filed action vacated the earlier dismissal order after finding that the original case did not qualify for protection under the Savings Statute. *Id.* Without the Savings Statute, the re-filed action was untimely against several defendants and, accordingly, they were dismissed from the action. *Id.* The Court of Appeals reversed, holding that the defendants could have appealed the order dismissing the original action under the Savings Statute, but because they had not done so, the order was final and not subject to review in a subsequent action. *Id.* at 93.
   Troublingly, Plaintiff quotes abbreviated language from *Short* that, in its unaltered form, affirms AMEC's plain language interpretation of the Savings Statute. (Opposition, at p. 8.) Specifically, Plaintiff quotes substantially from paragraph 28 of the opinion, but she omits a citation in the middle of the paragraph in which the court quotes (parenthetically) from another case that "the [Savings S]tatute 'was aimed at allowing litigants to cure defects after the statute of limitations had run *so long as the opposing party had notice of the claim*." *Short*, 226 Ariz. at 94 (citing and parenthetically quoting from *In the Matter of the Forfeiture of $3,000.00 U.S. Currency*, 164 Ariz. 120, 121, 791 P.2d 646, 647 (App. 1990)) (emphasis added). Thus, Plaintiff appears to have deliberately omitted language from the opinion clarifying that the Savings Statute protects claims so long as the defendant received timely notice of the claim in the original action, something that did not occur in this case.

3280747.1

225 Ariz. 424, 426 (App. 2010) (listing the "legitimate purposes of statute of limitations," including protecting defendants and the courts from "stale claims"); *Montano v. Browning*, 202 Ariz. 544, 546 (App. 2002) ("claims that are clearly brought outside the relevant limitations period are conclusively barred").

Plaintiff's interpretation of the Savings Statute is patently incorrect. It does not "moot" a statute of limitations defense: it expressly preserves it. And since Plaintiff did not timely assert her breach of contract claim, the claim should be dismissed with prejudice.

## II. The Contract Claim Does Not Relate Back To The Original State Court Complaint

As an alternative to her erroneous Savings Statute argument, Plaintiff contends she *did* assert (or at least "attempted" to assert) a claim for breach of employment contract in her original state court complaint. (Opposition, at pp. 3-4.) However, Plaintiff's original complaint alleged only that she "was suing the Defendant for violation of the Arizona Employment Protection Act" ("AEPA")—without ever alleging the existence of an employment contract or, indeed, any facts whatsoever. Plaintiff argues that her original complaint nonetheless provided sufficient notice of a claim for breach of contract because the "AEPA provides an employee with a cause of action for breach of a written employment agreement." (*Id.* at 4.) This argument fails on multiple levels.

### A. The Original Complaint Provides No Notice of a Contract Claim.

Plaintiff's naming of the AEPA in her initial state court complaint, without anything else, cannot be said to have given AMEC notice that Plaintiff was claiming breach of an employment contract. *See, e.g.*, *Kelley v. Countrywide Home Loans*, 2009 WL 3489422, at *8 (E.D. Cal. 2009) ("Defendants correctly note that the complaint's laundry list of statute and code sections is insufficient to support a claim . . . . [I]t does not give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (quotations and citations omitted); *Williams v. Peter*, 384 F. Supp. 2d 730, 734 (D. Del. 2005) ("Although plaintiff's complaint identified the Privacy Act, Title VII, the FECA, and the LMRA as the statutory bases for her claims, her complaint does little more than state the titles of these federal statutes. Plaintiff's complaint does not identify the specific provisions she claims defendants have violated, leaving defendants and this court to examine every possible cause of action under the named statutes to

determine if plaintiff's claims are valid."). Rather, there must be *facts* alleged to give the defendant "sufficient notice of the scope of the facts that might be called into question." *Services Holding Co., Inc. v. Transamerica Occidental Life Ins. Co.*, 180 Ariz. 198, 208 (App. 1994).[3] Plaintiff failed to do this in her initial complaint, and her listing of a statute (among several others) cannot reasonably be said to have given notice that she was asserting a claim for breach of contract.

### B.     The AEPA is Too Broad to Provide Notice of Any Claim.

The AEPA establishes that the public policy of Arizona is that employment is presumptively "at-will" (i.e., terminable by either party at any time) and that no cause of action accrues vis-à-vis termination of employment, except in three circumstances: (1) where an employment agreement provides otherwise, (2) where termination of employment is done in violation of a state or federal statute that provides for a private right of action, and (3) where termination of employment is done in violation of a state statute or constitutional provision that does *not* provide a private right of action. A.R.S. § 23-1501. In other words, the AEPA broadly references *all* of the actionable exceptions to "at will" employment.

If the Court were to accept Plaintiff's argument that her initial complaint's unadorned reference to the AEPA gave AMEC notice of a contract claim, it would likewise have to conclude that Plaintiff also put AMEC on notice of every conceivable claim triggered by the termination of employment—including all federal and state anti-discrimination and anti-retaliation statutory claims, such as those that have already been dismissed by the Court on timeliness grounds. (*See* Dkt. # 9.) Plaintiff's concession that she "could have been more specific" in the initial state court complaint is an extraordinary understatement. (Opposition, at p. 9, n.4.) Given the breadth of the AEPA, Plaintiff's *complete* lack of specificity unquestionably failed to give notice of a contract claim.

---

[3] *Services Holding* is the primary authority Plaintiff cites in support of her relation-back argument. (Opposition, at pp. 8-9, n.4.) However, this case involved initial complaints with extensive factual allegations and is entirely dissimilar to the instant case. *See Services Holding*, 180 Ariz. at 209 (holding that a later-filed negligence claim related back because "[c]learly, the original complaint involved all aspects of the application and issuance of insurance").

### C. AEPA Does Not "Provide For" a Contract Claim.

For the first two of the exceptions to the "at-will" presumption (i.e., employment contract and statute with a private right of action), the AEPA states that a cause of action is determined exclusively by the contours of *other developed law*. *Id.* §§ 23-1501(A)(3)(a) (stating that the remedies for a breach of employment contract "are limited to the remedies for a breach of contract"); 23-1501(A)(3)(b) & (B) (stating that the remedies for a statute that provides a private right of action are limited to "the remedies provided to an employee for a violation of the statute"); *see also Taylor v. Graham County Chamber of Commerce*, 201 Ariz. 184, 188 (App. 2001) ("the legislature clearly did not intend for the [A]EPA to authorize a wrongful termination action based on violation of another statute's public policy when that statute provides an express remedy for a cause of action") (quotations omitted). The only cause of action that the AEPA arguably creates is where termination of employment violates a state statute or constitutional provision that does not provide for a private right of action. *Taylor*, 201 Ariz. at 189 ("[o]nly in th[ose] cases in which a statute does not provide any remedy, but in which there is a violation of the statute, do the public policy provisions of the [AEPA] apply") (quotations omitted; emendations in original).

In short, the original state court complaint alleged no facts whatsoever, and AMEC was not put on notice, within the one-year statute of limitations, that Plaintiff was alleging a breach of contract action. Therefore, this claim does not relate back, and it should be dismissed with prejudice as untimely.

### III. Sanctions Are Not Warranted Against AMEC

Plaintiff argues in her Opposition that AMEC's Motion "presents an incomplete and fraudulent picture of the events" in the original action because AMEC did not highlight that the original action was dismissed under the Savings Statute. (Opposition, at p. 4.) Based on this characterization, Plaintiff requests that sanctions be assessed against AMEC pursuant to 28 U.S.C. § 1927.[4] However, as the discussion here and in AMEC's opening brief should make clear, there

---

[4] Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,



is a strong and good-faith basis for bringing this Motion and for dismissing Count 1 on statute of limitations grounds.

Moreover, AMEC omitted discussion of the Savings Statute from its Motion only because that fact has no relevance to the analysis. To the extent that Plaintiff is suggesting that AMEC was trying to hide this fact from the Court, AMEC points out that it previously informed the Court that the state court's original dismissal was done pursuant to the Savings Statute. *See* Exhibit E (i.e., Dkt. # 7-5) submitted in support of AMEC's Partial Motion to Dismiss Complaint (Dkt. # 6).

There is simply no evidence on which Plaintiff can plausibly establish that AMEC's motion is "unreasonable" or is being made "vexatiously." Consequently, there are no grounds for sanctions.

**IV.  Conclusion**

For the foregoing reasons and those set forth in its opening Motion, Count 1 should be dismissed with prejudice as untimely.

RESPECTFULLY SUBMITTED this 31st day of January, 2013.

LEWIS AND ROCA LLP


By */s/ Melanie V. Pate*
    Robert G. Schaffer
    Melanie V. Pate
    Alastair Gamble
    Attorneys for Defendant

---

expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citation omitted).

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter K. Strojnik, Esq.
The Strojnik Firm L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, AZ  85016
strojnik@skplaw.com

Peter Strojnik, Esq.
Strojnik, P.C.
2415 East Camelback Road, Suite 700
Phoenix, AZ  85016
ps@strojnik.com

　　　　　　　　　　　　　　　　　　　/s/ Debbie Robbins