IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly,<br><br>    Plaintiff,<br><br>vs.<br><br>AMEC Environment & Infrastructure, Inc., a Nevada corporation; AMEC PLC, a British company,<br><br>    Defendants. | No. CV-12-08085-PCT-NVW<br><br>**ORDER** |

Before the Court is Defendant AMEC Environment & Infrastructure, Inc.'s Motion for Judgment on the Pleadings as to Count One of Plaintiff's First Amended Complaint (Doc. 70), the Response, and the Reply. For the reasons stated below, Defendant's Motion will be denied.

**I.    BACKGROUND**

As most of the facts of this action were laid out extensively in a prior order, (*see* Doc. 65), only the background information relevant to the pending Motion will be addressed here. Plaintiff Stacy Ford alleges that her employment was terminated by Defendant AMEC Environment & Infrastructure, Inc. on April 21, 2009. She filed suit in Mohave County Superior Court on April 15, 2010, asserting only the following:

> Plaintiff alleges that this Court has jurisdiction over this matter and Plaintiff is suing the Defendant for violation of Arizona Employment Protections Act, Arizona Constructive Discharge Law, Arizona Equal Pay Law, Arizona Drug Testing Law, Arizona Blacklist Law. Plaintiff also seeks

> relief for being discharged for "whistle blowing" that is in violation of public policy, theft of original BSCE Degree, theft of original EIT certification, theft of original transcripts, attempted bribery, defamation of character/libel, public disclosure of private facts, false light laws and physical, mental and emotional distress.

(Doc. 71-1.) The Mohave County Superior Court dismissed the suit on December 8, 2010, but allowed Plaintiff an opportunity to file a new action within ninety days pursuant to the Arizona Savings Statute, section 12-504(A) of the Arizona Revised Statutes. (Doc. 73-2.) On January 14, 2011, Plaintiff filed her First Amended Complaint, in which she specifically alleged breach of her employment contract by Defendant as her first cause-of-action. (Doc. 71-2.) Defendant now seeks to have Plaintiff's claim for breach of an employment contract dismissed as untimely. Plaintiff asserts that Defendant's Motion constitutes unreasonable and vexatious litigation and seeks to have attorney's fees and costs assessed against Defendant's counsel pursuant to 28 U.S.C. § 1927.

## II.   LEGAL STANDARD

### A.   Motion for Judgment on the Pleadings

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is appropriate when there is no dispute as to any material fact and when the moving party is entitled to judgment on an issue as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A 12(c) motion is reviewed under the same standard as that used for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Payne v. Arpaio*, No. CV09-1195-PHX-NVW, 2009 WL 3756679, at *1 (D. Ariz. Nov. 4, 2009) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)). Accordingly, a court must accept as true all factual allegations in the complaint; the court must also construe the allegations in the light most favorable to the nonmoving party. *Fleming*, 581 F.3d at 925. When reviewing a motion made under Rule 12(c), the Court may consider the face of the complaint and exhibits filed with the complaint. *Payne*, 2009 WL 3756679, at *1.

Courts may also take judicial notice of matters of public record. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of matters of public record when review Rule 12(b)(6) motion).

### B. Arizona's statute of limitations in breach-of-employment-contract cases

In Arizona, the statute of limitations for a claim of breach of employment contract is one year. Ariz. Rev. Stat. § 12-541(3). The date on which the one-year clock begins to run is the date following the one on which the employer discharges the employee. *See Fallar v. Compuware Corp.*, 202 F. Supp. 2d 1067, 1077 (D. Ariz. 2002). A plaintiff bringing suit for breach of an employment contract must file within this window of time in order for his claim to be timely.

Even if a claim for breach of an employment contract appears to have been filed after the one-year statute of limitations period, it may yet be timely if it "relates back" to an original pleading that was timely filed. *See* Fed. R. Civ. P. 15(c); Ariz. R. Civ. P. 15(c).[1] Under both federal and Arizona law, an amendment to a pleading relates back if it asserts a claim that "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed R. Civ. P. 15(c)(1); *see also* Ariz. R. Civ. P. 15(c); *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988). The Ninth Circuit has emphasized that courts should more freely allow amendments as to claims asserted than amendments as to parties. *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991). In evaluating an amendment, a court looks to whether the defendant had "fair notice of the transaction, occurrence, or conduct called into question." *Id.* (internal quotation marks omitted); *see also Santana v. Holiday Inns, Inc.,* 686 F.2d 736, 738 (9th Cir. 1982) (noting that "[o]nce the defendant is in court on a

---

[1] While federal procedural law governs when a court is exercising supplemental jurisdiction over a state-law claim, *see In re Exxon Valdez*, 484 F.3d 1098, 1100 (9th Cir. 2007) (citation omitted), Arizona procedural law is also mentioned because it is substantially the same.

claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added"). The Arizona Supreme Court has highlighted the "liberal policy of Rule 15(c)," *Marshall v. Super. Ct., Maricopa Cnty.*, 131 Ariz. 379, 382-83, 641 P.2d 867, 870-71 (1982) (quoting 6 Wright & Miller, Federal Practice and Procedure §1497 at 499-502 (1971)), and has determined that "[i]t is only when the amendment seeks relief with respect to a transaction or event which was not the basis of the original complaint that the doctrine of relation back is considered inapplicable," *id.* at 383, 641 P.2d at 871 (internal quotation marks omitted). Further, a party may allege new facts in its amendment, as long as the new facts relate to the conduct or transaction underlying the original pleading. *Servs. Holding Co., Inc. v. Transam. Occidental Life Ins. Co.*, 180 Ariz. 198, 208, 883 P.2d 435, 445 (Ct. App. 1994).

Finally, section 12-504 of the Arizona Revised Statutes—the Arizona Savings Statute—allows a plaintiff to commence a new action within six months when an original action is terminated in a manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution, or a final judgment on the merits. Ariz. Rev. Stat. § 12-504(A). This provision of the Savings Statute preserves as timely the same cause of action brought in the original suit, and the statute only applies when the original action was timely.

### III.  ANALYSIS

While Plaintiff's inartful and vague original complaint—a laundry list of statutes and common-law claims—did not clearly and sufficiently allege a breach of employment contract, the claim as laid out in the First Amended Complaint was not untimely. This is so even though the amended complaint was filed nearly twenty-one months after the date of Plaintiff's termination. Following the text of Federal Rule of Civil Procedure 15(c) and case law, the breach of employment contract relates back to the claims in Plaintiff's original complaint. In that original complaint, Plaintiff alleges violations of the Arizona

Employment Protection Act (the "EPA"), section 23-1501 of the Arizona Revised Statutes, and seeks relief for retaliatory firing after whistleblowing. While the original complaint is flatly lacking in factual support for her claims, it does make clear that the Plaintiff seeks relief for various legal claims based on the fact that Defendant fired her on April 21, 1999. This same conduct by Defendant—its firing of Plaintiff—underlies her later breach-of-employment-contract claim. Defendant had fair notice that its conduct with regard to Plaintiff's termination would be one of the focal points of this action. This is especially true because the Arizona EPA governs causes of actions for the breach of an employment contract, *Zenaty-Paulson v. McLane/Sunwest, Inc.*, No. CIV-99-472-PHX-RCB, 2000 WL 33300666, at *12 (D. Ariz. Mar. 20, 2000), and it provides as a matter of state public policy that an employee has a claim against an employer if the "employer has terminated the employment relationship of an employee in breach of an employment contract." Ariz. Rev. Stat. § 23-1501(A)(3)(a). While Plaintiff's mention of the EPA in her original complaint is by no means sufficient to allege a claim, Defendant should reasonably have foreseen that Plaintiff could properly assert a breach-of-employment-contract claim and is not prejudiced by the inclusion of such a claim in the amended pleading.

Plaintiff's original complaint was filed on April 15, 2010, less than one year after Defendant terminated her employment. The breach-of-employment-contract claim in Plaintiff's First Amended Complaint, filed on January 14, 2011, relates back to the date of the original complaint and is therefore timely. Whether the Arizona Savings Statute, section 12-504 of the Arizona Revised Statutes, could otherwise have protected Plaintiff's breach-of-employment-contract claim as timely need not be considered. Further, nothing about Defendant's Motion comes close to warranting sanctions.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings as to Count One of Plaintiff's First Amended Complaint (Doc. 70) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions, construed as a Motion for Sanctions, is denied.

Dated this 4th day of February, 2013.

_____
Neil V. Wake
United States District Judge