Peter K. Strojnik, State Bar No. 026082
**THE STROJNIK FIRM L.L.C.**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 510-9409
Facsimile: (602) 532-7572
Strojnik@skplaw.com

Peter Strojnik, State Bar No. 006464
**STROJNIK P.C.**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 524-6602
Facsimile: (602) 296-0135
PS@strojnik.com

Attorneys for Plaintiff
Stacy Ford-Kelly

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Stacy D. Ford-Kelly, | Case No: 3:12-cv-08085-NVW |
|---|---|
| Plaintiff, | **MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| AMEC Environment & Infrastructure, Inc., a Nevada Corporation; AMEC PLC, a British company, | (Oral Argument Requested) |
| Defendants. | |

Plaintiff moves for summary judgment on count one (breach of employment contract) against Defendant AMEC Environment & Infrastructure, Inc. pursuant to Rule 56, Federal Rules of Civil Procedure. There are two versions of the employment contract, but Defendant destroyed the original version when litigation was pending and when Defendant and its current counsel knew Plaintiff was presenting a competing version. Defendant's destruction warrants terminating sanctions as to the material terms of the contract. One cannot reasonably explain why Defendant - who has repeatedly

1 made vitriolic statements about Plaintiff and accused her of horrific crimes – would not
2 preserve the sole piece of evidence that would support their accusations and vitriol.

3       According to Plaintiff's "version" of the contract, she was guaranteed six years
4 of employment for a set salary. If Defendant were to terminate Plaintiff prior to the
5 natural expiration of the contract, Plaintiff is due and owed the remaining monies on the
6 term contract within three days of the termination. Defendant terminated Plaintiff one
7 year after the contract was signed but did not pay her the remaining balance, which
8 deprived Plaintiff of the remaining five years of employment and income. Accordingly,
9 Plaintiff moves for summary judgment in the amount of $480,702.76 trebled to
10 $1,442,108.28 pursuant to A.R.S. § 23-355.

11 **MEMORANDUM OF POINTS AND AUTHORITIES**

12 **I.    INTRODUCTION AND FACTUAL BACKGROUND**

13       It is undisputed that Defendant terminated its employment relationship with
14 Plaintiff on April 21, 2009. PSOF ¶¶ 14-16, 19. It is undisputed that Defendant did not
15 pay to Plaintiff the remaining balance due on the contract after the termination. *Id*. at
16 ¶¶17-18. It is also undisputed that Plaintiff and Defendant entered into an employment
17 contract. Accordingly, the issues of formation, breach and the fact of damages (versus
18 amount of damages) are undisputed.

19       The sole issue is the material terms of the contract, but this is only an issue
20 because Defendant destroyed the original thereby precluding a definitive resolution to
21 an otherwise simple case. *Id*. at ¶¶26, 33-34. For this destruction, Plaintiff seeks the
22 sanction of summary judgment because Defendant's act of spoliation severely
23 prejudices Plaintiff from ever proving the genuine contract is in fact genuine. *See*, *Id*. at
24 ¶34 (Plaintiff's expert opining a definitive conclusion as to the authenticity of the
25 employment contract is impossible to reach without an examination of the original).
26 There is no disagreement that Defendant destroyed the original contract while litigation
27 was pending. *See*, *Id*. at ¶¶22-29 (showing the chronology of the Mohave Court
28 litigation and Defendant's destruction of the original after it filed several motions).

Since 2010, Plaintiff has endured Defendant characterizing *her* as a fraudster, but she has consistently produced to the Mohave Court and this Court the same contract. *Id*. at ¶13. The employment contract guarantees her employment for a period of six years until December 31, 2013, which was the projected completion date of the Havasu sewer project. *Id*. at ¶¶6-7, 13. The employment contract is detailed, and it contains legal terms that only a seasoned legal practitioner would be qualified and have the knowledge to produce. *Id*. The salient terms of the employment contract are that Defendant would employ Plaintiff from January 28, 2008 to December 31, 2013, and that her salary would be guaranteed during that term. *Id*. Plaintiff was interrupting her Masters studies and relocating her entire family from Boise, so a term contract was something upon which she insisted. *Id*. at ¶6. More importantly, in the event Defendant terminated Plaintiff's employment, she would be due and owed her salary for the remaining term under the contract period within three days of the termination. *Id*. Defendant terminated Plaintiff and did not pay. *Id*. at ¶¶15-18. Since the termination and despite significant efforts, Plaintiff has been unable to find gainful employment. Id. at ¶19. The amount due and owed on the contract is $480,702.76, which is trebled to $1,442,108.28.

Defendant's destruction of the original contract has given it a tactical advantage because it can now dispute the sole issue in this case. On October 27, 2011, Defendant destroyed the original of the contract. *Id*. at ¶¶26, 33; *but see*, *Id*. at ¶32 (Prior to Defendant admitting it destroyed the original, *it claimed there never was an original*). This is problematic, and at best grossly negligent, for several reasons. *First*, litigation surrounding the employment contract in Mohave County Superior Court was underway at the time the destruction occurred. *Id*. at ¶¶21-25. *Second*, Defendant knew Plaintiff was presenting to the Mohave Court an employment contract that differed with Defendant's version. *Id*. This should have alerted Defendant to preserve the original especially since it has taken every opportunity to disparage and attack Plaintiff's ethics. If Defendant was in the "right", surely it would have preserved the original for an

3

1  expert to conclusively determine Plaintiff's version is not authentic. What better way to
2  crush the adversary and save years of litigation and tens of thousands of dollars in
3  lawyer's fees. *Third*, the destruction of the contract and the knowledge of competing
4  contracts occurred while Defendant's current counsel – Robert Schaffer of Lewis &
5  Roca – was representing Defendant in Mohave Court. *Id*. at ¶23. Counsel should have
6  advised its client to retain the single-most relevant piece of evidence with the
7  knowledge of competing versions of the contract. Counsel is a seasoned practitioner
8  who knows an original can provide simplicity in a case such as this. *Fourth*, Plaintiff
9  cannot definitively prove her contract is genuine without the original. *Id*. at ¶34.
10 With this Motion, Plaintiff asks the Court to accept the undisputed facts showing
11 formation, breach and damages and to accept that Defendant destroyed the original
12 contract. More importantly, Plaintiff prays the Court will order summary judgment as a
13 terminating sanction due to Defendant's destruction of the original employment
14 contract when it knew litigation was pending and knew Plaintiff was presenting a
15 competing (true) version of the contract. When the Court thinks of Defendant's
16 vociferous denials, unmitigated personal attacks on Plaintiff, and its repeated motion
17 practice, *there is no logical or economical reason why it would destroy the sole piece of*
18 *evidence that would allegedly support their position and dispose of this case years ago*
19 other than to spoliate the sole evidence that can easily substantiate Plaintiff's case.
20 **II.    ARGUMENT**
21     **A.    <u>Defendant Breached the Employment Contract</u>**
22 To prevail on a breach of contract claim, the plaintiff is required to prove a
23 contract existed between her and defendant, the defendant breached the contract, and
24 plaintiff suffered damages as a result. *Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d
25 656, 657 (1975). "When an employee is wrongfully discharged before the expiration of
26 its term, one long established remedy is to treat the contract as continuing, and recover
27 damages for breach thereof." *Fleming v. Pima County*, 141 Ariz. 149, 153, 685 P.2d
28 1301, 1305 (1984) (citations omitted). "The measure of damages for such a breach of

1 contract is determined by deducting the sums earned in mitigation from the sum
2 stipulated to be paid by the contract." *Fleming*, 141 Ariz. at 153; *see also*, *Perry v.*
3 *Apache Junction Elementary School Dist. #43*, 20 Ariz. App. 561, 563, 514 P.2d 514,
4 516 (1973) (breach of employment contract warrants damages in the amount of "the
5 balance of the salary due under the employment contract less any sums the employee
6 was able to earn during the remainder of the contract period").

7 Here, Plaintiff and Defendant entered into a six-year guaranteed employment
8 contract for the purpose of working on the Lake Havasu sewer project. PSOF ¶¶10-14.
9 Pursuant to the terms of the contract, Defendant is obligated to pay the balance of the
10 contract within three days of the termination so long as Plaintiff had survived the three-
11 month probationary period. *Id.* at ¶13. Defendant terminated Plaintiff's employment on
12 April 21, 2009[1], which was well after the three-month probationary period. *Id.* at ¶¶15-
13 16, 19. Since Defendant did not pay the balance due of $480,702.76, Defendant
14 breached the employment contract. *Id.* at ¶18. This amount is trebled to $1,442,108.28.
15 A.R.S. §§ 23-353; 355; *see also*, *Crum v. Maricopa County*, 190 Ariz. 512, 514, 950
16 P.2d 171, 173 (Ct. App. 1997) ("Under Arizona law, an employer must pay a
17 discharged employee wages due within three days of discharge; if the employer fails to
18 do so, the employee may recover treble the unpaid wages in a civil suit").

19 **B.** **Defendant Destroyed the Original Knowing Litigation Was Pending**

20 To obtain sanctions for spoliation of evidence, the moving party must show (1)
21 the party having control over the evidence had an obligation to preserve it when it was
22 altered or destroyed, (2) the destruction or loss was accompanied by a culpable state of
23 mind, and (3) the destroyed evidence was relevant to the claims or defenses of the party
24 that sought the discovery of the spoliated evidence. *Veolia Transp. Servs. Inc. v.*
25 *Evanson* (D. Ariz. 2011). As an initial matter, there is no reasonable dispute that the
26 employment contract is the single-most relevant piece of evidence.

---

[1] And Plaintiff has not been able to find gainful employment since.

5

### i. Duty to Preserve

The "duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation." *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011). This duty first runs to counsel. *See*, *Id*. at 1006 ("The preservation obligation runs first to counsel, who has a duty to advise his client of the type of information potentially relevant to the lawsuit and of the necessity of preventing its destruction").

Here, Defendant destroyed the original version of the contract on October 27, 2011, which was well after Plaintiff filed her *pro se* complaint in Mohave Court alleging a breach of the employment contract. PSOF at ¶¶21-26. More disturbing is that Defendant destroyed the original when it knew Plaintiff was presenting a different version of the contract than the one it now argues is the genuine version. *Id*. at ¶¶22, 26. On January 14, 2011, Plaintiff filed an amended complaint attaching the contract as exhibit one. *Id*. at ¶22. Defendant, through its counsel Robert Schaffer, made an appearance on March 22, 2011 fully aware of what Plaintiff was presenting as the genuine contract. *Id*. at ¶26. Counsel's first step was to advise Defendant not to destroy the one piece of evidence that could verify their alleged claims that Plaintiff's version is unauthentic. Defendant, and its counsel, were under a duty to preserve the contract in its original form especially since they knew originals are needed to authenticate the contract and when they knew Plaintiff was presenting an alleged competing version.

### ii. Defendant Had a Culpable State of Mind

The "finding of fault or simple negligence is a sufficient basis on which a court can impose sanctions against a party that has destroyed documents." *Melendres v. Arpaio*, 2010 WL 582189, at *5 (D. Ariz. 2010) (citing *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfr'g Corp.*, 982 F.2d 363, 369 (9th Cir. 1992)); *Surowiec*, 982 F.2d at 369 n.2. As a matter of law, the failure of the spoliating party to suspend destruction of relevant documents constitutes gross negligence when litigation is known. *Id*.

6

1    Here, not only did Defendant know litigation was ongoing, it also knew that
2 Plaintiff attached a contract as exhibit one to the amended complaint that differed with
3 the contract it claims to be authentic. PSOF at ¶22. In this case and in the Mohave
4 Court, Defendant has not shied away from attempting to destroy Plaintiff. *See*, *Id.* at
5 ¶¶23-29 (Defendant accusing Plaintiff of fraud relating to service of the complaint);
6 Docket generally (accusing Plaintiff of forging the 1099 but later conceding Defendant
7 sent it). Accordingly, would not Defendant want to keep the sole piece of evidence that
8 would allegedly "hang" its allegedly dishonest adversary? Even worse, Defendant
9 destroyed the contract when it was represented by capable counsel – the same counsel
10 in this lawsuit. Defendant's aggression toward Plaintiff is not atypical of its fraudulent
11 history nor of a party that utilizes the "best defense is a good offense" strategy.

12    **C.    Destruction of the Original Warrants a Terminating Sanction**

13    "A proper spoliation sanction should serve both fairness and punitive functions."
14 *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009); *see also*, *Vodusek v. Bayliner*
15 *Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995) (a proper sanction will serve the
16 "purpose of leveling the evidentiary playing field and … sanctioning the improper
17 conduct"). A terminating sanction is available when "a party has engaged deliberately
18 in deceptive practices that undermine the integrity of the judicial proceedings."
19 *Anheuser-Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995);
20 *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). "Deliberate" is synonymous
21 with "willfulness, fault or bad faith". *Anheuser-Busch, Inc.*, 69 F.3d at 348. The
22 destruction of evidence is "willful" if the destroying party has "some notice that the
23 documents were potentially relevant to the litigation before they were destroyed."
24 *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002).

25    Here and as discussed above, the employment contract at center-stage in this
26 lawsuit was front and center of the litigation when Defendant destroyed it. Moreover,
27 Defendant is a sophisticated, large corporation that has experience in litigation. The
28 Court need only do a quick PACER search of Defendant's litigation involvement to

7

ascertain its wealth of experience in civil litigation (and criminal litigation). The most damning aspect however is the fact that Defendant was represented by capable, well-respected counsel at the time it destroyed the original version.

### i. Ninth Circuit Case Law Dictates Terminating Sanctions in this Lawsuit

The Ninth Circuit Court of Appeals established a five-part test to determine whether a terminating sanction is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

As the Court is aware, a definitive conclusion as to the genuine contract cannot be obtained without the original. PSOF ¶32. The signatures on both competing versions were electronically cut and pasted onto the other competing version. *Id*. Defendant destroyed the original, which has now caused nearly three years of litigation that will result in a 50/50 chance for both parties if the Court does not levy terminating sanctions. Plaintiff should not be so prejudiced since Defendant created the prejudice.

The ***first two factors*** weigh in favor of efficiency since the public seeks low cost while the Court seeks quick resolution to preside over the other innumerable new cases filed daily. Efficiency favors terminating sanctions. Had Defendant retained the original contract, Plaintiff's expert would have been able to conclude that Plaintiff's employment contract is genuine. Unfortunately, however, Defendant has put Plaintiff and the Court into the expensive and inefficient position that if terminating sanctions are not levied, then the parties and the Court will be forced to undergo a trial. The trial will require the assembling of a jury and for the Court to set aside other cases and oral arguments for a week's period while trial is conducted. And according to the Scheduling Order, trial will not be contemplated until after the mid-point of 2013. *See*, Doc. 29 at 5:5-6 (joint proposed pretrial order due on June 14, 2013). In sum,

Defendant's failure to do something as simple as preserving the most relevant piece of evidence will cause the Court, Plaintiff and the public significant expense and time.

The *third factor* also weighs in favor of terminating sanctions because Plaintiff will be prejudiced without summary judgment. In the event the Court denies terminating sanctions, Plaintiff will be prejudiced by leaving credibility as the jury's decision versus the concrete evidence of the original contract. In the former case, Plaintiff has a 50/50 chance. In the case the original was not destroyed, she had a 100% chance of obtaining judgment based on the evidence.

As for the *fourth factor*, a decision on the merits is dependent upon full disclosure of evidence to accurately ascertain the factual truth. Here, a decision on the merits cannot ever be obtained since the sole, relevant piece of evidence has been destroyed. Had the original been preserved, a decision on the merits could be obtained. Accordingly, the fourth factor weighs in favor of terminating sanctions as well.

As to the *fifth factor*, the sole less drastic measure the Court could contemplate would be a jury instruction levying a presumption against Defendant. In that case, Plaintiff would be equally helpless. The destruction of the document upon which the entire case rests eclipses "entirely the possibility of a just result." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1071 (N.D. Cal. 2006).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant summary judgment on Count One of the First Amended Complaint.

RESPECTFULLY SUBMITTED this 11th day of February, 2013.

                THE STROJNIK FIRM LLC

                By s/ Peter K. Strojnik
                   Peter K. Strojnik (026082)
                   Peter Strojnik (006464)
                   2415 East Camelback Road, Suite 700
                   Phoenix, Arizona 85016
                   Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on February 11, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Melanie Pate
Robert Schaffer
Alastair Gamble
Lewis & Roca LLP
40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004
Attorneys for Defendant

s/ Peter K. Strojnik