Peter K. Strojnik, State Bar No. 026082
**THE STROJNIK FIRM L.L.C.**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 510-9409
Facsimile: (602) 532-7572
Strojnik@skplaw.com

Peter Strojnik, State Bar No. 006464
**STROJNIK P.C.**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 524-6602
Facsimile: (602) 296-0135
PS@strojnik.com

Attorneys for Plaintiff
Stacy Ford-Kelly

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly,<br><br>          Plaintiff,<br><br>vs.<br><br>AMEC Environment & Infrastructure, Inc., a Nevada Corporation; AMEC PLC, a British company,<br><br>          Defendants. | Case No: 3:12-cv-08085-NVW<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT AMEC PLC'S MOTION TO DISMISS**<br><br>(Oral Argument Requested) |

PLC's Motion to Dismiss should be denied for three reasons. *First*, jurisdiction is proper because (1) PLC has three offices in the Phoenix metropolitan area, and (2) Plaintiff properly alleged that PLC was her employer. FAC at ¶7, 12. *Second*, PLC was Plaintiff's employer as alleged and as demonstrated by the developed facts in this lawsuit. *Third*, both the breach of contract and FMLA counts are within the one and three year statutes because the lower court tolled the statute with the use of Arizona's Savings Statute. Upon Plaintiff's re-filing of the 2012 state court case, she began with a

1 "clean slate".  Since the 2012 filing, less than a year has elapsed.  This Response is
2 more fully supported by the below Memorandum of Points and Authorities.

3 **MEMORANDUM OF POINTS AND AUTHORITIES**

4 **I.     THE COURT HAS GENERAL AND SPECIFIC JURISDICTION**

5     **A.     General Jurisdiction Because of PLC's Three Phoenix Offices**

6     General jurisdiction is determined by applying the substantial or continuous and
7 systematic contacts test.  *Perkins v. Beguet Consol. Mining Co*., 342 U.S. 437 (1952).
8 There are two focuses of the test – whether there is a deliberate presence in the forum
9 and whether there is participation in the state's markets.  *Gator.com Corp. v. L.L. Bean,*
10 *Inc*., 341 F.3d 1072, 1077 (9th Cir. 2003).  The maintenance of an office in the forum
11 meets this test.  *Perkins*, 342 U.S. at 444.

12     Here, PLC operates three offices just in the Phoenix metropolitan area, which is
13 demonstrated by PLC's website www.amec.com.  Proof that amec.com is PLC's website
14 is found on the privacy page of the website.  *See*, Exhibit 1 ("AMEC PLC respects your
15 privacy …").  On the "contact us" page of the website, it states "AMEC's offices and
16 locations" with a clickable map underneath.  After the map is clicked, a larger world
17 map is shown with the words "Our offices" directly above.  If the map is clicked on the
18 United States and then Arizona, it reveals that <u>PLC has three offices in the Phoenix</u>
19 <u>metro area – one in Phoenix, one in Mesa, and one in Scottsdale</u>.  In fact, one of PLC's
20 offices is a few miles away from the Court on Washington Street.  *See*, Exhibit 2 (for
21 the web pages in order of progression).  As discussed below, David Bennion, the human
22 resources manager who terminated Plaintiff, works at the Mesa office of PLC.  *Infra*.
23 Accordingly, PLC's personal jurisdiction argument is in bad faith.

24     **B.     Specific Jurisdiction Because Plaintiff Alleges PLC Fired Her**

25 "Specific jurisdiction exists if (1) the defendant has performed some act or
26 consummated some transaction within the forum or otherwise purposefully availed
27 himself of the privileges of conducting activities in the forum, (2) the claim arises out of
28

2

1 or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082 (9th Cir. 2000).

Here, Plaintiff alleged that PLC was Plaintiff's employer. Doc. 39 at ¶7, 12. The breach of contract and FMLA claims arise in part due to PLC's employment of Plaintiff and PLC's termination of Plaintiff. Infra. Moreover, jurisdiction would be reasonable in light of the fact that PLC has local counsel engaged, the witnesses are primarily located in Phoenix and Washington state, and PLC has three offices in Phoenix. As such, specific jurisdiction is also appropriate.

## II. PLAINTIFF ALLEGED EMPLOYMENT RELATIONSHIP WITH PLC

PLC argues that the breach of contract and FMLA counts against it should be dismissed because PLC was allegedly not Plaintiff's employer. However, Plaintiff properly alleged that she entered into the employment contract with PLC. Doc. 39 at ¶¶7, 12. In Paragraph 7 of the FAC, Plaintiff names both party defendants and collectively refers to them as "Defendant". *See, id.* at ¶7 ("Defendant parties are cumulatively referred to as 'Defendant'). Plaintiff thereafter alleges that "Defendant", which includes both party defendants, contacted her for the open engineer position and that she "accept[ed] Defendant's offer of employment." *Id.* at ¶12. Accordingly, Plaintiff properly alleged that PLC was her employer.

### A. The *Developed* Facts Also Show PLC Was Plaintiff's Employer

For example, it was PLC that crafted the "hire package" for Plaintiff and submitted it for approval. *See*, Exhibit 3 (e-mail from Renee Lair to David Bennion showing that she and Bennion <u>sign their e-mails as employees of "AMEC"</u>); *but see*, Exhibit 4 (e-mail from payroll manager Ms. Halladay where she <u>signs her e-mails as employee of "AMEC Earth & Environmental"</u>). To further illustrate the employment relationship between Plaintiff and Defendant, it was PLC's decision to terminate Plaintiff while she was still on FMLA leave. David Bennion, the southwest human resources manager for PLC (see Exhibit 3 showing signature line for Bennion)

3

1  submitted e-mails to several persons requesting permission to terminate Plaintiff the day
2  she returned from FMLA leave. *See*, Exhibit 5 ("Stacy has exhausted her 12-week
3  FMLA leave job protection, and thus we are not obligated to return her to work").
4  David Bennion is employed at PLC's Mesa office. *Id*.; see also, *supra*.  Moreover, the
5  person to whom Mr. Bennion sent the e-mail for approval of termination was Maya
6  Galchenko (*nka* Maya Murphy), who is the human resources manager for PLC. *Id*.; *see*
7  *also*, Exhibit 6 (Galchenko's zoominfo.com profile showing she is human resources
8  director of AMEC PLC).  Finally, the senior vice president for PLC approved the
9  termination.  See, Exhibit 5 (David Peterson approving termination); *see also*, Exhibit 7
10 (Peterson's linkedin profile showing he is senior vice president for AMEC).

11       **B.    PLC Controls the Operations of Earth and Environmental**

12       Plaintiff's employment was governed by PLC's "Code of Business Conduct"
13 ("PLC's Code"), which is posted on "AMECnet".  *See*, Exhibit 8 (Code of Business
14 Conduct Statement of Acknowledgment for All Employees).  PLC's Code states that the
15 Code is a "set of principles to guide us, and those who work on our behalf and under our
16 direction, <u>in the conduct of our day-to-day business</u>."  Exhibit 9 (emphasis supplied).
17 Plaintiff was required to read and understand the Code of Business Conduct, receive
18 mandatory training for the Code, and promise that she "will abide by this Conduct of
19 Business Conduct with respect to all matters related to my employment with AMEC".
20 Exhibit 8; *see also*, Exhibit 1 ("AMEC is a global operation but its businesses are
21 managed through various regional entities"); *Unocal*, infra ("if the parent and subsidiary
22 are not really separate entities, or one acts as the agent of the other" alter ego or agency
23 applies and "the local subsidiary's contacts with the forum may be imputed to the
24 foreign parent corporation"). Plaintiff's employment was also governend by PLC's
25 "Computer and Electronic Information and Communications Systems Policy".  Exhibit
26 10.  Finally, all personnel documents for Plaintiff's employment were written on PLC's
27 letterhead, including the Moving Allowance Form and the Employment Contract (both
28 versions).  *See, e.g*. Exhibit 8. This control of day-to-day operations is exactly the type

1  of control that permits alter ego and agency allegations for parent corporations to move forward and also permits asserting personal jurisdiction when it otherwise does not exist.  *See*, *Kramer Motors, Inc. v. British Leyland*, 628 F.2d 1175, 1177 (9th Cir. 1980) (alter ego permissible where parent controls the subsidiary's daily operations); *In re Phenylpropanolamine Prod. Liab. Litig.*, 344 F.Supp.2d 686, 691 (W.D. Wash. 2003) ("an alter ego or agency relationship is typified by parent control of the subsidiary's internal affairs or daily operations"); *Doe v. Unocal Corp.*, 248 F.3d 926 (9th Cir. 2001) (showing "such unity of interest and ownership" between the parent and subsidiary is sufficient to show alter ego or agency).

**III.   THE STATUTE OF LIMITATIONS ARGUMENT FAILS BECAUSE BOTH COUNTS WERE TIMELY FILED AFTER THE RE-FILED 2012 STATE COURT ACTION**

As discussed in Plaintiff's Doc. 73 Response to Defendant's <u>moot</u> Motion for Judgment on the Pleadings, Plaintiff was provided by the Mohave County court a "clean slate" pursuant to Arizona's Savings Statute.  A.R.S. § 12-504(C).  Pursuant to Arizona law, "a court that grants such relief necessarily has considered the defects and determined that the plaintiff should be permitted to start again, in essence, with a clean slate.  *Short v. Dewald*, 226 Ariz. 88, 98 (2010).  Here, Plaintiff took advantage of the "clean slate" and re-filed in 2012 in state court.  She moved to amend to add PLC within a year of the re-filing, and therefore both the FMLA cause of action (three years) and breach of contract cause of action (one year) were timely filed.

**IV.   CONCLUSION**

For the foregoing reasons, PLC's Motion should be denied.

RESPECTFULLY SUBMITTED this 14th day of February, 2013.

THE STROJNIK FIRM LLC

By <u>s/ Peter K. Strojnik</u>
   Peter K. Strojnik (026082)
   Peter Strojnik (006464)
   Attorneys for Plaintiff

5

**CERTIFICATE OF SERVICE**

I certify that on February 14, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Melanie Pate
Robert Schaffer
Alastair Gamble
Lewis & Roca LLP
40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004
Attorneys for Defendant

s/ Peter K. Strojnik