EXHIBIT A

# UNITED STATES DISTRICT COURT
### for the District of Idaho

| | | |
|---|---|---|
| STACY D. FORD-KELLY | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:12-cv-08085-NVW |
| | ) | |
| | ) | |
| AMEC ENVIRONMENT & | ) | |
| INFRASTRUCTURE, INC., et al., | ) | |
| | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Registrar
        Boise State University
        1910 University Drive
        Administration Building Room 110
        Boise, ID  83725-1365

     **X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A.

| Place: Lewis and Roca LLP<br>40 N. Central Ave., 19th Floor, Phoenix, AZ 85004 | Date and Time:<br>March 8, 2013         10:00 AM |
|---|---|

     ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:___February 21, 2013_____

         *CLERK OF COURT*          OR

_____          _____
       *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **AMEC Environment &**

**Infrastructure, Inc.**, who issues or requests this subpoena, is: **Robert G. Schaffer, Lewis and Roca LLP, 40 North Central**

**Avenue, Phoenix, AZ  85004, RSchaffer@lrlaw.com, (602) 262-0271.**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

### DEFINITIONS

As used herein, the following words have the meaning:

1.     "Plaintiff" or "Ford-Kelly" refers to Plaintiff Stacy D. Ford-Kelly, formerly known as Stacy D. Ford, and any agent of Stacy D. Ford-Kelly, or entity in which Stacy D. Ford-Kelly is an officer, director, member, or principal.

2.     "AMEC" refers to Defendant AMEC Environment and Infrastructure, Inc., its predecessors and successors, as well as all directors, officers, employees, agents, and representatives of the foregoing.

3.     The term "document" includes all written or graphic matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations from which information can be obtained or translated, if necessary, into reasonably usable form. The term "document" includes all copies of the document that contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original.

4.     "Communication" includes all inquiries, discussions, negotiations, agreements, meetings, telephonic conversations, letters (including enclosures and attachments), correspondence, notes, telegrams, facsimile transmittals, electronic mail (including attachments), or other forms of communication including but not limited to both oral and written communication.

5.     "Refer to" or "relate to" means in whole or in part constituting, containing, concerning, discussing, describing, analyzing, identifying, or stating.

## DOCUMENTS REQUESTED

1.      Any and all documents or communications referring to or evidencing Ford-Kelly's student records, including a transcript of her class history, grade reports, and GPA for each degree earned.

2.      Any and all documents or communications referring to or evidencing any tutoring, instructor, teaching assistant, or lab assistant positions held by Ford-Kelly. (*See* Exhibit 1 attached hereto.)

3.      Any and all documents or communications referring to or evidencing any honors or awards received by Ford-Kelly, including but not limited to those listed on Exhibit 1 attached hereto.

4.      All student records for Ford-Kelly, including but not limited to all attendance records and any report relating to her behavior, whether evidencing commendations or complaints and/or reprimands.

5.      Any and all documents or communications referring to or evidencing Ford-Kelly's participation in and dismissal from the Boise State University Practical Nursing Program. (*See* Exhibit 2 attached hereto.)

# STACY D. FORD

(928) 846-2289          1561 Mohican Dr., Lake Havasu City, AZ 86406          stacy.deann71@gmail.com

## EDUCATION
**Boise State University - M.E.C.E**
- Completed 18 of 30 credits prior to relocation to Arizona
- Specializing in Wastewater & Water Treatment Design with an emphasis in Hydrology & Hydrogeology
- GPA - 3.70

**Boise State University - B.S.C.E.**
- Graduated – May 2006
- GPA - 3.45

## CERTIFICATIONS
*EIT – Idaho Board Certificate #6313*
*ITD –WAQTC Qualification #21514*
- All 4 WAQTC Certifications – Exp. May 2009 / June 2010
- Concrete & Structures Inspector – Exp. May 2009
- Surface Treatment & Plant Mix Pavement Inspector – Exp. June 2009
- Contract Administration– Exp. June 2009
- SWPP – Storm Water Pollution Prevention Control Manager

## COMPUTER PROGRAM KNOWLEDGE
Auto Cad – Civil 3D, Map & Land Desktop
Water Cad Modeling
Hydra Modeling
Info Works Modeling
ARC GIS – Info Water & Info Sewer
Microsoft Project Manager
Excel & Word

## EMPLOYMENT HISTORY
**AMEC Earth & Environmental, Inc.**
January 2008 - April 2009
Lake Havasu City, AZ
- Engineer in Training

**JUB Engineers, Inc.**
January 2006 – January 2008
Nampa, ID.
- Engineer in Training

**Idaho Transportation Department**
April 2004 – January 2006
- Engineering Intern

**Boise State University**
January 2003 – May 2006
- Supplemental math instructor for Pre-Algebra through Differential Equations – 2003-06
- Tutor for all engineering classes – 2004-06
- Land surveying teaching assistant & lab instructor – 2004-06

## HONORS & AWARDS
*Who's Who Among Executive & Professional Women in Engineering – 2007*
*International Mission on Engineering – China, Summer 2005*
*BSU Gamma Beta Phi Honor's Society – Top 10% of Boise State University*
*National Science Foundation Scholarship –2005*
*National Dean's List – 2001, 02, 03, 04, 05 & 06*
*Collegiate All American Scholar – 2003, 04 & 05*
*National Collegiate Engineering Award – 2003*

## REFERENCES AVAILABLE UPON REQUEST

FORD 00179

EXHIBIT 1



**BOISE STATE UNIVERSITY**    1910 UNIVERSITY DRIVE    BOISE, IDAHO 83725
COLLEGE OF TECHNOLOGY                                TELEPHONE (208) 385-1508

September 16, 1992

Judge Alan M. Schwartzman
Ada County Court House
514 W. Jefferson
Boise, Idaho  83702

Dear Judge Schwartzman,

I am writing at the request of Stacy Ford. She states she must
appear before you in December and has requested I inform you of her
leaving the Practical Nursing Program.

This afternoon, September 16, 1992, I dismissed Stacy from the
Practical Nursing Program for repeated lying.  This behavior has
reached the point where her continuing in the program was unsafe
for patients, doctors, hospital staff, nursing faculty, and Boise
State University.  In the dismissal notice that Stacy was given, it
was recommended that she receive a minimum of one year professional
counseling to address her need for lying, prior to any readmission
procedure.

At the time of the dismissal, Stacy stated she was financially
unable to continue in the program.  I informed Stacy that I was
sorry she was having financial difficulty but that had nothing to
do with the dismissal.

It is the hope of the Practical Nursing Faculty, that Stacy receive
the needed Professional Counseling.  If there is any thing I can do
to assist you or Stacy, please contact me.

Sincerely,

Mary Ann Towle

Mary Ann Towle, Program Head
Practical Nursing Program
College of Technology
Boise State University
1910 University Dr.
Boise, Idaho  83725

phone 385-1137
cc:  Stacy Ford

AMEC000451

**EXHIBIT 2**

**_bu_**

**_BOISE STATE UNIVERSITY_**    _1910 UNIVERSITY DRIVE_    BOISE, IDAHO 83725

_COLLEGE OF TECHNOLOGY_                              TELEPHONE: (208) 385-3015

September 21, 1992

Judge Alan M. Schwartzman
Ada County Court House
514 West Jefferson
Boise, Idaho 83702

Dear Judge Schwartzman:

I am writing to you at the request of Stacy Ford. She states she must appear before you in December.

Stacy Ford was removed from the Practical Nursing Program on September 16, 1992 for repeated lying. This behavior reached the point where her continuing in the Nursing program was determined unsafe for patients, doctors, hospital staff, nursing faculty and Boise State University. It was stated in the dismissal notice that Stacy must receive a minimum of one year of professional counseling to address her need for lying prior to any readmission procedure.

It is recommended that placing Stacy in jail would not be in her best interest and that a sentence for special counseling would be far more beneficial.

If there is anything we can do to assist, please contact the Practical Nursing Program Head, Mary Ann Towle, or myself.

Sincerely,

_Sharon L Cook_

Dr. Sharon L. Cook
Associate Dean

cc:    Stacy Ford

AMEC000446

# EXHIBIT B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the District of Idaho

| | | |
|---|---|---|
| STACY D. FORD-KELLY | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:12-cv-08085-NVW |
| | ) | |
| | ) | |
| AMEC ENVIRONMENT & | ) | |
| INFRASTRUCTURE, INC., et al., | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Custodian of Records
        Idaho Transportation Department
        3311 W. State Street
        P.O. Box 7129
        Boise, ID 83707-1129

     X *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A.

| Place: Lewis and Roca LLP | Date and Time: |
|---|---|
| 40 N. Central Ave., 19th Floor, Phoenix, AZ 85004 | March 8, 2013          10:00 AM |

     ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:__ February 21, 2013 ___

|   *CLERK OF COURT*   |   |   |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **AMEC Environment & Infrastructure, Inc.**, who issues or requests this subpoena, is: **Robert G. Schaffer, Lewis and Roca LLP, 40 North Central Avenue, Phoenix, AZ 85004, BSchaffer@lrlaw.com, (602) 262-0271.**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

## DEFINITIONS

As used herein, the following words have the meaning:

1.      "Plaintiff" or "Ford-Kelly" refers to Plaintiff Stacy D. Ford-Kelly, formerly known as Stacy D. Ford, and any agent of Stacy D. Ford-Kelly, or entity in which Stacy D. Ford-Kelly is an officer, director, member, or principal.

2.      "AMEC" refers to Defendant AMEC Environment and Infrastructure, Inc., its predecessors and successors, as well as all directors, officers, employees, agents, and representatives of the foregoing.

3.      The term "document" includes all written or graphic matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations from which information can be obtained or translated, if necessary, into reasonably usable form.  The term "document" includes all copies of the document that contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original.

4.      "Communication" includes all inquiries, discussions, negotiations, agreements, meetings, telephonic conversations, letters (including enclosures and attachments), correspondence, notes, telegrams, facsimile transmittals, electronic mail (including attachments), or other forms of communication including but not limited to both oral and written communication.

5.      "Refer to" or "relate to" means in whole or in part constituting, containing, concerning, discussing, describing, analyzing, identifying, or stating.

## DOCUMENTS REQUESTED

1.    Any and all documents or communications referring to or evidencing Ford-Kelly's application for or solicitation of employment with you, or your recruitment of Ford-Kelly for employment, including all documents or communications related to her interview.

2.    Any and all documents and communications relating to Ford-Kelly's employment by you including but not limited to her personnel file, any supervisor files, payroll records, including wage and benefit information, employee performance reviews, performance improvement plans, coaching or counseling memoranda, verbal or other warnings, commendations or disciplinary records, attendance records, employment applications, insurance claims, medical files, termination notices and severance agreements.

EXHIBIT C

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the District of Idaho

| | |
|---|---|
| STACY D. FORD-KELLY | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| AMEC ENVIRONMENT & | ) |
| INFRASTRUCTURE, INC., et al., | ) |
| | ) |

Civil Action No. 3:12-cv-08085-NVW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Custodian of Records
       J·U·B Engineers, Inc.
       250 S. Beechwood Avenue
       Boise, ID 83709

X *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below
the following documents, electronically stored information, or objects, and permit their inspection,
copying, testing, or sampling of the material: SEE EXHIBIT A.

| Place: Lewis and Roca LLP<br>40 N. Central Ave., 19th Floor, Phoenix, AZ 85004 | Date and Time:<br>March 8, 2013          10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated
premises, land, or other property possessed or controlled by you at the time, date, and location set forth
below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property
or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and
Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of
not doing so, are attached.

Date:   February 21, 2013

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **AMEC Environment &**

**Infrastructure, Inc.**, who issues or requests this subpoena, is:**Robert G. Schaffer, Lewis and Roca LLP, 40 North Central**

**Avenue, Phoenix, AZ  85004, bschaffe@lrlaw.com, (602) 262-0271.**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

3333784.1

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS

As used herein, the following words have the meaning:

1.     "Plaintiff" or "Ford-Kelly" refers to Plaintiff Stacy D. Ford-Kelly, formerly known as Stacy D. Ford, and any agent of Stacy D. Ford-Kelly, or entity in which Stacy D. Ford-Kelly is an officer, director, member, or principal.

2.     "AMEC" refers to Defendant AMEC Environment and Infrastructure, Inc., its predecessors and successors, as well as all directors, officers, employees, agents, and representatives of the foregoing.

3.     The term "document" includes all written or graphic matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations from which information can be obtained or translated, if necessary, into reasonably usable form.  The term "document" includes all copies of the document that contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original.

4.     "Communication" includes all inquiries, discussions, negotiations, agreements, meetings, telephonic conversations, letters (including enclosures and attachments), correspondence, notes, telegrams, facsimile transmittals, electronic mail (including attachments), or other forms of communication including but not limited to both oral and written communication.

5.     "Refer to" or "relate to" means in whole or in part constituting, containing, concerning, discussing, describing, analyzing, identifying, or stating.

## DOCUMENTS REQUESTED

1.    Any and all documents or communications referring to or evidencing Ford-Kelly's application for or solicitation of employment with you, or your recruitment of Ford-Kelly for employment, including all documents or communications related to her interview.

2.    Any and all documents and communications relating to Ford-Kelly's employment by you including but not limited to her personnel file, any supervisor files, payroll records, including wage and benefit information, employee performance reviews, performance improvement plans, coaching or counseling memoranda, verbal or other warnings, commendations or disciplinary records, attendance records, employment applications, insurance claims, medical files, termination notices and severance agreements.

EXHIBIT D

# UNITED STATES DISTRICT COURT
### for the Northern District of California

| | | |
|---|---|---|
| STACY D. FORD-KELLY | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:12-cv-08085-NVW |
| | ) | |
| | ) | |
| AMEC ENVIRONMENT & | ) | |
| INFRASTRUCTURE, INC., et al., | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Custodian of Records
       Yahoo! Inc.
       701 First Avenue
       Sunnyvale, CA 94089

X *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A.

| Place: Lewis and Roca LLP 40 N. Central Ave., 19th Floor, Phoenix, AZ 85004 | Date and Time: March 8, 2013        10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:___February 21, 2013_____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **AMEC Environment & Infrastructure, Inc.,** who issues or requests this subpoena, is: **Robert G. Schaffer, Lewis and Roca LLP, 40 North Central Avenue, Phoenix, AZ  85004, BSchaffer@lrlaw.com, (602) 262-0271.**

3333784.1

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS

As used herein, the following words have the meaning:

1. "Plaintiff" or "Ford-Kelly" refers to Plaintiff Stacy D. Ford-Kelly, formerly known as Stacy D. Ford, and any agent of Stacy D. Ford-Kelly, or entity in which Stacy D. Ford-Kelly is an officer, director, member, or principal.

2. "AMEC" refers to Defendant AMEC Environment and Infrastructure, Inc., its predecessors and successors, as well as all directors, officers, employees, agents, and representatives of the foregoing.

3. The term "document" includes all written or graphic matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations from which information can be obtained or translated, if necessary, into reasonably usable form. The term "document" includes all copies of the document that contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original.

4. "Communication" includes all inquiries, discussions, negotiations, agreements, meetings, telephonic conversations, letters (including enclosures and attachments), correspondence, notes, telegrams, facsimile transmittals, electronic mail (including attachments), or other forms of communication including but not limited to both oral and written communication.

5. "Refer to" or "relate to" means in whole or in part constituting, containing, concerning, discussing, describing, analyzing, identifying, or stating.

## EXHIBIT A

1.   Documents sufficient to identify the subscriber(s), creator(s), owner(s), and/or user(s) of the email account do_it_2_spec@yahoo.com including but not limited to name(s), location(s), address(es), phone number(s), email address(es) or other contact information for these persons.

2.   IP addresses associated with log-ins to the email account do_it_2_spec@yahoo.com.

3.   All connection logs and records of user activity for email account do_it_2_spec@yahoo.com between the creation of the account and the present, including:

     a. Connection date and time;

     b. Disconnect date and time;

     c. Method of connection (*e.g.*, telnet, ftp, http);

     d. Type of connection (*e.g.*, modem, cable / DSL, T1/LAN);

     e. Data transfer volume;

     f. User name associated with the connection and other connection information, including the Internet Protocol address of the source of the connection.