LEWIS AND ROCA LLP LAWYERS

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly, Plaintiff, vs. AMEC Environment & Infrastructure, Inc., a Nevada corporation *fka* AMEC Earth & Environmental, Inc. *fka* AMEC Infrastructure, Inc.; AMEC PLC, a British Company, Defendants. | No. 3:12-cv-08085-NVW **DEFENDANT AMEC PLC'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

In her Response in Opposition ("Opposition") to AMEC PLC's Motion to Dismiss ("Motion"), Plaintiff Stacy Ford-Kelly ("Plaintiff") attempts to satisfy her burden of establishing personal jurisdiction over defendant AMEC PLC by submitting unauthenticated print-outs from the website www.amec.com purporting to show that AMEC PLC has three offices in the state. In addition to this evidence being unauthenticated, and thus inadmissible, none of the documents actually supports the conclusion that AMEC PLC—an undisputedly distinct entity from defendant AMEC Environment and Infrastructure, Inc. ("AMEC E&I"), who actually established and operates the three Arizona offices in question—can be sued in Arizona courts.

As to the merits of her claims against AMEC PLC, Plaintiff's Opposition fails to establish that Counts 1 and 4 are viable against this defendant. First, both claims are untimely, having been first alleged against AMEC PLC well outside the applicable statutes of limitations. Plaintiff's




argument that the Arizona Savings Statute somehow "moots" this defense is based on a serious misreading of the Savings Statute and overlooks that AMEC PLC was not even a party to the original state court lawsuit. Second, Plaintiff has not alleged any facts whatsoever to pierce the corporate veil and treat AMEC PLC as an "alter ego" of AMEC E&I. Thus, even if Counts 1 and 4 were not untimely, they would be invalid as against AMEC PLC because this defendant was not Plaintiff's employer under the FMLA, nor was it a party to the alleged employment contract between Plaintiff and AMEC E&I.

In short, Plaintiff's Opposition fails to defeat the multiple grounds compelling dismissal of AMEC PLC from this action.[1]

## I. PLAINTIFF HAS NOT MET HER BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER AMEC PLC

As stated in AMEC PLC's opening Motion, Plaintiff bears the burden of establishing personal jurisdiction over AMEC PLC. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When a defendant's motion to dismiss for lack of personal jurisdiction is based on written materials rather than an evidentiary hearing, a plaintiff must "make a prima facie showing of jurisdiction to survive the motion." *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). "To make a prima facie showing, the *plaintiff may not rest on the pleadings*, but *must present admissible evidence*, in the form of affidavits or otherwise, which, if true, would support the court's exercise of personal jurisdiction." *Peter Strojnik, P.C. v. Signalife, Inc.*, 2009 WL 605411, at *1 (D. Ariz. Mar. 9, 2009) (emphasis added).

Plaintiff has completely failed to meet her burden. Not only has she failed to submit any admissible evidence in support of her Opposition, the unauthenticated evidence she does submit fails to establish personal jurisdiction over AMEC PLC. Thus, AMEC PLC should be dismissed from this lawsuit.

[1] Plaintiff has requested in the caption page of her Opposition that the Court permit oral argument on AMEC PLC's Motion. However, because the issues are clear, AMEC PLC believes that a hearing is unnecessary and would be wasteful of the Court's time and would serve only to increase attorneys' fees and costs for both parties.




**A. None of Plaintiff's Proffered Evidence is Authenticated**

Documents that are not properly authenticated are not admissible. Fed. R. Evid. 901(a); *see also Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) ("[a]uthentication is a condition precedent to admissibility") (quotations omitted).

In support of her Opposition, Plaintiff attaches print-outs of certain pages from what Plaintiff claims is a website maintained by AMEC PLC purporting to show that AMEC PLC has three offices in Arizona. Plaintiff has not provided any kind of affidavit attempting to authenticate these documents—for example, from someone with "personal knowledge of who maintains the website, who authored the documents, or accuracy of their content." *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1064-65 (C.D. Cal. 2002) (sustaining an objection to the admission of printouts from a company's website because they were unauthenticated). In fact, Plaintiff does not attempt to authenticate any of the evidence she submits in support of her Opposition.

Because Plaintiff has not offered any admissible evidence to establish personal jurisdiction, she has failed to meet her evidentiary burden. *Peter Strojnik, P.C.*, 2009 WL 605411, at *3 (dismissing corporate defendants for lack of personal jurisdiction where the plaintiff failed to submit admissible evidence in opposition to 12(b)(2) motion).

**B. None of Plaintiff's Proffered Evidence Establishes Personal Jurisdiction Over AMEC PLC.**

Even if the Court were to consider Plaintiff's proffered evidence, none of it establishes personal jurisdiction over AMEC PLC.

1. The Evidence Does Not Establish that AMEC PLC Has Offices In Arizona

The website www.amec.com is a centralized corporate website that provides information about the global operations of *all* AMEC entities, including AMEC PLC and AMEC E&I. Ex. 1, Declaration of Brad Knight ("Knight Decl."), at ¶ 3. Plaintiff's proffered evidence establishes this as well: Exhibit 1 attached to the Opposition states clearly that "AMEC is a global operation *but its businesses are managed through various regional entities*." Opposition, Ex. 1. (emphasis added) When a person does a search on the central AMEC website for office locations in the



United States (via the "contact us" tab), the results do not specify which AMEC entity operates those offices. Knight Decl., at ¶ 4. In this instance, the three Arizona offices that Plaintiff cites to from her search on this website are operated by AMEC E&I. *Id.,* at ¶ 5. Therefore, far from establishing personal jurisdiction over AMEC PLC, Plaintiff's evidence actually establishes that only AMEC E&I operates in this state.[2]

Plaintiff's error here underscores the importance of authenticating documents. Had Plaintiff performed any due diligence regarding the scope of the website and the significance of the searches she performed, she would have discovered that this information supports AMEC PLC's position. Instead, she relied on her own unsubstantiated (and incorrect) conclusions regarding the information she found on a general corporate website and submitted that information without any grounds for doing so.

2. <u>AMEC PLC and AMEC E&I are Jurisdictionally Distinct</u>

"The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) (citations omitted). "[I]f the parent and subsidiary are not really separate entities," the plaintiff may impute the minimum contacts of the subsidiary to the parent. *Id.* at 926. To defeat a motion to dismiss for lack of personal jurisdiction using this argument, "the plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate entities would result in fraud or injustice." *Id.* (citations, alterations and quotations omitted).

AMEC PLC does not dispute that AMEC E&I has the requisite minimum contacts with Arizona for personal jurisdiction to be asserted against that entity. However, Plaintiff has not submitted any authenticated, admissible, or even relevant evidence establishing a prima facie case for imputing the personal jurisdiction of AMEC E&I to AMEC PLC. *See, e.g.*, *Horner v.*

[2] AMEC PLC also disputes that the presence of three offices in the Phoenix area is enough to establish general personal jurisdiction over it, without more information regarding the activities of these offices, notwithstanding their affiliation with AMEC E&I. Moreover, since Plaintiff indisputably never worked at any of these offices, it also seems unlikely that this could confer specific personal jurisdiction in this case.




*Youghiogheny Communications, LLC*, 2006 WL 1328803, at * 3-4 (D. Ariz. 2006) (holding that the plaintiff's self-serving affidavit was insufficient to meet the burden of proof under a theory of imputed personal jurisdiction). Accordingly, the Court should not disregard the clear and established separate corporate status of AMEC PLC. *Id.* at *4.

3. Plaintiff Has Failed to Establish Personal Jurisdiction over AMEC PLC

In sum, AMEC PLC has submitted admissible evidence establishing that it lacks sufficient contacts with the state for the exercise of personal jurisdiction. Plaintiff has proffered inadmissible evidence which, even if it were admissible, does not refute AMEC PLC's evidence. Further, Plaintiff's new "alter ego" theory is facially unsupportable. Therefore, Plaintiff has failed to meet her burden regarding AMEC PLC, and AMEC PLC should be dismissed for lack of personal jurisdiction.

## II. PLAINTIFF'S FMLA CLAIM FAILS AGAINST AMEC PLC

### A. Plaintiff Has Not Alleged Facts Establishing AMEC PLC As Her Employer

As established in AMEC PLC's Motion, an FMLA claim lies only against an employer. Motion, at p. 3. Plaintiff baldly asserts that she "properly alleged that she entered into the employment contract with PLC," citing to Paragraphs 7 and 17 of the First Amended Complaint ("FAC"). Opposition, at p. 3. However, Plaintiff's overly generalized pleading style cannot overcome (1) the clear statement in the alleged contract itself that the agreement—and thus the employment relationship—was between Plaintiff and AMEC E&I (*fka* AMEC Infrastructure, Inc.), and (2) the absence of any allegations in the FAC from which the Court could plausibly infer that AMEC PLC and AMEC E&I are legally identical for purposes of these claims, either as joint employers or "alter egos." In short, Plaintiff has failed to allege facts that would plausibly establish that AMEC PLC was her employer, and this claim should therefore be dismissed.

1. Plaintiff Cannot Contradict The Documents She Attached to her Complaint

Plaintiff does not appear to dispute that AMEC PLC was not a party to the alleged employment contract on which Counts 1 and 4 are based. FAC, Ex. 1 & ¶¶ 14-16, 80. She instead suggests that because she referred collectively to both defendants in the FAC as "Defendant," she can simply plead around the unambiguous language of the alleged contract—



which undisputedly does not mention AMEC PLC—and thereby "properly" allege that both AMEC PLC and AMEC E&I were her employers. This is obviously wrong.

Allegations in a complaint that contradict facts established by documents attached to the complaint are disregarded in evaluating a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice *or by exhibit*.") (emphasis added); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 444-445 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations. . . . In fact, a plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.") (quotations and citations omitted).

Here, the alleged employment contract plainly states that the agreement was between Plaintiff and "AMEC Infrastructure," which the FAC (correctly) identifies as an "f/k/a" of AMEC E&I. (FAC, Ex. 1 & ¶ 7.) Thus, to the extent Plaintiff now argues that her generalized pleading (*i.e.*, referring to both defendants as "Defendant") was meant to allege that both AMEC PLC and AMEC E&I were her employer, this argument must be rejected because it contradicts the plain language of the contract. *Cf. Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (disregarding allegation in complaint that stated that a contract had been signed in the signatory's individual capacity where contract plainly stated that he signed it as an officer on behalf of a corporate entity).

2. Plaintiff Has Not Alleged Facts That Establish AMEC PLC As Plaintiff's Joint Employer with AMEC E&I

In the FMLA context, joint employer status is determined based on four "primary" factors: "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payment, (3) determined the rate and method of payment, and (4) maintained employment records." *Moreau v. Air France*, 356 F.3d 942, 947 (9th Cir. 2003) (citation and quotation omitted). Here, there are no allegations in the FAC that plausibly establish that AMEC PLC was Plaintiff's joint employer with AMEC E&I.



Therefore, Plaintiff has not established a basis for asserting this claim against AMEC PLC in light of the plain language of the alleged employment contract as between Plaintiff and AMEC E&I only.

Plaintiff attempts to get around her faulty pleading by arguing that the "developed" facts demonstrate that AMEC PLC was Plaintiff's employer. This is both procedurally improper and demonstrably incorrect.

First, a motion to dismiss for failure to state a claim must be evaluated on the facts alleged in the complaint, any exhibits attached to or "referenced extensively" in the complaint, and documents that are judicially noticeable. *E.g.*, *Payne v. Arpaio*, 2009 WL 3756679, at *1 (D. Ariz. 2009). Other documents or evidence—like those referenced in Plaintiff's Opposition—must be disregarded.

Second, the documents that Plaintiff cites—like all the documents she submits—are unauthenticated and thus inadmissible.

Third, all of the exhibits refer to "AMEC" but do not distinguish between AMEC PLC and AMEC E&I, and thus they do not even create an inference that the employees identified are PLC employees.

Plaintiff has not alleged any facts that could plausibly establish AMEC PLC as Plaintiff's joint employer. Therefore, this claim should be dismissed.

3. <u>Plaintiff Has Not Alleged Facts That Establish AMEC PLC As the "Alter Ego" of AMEC E&I</u>

Alternatively, Plaintiff argues that AMEC PLC is the "alter ego" of AMEC E&I, and therefore that the two companies are jointly liable for the separate acts of the other. Opposition, at pp. 4-5. However, Plaintiff has alleged no facts in the FAC that plausibly establish that this is the case.

The test to make out an alter ego claim is two-pronged: "plaintiffs must prove both (1) unity of control and (2) that observance of the corporate form would sanction a fraud or promote injustice." *Gatecliff v. Great Rep. Life. Ins. Co.*, 170 Ariz. 34, 40 (1991). This is a "strict standard" for alter ego claims. *Patterson v. Home Depot, USA, Inc.*, 684 F. Supp. 2d 1170, 1180




(D. Ariz. 2010); *see also Chapman v. Field*, 124 Ariz. 100, 102 (1979) ("[C]orporate status will not be lightly disregarded."). No facts are alleged in the FAC that remotely satisfy either prong.

Plaintiff seems to acknowledge that the factual allegations in the complaint do not plausibly satisfy the "strict standard" required to establish alter ego status. Rather, she again points to unauthenticated documents that were not attached to the FAC that purport to demonstrate that AMEC PLC "controls" the operations of AMEC E&I. Even taking the documents as authentic, they do not come close to satisfying this exacting standard.

Plaintiff has failed to establish "alter ego" status as to AMEC PLC, and therefore the FMLA claim is invalid.

**B. The Claim is Untimely As Alleged Against AMEC PLC**

As established in the Motion, Plaintiff undisputedly did not file her FMLA claim against AMEC PLC until well after the expiration of the applicable statute of limitations. Motion, at p. 6.

In response, Plaintiff argues that because her initial state court action—in which AMEC PLC was *never* named as a defendant—was dismissed under the Arizona Savings Statute, the limitations period was reset to the date of the dismissal as to *all claims* and as to *all potential defendants*. Opposition, at p. 5. She argues that since AMEC PLC was named as a new defendant within the applicable limitations period counting from the date of dismissal of the original action, the claims are timely. This is incorrect to the point of folly.[3]

Contrary to Plaintiff's assertion, the Arizona Savings Statute does not reset the limitations clock. Rather, it allows a Plaintiff to re-file a previously dismissed but *timely filed* action for up to six months following dismissal pursuant to the statute. A.R.S. § 12-504(A) ("*If an action is commenced within the time limited for the action* . . . the plaintiff . . . may commence a new action *for the same cause* after the expiration of the time so limited and within six months after such

[3] As an initial matter, AMEC PLC notes the dearth of authority in Plaintiff's Opposition regarding her interpretation of the Savings Statute. AMEC PLC further objects to Plaintiff's attempt to incorporate by reference evidence and authority cited in her Response to AMEC E&I's Motion for Judgment on the Pleadings, which is a different motion brought by a different defendant.

termination.”).[4] Nowhere in this statute does it state that dismissal under the statute resets the limitations clock as to all claims and all defendants, including claims that were not timely filed in the original action and new defendants that were not even named in the original action.

In fact, if such an interpretation were correct, it would render the six-month deadline for re-filing an action a nullity because there would be no need to re-file the action before the end of the claim-specific limitations period, even if that period extended beyond the six-month tolling period provided by the statute. Such would be an absurd result. *Cf. Williams v. Zortman Mining, Inc.*, 275 Mont. 510, 914 P.2d 971 (1996) (holding that Montana’s savings statute, which is similar in substance to Arizona's savings statute, did not apply to claims brought against a new defendant in a subsequently filed action).

Where a plaintiff seeks to add a new defendant beyond the expiration of the statute of limitations period, the rules permit relation back only if the plaintiff establishes that the new defendant “knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.” Ariz. R. Civ. Pro. 15(c); Fed. R. Civ. Pro. 15(c)(3). Here, there would have been no reason for AMEC PLC—a British corporation with no presence in Arizona—to have contemplated that, but for a “mistake,” Plaintiff would have named it as a defendant in a employment dispute.[5] Indeed, there was no “mistake”; as discussed above and elsewhere, Plaintiff is legally unable to assert these claims against AMEC PLC. *Cf. U.S. v. Omnicare, Inc.*, 2011 WL 1059148, at *7 (N.D. Ill. 2011) (“the addition of parties to a lawsuit requires considerably stricter rules than the addition of claims for which the present defendant already has notice”).

---

[4] Notably, Plaintiff did not even name AMEC PLC within the six-month period permitted by the Savings Statute. The six-month period expired on approximately August 14, 2012, and AMEC PLC was not added as a party until the filing of the FAC on October 22, 2012.

[5] In any event, it is Plaintiff’s burden to show that the requirements of 15(c)(3) are met with regard to a new defendant, and Plaintiff pointedly did not even argue that relation back should apply to AMEC PLC, much less provide evidence to support such an argument. Fed. R. Civ. Pro 15(c); *see also Grier v. Univ. of Penn Health Sys.*, 2009 WL 1652168, at *4 (E.D. Penn. 2009) (“Rule 15 places the burden of establishing the relation back of a proposed amended complaint upon the plaintiff.”).

Because Plaintiff has failed to establish that AMEC PLC "knew or should have known" that it would have been named in this action but for Plaintiff's error, the claim here does not relate back and remains untimely. Plaintiff's argument that the Savings Statute "moots" this analysis is facially invalid. Therefore, this claim should be dismissed with prejudice as against AMEC PLC.

## III. PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS AGAINST AMEC PLC

### A. AMEC PLC Is Not A Party to the Alleged Employment Contract

For the same reasons discussed in Section II.A., above, Plaintiff's generalized pleading does not contradict the unambiguous language of the alleged employment contract, and thus Plaintiff has not alleged facts plausibly showing that Count 1 can be alleged against AMEC PLC, who is clearly not a party to the alleged contract. Therefore, the claim should be dismissed.

### B. The Claim is Untimely As Alleged Against AMEC PLC

For the same reasons discussed in Section II.B., above, Plaintiff's Savings Statute interpretation is invalid and there is no basis to relate this claim back to AMEC PLC. Therefore, this claim should be dismissed with prejudice as against AMEC PLC.

## IV. CONCLUSION

Plaintiff has failed to meet her burden of establishing personal jurisdiction over AMEC PLC. She has also failed to state a claim against AMEC PLC with respect to the two remaining claims alleged in the FAC against this defendant. For these reasons, AMEC PLC respectfully requests that the Court grant the Motion and dismiss it from this action for lack of jurisdiction or, alternatively, dismiss Counts 1 and 4 with prejudice for failure to state a claim.

RESPECTFULLY SUBMITTED this 25th day of February, 2013.

LEWIS AND ROCA LLP

By /s/ *Melanie V. Pate*
Robert G. Schaffer
Melanie V. Pate
Alastair Gamble
Attorneys for Defendant

LEWIS AND ROCA LLP LAWYERS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter K. Strojnik, Esq.
The Strojnik Firm L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, AZ 85016
strojnik@skplaw.com

Peter Strojnik, Esq.
Strojnik, P.C.
2415 East Camelback Road, Suite 700
Phoenix, AZ 85016
ps@strojnik.com

*/s/ Susan J. Durkee*