# EXHIBIT 1



LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendant AMEC Earth & Environmental, Inc.
nka AMEC Environment and Infrastructure, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Stacy D. Ford-Kelly,

                       Plaintiff,

      vs.

AMEC Environment & Infrastructure, Inc., a
Nevada corporation *fka* AMEC Earth &
Environmental, Inc. *fka* AMEC Infrastructure,
Inc.; AMEC PLC, a British Company,

                       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 3:12-cv-08085-NVW

**DEFENDANT'S THIRD REQUEST
FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF**

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant AMEC Environment and Infrastructure, Inc. ("AMEC"), sued as AMEC Earth & Environmental, Inc., requests that Plaintiff Stacy D. Ford-Kelly ("Plaintiff") produce for inspection and copying all documents and things described below within thirty (30) calendar days of service of this request. The documents and things are to be produced to Melanie V. Pate at Lewis and Roca LLP, 40 North Central Avenue, 19th Floor, Phoenix, Arizona 85004-4429.

3229986.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

## **INSTRUCTIONS**

1. This request is a continuing one, and you are required to produce all responsive documents and things whenever you obtain or become aware of any such documents or things.

2. Produce all documents in your possession, custody, or control. This includes all responsive documents and things that are in the physical possession of others, but which you have the legal right to obtain on request.

3. AMEC requests that all documents and/or other data compilations that might relate to the subject matter of this litigation be preserved and that any ongoing process of document or data destruction involving such documents and/or other data compilations cease.

4. Identify the request to which each document and/or thing is responsive. To the extent that a document or thing is responsive to more than one request, identify the document or thing as responsive to the request for which it is primarily responsive.

5. If you are unable to produce any responsive document in full, (a) produce the document to the fullest extent possible; (b) specify the reasons for your inability to produce the remainder; (c) detail all efforts made by you to obtain the information, and (d) identify all sources from which a complete response may be obtained.

6. If you are unable to produce any responsive document or thing because it no longer exists: (a) state the circumstances under which the document or thing was lost or destroyed; (b) describe the document or thing to the fullest extent possible; (c) state the specific requests to which the document or thing is responsive; and (d) identify all persons having knowledge of the content of the document or thing.

7. If any document is withheld from production based upon a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof. Additionally, provide a log identifying: (a) each document withheld; (b) the subject matter of the document in sufficient detail to enable AMEC to assess the applicability of the privilege; (c) the number of pages; (d) the full name, title, and

3229986.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1   employer of the author; (e) the full name, title, and employer of each recipient; (f) the date

2   of creation and submission; and (g) the specific request to which the document is

3   responsive.  Submit all non-privileged portions of any responsive document (including

4   attachments) for which a claim of privilege is asserted, noting where redactions have been

5   made.  Documents authored by lawyers representing you that were not directly or

6   indirectly furnished to you or any third party, such as internal law firm memoranda, may

7   be omitted from the log.

8        8.    The singular form of a word includes the plural form of the word and vice

9   versa.  The masculine gender includes the feminine gender and vice versa.  The past tense

10  includes the present tense, and vice versa, when the clear meaning is not distorted by

11  change of tense.

12                          **DEFINITIONS**

13       As used herein, the following words have the meaning identified:

14       1.    "Plaintiff" or "you" refers to Plaintiff Stacy D. Ford-Kelly, and any agent of

15  Stacy D. Ford-Kelly, or entity in which Stacy D. Ford-Kelly is an officer, director,

16  member, or principal.

17       2.    "AMEC" refers to Defendant AMEC Environment and Infrastructure, Inc.,

18  its predecessors and successors, as well as all directors, officers, employees, agents, and

19  representatives of the foregoing.

20       3.    The term "document" includes all written or graphic matter of every kind

21  and description, however produced or reproduced, whether draft or final, original or

22  reproduction, including but not limited to writings, drawings, graphs, charts, photographs,

23  sound recordings, images, and other data or data compilations from which information can

24  be obtained or translated, if necessary, into reasonably usable form.  The term "document"

25  includes all copies of the document that contain any additional writing, underlining, notes,

26  deletions, or any other markings or notations, or are otherwise not identical copies of the

27  original.

28

3229986.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

1      4.   "Communication" includes all inquiries, discussions, negotiations,

2    agreements, meetings, telephonic conversations, letters (including enclosures and

3    attachments), correspondence, notes, telegrams, facsimile transmittals, electronic mail

4    (including attachments), or other forms of communication including but not limited to both

5    oral and written communication.

6      5.   The term "health care provider" includes any doctor of medicine or

7    osteopathy, podiatrist, dentist, clinical psychologist, optometrist, chiropractor, nurse

8    practitioner, nurse-midwife, clinical social worker, physician assistant, or Christian

9    Science Practitioner.

10      6.   "Refer to" or "relate to" means in whole or in part constituting, containing,

11    concerning, discussing, describing, analyzing, identifying, or stating.

12                           **REQUESTS**

13      1.   Any and all correspondence or documents exchanged between you and/or

14    your counsel and the Office of the Arizona Attorney General relating to any claims made

15    by you in this litigation, or related to any other claims or complaints you have made

16    against or about AMEC Earth & Environmental, Inc., AMEC Environment &

17    Infrastructure, Inc. or AMEC PLC.

18      2.   Any and all documents reflecting communications between you and/or your

19    counsel and the Office of the Arizona Attorney General relating to any claims made by

20    you in this litigation, or related to any other claims or complaints you have made against or

21    about AMEC Earth & Environmental, Inc., AMEC Environment & Infrastructure, Inc. or

22    AMEC PLC.

23      DATED this 19th day of December, 2012.

24               LEWIS AND ROCA LLP

25

26               By _____

27                  Robert G. Schaffer
                      Melanie V. Pate
                      Alastair Gamble

28                      Attorneys for Defendant

3229986.1



1  ORIGINAL of the foregoing mailed
   and electronically transmitted this 19th
2  day of December, 2012, to:

3  Peter K. Strojnik, Esq.
   The Strojnik Firm L.L.C.
4  Esplanade Center III, Suite 700
   2415 East Camelback Road
5  Phoenix, AZ 85016
   strojnik@skplaw.com
6
   Peter Strojnik, Esq.
7  Strojnik, P.C.
   2415 East Camelback Road, Suite 700
8  Phoenix, AZ 85016
   strojnik@aol.com
9

10  _Susan J Duncan_

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3229986.1

# EXHIBIT 2

## Gamble, Alastair

| | |
|---|---|
| **From:** | Pate, Melanie |
| **Sent:** | Thursday, December 13, 2012 7:49 AM |
| **To:** | Gamble, Alastair |
| **Subject:** | Fwd: Ford-Kelly v. AMEC; AZ Attorney General |
| **Attachments:** | sigimg1; ATT00001.htm; 12.7.12 from AG.pdf; ATT00002.htm |

See attached.


Begin forwarded message:

> **From:** <strojnik@skplaw.com>
> **Date:** December 12, 2012, 11:38:11 PM MST
> **To:** <BSchaffe@lrlaw.com>, Melanie Pate <MPate@lrlaw.com>
> **Cc:** <ps@strojnik.com>, Stacy Ford-Kelly <jamesstacy5871@gmail.com>
> **Subject: Ford-Kelly v. AMEC; AZ Attorney General**
>
> Dear Melanie,
>
> See attached 12-7-12 correspondence from the Attorney General's office.  Thank you.
>
> Cordially Yours,
>
> Peter Strojnik
>
> Peter Kristofer Strojnik, Esq.
> THE STROJNIK FIRM L.L.C.
> Esplanade Center III, Suite 700
> 2415 East Camelback Road
> Phoenix, Arizona 85016
> Phoenix Tel. 602.510.9409
> Phoenix Fax. 602.532.7572



TOM HORNE
ATTORNEY GENERAL

OFFICE OF THE ARIZONA ATTORNEY GENERAL

PUBLIC ADVOCACY AND CIVIL RIGHTS DIVISION

CONSUMER INFORMATION &
COMPLAINTS
(602) 542-5763
(IN-STATE ONLY) (800) 352-8431

December 7, 2012

Peter Kristofer Strojnik
Esplanade Center III
2415 E. Camelback Road
Suite 700
Phoenix, AZ 85016

RE: Ford-Kelly v. AMEC Earth & Environmental et.al.
     United States District Court (Arizona) Cause No. 3:12-cv-08085-NVW

Dear Mr. Strojnik:

We have received your Complaint regarding the above-captioned matter
pursuant to A.R.S. §13-2314(H). This filing is for informational purposes only.

Although there may be a pending state investigation in this matter or the
information that you have provided may warrant the commencement of such an
investigation, the Attorney General is not permitted to assist your client in this
private litigation. However, we would appreciate your advising us of any court
ruling on your client's claims under the Arizona Racketeering Act.

We will advise you of any disclosable action taken by the Attorney General
against any of the defendants in your lawsuit.

Please direct any further correspondence on this matter to the undersigned.

Sincerely,

Deborrah Miller
Manager

# EXHIBIT 3

Page 1 of 5

## Gamble, Alastair

| | |
|---|---|
| **From:** | Pate, Melanie |
| **Sent:** | Thursday, February 07, 2013 5:29 PM |
| **To:** | 'strojnik@skplaw.com'; 'ps@strojnik.com' |
| **Cc:** | Gamble, Alastair; Schaffer, Robert; Ramsey, Pamela |
| **Subject:** | RE: AMEC's Third Request for Production of Documents |

Peter-

We have now twice explained why the requested documents are relevant. Moreover, your proffered justification regarding what you claim was an inadvertent failure to provide timely responses does not excuse the lateness; indeed, it establishes that the error was yours alone in assuring proper and timely delivery. Accordingly, Plaintiff's objections to these discovery requests have unquestionably been waived. It is precisely because of the inherent glitches in technology that we make it our practice to formally serve all discovery documents via regular mail while also providing courtesy copies electronically.

Despite all of this, we will once again state why these documents are axiomatically relevant, in the genuine hope that we will not have to take this issue in front of Judge Wake. We do this even in the face of your unequivocal statements that you will not provide the documents, apparently without any real regard to our explanation.

On your own volition, you provided us with a letter sent by the AG's office to you regarding a complaint clearly filed by or on behalf of your client regarding AMEC *as it pertains to this case*. In fact, the current federal case number is even included in the "re" line of the letter. In other words, your client has provided a non-privileged statement to the AG's office regarding claims she has brought against AMEC *in active litigation*. This would constitute a legal admission by your client on matters directly pertaining to the claims that she has alleged, and accordingly the documents related to that admission are not only discoverable, they would be admissible by AMEC into evidence. Had AMEC made a statement to the AG's office regarding Ms. Ford-Kelly and then sent you a letter evidencing that statement, we are highly skeptical that you would accept our assurances that documents related to the statement were not relevant.

But, as we have already established, the basis for your objections is irrelevant, as they have all been waived. If you are not willing to provide the requested documents, please identify a time early next week for us to have a telephone conference regarding this discovery dispute in accordance with the Court's scheduling order.

Sincerely,
Melanie



Melanie V. Pate
Partner
Lewis and Roca LLP • 19th Floor
40 North Central Avenue • Phoenix, Arizona 85004-4429
Directions to Building and Garage
Tel (602) 262-5318 • Fax (602) 734-3785
MPate@LRLaw.com • www.LewisandRoca.com/Pate

 Please consider the environment before printing this e-mail.

---

**From:** Peter Strojnik [mailto:strojnik@skplaw.com]
**Sent:** Thursday, February 07, 2013 1:55 PM
**To:** Schaffer, Robert; Pate, Melanie; 'ps@strojnik.com'
**Cc:** Gamble, Alastair
**Subject:** Re: AMEC's Third Request for Production of Documents

You still haven't shown us how it is relevant. Show us. That is the point of a meet and confer. And everything I said was serious. I cannot help your expert's futile report.
Sent from my Verizon Wireless Blackberry

---

**From:** "Schaffer, Robert" <BSchaffe@lrlaw.com>
**Date:** Thu, 7 Feb 2013 20:48:31 +0000
**To:** 'strojnik@skplaw.com'<strojnik@skplaw.com>; Pate, Melanie<MPate@lrlaw.com>; 'ps@strojnik.com'<ps@strojnik.com>
**Cc:** Gamble, Alastair<AGamble@lrlaw.com>
**Subject:** RE: AMEC's Third Request for Production of Documents

Sarcasm isn't necessary, Peter. You've now told us you will not produce the document -- a statement made by or on behalf of a party opponent on a subject the plaintiff herself has injected into the lawsuit. That's all we need to know. If you change your mind, please tell us so we can avoid bothering Judge Wake.

---

**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Thursday, February 07, 2013 1:41 PM
**To:** Pate, Melanie; 'ps@strojnik.com'
**Cc:** Schaffer, Robert; Gamble, Alastair; strojnik@skplaw.com
**Subject:** RE: AMEC's Third Request for Production of Documents

Dear Melanie,

We will not produce the documents that you requested.

Some of the questions you asked can be simply answered by reviewing the "properties" of the PDF document I sent you yesterday. As you will see, it was created on January 5, 2013. As of that date, PLC had not yet been served. Accordingly, I will withdraw the phrase "and with parties that have yet to be served in this case" since now PLC has been served.

On January 5, 2013, I prepared the response and dated it for January 18 (the due date). I placed it in my scheduled e-mail delivery to be sent on the 18th and addressed to you and Mr. Gamble. My e-mail system has a program whereby I can press "send later" and set a date for delivery. In this case I chose January 18 for delivery to you and Mr. Gamble. I use this program often. For whatever reason (as I am not an IT person), it did not go out as intended or scheduled. This was not gamesmanship or an attempt to delay the case. It was a technical error. If you would like to explore that with Judge Wake, you are perfectly entitled to do so. Or perhaps you would like to inspect *my* computer this time and attempt another CCleaner equals I'm guilty argument.

As for your questions about relevance, you still have not shown why a communication with the AZ Attorney General's office would help to prove the breach of contract claim or to help you defend it. Please tell me how instead of asking off-base questions such as "why would you tell us if it was not relevant?". I do not believe that is the correct standard to determine whether something is relevant.

I am hopeful this answers your questions adequately. Please let me know if you have any further questions, and I would be interested to hear how a communication with the AG's office helps us prosecute or you defend this action. I really am interested and will listen with an open mind. Thank you.

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700

2/26/2013

2415 East Camelback Road
Phoenix, Arizona 85016
Tel. (602) 510-9409
Fax. (602) 532-7572

❌ Right-click here to download pictures. To
   help protect your privacy, Outlook prevented

www.skplaw.com
Commercial Litigation and Employment Law

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

--------- Original Message ---------
Subject: RE: AMEC's Third Request for Production of Documents
From: "Pate, Melanie" <MPate@lrlaw.com>
Date: 2/7/13 1:12 pm
To: "'strojnik@skplaw.com'" <strojnik@skplaw.com>, "'ps@strojnik.com'" <ps@strojnik.com>
Cc: "Schaffer, Robert" <BSchaffe@lrlaw.com>, "Gamble, Alastair" <AGamble@lrlaw.com>, "Ramsey, Pamela" <PRamsey@lrlaw.com>

Peter,

Thank you for providing the responses. Nevertheless, if we are forced to file a motion to compel, your failure to serve them by the deadline does mean that Ms. Ford-Kelly has waived any objections. *See* Fed. R. Civ. Pro. 34(b)(2)(A); *Massoli v. Regan Media*, 2006 WL 1455567, at *1 (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)).

In any case, the objections are without merit. You argue that the documents requested are not "relevant." Yet, you have constantly asserted that AMEC's alleged bad acts will be the central issue in this case. Certainly, then, any information that your client provided to the Attorney General's Office alleging bad acts against AMEC would be highly relevant to your case and therefore quite discoverable by AMEC. In fact, we note that it was you who sent over the notice of the AG complaint in the first place. Why would you have informed us of the complaint *during* this litigation if, in fact, it provides no "scintilla" of evidence relevant *to* this litigation? Your objections also make reference to "parties not yet served." Please explain what you mean here, as we understand that all named parties have been served.

In sum, the untimeliness of these responses means that objections have been waived, but in any event the objections you are attempting to assert are invalid. Accordingly, please produce all documents that are responsive to AMEC's 3rd set of RFPs by this Friday, otherwise we will be forced to seek a Court order compelling disclosure.

Thank you for your continued cooperation.

Sincerely,
Melanie



Melanie V. Pate
Partner
Lewis and Roca LLP • 19th Floor
40 North Central Avenue • Phoenix, Arizona 85004-4429
Directions to Building and Garage
Tel (602) 262-5318 • Fax (602) 734-3785
MPate@LRLaw.com • www.LewisandRoca.com/Pate

 Please consider the environment before printing this e-mail.

**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Wednesday, February 06, 2013 6:44 PM
**To:** Pate, Melanie; 'ps@strojnik.com'
**Cc:** Schaffer, Robert; Gamble, Alastair; Ramsey, Pamela
**Subject:** RE: AMEC's Third Request for Production of Documents

Dear Melanie,

That is my fault. See attached. I prepared the response on January 5 and placed it in my scheduled e-mail delivery for the 18th. Apparently, you folks did not receive it or it did not send as scheduled.

We did <u>not</u> waive any objections. Please accept my apology for this oversight. Thank you.

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Tel. (602) 510-9409
Fax. (602) 532-7572

> Right-click here to download pictures. To
> help protect your privacy. Outlook prevented

www.skplaw.com
Commercial Litigation and Employment Law

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

--------- Original Message ---------
Subject: AMEC's Third Request for Production of Documents
From: "Pate, Melanie" <MPate@lrlaw.com>
Date: 2/6/13 6:36 pm
To: "'ps@strojnik.com'" <ps@strojnik.com>, "'strojnik@skplaw.com'"
<strojnik@skplaw.com>
Cc: "Schaffer, Robert" <BSchaffe@lrlaw.com>, "Gamble, Alastair"
<AGamble@lrlaw.com>, "Ramsey, Pamela" <PRamsey@lrlaw.com>

2/26/2013

Peter,

As we discussed today, your client's response to AMEC's Third Request for Production of Documents was due on January 22, 2013.  Since you have now waived any objections to this request, please provide the requested documents as soon as possible.

Sincerely,
Melanie



Melanie V. Pate
Partner
Lewis and Roca LLP • 19th Floor
40 North Central Avenue • Phoenix, Arizona 85004-4429
Directions to Building and Garage
Tel (602) 262-5318 • Fax (602) 734-3785
MPate@LRLaw.com • www.LewisandRoca.com/Pate

 Please consider the environment before printing this e-mail.

For more information about **Lewis and Roca LLP**, please go to **www.lewisandroca.com**.

| | |
|---|---|
| Phoenix (602)262-5311 | Reno (775)823-2900 |
| Tucson (520)622-2090 | Albuquerque (505)764-5400 |
| Las Vegas (702)949-8200 | Silicon Valley (650)391-1380 |

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail by return E-Mail or by telephone.

In accordance with Internal Revenue Service Circular 230, we advise you that if this email contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

2/26/2013

# EXHIBIT 4

# THE STROJNIK FIRM L.L.C.
### ATTORNEYS AT LAW
### ESPLANADE CENTER III SUITE 700
### 2415 East Camelback Road
### Phoenix, Arizona 85016
### (602) 510-9409

PETER K. STROJNIK, ESQ.
AZBN 026082, CABN 242728
strojnik@skplaw.com

*Attorney for Plaintiff Stacy Ford-Kelly*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| STACY D. FORD-KELLY, | ) | NO. 3:12-cv-08085-NVW |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S RESPONSE AND** |
| | ) | **OBJECTIONS TO DEFENDANT'S** |
| vs. | ) | **THIRD REQUEST FOR PRODUCTION** |
| | ) | **OF DOCUMENTS AND THINGS** |
| AMEC EARTH & ENVIRONMENTAL, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF STACY D. FORD-KELLY'S
## RESPONSES AND OBJECTIONS TO DEFENDANTS'
## THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Stacy Ford-Kelly ("Plaintiff"), by and through her undersigned attorneys, hereby responds and objects to Defendant's ("Defendant") Third Request for Production of Documents and Things. All responses and objections contained herein are based only upon such information and documents presently available and specifically known to Plaintiff. Further independent

-1-

discovery, independent investigation, legal research and analysis may supply additional facts or add meaning to the known facts. Moreover, the responses and objections below are given without prejudice to Plaintiff's right at trial to produce evidence of any subsequently discovered fact or facts that may develop later.

## **INITIAL OBJECTIONS**

Plaintiff objects to the Request on the following grounds, each of which is incorporated by reference in the responses and objections to the individual Interrogatories below. All responses set forth herein are subject to and without waiver fo any of these general objections:

1.     Plaintiff objects to the Requests to the extent they place a greater burden upon Plaintiff than that imposed by the Federal Rules of Civil Procedure.

2.     Plaintiff objects to the Requests to the extent they call for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the self-critical analysis privilege or any other applicable privileges, protection, immunities and/or doctrines of law, including without limitation as to confidential and proprietary information. Plaintiff further generally objects to the extent that the Requests seek information that is protected by applicable rights of privacy under state or federal law, including the right to financial privacy.

3.     Plaintiff objects to the Requests to the extent that they are so vague, ambiguous, complex, confusing, or broad as to prevent Plaintiff from providing a meaningful response.

4.     Plaintiff objects to the Requests to the extent that they are overbroad and/or unlimited as to time or scope.

-2-

5.      Plaintiff objects to the Requests to the extent that they seek to impose upon Plaintiff a duty to provide information that is outside Plaintiff's possession, information, custody or control.

6.      Plaintiff objects to the Requests to the extent they are unduly burdensome or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.      Plaintiff objects to the Requests to the extent that they seek contention discovery that is premature at this stage of the litigation.

8.      Plaintiff objects to the Requests to the extent the information they seek may be ascertained by Defendant with substantially the same burden as Plaintiff from the records produced by Plaintiff in response to document requests or from materials that are publicly or otherwise available to Defendant.

9.      Plaintiff objects to the Requests to the extent that they call for a legal conclusion.

10.     Plaintiff objects to the Requests to the extent they assume disputed facts or legal conclusions; Plaintiff does not admit any such disputed facts or legal conclusions, and any response provided by Plaintiff with respect to any such Interrogatory is without prejudice to this objection.

11.     Plaintiff objects to the Requests to the extent they are vexatious and harassing.

12.     Plaintiff objects to the Requests to the extent they seek information that can be found in the pleadings in this action.

13.     Plaintiff objects to the Requests to the extent they fail to state with sufficient particularity or clarity the information and categories of information to be provided.

–3–

14.    Plaintiff's decision to provide information in response to the Requests should and shall not be construed as:

     a.  an admission that the information is relevant;

     b.  a waiver of any of Plaintiff's general objections or objections asserted in response to a specific Interrogatory;

     c.  an agreement that a request for similar information in this or any other related proceedings will be treated in a similar manner.

15.    In responding to the Requests, Plaintiff does not in any way waive or intend to waive any privilege or objection, but rather intends to preserve and is preserving the following:

     a.  all objections as to competency, relevancy, materiality and admissibility of any interrogatory, Plaintiff's response or the subject matter;

     b.  all objections as to vagueness, ambiguity or other infirmity in the form of the Requests and any objections based on the undue burden imposed by the Requests;

     c.  all rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

     d.  all rights to object on any ground to any further Requests or other discovery requests involving or related to the subject matter of the Requests;

     e.  the right to revise, correct, supplement or clarify responses to the Requests prior to trial; and

     f.  any and all privileges and/or rights under the applicable rule of Arizona Rules of Civil Procedure or other statutes, guidelines, common law or other applicable law.

16.    Plaintiff reserves the right to supplement and/or amend the specific responses set forth below.

-4-

## THIRD REQUEST AND RESPONSES

### REQUEST NO. 25:

1.    Any and all correspondence or documents exchanged between you and/or your counsel and the Office of the Arizona Attorney General relating to any claims made by you in this litigation, or related to any other claims or complaints you have made against or about AMEC Earth & Environmental, Inc., AMEC Environment & Infrastructure, Inc. or AMEC PLC.

### RESPONSE:

Plaintiff objects to the request on the ground that communications between Plaintiff and the Attorney General's office are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff alleges in this lawsuit that Defendant breached an employment contract and a settlement agreement.  Whether Plaintiff has communicated with the Attorney General's office does not offer a scintilla of evidence to support Plaintiff's claims or Defendant's defenses in this case.  Plaintiff further objects on the ground that the Request is over-inclusive and requests communications with the Attorney General's office for matters wholly unrelated to this lawsuit and with parties that have yet to be served in this case.

### REQUEST NO. 26:

2.    Any and all documents reflecting communications between you and/or your counsel and the Office of the Arizona Attorney General relating to any claims made by you in this litigation, or related to any other claims or complaints you have made against or about AMEC Earth & Environmental, Inc., AMEC Environment & Infrastructure, Inc. or AMEC PLC.

### RESPONSE:

Plaintiff makes the same objections to this Request as she does to Request No. 25 above.

DATED this 18th day of January, 2013.

/s/ Peter Kristofer Strojnik
Peter Kristofer Strojnik (026082)
strojnik@skplaw.com
THE STROJNIK FIRM L.L.C.
Esplanade Center III
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
602 510 9409
602 296 0135 (fax)

**Attorney for Plaintiff Stacy Ford-Kelly**