IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly, | No. CV-12-08085-PCT-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| AMEC Environment & Infrastructure, Inc., a Nevada corporation; AMEC PLC, a British company, | |
| Defendants. | |

Before the Court is Defendant AMEC PLC's Motion to Dismiss Plaintiff's First Amended Complaint for (1) Lack of Personal Jurisdiction Under FRCP 12(b)(2) and (2) Failure to State a Claim Under FRCP 12(b)(6) (Doc. 72), the Response, and the Reply. For the following reasons, Defendant's Motion to Dismiss will be granted for lack of personal jurisdiction.

I.    **LEGAL STANDARD FOR PERSONAL JURISDICTION**

    A.    **Burden of Proof**

        Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move prior to trial to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2); *see, e.g.*, *Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). As the party invoking jurisdiction, the plaintiff bears the burden of establishing that the exercise of jurisdiction is appropriate. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). When there is no evidentiary hearing on the Rule 12(b)(2) motion, the plaintiff must make a prima facie showing of jurisdictional facts; it must put forth facts that, if

true, suffice to support personal jurisdiction.[1] *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  Undisputed allegations by the plaintiff are assumed to be true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor . . . ."  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)).  However, plaintiff's allegations are not assumed to be true if: (1) the allegations are unsupported; and (2) they are controverted by the defendant's affidavit.  *Data Disc*, 557 F.2d at 1284.  "That is, where a motion to dismiss challenges the facts alleged, the plaintiff must present admissible evidence to support the [] exercise of jurisdiction."  *Fahmy v. Hogge*, No. CV 08-1152 PSC (SHx), 2008 WL 4614322, at *2 (C.D. Cal. Oct. 14, 2008) (citing *Data Disc*, 557 F.2d at 1284); *see also Oakley, Inc. v. JOFA AB*, 287 F. Supp. 2d 1111, 1114 (C.D. Cal. 2003) ("A prima facie showing must be based on affirmative proof beyond the pleadings, such as affidavits, testimony or other competent evidence of specific facts.") (citing 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.6 (3d ed. 2002)).

## B.    General and Specific Jurisdiction

There are two constraints on the exercise of personal jurisdiction over a non-resident defendant: (1) the applicable state rule, and (2) the requirements of due process.  *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990).  Rule 4.2(a) of the Arizona Rules of Civil Procedure allows Arizona courts to exercise personal jurisdiction over non-resident parties to the extent permitted by the Arizona and United States Constitutions.  Accordingly, Arizona law and due process are coextensive; a defendant "may be subject to personal jurisdiction in Arizona so long as doing so comports with due process."  *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997).  Due process, in turn, limits personal jurisdiction to non-resident defendants that have "certain minimum

---

[1] Neither party has requested an evidentiary hearing on the matter of personal jurisdiction.

contacts" with the forum, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted).

Personal jurisdiction may be either general or specific. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). General jurisdiction exists when the non-resident defendant's activities in the forum state are "substantial" or "continuous and systematic." *Data Disc*, 557 F.2d at 1287 (citations omitted). The standard for general jurisdiction is "high," *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) (citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)); in other words, "a defendant must not only step through the door, it must also [sit] down and [make] itself at home" in the forum state, *id.* (citation and internal quotation marks omitted).

Specific jurisdiction exists when a defendant has no continuous or substantial contacts with the forum state, but when there is still a "strong relationship between the quality of the defendant's forum contacts and the cause of action." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). The litigation must arise out of or relate to the defendant's contacts within the forum state. *Burger King*, 471 U.S. at 472. A three-part test determines whether a district court may exercise specific jurisdiction over a non-resident defendant in a contract case:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) [e]xercise of jurisdiction must be reasonable.

*Ballard*, 65 F.3d at 1498 (quoting *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)).

To satisfy the first prong of the test, a defendant need not have a physical presence

within or contacts with the forum state, as long as it "deliberately has engaged in significant activities within a State or has created continuing obligations between [it]self and the residents of the forum . . . ." *Burger King*, 471 U.S. at 475-76 (internal quotation marks and citations omitted). "Purposeful availment" is rooted in the defendant's "affirmative conduct allowing or promoting the transaction of business within the forum state." *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990) (quoting *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1988)).

The second prong of the specific-jurisdiction test mandates that the claim arise out of or result from the defendant's activities in the forum state. In other words, it must be the case that the cause of action would not have arisen but for the defendant's forum-state activities. *Gray*, 913 F.2d at 761. Finally, seven factors bear on the third prong of the test: whether the exercise of jurisdiction is reasonable. They include:

> (1) the extent of purposeful interjection; (2) the burden on the defendant to defend the suit in the chosen forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* (quoting *Shute*, 897 F.2d at 386).

## II.    FACTUAL BACKGROUND

Since most of the facts of this action were laid out extensively in a prior order, (*see* Doc. 65), only the facts relevant to Defendant AMEC PLC are included here. In her First Amended Complaint, Plaintiff alleges that "AMEC Earth & Environmental, Inc. . . are [sic] purported divisions of AMEC, PLC, [] which is a company organized under the laws of the United Kingdom." (Doc. 39 ¶ 7.) She then proceeds to refer to the two distinct defendants, AMEC Earth & Environmental, Inc. and AMEC PLC, collectively as "Defendant" or "AMEC" and makes her various allegations against both with almost no explication as to which defendant's conduct underlies each claim. In the four instances in

1    which Plaintiff does specifically mention a defendant, she only discusses AMEC Earth &
2    Environmental, Inc.  (*See id.* ¶¶ 30a, 49; *see also id.* at 36-40.)

3           In the Response to AMEC PLC's Motion to Dismiss, Plaintiff offers the
4    following: (1) AMEC PLC has three offices in the Phoenix metropolitan area, and (2)
5    Plaintiff properly alleged that PLC was her employer.  Plaintiff corroborates her first
6    proposition solely with printouts from the website www.amec.com that allegedly indicate
7    that AMEC PLC operates offices in Arizona.  (*See* Docs. 79-1, 79-2.)  To support her
8    second proposition, Plaintiff cites her First Amended Complaint, which simply names
9    AMEC Earth & Environmental, Inc. and AMEC PLC as, together, "Defendant" and
10   refers to "Defendant" throughout.  She also notes in her Response that the individuals
11   whom she claims are employees of AMEC PLC include only "AMEC" in their signature
12   line, while others have signature lines listing "AMEC Earth & Environmental, Inc."
13   Finally, Plaintiff proffers the on-line profiles of two individuals involved in her claims as
14   evidence that they are AMEC PLC employees; one is a www.zoominfo.com profile from
15   2006 and the second is a LinkedIn profile that mentions "AMEC" but does not specify
16   "AMEC PLC" or "AMEC Earth & Environmental, Inc."

17          Plaintiff propounds no affidavit or other evidence to support her allegations.

18          Defendant AMEC PLC provides an affidavit from its Head of Legal, Corporate,
19   Ben Hancock, who based on personal knowledge and inquiries of colleagues at AMEC
20   PLC attests to the following:

21                  AMEC PLC is a public limited company organized under the
22          laws of the United Kingdom.  AMEC PLC is not licensed or
             registered to conduct business in Arizona and has no
23          registered agent for service of process in Arizona.  AMEC
             PLC maintains no offices, employees, representatives or
24          agents in Arizona, and owns no property located in Arizona.
25          AMEC PLC does not maintain any bank account in Arizona
             and does not pay Arizona state taxes.  AMEC PLC does not
26

27

28

solict business in Arizona and does not engage in advertising
that is directed to Arizona residents.[2]

(Doc. 72-2 ¶ 2.)

## III.    ANALYSIS OF PERSONAL JURISDICTION

Plaintiff offers only her allegations that AMEC PLC has offices in Arizona and that AMEC PLC was her employer.  None of the evidence Plaintiff does proffer—mostly Internet printouts and dubious inferences from e-mail signatures—is authenticated; she offers no competent evidence in support of her allegations.  As Plaintiff has offered no affidavit or other competent evidence in support of her claim, disputes with AMEC PLC's affidavit need not be resolved in Plaintiff's favor.  *See Silverstein v. Experienced Internet.com, Inc.*, No. C 05-0160 PVT, 2005 WL 1629935, at *3 (N.D. Cal. Jul. 11, 2005).  Plaintiff's allegations are not assumed to be true.  *See Data Disc*, 557 F.2d at 1284.

Defendant AMEC PLC's affidavit more than adequately rebuts Plaintiff's unsupported allegations.  Even if Plaintiff's evidence is considered, it wholly fails to establish either that AMEC PLC had offices in Arizona or that AMEC PLC had anything to do with Plaintiff's employment and termination in Arizona.  Plaintiff offers no supported or uncontroverted fact that suggests either that: (1) AMEC PLC had substantial or continuous and systematic contacts with Arizona, or (2) there was a "strong relationship between the quality of the defendant's forum contacts and the cause of action."  *Decker Coal Co.*, 805 F.2d at 839.  Plaintiff has offered no supported or uncontroverted facts indicating that AMEC PLC has any contacts with Arizona, let alone contacts sufficient to confer general or specific jurisdiction.  Plaintiff has failed to make a prima facie showing that AMEC PLC can fairly be subject to personal jurisdiction in Arizona.  *See, e.g.*, *Montrose v. Moore*, No. C09-2146 BZ, 2009 WL 3748521, at *1 (N.D. Cal. Nov. 5, 2009) (granting motion to dismiss for lack of jurisdiction when

---

[2] Plaintiff does not challenge Mr. Hancock's competence to testify about AMEC PLC's business operations.

- 6 -

plaintiff failed to submit competent evidence in support of jurisdiction and defendant's declarations directly refuted all jurisdictional facts alleged in complaint and opposition to motion); *Silverstein*, 2005 WL 1629935, at *3 (ruling that plaintiffs failed to make prima facie showing of jurisdiction when they offered no competent evidence that defendants had minimum contacts with forum); *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1109 (C.D. Cal. 2001) (finding that plaintiffs failed to meet burden to establish prima facie case for jurisdiction when they provided no competent evidence controverting defendant's declaration).  Accordingly, Defendant AMEC PLC's Motion to Dismiss for Lack of Personal Jurisdiction will be granted.

## IV.    FAILURE TO STATE A CLAIM

AMEC PLC alternatively moved for dismissal for failure to state a claim for which relief can be granted under Rule 12(b)(6).  As this Court lacks personal jurisdiction over AMEC PLC, it cannot and need not consider the motion under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that Defendant AMEC PLC's Motion to Dismiss Plaintiff's First Amended Complaint for (1) Lack of Personal Jurisdiction Under FRCP 12(b)(2) and (2) Failure to State a Claim Under FRCP 12(b)(6) (Doc. 72) is GRANTED for lack of personal jurisdiction.

Dated this 7th day of March, 2013.

_____
Neil V. Wake
United States District Judge