**LEWIS AND ROCA LLP LAWYERS**

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMEC Environment & Infrastructure, Inc., a Nevada corporation *fka* AMEC Earth & Environmental, Inc. *fka* AMEC Infrastructure, Inc.,<br><br>    Defendant. | No. 3:12-cv-08085-NVW<br><br>**CONTROVERTING AND ADDITIONAL STATEMENT OF FACTS IN SUPPORT OF DEFENDANT AMEC ENVIRONMENT & INFRASTRUCTURE, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR DEFAULT JUDGMENT** |

Defendant AMEC Environment & Infrastructure, Inc. ("AMEC") provides the following Controverting and Additional Statement of Facts in support of its Response in Opposition to Plaintiff Stacy Ford-Kelly's ("Plaintiff") Motion for Summary Judgment and Cross Motion for Default Judgment.

**PRELIMINARY OBJECTIONS**

AMEC objects to the entirety of Plaintiff's Statement of Facts ("PSOF") because it is not in the required format. District of Arizona Local Civil Rules require a party moving for summary judgment to file a separate statement of facts, which:

> should include only those facts that the Court needs to decide the motion. Other undisputed facts (such as those providing background about the action or the parties) may be included in the memorandum of law, but should not be included in the statement of facts.

3222613.1

L.R. Civ. 56.1. Virtually every paragraph in the PSOF includes background or procedural information that is irrelevant to Plaintiff's contract claim on which she seeks summary judgment. Information about Plaintiff's family history, her education and geographical background, the meaning of "design engineer" versus "EIT," the travel details surrounding Plaintiff's interview with AMEC, her medical leave, and all the motions filed in previous litigation—to name just a few—is immaterial to whether summary judgment should be granted here. AMEC has been forced to address many irrelevant assertions in its Controverting Statement of Facts, which has caused it to incur greater attorneys' fees.

In addition to the materiality requirement discussed above, "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph." *Id.* Several of the paragraphs in PSOF include multiple factual assertions (albeit *immaterial* factual assertions), and again AMEC has been forced to incur unnecessary expense because of Plaintiff's contravention of the rules.

Finally, the Local Rules require that "[e]ach material fact . . . must refer to a specific *admissible* portion of the record where the fact finds support." *Id.* (emphasis added). Plaintiff submits several exhibits that are inadmissible, as detailed below.

AMEC has had to wrangle with a document that was drafted without regard for the Local Rules and thereby incur unnecessary fees. AMEC therefore requests that the Court strike the PSOF and/or deny Plaintiff's motion. *Id.* ("A failure to submit a separate statement of facts in this form may constitute grounds for denial of the motion."). In addition, AMEC requests that the Court consider the nonconformity of PSOF in determining whether fees should be awarded to AMEC in responding to this motion.

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF FACTS**

1. **PSOF ¶ 1: UNDISPUTED to the extent it is material.** AMEC does not dispute that Plaintiff accepted employment with AMEC in January 2008.

**OBJECTIONS:** Other than the undisputed fact acknowledged above, AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L. R. Civ. 56.1(a).

2. **PSOF ¶ 2: UNDISPUTED to the extent it is material.** AMEC does not dispute that Plaintiff accepted employment with AMEC in January 2008.

**OBJECTIONS:** Other than the undisputed fact acknowledged above, AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

3. **PSOF ¶ 3: DISPUTED to the extent it is material.** The terms "design engineer" and "EIT" (engineer in training) were not synonymous at AMEC. *See* Ex. A, Declaration of Chris Hassert ("Hassert Decl."), at ¶ 3.

**OBJECTIONS:** AMEC objects to the entirety of this paragraph on the grounds that the statements lack the proper foundation because Plaintiff has not testified as to how she is qualified to opine as to the respective duties of a "design engineer" versus an "EIT" in general or at AMEC specifically. Fed. R. Evid. 602 (requirement of personal knowledge) & 701 (limiting admissibility of lay opinions). AMEC further objects to the facts alleged in this paragraph as irrelevant and immaterial, to the extent they do not relate to the meaning of the terms "design engineer" and "EIT" within AMEC. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

4. **PSOF ¶ 4: <u>DISPUTED to the extent it is material.</u>** Mr. Hassert did not invite Plaintiff to interview for a "design engineer" position. *See* Ex. A, Hassert Decl., at ¶ 3. Further, the Havasu sewer project was not a "six year" project. *See* Ex. A, Hassert Decl., at ¶ 7.

**OBJECTIONS:** AMEC objects to the statement in the paragraph regarding the Havasu sewer project being a "six-year project" for a lack of foundation because Plaintiff --on whose declaration this paragraph is entirely based--has not demonstrated she has personal knowledge of this matter. Fed. R. Evid. 602. AMEC also objects to the facts in this paragraph as irrelevant and immaterial as to the terms of the contract underlying the contract claim. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

5. **PSOF ¶ 5: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

3222613.1

6. **PSOF ¶ 6:** Plaintiff did not tell Mr. Hassert that she wanted a "term guarantee" or an automatic increase in salary upon passing the Professional Engineer examination. *See* Ex. A, Hassert Decl., at ¶ 4.

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial as to the terms of the contract underlying the contract claim. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

7. **PSOF ¶ 7:** Mr. Hassert did not tell Plaintiff the project at Lake Havasu was scheduled to be completed by 2013 or that they would "require Plaintiff's services through the end of the Havasu contract." *See* Ex. A, Hassert Decl., at ¶ 7.

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial as to the terms of the contract underlying the contract claim. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

8. **PSOF ¶ 8: UNDISPUTED but IMMATERIAL.** AMEC does not dispute this paragraph except to correct the name of the project on which Plaintiff was hired to work: the Lake Havasu City Wastewater Expansion Program. *See* Ex. A, Hassert Decl., at ¶ 7.

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial as to the terms of the contract underlying the contract claim. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

9. **PSOF ¶ 9: DISPUTED to the extent it is material.** AMEC does not dispute that Plaintiff signed her application for employment on January 16, 2008. *See* Ex. B, Declaration of Jayne Dinan ("Dinan Decl."), at ¶ 4. However, Mr. Hassert never told Plaintiff that a "contract" would be delivered. *See* Ex. A, Hassert Decl., at ¶ 4. In addition, Mr. Hassert never told Plaintiff that the application for employment was "a mere formality." *See* Ex. A, Hassert Decl., at ¶ 4.

**OBJECTIONS:** AMEC objects to the statement that Plaintiff's application for employment was "a mere formality" on the grounds that the statement lacks foundation and is improper opinion testimony. Fed. R. Evid. 603 & 701. AMEC objects to the other facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

10. **PSOF ¶ 10: DISPUTED to the extent it is material.** AMEC disputes that it sent Plaintiff a "contract" by express mail. *See* Ex. C, Declaration of Stacy Lovett ("Lovett Decl."), at ¶¶ 4-5.

| |
|---|
| **OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a). |

      11.    **PSOF ¶ 11: DISPUTED.**  The document Plaintiff attaches as Exhibit 1 to her First Amended Complaint as her "employment contract" was not signed by Melinda Knott or anyone at AMEC.  *See* Ex. D, Declaration of Melinda Knott ("Knott Decl."), at ¶ 7; Ex. C, Lovett Decl., at ¶ 7; Ex. B, Dinan Decl., at ¶¶ 10-12.  The document is fraudulent.  It is immaterial that Plaintiff presented this document during litigation.

| |
|---|
| **OBJECTIONS:** AMEC objects to the facts alleged in this paragraph insofar as they are based on the alleged employment agreement referenced in her declaration on which this paragraph relies. Specifically, AMEC objects on the grounds that Plaintiff has failed to authenticate the document by providing evidence that the contract was signed by an authorized agent of AMEC. |

      12.    **PSOF ¶ 12:** AMEC disputes the facts alleged in this paragraph insofar as they contradict that Plaintiff returned the signed offer letter to Ms. Lovett via email on January 21, 2008.  *See* Ex. C, Lovett Decl., at ¶ 5.

| |
|---|
| **OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a). |

      13.    **PSOF ¶ 13:  DISPUTED.**  AMEC did not hire Plaintiff for a design engineer position.  *See* Ex. A, Hassert Decl., at ¶¶ 3; Ex. E, Declaration of David Bennion ("Bennion Decl."), at ¶¶ 2-5; Ex. D, Knott Decl., at ¶¶ 5-7; Ex. C, Lovett Decl., at ¶¶ 6-7.

| |
|---|
| **OBJECTIONS:** AMEC objects to this paragraph (insofar as it attempts to contradict that Plaintiff was hired for the position of Engineer in Training) because it lacks foundation: a copy of a (barely legible) business card does not establish the position for which Plaintiff was hired and thus which position should have been reflected on her offer letter. |

      14.    **PSOF ¶ 14:  IMMATERIAL.**

| |
|---|
| **OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a). |

3222613.1

15. **PSOF ¶ 15: UNDISPUTED to the extent it is material.** AMEC does not dispute that Plaintiff's employment with AMEC ended on April 21, 2009.

**OBJECTIONS:** Other than the fact that it is undisputed, AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

16. **PSOF ¶ 16: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

17. **PSOF ¶ 17: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

18. **PSOF ¶ 18: DISPUTED**. Mr. Bennion did not have the conversation with Plaintiff described in this paragraph.. *See* Ex. E, Bennion Decl., ¶ 7.

**OBJECTIONS:** AMEC objects to this paragraph on the grounds that Plaintiff has laid no foundation to establish that she had personal knowledge as to why she "was really being fired." AMEC further objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

19. **PSOF ¶ 19: UNDISPUTED but IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

20. **PSOF ¶ 20: DISPUTED.** No contract existed between the parties and therefore no monies are due.

21. **PSOF ¶ 21: DISPUTED** and **IMMATERIAL**. Plaintiff's initial complaint in the lower state action does not allege a claim for breach of written employment contract. *See* Plaintiff's Ex. 6.

**OBJECTIONS:** AMEC objects to this paragraph on the grounds that it is not supported by the evidence on which it relies. AMEC further objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

3222613.1

22. **PSOF ¶ 22: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

23. **PSOF ¶ 23: UNDISPUTED.** AMEC clarifies that the evidence reflects that AMEC moved to dismiss Plaintiff's original state court action for lack of service as well as fraud on the court.

24. **PSOF ¶ 24: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

25. **PSOF ¶ 25: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

26. **PSOF ¶ 26: DISPUTED to the extent it is material.**

**OBJECTIONS:** AMEC objects to the evidence cited to in support of this paragraph (i.e., Exhibit 7) on the grounds that it is not authenticated. Fed. R. Evid. 901. AMEC further objects on the grounds that the author of Exhibit 7 (Melanie Pate) did not have personal knowledge of the facts alleged. Fed. R. Evid. 602. AMEC further objects that Ms. Pate did not make the representations in the document under oath. Fed. R. Evid. 603. AMEC further objects on the grounds of hearsay because Ms. Pate's knowledge of the facts alleged derived from out-of-court statements by unidentified AMEC employees, whose personal knowledge is not ascertainable. Fed. R. Evid. 603, 801 and 802.

27. **PSOF ¶ 27: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

28. **PSOF ¶ 28: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

29. **PSOF ¶ 29: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

30. **PSOF ¶ 30: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

31. **PSOF ¶ 31: IMMATERIAL.**

**OBJECTIONS:** AMEC objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

32. **PSOF ¶ 32: DISPUTED and IMMATERIAL.** The paragraph does not accurately reflect the evidence--i.e., the transcript of the scheduling conference.

**OBJECTIONS:** AMEC objects to this paragraph on the grounds that it is unsupported by the evidence on which it relies. AMEC further objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

33. **PSOF ¶ 33: DISPUTED to the extent it is material.**

**OBJECTIONS:** AMEC objects to the evidence cited to in support of this paragraph (i.e., Exhibit 7) on the grounds that it is not authenticated. Fed. R. Evid. 901. AMEC further objects that the author of Exhibit 7 (Melanie Pate) did not have personal knowledge of the facts alleged. Fed. R. Evid. 602. AMEC further objects that Ms. Pate did not make the representations in the document under oath. Fed. R. Evid. 603. AMEC further objects on the grounds of hearsay because Ms. Pate's knowledge of the facts alleged derived from out-of-court statements by unidentified AMEC employees, whose personal knowledge is not ascertainable. Fed. R. Evid. 603, 801 and 802.

34. **PSOF ¶ 34: DISPUTED and IMMATERIAL.** It is impossible to authenticate Plaintiff's employment contract because it is fraudulent and is therefore unauthentic.

**OBJECTIONS:** AMEC objects to this paragraph on the grounds of hearsay because it is based on an out-of-court statement being offered to prove the fact of the matter asserted. Fed. R. Evid. 801 & 802. AMEC further objects on the grounds that the paragraph purports to reflect an expert

opinion for which Plaintiff has laid no foundation as to the proffered expert's qualifications and experience and no foundation as to the methodology used. Fed. R. Evid. 702. AMEC further objects to the facts alleged in this paragraph as irrelevant and immaterial. Fed. R. Evid. 401; L.R.Civ. 56.1(a).

## ADDITIONAL STATEMENT OF FACTS

35. In January 2008, Chris Hassert verbally offered Plaintiff the position of Engineer in Training ("E.I.T.") in AMEC's Lake Havasu City office in order to work on the Lake Havasu City Wastewater Expansion Program, a limited project scheduled to be completed in 2012 or earlier. Ex. A, Hassert Decl., at ¶¶ 3, 7.

36. On January 16, 2008, Plaintiff completed and signed her application for employment with AMEC on which she indicated she was applying for an "E.I.T" position. The application expressly required Plaintiff to certify that:

> I . . . understand that my employment and compensation can be terminated, with or without cause, and with or without prior notices, at any time, at the option of either the Company or myself unless otherwise mutually agreed in writing. I understand and acknowledge that no employee or representative of AEE [AMEC Earth & Environmental, Inc.] other than the president or vice president of AEE, has the necessary authority to enter into such a written agreement for employment for any period of time or to make any agreement contrary to the foregoing. I further understand and acknowledge that there are no written, oral, collateral or implied agreements of any kind contrary to the foregoing.

Declaration of Stacy Ford-Kelly ("Ford-Kelly Decl."), at ¶ 9 (attached to Plaintiff's Statement of Facts); Ex. B, Dinan Decl., at ¶ 4.

37. In January 2008, AMEC's Employee Handbook expressly provided that employment with AMEC was "at-will"—i.e., terminable at any time and for any reason by either AMEC or its employees—and that only the President or Executive Vice President of the company was authorized to enter a contract for guaranteed employment. Ex. B, Dinan Decl., at ¶ 9.

38. On January 28, 2008, Plaintiff signed a form acknowledging that she had received a copy of AMEC's Employee Handbook and that she understood that she was expected to read and become familiar with the policies in the Handbook. Ex. B, Dinan Decl., at ¶ 5.

39. In 2008, AMEC's Hiring Policy—which was included in the Employee Handbook—required that all offers of employment be confirmed in writing using an approved and standardized offer letter, and also provided that:

> All representatives of AMEC should be aware that the employment with the Company is "at will" and should exercise great care not to make any representations otherwise. During the recruitment, hiring, and orientation process, no statement shall be made promising permanent or guaranteed employment, and no document shall be called a contract . . . .

Ex. B, Dinan Decl., at ¶ 9; Ex. D, Knott Decl., ¶¶ 3-4; Ex. A, Hassert Decl., at ¶ 4.

40. On January 21, 2008, AMEC Human Resources Manager Melinda Knott prepared an employment offer letter for Plaintiff from the approved template and saved it on the AMEC computer system. The copy of Plaintiff's offer letter created by Ms. Knott and saved on the AMEC computer system has not been modified since the day it was created. Ex. D, Knott Decl., at ¶ 5; Ex. B, Dinan Decl., at ¶¶ 3, 7-8; Ex. F, Declaration of Mark Cardwell, ("Cardwell Decl."), at ¶ 9.

41. The offer letter that Ms. Knott prepared for Plaintiff states in pertinent part that AMEC was offering Plaintiff a position as an Engineer in Training, that her starting salary would be $62,000.12 annually, and that employment with AMEC "is not guaranteed for any specific length of time and is terminable at will, which means that either you [the employee] or the Company may end the employment relationship at any time for any reason." Ex. D, Knott Decl., at ¶¶ 4-5; Ex. B, Dinan Decl., at ¶¶ 3, 7.

42. After she prepared Plaintiff's offer letter, Ms. Knott sent an identical electronic copy of the offer letter to AMEC Administrative Assistant Stacy Lovett. Ex. D, Knott Decl., at ¶ 5; Ex. C, Lovett Decl., at ¶ 4.

43. On January 21, 2008, Ms. Lovett emailed Plaintiff a copy of the offer letter that Ms. Knott had prepared. Ex. C, Lovett Decl., at ¶ 5.

44. On January 21, 2008, Plaintiff signed the offer letter that Ms. Knott had prepared and emailed a copy of the signed offer letter to Ms. Lovett. Ex. C, Lovett Decl., at ¶¶ 5-6.

45. After Plaintiff signed the offer letter, Ms. Knott executed the letter on behalf of Mr. Hassert and AMEC. Ex. D, Knott Decl., at ¶ 6.

46. A copy of Plaintiff's fully executed offer letter was maintained in Plaintiff's personnel file, which was kept in the regular course of AMEC's business. Ex. B, Dinan Decl., at ¶ 3; Ex. D, Knott Decl., at ¶ 9; Ex. E, Bennion Decl., at ¶ 6.

47. The fully executed offer letter maintained in Plaintiff's personnel file is identical to the offer letter Ms. Knott created on January 21, 2008. Ex. B, Dinan Decl., at ¶¶ 3, 7-8; Ex. F, Cardwell Decl., at ¶ 9.

48. The fully executed offer letter maintained in Plaintiff's personnel file reflects terms of employment that were consistent with the terms of employment that AMEC offered to Plaintiff and the terms of employment that AMEC offered to other employees hired for the Lake Havasu office around the time that Plaintiff was hired. Ex. A, Hassert Decl., at ¶ 6; Ex. B, Dinan Decl., at ¶ 12; Ex. E, Bennion Decl. at ¶¶ 3-4; Ex. D, Knott Decl., at ¶¶ 4-5, 8; Ex. C, Lovett Decl., at ¶ 7.

49. Other copies of Plaintiff's offer letter were maintained in various formats in several locations within AMEC's files or computer system (including email servers), and all of these copies are identical to the offer letter prepared and signed by Ms. Knott and maintained in Plaintiff's personnel file. Ex. D, Knott Decl., at ¶¶ 5, 9, 11; Ex. E, Bennion Decl., at ¶ 6; Ex. C, Lovett Decl., at ¶ 6; Ex. B, Dinan Decl., at ¶¶ 3, 6-8, 14; Ex. F, Cardwell Decl., at ¶ 9.

50. Ms. Knott did not prepare or sign the document that is attached as Exhibit 1 to the First Amended Complaint in this case. Ex. D, Knott Decl., at ¶ 7.

51. The document that is attached as Exhibit 1 to the First Amended Complaint in this case has not been located in any of AMEC's records or files. Ex. B, Dinan Decl., at ¶ 10; Ex. F, Cardwell Decl., at ¶ 10.

/ / /

/ / /

/ / /

/ / /

/ / /

3222613.1

52. The document that is attached as Exhibit 1 to the First Amended Complaint does not comport with AMEC's Hiring Policy. Ex. B, Dinan Decl., at ¶¶ 9, 11-12; Ex. D, Knott Decl., at ¶ 8; Ex. C, Lovett Decl., at ¶ 7; Ex. E, Bennion Decl., at ¶ 5; Ex. A, Hassert Decl., at ¶¶ 4, 8.

RESPECTFULLY SUBMITTED this 18th day of March, 2013.

LEWIS AND ROCA LLP


By /s/ Melanie V. Pate
Robert G. Schaffer
Melanie V. Pate
Alastair Gamble
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter K. Strojnik, Esq.
The Strojnik Firm L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, AZ 85016
strojnik@skplaw.com

Peter Strojnik, Esq.
Strojnik, P.C.
2415 East Camelback Road, Suite 700
Phoenix, AZ 85016
ps@strojnik.com

/s/ Susan J. Durkee