# EXHIBIT A

LEWIS AND ROCA LLP — LAWYERS

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025844
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AMEC Environment & Infrastructure, Inc., a Nevada corporation *fka* AMEC Earth & Environmental, Inc. *fka* AMEC Infrastructure, Inc.,<br><br>　　　　　Defendant. | No. 3:12-cv-08085-NVW<br><br>**DECLARATION OF CHRIS HASSERT IN SUPPORT OF DEFENDANT AMEC ENVIRONMENT & INFRASTRUCTURE, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR DEFAULT JUDGMENT** |

CHRIS HASSERT, upon his oath, states as follows:

1. I was employed by Defendant AMEC Earth & Environmental, Inc., n/k/a AMEC Environment & Infrastructure, Inc. ("AMEC") from November 2005 to May 2008. I was hired as a Design Manager and I subsequently took on the responsibilities of the Unit Manager for the Lake Havasu City office. I make this declaration based on my personal knowledge and in support of AMEC's Response in Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Default Judgment. If called upon to do so, I could and would personally and competently testify to the following facts.

Case 3:12-cv-08085-NVW   Document 89-1   Filed 03/18/13   Page 3 of 6

LEWIS
AND
ROCA
——LLP——
LAWYERS

2. During my employment with AMEC, I personally interviewed and hired employees to work in AMEC's Lake Havasu City office.

3. I interviewed Stacy Ford for the position of Engineer in Training in late 2007 or early 2008. I did not interview Ms. Ford for the position of "Design Engineer," nor did I offer her that position. A design engineer is not the same position as an E.I.T. at AMEC. As part of the interview, Ms. Ford did not request, nor did I offer, a position for a guaranteed term of employment. In fact, per AMEC's Hiring Policy, which I was familiar with as part of my duties for AMEC, employment with AMEC was "at-will," and I was not authorized to offer any employee a position for a guaranteed term. In addition, Ms. Ford did not request, nor did I offer, an automatic salary increase upon Ms. Ford's passing the Professional Engineering examination.

4. On or around January 16, 2008, I decided to offer Ms. Ford the Engineer in Training position at a salary of $62,000, with the possibility of extra compensation for additional hours worked, subject to manager approval. I offered the job to Ms. Ford by phone, but AMEC's Hiring Policy requires that all offers of employment be confirmed in writing through the Human Resources Department. Therefore, when I spoke to Ms. Ford, I told her she would receive a formal offer letter in the next few days. I did not refer to the offer letter as a "contract," and I did not tell her that the offer letter would be sent to her by express mail. In addition, I asked Ms. Ford to fill out and sign AMEC's formal preprinted employment application, which is required under AMEC's Hiring Policy. I do not recall telling Ms. Ford that the application was "a mere formality," but I did tell her that she needed to complete it as part of the hiring process.

5. On January 18, 2008, Ms. Ford sent me an email advising me that she had a new email address: stacy.deann@yahoo.com. Attached to this declaration as **Exhibit 1** is a true and correct copy of the email exchange I had with Ms. Ford regarding her Yahoo email account.

6. I have reviewed the signed offer letter maintained in Ms. Ford's personnel file, and I can attest that the terms reflected in this document are consistent with the terms

of employment I offered Ms. Ford. The terms reflected in the offer letter are also consistent with the terms I offered other employees at AMEC's Lake Havasu City office.

7. The Lake Havasu City Wastewater Expansion Program, for which Ms. Ford was hired to perform Engineer in Training duties at AMEC, was a limited project that was scheduled to be completed in 2012 or earlier. Though I hired Ms. Ford to work on this project, I never told Ms. Ford that AMEC would require her services through the end of the project.

8. I have reviewed the document attached as Exhibit 1 to Plaintiff's First Amended Complaint, and I can attest that this document does not reflect the terms of employment that I offered Ms. Ford. In fact, the terms reflected in this document are not terms that I ever offered to an employee at AMEC, and I am not aware of any other employee ever being offered such terms.

9. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 18TH day of March, 2013.

_____
Chris Hassert

# EXHIBIT 1

**From:** Hassert, Chris
**Sent:** Saturday, January 19, 2008 3:51 PM
**To:** 'stacy71@cableone.net'
**Subject:** RE: New email address

Okay, thanks Stacy.

Chris Hassert, PE
AMEC Infrastructure
94 Acoma Blvd South, Ste. 100
Lake Havasu City, Arizona  86403
Phone +1 928 854 8030
Fax +1 928 854 8036
chris.hassert@amec.com

**From:** Stacy Ford [mailto:stacy71@cableone.net]
**Sent:** Friday, January 18, 2008 6:25 PM
**To:** Hassert, Chris
**Subject:** New email address

Chris,

Here is my new email address since I will no longer have my cableone account effective Monday 1/21

stacy.deann@yahoo.com

Stacy Ford
(208) 389-8087

Msg sent via CableONE.net MyMail - http://www.cableone.net

AMEC000594