# EXHIBIT I



LEWIS
AND
ROCA
——LLP——
L A W Y E R S

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial:  (602) 262-0271
Direct Fax:  (602) 734-3777
EMail:  BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial:  (602) 262-5318
Direct Fax:  (602) 734-3785
EMail:  MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial:  (602) 262-5370
Direct Fax:  (602) 262-3787
EMail:  AGamble@LRLaw.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly, | No. 3:12-cv-08085-NVW |
| Plaintiff, | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE REGARDING PUBLIC RECORDS IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR DEFAULT JUDGMENT** |
| vs. | |
| AMEC Environment & Infrastructure, Inc., a Nevada corporation *fka* AMEC Earth & Environmental, Inc. *fka* AMEC Infrastructure, Inc., | |
| Defendants. | |

## REQUEST FOR JUDICIAL NOTICE

Defendant AMEC Earth & Environmental ("AMEC" or "Defendant"), requests that the Court take judicial notice of true and correct copies of the following public documents:

**Ex. 1:** Motion to Dismiss and Selected Exhibits filed by AMEC in the matter *Ford-Kelly v. AMEC Earth & Environmental, Inc.*, Case No: CV-2010-07063 in Arizona Superior Court, Mohave County.

**Ex. 2:** Court Order dismissing Complaint for Insufficiency of Service of Process in the matter *Ford-Kelly v. AMEC Earth & Environmental, Inc.*, Case No: CV-2010-07063 in Arizona Superior Court, Mohave County.

3075780.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1    Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of

2    adjudicative facts, which are "either (1) generally known within the territorial jurisdiction

3    of the trial court or (2) capable of accurate and ready determination by resort to sources

4    whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). To that end, the

5    Court may take judicial notice of facts that are a matter of public record, including

6    documents filed in other litigation. *Suico v. Freeport-McMoran Copper & Gold, Inc.*,

7    2012 WL 404614, at *2 (D. Ariz. 2012) (citing *Gallo v. Board of Regents of Univ. of Cal.*,

8    916 F. Supp. 1005, 1007 (S.D. Cal. 1995)).

9    Accordingly, AMEC respectfully asks the Court to take judicial notice of the

10   documents listed above and attached as Exhibits 1 and 2 in consideration of its Response

11   in Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Default

12   Judgment, filed concurrently.

13   RESPECTFULLY SUBMITTED this 18th day of March, 2013.

14                        LEWIS AND ROCA LLP

15

16   By */s/ Alastair Gamble*
                         Robert G. Schaffer
17                       Melanie V. Pate
                         Alastair Gamble
18                       Attorneys for Defendant

19

20

21

22

23

24

25

26

27

28

3075780.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1

**CERTIFICATE OF SERVICE**

2

3    I hereby certify that on March 18, 2013, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
Notice of Electronic Filing to the following CM/ECF registrants:

4

5    Peter K. Strojnik, Esq.
The Strojnik Firm L.L.C.
Esplanade Center III, Suite 700

6    2415 East Camelback Road
Phoenix, AZ  85016

7    strojnik@skplaw.com

8    Peter Strojnik, Esq.
Strojnik, P.C.

9    2415 East Camelback Road, Suite 700
Phoenix, AZ  85016

10   ps@strojnik.com

11

12                                   */s/ Susan J. Durkee* _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT 1

LEWIS
AND
ROCA
——— LLP ———
L A W Y E R S

FILED

BY:_____

2011 MAR 22  PM 12: 32

VIRLYNN TINNELL
SUPERIOR COURT CLERK

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Cindy Villanuev, State Bar No. 028163
Direct Dial: (602) 262-5789
Direct Fax: (602) 734-3904
EMail: BSchaffer@LRLaw.com

Attorneys for Defendant
AMEC Earth & Environmental, Inc.

SUPERIOR COURT OF ARIZONA
COUNTY OF MOHAVE

Stacy D. Ford-Kelly,

                              Plaintiff,

        vs.

AMEC Earth & Environmental, Inc.,

                              Defendant.

No. CV-2010-07063

**AMEC EARTH & ENVIRONMENTAL, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE FOR FRAUD UPON THE COURT AND OTHER GROUNDS**

(Assigned to the Honorable Randolph A. Bartlett)

Defendant AMEC Earth & Environmental, Inc. ("AMEC") has been forced to bring this motion because Plaintiff Stacy D. Ford-Kelly, a disgruntled former employee, has engaged in a misguided and brazen attempt to use the U.S. Mails to obtain signatures on return receipts, which she then filed with the Court along with false Affidavits of Service, all in an apparent effort to fraudulently obtain a default judgment against AMEC. Accordingly, AMEC moves to dismiss Plaintiff's First Amended Complaint <u>with prejudice</u> on the basis that: (1) Plaintiff has committed fraud upon the court by falsely claiming to have served AMEC with both her original Complaint and First Amended Complaint and Summons; (2) for failure to comply with Arizona's Rules of Civil Procedure pursuant to Ariz. R. Civ. P. 41(b); and (3) for improper service of process pursuant to Ariz. R. Civ. P. 12(b)(5).

2337018.2

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    **I.    BACKGROUND**

3        **A.    Plaintiff's Initial Complaint, Affidavits of Service, and Application For**
4               **Default**

5        Plaintiff Stacy D. Ford-Kelly is a former employee of AMEC. On April 15, 2010,

Plaintiff filed a *pro se* complaint against AMEC in superior court seeking a judgment of
6
$25,000,000 based on a laundry list of causes of action. (Compl. p. 1-2.)
7

8        On June 16, 2010, Plaintiff filed three Affidavits of Service By Certified Mail with

9    the Court, claiming to have served copies of her Complaint on Roger Jinks, President of

10   AMEC; David Ott, Vice President of AMEC; and CT Corporation System ("CT"),

11   statutory agent of AMEC. Copies of the three Affidavits of Service by Certified Mail are

12   attached hereto as Exhibits 1, 2, and 3, respectively.

13       Also on June 16, 2010, Plaintiff filed an Application for Default, Affidavit of

Default, and Entry of Default against AMEC. (*See* 6/16/10 Application for Default). On
14
October 27, 2010, Plaintiff filed a motion to schedule a default judgment hearing and a
15
separate Proof of Notice claiming to have served Roger Jinks, David Ott and CT with the
16
Application for Default, Affidavit of Default, and Entry of Default on June 16, 2010. (*See*
17
10/27/10 Proofs of Notice).
18

19       This Court held a default hearing on December 20, 2010, and advised Plaintiff that

her complaint did not comply with Ariz. R. Civ. P. 8. The Court granted Plaintiff's
20
request to amend her complaint. (*See* 10/20/10 Min. Entry from Default Hearing).
21

22       **B.    Plaintiff's First Amended Complaint, Affidavits of Service, and**
                **Application for Default**

23       On January 14, 2011, Plaintiff filed a First Amended Complaint which again

24   alleges a hodgepodge of claims against AMEC. (First Am. Compl. ¶¶ 5-32).

25       On March 8, 2011, Plaintiff filed with the Court three additional Affidavits of

26   Service by Certified Mail alleging to have served her First Amended Complaint and

27   Summons on Roger Jinks, David Ott, and CT. Copies of the three Affidavits of Service by

28   Certified Mail are attached hereto as Exhibits 4, 5, and 6, respectively. Plaintiff also filed

2

2337018.2

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1    an Application for Default with the Court on March 8, 2011, in which she avers that she

2    served the Application upon CT. (*See* 3/8/11 Application for Default).

3        C.    **AMEC's Discovery of Plaintiff's Lawsuit**

4        Contrary to Plaintiff's Affidavits of Service, AMEC has never been served with

5    either the Complaint or the First Amended Complaint. In fact, AMEC was entirely

6    unaware of this lawsuit until it began to investigate a suspicious package received by

7    AMEC's Senior Vice President David Ott, on January 26, 2011. The package in question

8    was delivered with a return receipt requested from an unknown party located in Lake

9    Havasu City, Arizona. When the package was opened, it contained only blank paper. (Ex.

10   7, Declaration of David Ott ("Ott Decl.") ¶ 2.)

11       Concerned about receiving this suspicious package, AMEC immediately

12   commenced an investigation. (Ex. 8, Declaration of Debbie Keyes ("Keyes Decl.") ¶ 2-3.)

13   AMEC discovered that the address on the package was a mailbox rental facility located in

14   Lake Havasu City. (Ex. 8, Keyes Decl. ¶ 5). Further inquiry led AMEC to conclude that

15   the handwriting on the package was the same as the handwriting on a form that Plaintiff

16   had filled out as an employee of the company. (*Id.* ¶ 8 & Exs. A & C).

17       Curious about why Plaintiff would pay for a return receipt for a package containing

18   blank paper, an AMEC employee decided to check the Mohave County Superior Court

19   website and discovered that Plaintiff had filed a complaint against AMEC in May 2010.

20   (Ex. 8, Keyes Dec. ¶ 9). After additional investigation by AMEC, it was discovered that

21   the Certified Mail tracking number on the package sent to David Ott — the one that

22   contained only blank paper — matches the tracking number on the return receipt attached

23   to one of the Affidavits of Service filed by Plaintiff on March 8, 2011. (*See* Ex. 5,

24   Affidavit of Service–Ott; Ex. 7, Ott Decl., Ex. A).

25       D.    **The Jinks Package — More Blank Paper**

26       AMEC also discovered that Plaintiff sent a second package to AMEC on January

27   26, 2011, addressed to its former President Roger Jinks. Because Mr. Jinks had recently

28   retired and moved to Nanaimo, British Columbia, the package was forwarded to AMEC's

2337018.2

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1   Nanaimo office and was not immediately opened. (Ex. 9, Declaration of Roger Jinks

2   ("Jinks Decl.") ¶ 3). When the package was eventually opened, as witnessed by three

3   AMEC employees, it also contained blank paper. (Ex. 9, Jinks Decl. ¶ 4; Ex. 10,

4   Declaration of Allan Morrison ¶ 3; Ex. 11, Declaration of Darcey Kaluza ¶ 3).

5          As with the package sent to David Ott, the tracking number on the package sent to

6   Roger Jinks matches the tracking number on the return receipt attached to a second

7   Affidavit of Service filed by Plaintiff on March 8, 2011. (*See* Ex. 4, Affidavit of Service–

8   Jinks; Ex. 9, Jinks Decl., Ex. A)

9          **E.    CT's Investigation**

10         At the request of AMEC, CT conducted its own investigation into the packages sent

11  by Plaintiff. Attached hereto as Exhibit 12 is a Declaration from CT's Senior Corporate

12  Operations Specialist, Amelia Martinez ("Martinez Decl."), further confirming Plaintiff's

13  false affidavits.

14         CT confirmed that, on January 26, 2011, it received a Priority Mail/Certified Mail

15  package with a return receipt requested from an unknown party located at 1990

16  McCulloch Blvd. N, Lake Havasu City, AZ 86403. (Ex. 12, Martinez Decl. ¶ 2). When

17  opened, the package contained blank pages with no identifying information as to the party

18  upon whom service was sought. (*Id.* ¶ 2). On January 26, 2011, CT sent a letter by

19  Federal Express returning the package to the sender and advising the sender that it

20  contained only blank pages. (Ex. 12, Martinez Decl. ¶ 3 & Ex. B).

21         Again, the tracking number on the package sent to CT matches the tracking number

22  on a return receipt attached to the third Affidavit of Service filed by Plaintiff on March 8,

23  2011. (*See* Ex. 6, Affidavit of Service–CT; Ex. 12, Martinez Decl. ¶ 2 & Ex. A).

24         CT has performed a thorough search of its records for the period January 1, 2010 to

25  the present. At no time did CT receive notice of Mohave County Superior Court case

26  CV2010-07063 styled *Stacy D. Ford-Kelly v. AMEC Earth & Environmental, Inc.* (Ex. 12,

27  Martinez Decl. ¶ 6).

28

2337018.2



**F.    The Original Complaint Was Not Served Either**

AMEC's investigation has confirmed that this is not the first time Plaintiff has engaged in this type of misconduct. Plaintiff pulled a similar stunt in filing sworn Affidavits of Service in June 2010 in connection with her original Complaint.

As noted above, Plaintiff filed three sworn Affidavits of Service on June 16, 2010, claiming that she served her original Complaint on AMEC and CT. (*See* Exs. 1, 2 and 3) CT's records show that it received a package from Plaintiff on May 6, 2010, and transmitted the contents of the package to Jackie Wasyluk, Legal Assistant, AMEC Legal Services. (Ex. 12, Martinez Decl. ¶ 5). However, as indicated on CT's Service of Process Transmittal, the package did not contain a copy of the Complaint and Summons but instead contained a rambling diatribe that gave AMEC no indication that a lawsuit had been filed against it. (*See* Ex. 12, Martinez Decl., ¶ 5 & Ex. D). The certified mail tracking number on the package sent to CT on May 6, 2010, matches the tracking number on the return receipt that was filed by Plaintiff as proof of service on June 16, 2010. (Ex. 3, Affidavit of Service–CT; Ex. 12, Martinez Decl. ¶ 5 & Ex. D).

After looking at the document that was mailed to CT in May 2010, both Roger Jinks and David Ott believe that they may have received a similar letter in early 2010, and it appears that at least Roger Jinks saw a copy of the letter that had been forwarded to AMEC by CT. (Ex. 7, Ott Decl. ¶ 5; Ex. 9, Jinks Decl. ¶ 5). At no time prior to AMEC's investigation, however, did Roger Jinks or David Ott, or anyone else at AMEC, receive a copy of Plaintiff's Complaint or Amended Complaint, or any other document that would have put them on notice that Plaintiff had filed a lawsuit against AMEC. (Ex. 7, Ott Decl. ¶ 6; Ex. 9, Jinks Decl. ¶ 6). As noted above, AMEC only became aware of this lawsuit through its own investigation and by obtaining copies of the Complaint and First Amended Complaint from the court's central file. (Ex. 8, Keyes Decl. ¶ 9.)

2337018.2



**II.    THE COMPLAINT SHOULD BE DISMISSED UNDER THE COURT'S INHERENT POWER TO PREVENT FRAUD UPON THE COURT AND PURSUANT TO ARIZONA'S CIVIL CONTEMPT STATUTE**

**A.    The Court Has the Inherit Authority to Dismiss the Case**

Courts possess inherent power to sanction an individual for committing a fraud on the court. *See Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 211 P.3d 16 (Ariz. Ct. App. 2009); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123 (1991); *Perna v. Elec. Data Sys. Corp.*, 916 F. Supp. 388, 397(D.N.J. 1995); *Ramey v. Haverty Furniture Companies, Inc.*, 993 So. 2d 1014, 1018 (Fla. Dist. Ct. App. 2008); *Lett v. Providence Journal Co.*, 798 A.2d 355, 364 (R.I. 2002). Moreover, under A.R.S. Sec. 12-864, a court may hold a party in contempt for "obstruct[ing] the administration of justice" and issue an appropriate punishment including dismissal with prejudice "in conformity to the practice and usage of the common law." *See* A.R.S. § 12-864; *see also Green*, 221 Ariz. at 149-50, 211 P.3d at 27-28 (recognizing court's authority to sanction party by terminating claims). Thus, by statute, Arizona has codified a court's inherent power to dismiss a case for contempt under common law principles.

A court's inherit authority to dismiss a case and protect the sanctity of the judicial process is never more compelling than in a situation where an individual is engaged in fraud upon the court. *Perna*, 916 F. Supp. at 397. A fraud on the court occurs "where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989); *see also Cox v. Burke*, 706 So.2d 43, 46 (Fla. Ct. App. 1998) (utilizing the *Aoude* test to determine whether particular conduct was sufficient to justify dismissal for fraud on the court); *Lett*, 798 A.2d at 364 (same). Although, dismissal is the most severe sanction a court can levy against a party, dismissal is justified under a court's inherent power in extreme circumstances, in response to abusive litigation

6

2337018.2

LEWIS
AND
ROCA
— LLP —
L A W Y E R S

1    practices, and to insure the orderly administration of justice and the integrity of the court's

2    order. *See, e.g. Halaco Engineering Co. v. Costle*, 843 F.2d 376 (9th Cir. 1988); *U.S. v.*

3    *Schaffer Equip. Co.*, 11 F.3d 450 (4th Cir. 1993).

4         Plaintiff has clearly engaged in fraud upon the court that merits the dismissal of her

5    complaint with prejudice. Plaintiff falsely claimed to have served AMEC with the

6    Amended Complaint and Summons in sworn affidavits filed with the court. Under oath,

7    Plaintiff stated that she mailed the Amended Complaint and Summons to representatives

8    of AMEC. The truth, however, is that Plaintiff did not serve anything but blank pages.

9    Plaintiff's actions were clearly designed to keep AMEC in the dark about the claims

10    against it.

11        Moreover, instead of using her own name and address, Plaintiff used a mailbox

12    rental facility for a return address. This was intended to ensure that AMEC would have a

13    difficult time discovering who sent the envelopes and for what reasons. It was only

14    through extensive investigation that AMEC was able to connect the dots and determine

15    that Plaintiff was behind the packages and was attempting to fraudulently obtain a default

16    judgment against AMEC.

17        Plaintiff's recent filing of false affidavits after serving only blank paper is not the

18    first time that Plaintiff has perjured herself in this case. As discussed above, Plaintiff did

19    not serve AMEC with the Complaint and Summons but instead served a rambling diatribe

20    that gave AMEC no notice that a complaint had been filed against it or that it needed to

21    respond. Yet Plaintiff filed false affidavits attesting that she served her original complaint

22    on AMEC

23        Plaintiff's fraud was calculated to mislead the Court and interfere with the Court's

24    ability to impartially adjudicate this matter by seeking to prevent AMEC from defending

25    itself. Had it not been for the investigation conducted by AMEC employees, AMEC never

26    would have become aware of this claim. Plaintiff's actions clearly constitute fraud upon

27    the court.

28

7

2337018.2

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

**B.    Dismissal Complies with Plaintiff's Due Process Rights**

The United States Supreme Court has recognized that where due process is satisfied even the harsh sanction of dismissal may be warranted. *See Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S. Ct. 370 (1909). A court's authority to "hold any person in contempt, whether a party to a case before that court or a non-party, is subject to constitutional and statutory restraints regarding the process due to any person so accused." *Chen v. Stewart*, 123 P.3d 416, 428 (Utah 2005) (upholding case-terminating sanctions).

Merits-terminating sanctions comply with due process if "one may reasonably infer from the suppression of relevant evidence that the defendant's case is lacking in merit." *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir.1982); *see also Green*, 221 Ariz. at 151, 211 P.3d at 28. If the sanctioned conduct invites a negative inference about the merits of the party's claims or defenses, due process is met, and merits-terminating sanctions are constitutionally appropriate. *Green*, 221 Ariz. at 151, 211 P.3d at 28. Thus, due process is satisfied when a court terminates a party's case as a sanction for a planned fraud on the court. *See id.*; *Chen*, 123 P.3d at 428-29.

Due process is clearly met in this case. As in *Chen*, Plaintiff had planned a fraud upon the court that invites a negative inference about the merits of her claims. Plaintiff has engaged in conduct that was designed to improperly influence the court's decision on the merits of the case. Therefore, the court may dismiss the Plaintiff's claims with prejudice consistent with due process.

**C.    Dismissal is Warranted under Applicable Factors**

Before exercising the inherent power to dismiss a case, a court should consider the following factors: (1) prejudice to the other party, both in terms of its ability to litigate its claims and other harms caused by the disobedient party's actions; (2) whether the violations were committed by the party or by counsel; (3) whether the conduct was willful or in bad faith and whether the violations were repeated or continuous; (4) the public interest in the integrity of the judicial system and compliance with court orders; (5) prejudice to the judicial system, including delays and the burden placed on the trial court;

8

2337018.2

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1  prejudice to the judicial system, including delays and the burden placed on the trial court;

2  (6) efficacy of lesser sanctions; (7) whether the party was warned that violations would be

3  sanctioned; and (8) public policy favoring the resolution of claims on their merits. This list

4  is not exclusive; a trial court may identify and address any other relevant circumstances.

5  *Green*, 221 Ariz. at 154-155,  211 P.3d at 31-32.

6      In this case, these factors weigh strongly in favor of dismissal with prejudice.

7  Plaintiff has chosen to represent herself and she, alone, repeatedly and willfully violated

8  Arizona's Rules of Civil Procedure and attempted to mislead the Court through

9  demonstrably false affidavits.  Plaintiff's violations clearly were designed to interfere with

10  AMEC's ability to litigate the case.  In fact, Plaintiff's actions were meant to completely

11  deprive AMEC of its right to defend against her baseless claims.  Plaintiff's goal was

12  obviously to obtain a large default judgment against AMEC without giving AMEC notice

13  of the complaint.

14      These violations were willful and in bad faith.  It is not an accident to send out

15  envelopes with blank paper.  A mistake might be believable if only one envelope

16  contained blank pages, but three envelopes show that Plaintiff's actions were willful.

17  Moreover, Plaintiff's fraudulent service of the Amended Complaint was not Plaintiff's

18  first violation.  Plaintiff also willfully failed to serve the original Complaint on AMEC.

19  Even though public policy generally favors the resolution of claims on the merits, the

20  public interest in the integrity of the judicial system calls for Plaintiff's claim to be

21  dismissed with prejudice.  Plaintiff's actions show a complete disregard for the judicial

22  process.

23  **III.  ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED WITH**
       **PREJUDICE FOR FAILURE TO COMPLY WITH ARIZONA'S RULES OF**
24     **CIVIL PROCEDURE.**

25      The court also has authority to dismiss the complaint with prejudice pursuant to

26  Ariz. R. Civ. P. 41(b) for Plaintiff's deliberate violation of Arizona's Rules of Civil

27  Procedure.  Rule 41(b) provides that a party can seek an involuntary dismissal of a

28

9

2337018.2

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1    complaint if the other party fails to comply with "these rules or any order of the court."

2    *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir.

3    2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil

4    Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of

5    civil procedure or the court's orders); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)

6    ("Failure to follow a district court's local rules is a proper ground for dismissal").

7    Accordingly, this case should be dismissed with prejudice because Plaintiff has failed to

8    comply with Ariz. R. Civ. P. 4.1, which requires that a plaintiff serve the summons and

9    pleading within the time allowed for service and provide sworn proof of service prior to

10   seeking entry of default.

11          This case is similar to *C.B.H. Resources, Inc. v. Mars Forging Co.*, 98 F.R.D. 564

12   (W.D. Pa. 1983), where the court held that the president and owner of the plaintiff

13   corporation abused the process of the court in violation of Fed. R. Civ. P. 45 and Fed. R.

14   Civ. P. 30 by securing a witness's presence and sworn testimony by means of false threats

15   and a bogus subpoena.  The court stated that the scheme was "totally at odds with the

16   Federal Rules of Civil Procedure and the notions of fairness central to our system of

17   litigation." *Id.* at 569.  The court concluded that it "cannot allow a party which has

18   demonstrated such a flagrant disregard for our rules simply to receive a small penalty and

19   then go forward with its claim." *Id.*   Similarly, where the violations of the rules are as

20   serious as they are here, dismissal with prejudice is the only appropriate sanction.

21          Plaintiff's scheme to obtain proof of service by certified mail by sending envelopes

22   that contained nothing but blank paper is completely at odds with Arizona's Rules of Civil

23   Procedure.  Proper service is essential for the administration of justice.  The court relies on

24   a plaintiff's declaration that they have informed the defendant of the complaint in order to

25   proceed with subsequent court actions.  By filing fraudulent proofs of service, Plaintiff has

26   committed serious violations of Arizona's Rules of Civil Procedure.  Plaintiff has

27   repeatedly perjured herself before this Court in an attempt to obtain a monetary judgment

28   against AMEC without actually giving AMEC an opportunity to defend itself.  Dismissal

2337018.2

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1    with prejudice is the only proper sanction against Plaintiff given Plaintiff's complete

2    disregard for the Rules of Civil Procedure.

3          Moreover, Plaintiff has disregarded her obligations under the Rules of Civil

4    Procedure to provide proper service not once, but twice. These violations were not

5    accidental or insignificant technical violations but instead deliberate and calculated

6    violations that were meant to deprive AMEC of its ability to defend itself. As such, the

7    Court should dismiss this case with prejudice because Plaintiff has shown a flagrant

8    disregard for Arizona's Rules of Civil Procedure.

9    **IV.**    **ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED FOR**

10         **INSUFFICIENT SERVICE OF PROCESS.**

11          Plaintiff purported to effect service of process on AMEC via certified mail,

12    pursuant to Arizona Rule of Civil Procedure 4.2(c). Rule 12(b)(5) of the Arizona Rules of

13    Civil Procedure requires dismissal for failure to properly serve the Complaint on the

14    defendant. As discussed above, Plaintiff has never properly served the Summons and First

15    Amended Complaint upon AMEC. Instead, Plaintiff sent envelopes which contained

16    nothing but blank sheets of paper. This failure to properly serve was not for "good cause"

17    but instead was willful. *See Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882,

18    887 (8th Cir. 1996) (court did not abuse its discretion by dismissing case, even though

19    statute of limitations had run, because plaintiff's failure to effect valid service on correct

20    party after obtaining necessary information was "willful, not inadvertent."). Accordingly,

21    the complaint should be dismissed pursuant to Rule 12(b)(5).

22    **V.**    **CONCLUSION**

23          Plaintiff's First Amended Complaint should be dismissed with prejudice under the

24    Court's inherit authority. Plaintiff has clearly committed multiple instances of fraud upon

25    the Court in an attempt to circumvent the court's rules and obtain a default judgment

26    against AMEC. Alternatively, the Court should dismiss the complaint pursuant to Ariz. R.

27    Civ. P. 41(b) for flagrantly disregarding Arizona's Rules of Civil Procedure or pursuant to

28    Ariz. R. Civ. P. 12(b)(5) for insufficient service of process.

2337018.2

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1    RESPECTFULLY SUBMITTED this 22 day of March, 2011.

2

3                          LEWIS AND ROCA LLP

4

5                          By _____
                               Robert G. Schaffer
6                              Cindy Villanueva
                               *Attorneys for AMEC Earth & Environmental,*
7                              *Inc.*

8    ORIGINAL of the foregoing was
     sent for filing by FedEx Next Day Delivery
9    with the Mohave County Superior Court
     this 22 day of March, 2011, and a
10   COPY provided for:

11   Honorable Randolph A. Bartlett
     Mohave County Superior Court
12   401 E. Spring Street
     Kingman, AZ  86401
13
     COPY of the foregoing was mailed
14   this 22 day of March, 2011, to:

15   Stacy D. Ford-Kelly
     1561 Mohican Dr.
16   Lake Havasu City, AZ  86406
     *Pro Se*
17

18   _____

19

20

21

22

23

24

25

26

27

28

                          12                              2337018.2

# TABLE OF CONTENTS

**Index to Exhibits to AMEC Earth & Environmental, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice for Fraud Upon the Court and Other Grounds**

| Ex. | Document |
|-----|----------|
|  |  |
| 1 | 06/16/10 Affidavit of Service upon Roger Jinks |
| 2 | 06/16/10 Affidavit of Service upon David Ott |
| 3 | 06/16/10 Affidavit of Service upon CT Corp. |
| 4 | 03/08/11 Affidavit of Service upon Roger Jinks |
| 5 | 03/08/11 Affidavit of Service upon David Ott |
| 6 | 03/08/11 Affidavit of Service upon CT Corp. |
| 7 | Declaration of David Ott |
| 8 | Declaration of Debbie Keyes |
| 9 | Declaration of Roger Jinks |
| 10 | Declaration of Allan Morrison |
| 11 | Declaration of Darcey Kaluza |
| 12 | Declaration of Amelia Martinez |

2340945.1

# Exhibit 1

| | | For Clerk's Use Only |
|---|---|---|
| Name of Person Filing: | _Stacy D. Ford-Kelly_ | |
| Mailing Address: | _1551 Mohican Dr._ | **FILED** |
| City, State, and Zip Code: | _Lake Havasu City, AZ 86406_ | TIME __4:24__ p M |
| Daytime Phone Number: | _(928) 846-2289_ | |
| Evening Phone Number: | _____ | JUN 16 2010 |
| ATLAS Number (if applicable): | _____ | |
| State Bar Number (if applicable): | _____ | VIRLYNN TINNELL |
| Representing: ☒ Self ☐ Petitioner ☐ Respondent | | CLERK SUPERIOR COURT |
| | | BY: _____ DEPUTY |

# SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

_Stacy D. Ford-Kelly_
(Name of Petitioner/Plaintiff)

AND

_AMEC Earth & Environmental, Inc._
(Name of Respondent/Defendant)

Case Number: __CV-2010-07063__

**AFFIDAVIT OF SERVICE BY
CERTIFIED MAIL**

1.  I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona rules of Civil Procedure, Rule 4.2(c)/4.1(k)

    Person served (name of other party): _Roger Jinks, President AMEC E&E_

    Address where other party was served: _502 W Germantown Pike #850, PM, PA 19462_

    Date of receipt by the other party: _05/07/10_

    Date of return of receipt to sender: _05/11/10_

2.  I know that the other party is located outside the State of Arizona. the following documents were sent to the other party by certified mail: (List all of the documents sent to the other party):
    _Summons, Appendix A, Civil Complaint, Certificate of Compulsory Arbitration and_

    _Certificate of Agreement Regarding Compulsory Arbitration_

    These court papers were received by the other party as shown by the receipt, a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.2(c)/4.1(k)

**OATH OR AFFIRMATION**

State of Arizona     )
Mohave County       ) ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

_Stacy D. Ford-Kelly_                                            _____
Signature of Sender                                               Date

Sworn to or Affirmed before me this __16th__ day of __June__, 20 _10_

by _Stacy D Ford Kelly_

My Commission Expires: _____

_____
Deputy Clerk or Notary Public

3/11/2010                                Page 1 of 1

L2015CV2010070063

Case # CV-2010-07063

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  D. A. Kumpf _____  ☐ Agent<br>_____  ☐ Addressee<br>B. Received by ( Printed Name )    C. Date of Delivery<br>D.A. Kumpf   1/5-7-10h |
| 1. Article Addressed to:<br>Roger Jinks, President<br>AMEC Earth & Environmental<br>502 W. Germantown Pike<br>Suite 850<br>Plymouth Meeting, PA.<br>19462 | D. Is delivery address different from item 1?  ☐ Yes<br>    If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered      ☒ Return Receipt for Merchandise<br>☐ Insured Mail     ☐ C.O.D. |
| 2. Article Number<br>(Transfer from se...)  7008 0150 0001 3705 1352 | |
| PS Form 3811, February 2004     Domestic Return Receipt | 102595-02-M-1540 |

# Exhibit 2

| | |
|---|---|
| Name of Person Filing: **Stacy D. Ford-Kelly** | For Clerk's Use Only |
| Mailing Address: **1561 Mohican Dr.** | **FILED** |
| City, State, and Zip Code: **Lake Havasu City, AZ 86406** | TIME ___ 4:38 p M |
| Daytime Phone Number: **(928) 846-2289** | |
| Evening Phone Number: | JUN 16 2010 |
| ATLAS Number (if applicable): | |
| State Bar Number (if applicable): | VIRLYNN TINNELL |
| Representing: [X] Self [ ] Petitioner [ ] Respondent | CLERK SUPERIOR COURT BY: ___ DEPUTY |

# SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

**Stacy D. Ford-Kelly**
(Name of Petitioner/Plaintiff)

Case Number: **CV-2010-07063**

**AFFIDAVIT OF SERVICE BY CERTIFIED MAIL**

AND

**AMEC Earth & Environmental, Inc.**
(Name of Respondent/Defendant)

1.  I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona rules of Civil Procedure, Rule 4.2(c)/4.1(k).

    Person served (name of other party): **David Ott, Vice President AMEC E&E**

    Address where other party was served: **800 Marquette Ave, Minneapolis, MN 55402**

    Date of receipt by the other party: **05/10/10**

    Date of return of receipt to sender: **05/15/10**

2.  I know that the other party is located outside the State of Arizona. The following documents were sent to the other party by certified mail: (List all of the documents sent to the other party):
    **Summons, Appendix A, Civil Complaint, Certificate of Compulsory Arbitration and**
    **Certificate of Agreement Regarding Compulsory Arbitration**

    These court papers were received by the other party as shown by the receipt, a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.2(c)/4.1(k).

**OATH OR AFFIRMATION**

State of Arizona     )
Mohave County        ) ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

Signature of Sender: _Stacy D. Ford Kelly_          Date: _6/16/2010_

Sworn to or Affirmed before me this _16th_ day of _June_, 20 _10_

by _Stacy D Ford Kelly_

My Commission Expires: _____

Deputy Clerk or Notary Public

3/11/2010                          Page 1 of 1

L2013CV201007063

Case #CV-2010-07063

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David Ott, Vice Pres..
AMEC Earth & Environmental
Midwest Plaza Building #1200
800 Marquette Ave.
Minneapolis, MN 55402

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Marie Hopper_   ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

M. Hopper    5-10-10

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail       ☐ Express Mail
   ☐ Registered           ☒ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery?

2. Article Number
   (Transfer from service label)    7008 0150 0001 3705 1307

PS Form 3811, February 2004        Domestic Return Receipt

# Exhibit 3

Name of Person Filing: *Stacy D. Ford-Kelly*
Mailing Address: *1551 Mohican Dr.*
City, State, and Zip Code: *Lake Havasu City, AZ 86406*
Daytime Phone Number: *(928) 846-2283*
Evening Phone Number: _____
ATLAS Number (if applicable): _____
State Bar Number (if applicable): _____
Representing: ☑ Self ☐ Petitioner ☐ Respondent

For Clerk's Use Only

FILED
TIME _4:24_ PM
JUN 16 2013
VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY: _____ DEPUTY

# SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

*Stacy D. Ford-Kelly*
(Name of Petitioner/Plaintiff)

Case Number: *CV-2010-07063*

AND

*AMEC Earth & Environmental, Inc.*
(Name of Respondent/Defendant)

AFFIDAVIT OF SERVICE BY
CERTIFIED MAIL

1.  I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona Rules of Civil Procedure, Rule 4.1(K).

    Person served (name of other party): *Statutory Agent - CT Corporation System*

    Address where other party was served: *2394 E. Camelback Rd., Phoenix, AZ 85016*

    Date of receipt by the other party: *05/06/10*

    Date of return of receipt to sender: *05/08/10*

2.  *In Accordance with A.R.S. 10-504.D.1 and 10-1406 A.* the following documents were sent to the other party by certified mail: (List all of the documents sent to the other party): *Summons, Appendix A, Civil Complaint, Certificate of Compulsory Arbitration and Certificate of Agreement Regarding Compulsory Arbitration*

    These court papers were received by the other party as shown by the receipt, a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.1(K).

OATH OR AFFIRMATION

State of Arizona    )
Mohave County    ) ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

*Stacy D. Ford-Kelly*                              *6/16/2010*
Signature of Sender                                    Date

Sworn to or Affirmed before me this _16th_ day of _June_, 20 _10_
by *Stacy D. Ford Kelly*

My Commission Expires: _____

_D Barber_
Deputy Clerk or Notary Public

Page 1 of 1



Case # DN-2010-07063

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
Statutory Agent for
AMEC Earth & Environmental
2394 E. Camelback Rd.
Phoenix, AZ 85016

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x CT Corporation    ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7008 0150 0001 3705 1376

PS Form 3811, February 2004    Domestic Return Receipt

# Exhibit 4

Mar. 10. 2011 11:02AM                                          No. 7816   P. 4/9

Name of Person Filing: **STACY D. FORD-KELLY**
Mailing Address: **1501 MOHICAN DR.**
City, State, and Zip Code: **LAKE HAVASU CITY, AZ 86406**
Daytime Phone Number: **(928) 505-4963**
Evening Phone Number:
ATLAS Number (if applicable):
State Bar Number (if applicable):
Representing: ☑ Self  ☐ Petitioner  ☐ Respondent

For Clerk's Use Only

**FILED**
TIME: 3:51 M
MAR 8 2011
VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY: _____ DEPUTY

# SUPERIOR COURT OF ARIZONA
# MOHAVE COUNTY

**STACY D. FORD-KELLY**
(Name of Petitioner/Plaintiff)

Case Number: **CV-2010-07063**

AND

**AMEC EARTH & ENVIRONMENTAL, INC**
(Name of Respondent/Defendant)

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL

1. I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona rules of Civil Procedure, Rule 4.2(c)./4.1(k)

   Person served (name of other party): **Roger Enks, President AMEC E&E, Inc.**
   Address where other party was served: **502 W Germantown Pike #850, PM, PA 19462**
   Date of receipt by the other party: **01/28/11**
   Date of return of receipt to sender: **01/31/11**

2. I know that the other party is located outside the State of Arizona. the following documents were sent to the other party by certified mail: (List all of the documents sent to the other party):
   **Summons and First Amended Civil Complaint including Exhibits 1 - 18**

   These court papers were received by the other party as shown by the receipt, a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.2(c)/4.1(k)

**OATH OR AFFIRMATION**

State of Arizona }
Mohave County } ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

_Stacy D. Ford-Kelly_        Date: _03/08/2011_
Signature of Sender

Sworn to or Affirmed before me this _8th_ day of _March_ ; 20 _11_
by _Stacy D. Ford-Kelly_

My Commission Expires: _____    _L Bexhart_
                                   Deputy Clerk or Notary Public



Page 1 of 1

Mar. 10. 2011 11:02AM

No. 7816    P. 5/9

**SENDER:** COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

*Wagerdall*

B. Received by (Printed Name)     C. Date of Delivery

Wayne Smith    11-26-10

1. Article Addressed to:

Roger Jinks, President
AMEC Earth & Environmental
502 W. Germantown Pike
Suite 650
Plymouth Meeting, PA
19462

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☒ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7010 0780 0003 4418 3714

PS Form 3811, February 2004    Domestic Return Receipt

# Exhibit 5

Mar. 10. 2011 11:02AM                                                    No. 7816   P. 6/9

**Name of Person Filing:** STACY D. FORD-KELLY
**Mailing Address:** 1591 MOHRCAN DR.
**City, State, and Zip Code:** LAKE HAVASU CITY, AZ 86406
**Daytime Phone Number:** (928) 505-4963
**Evening Phone Number:**
**ATLAS Number (if applicable):**
**State Bar Number (if applicable):**
**Representing:** ☑ Self  ☐ Petitioner  ☐ Respondent

For Clerk's Use Only
FILED
TIME 3:35 M
MAR 8 2011
VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY: _____ DEPUTY

# SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

STACY D. FORD-KELLY
(Name of Petitioner/Plaintiff)

AND

AMEC EARTH & ENVIRONMENTAL, INC.
(Name of Respondent/Defendant)

Case Number: CIV2010-07083

**AFFIDAVIT OF SERVICE BY CERTIFIED MAIL**

1. I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona rules of Civil Procedure, Rule 4.2(c)/4.1(k).

   Person served (name of other party): David Ott, Vice President AMEC E&E, Inc.
   Address where other party was served: 800 Marquette Ave, Minneapolis, MN 55402
   Date of receipt by the other party: 01/29/11
   Date of return of receipt to sender: 01/31/11

2. I know that the other party is located outside the State of Arizona, the following documents were sent to the other party by certified mail: (List all of the documents sent to the other party):
   Summons and First Amended Civil Complaint Including Exhibits 1 - 18

   These court papers were received by the other party as shown by the receipt, a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.2(c)/4.1(k)

**OATH OR AFFIRMATION**

State of Arizona }
Mohave County   } ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

_Stacy D. Ford-Kelly_                           03/09/2011
Signature of Sender                             Date

Sworn to or Affirmed before me this 8th day of March, 2011
by Stacy D. Ford-Kelly

My Commission Expires: _____          _____
                                      Deputy Clerk or Notary Public

Page 1 of 1

Mar. 10. 2011 11:03AM

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent<br>                          ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>B. Shatee       1-26-11 |
| 1. Article Addressed to:<br>David Ott, Vice President<br>AMEC Earth & Environmental<br>Midwest Plaza Building #1200<br>800 Marquette Ave.<br>Minneapolis, MN. 55402 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☒ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7010 0780 0001 4418 1762 | |
| PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540 | |

.

# Exhibit 6

Mar. 10. 2011 11:03AM

No. 7816   P. 8/9

For Clerk's Use Only

Name of Person Filing: **STACY D. FORD-KELLY**
Mailing Address: **1551 MOHICAN DR.**
City, State, and Zip Code: **LAKE HAVASU CITY, AZ 86403**
Daytime Phone Number: **(928) 505-0968**
Evening Phone Number:
ATLAS Number (if applicable):
State Bar Number (if applicable):
Representing: ☒ Self  ☐ Petitioner  ☐ Respondent

**FILED**
TIME _5:35_ M
MAR 8 2011
VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY: _____ DEPUTY

## SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

_STACY D. FORD-KELLY_
(Name of Petitioner/Plaintiff)

Case Number: _CV-2010-07052_

AND

_AMEC EARTH & ENVIRONMENTAL, INC_
(Name of Respondent/Defendant)

**AFFIDAVIT OF SERVICE BY
CERTIFIED MAIL**

1.  I am familiar with the facts stated in this Affidavit, and I make this Affidavit to show that I have served the court papers on the other party by certified mail, postage prepaid, return receipt requested, pursuant to Arizona rules of Civil Procedure, Rule 4.1(k)

    Person served (name of other party): _Statutory Agent – CT Corporation System_
    Address where other party was served: _2394 E Camelback Rd, Phoenix, AZ 85016_
    Date of receipt by the other party: _01/28/11_
    Date of return of receipt to sender: _01/28/11_

2.  _In accordance with A.R.S. 10-504,D.1 and 10-505.A,_ the following documents were sent to the other party by certified mail: (List all of the documents sent to the other party):
    _Summons and First Amended Civil Complaint including Exhibits 1 – 18_

    These court papers were received by the other party as shown by the receipt, a copy of which is attached to this Affidavit as required by Arizona Rules of civil Procedure, Rule 4.1(k).

## OATH OR AFFIRMATION

State of Arizona
Mohave County } ss.

I swear or affirm that the information on this document is true and correct under penalty of perjury.

Stacy D. Ford Kelly
Signature of Sender

Date 03/08/2011

Sworn to or Affirmed before me this _8th_ day of _March_, 20_11_
by _Stacy D. Ford-Kelly_

My Commission Expires: _____

_Deputy Clerk or Notary Public_

Page 1 of 1



LW11SCV2011007052

Mar. 10. 2011 11:03AM

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature X CT Corporation ☐ Agent ☐ Addressee B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to: CT Corporation System Statutory Agent for AMEC Earth & Environment 2394 E. Camelback Rd. Phoenix, AZ. 85016 | D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No |
| | 3. Service Type ☑ Certified Mail   ☐ Express Mail ☐ Registered   ☑ Return Receipt for Merchandise ☐ Insured Mail   ☐ C.O.D. 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label)   7010 0780 0001 4418 1707 | |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

# Exhibit 7

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: DSchaffer@LRLaw.com

Attorneys for Defendant
AMEC Earth & Environmental, Inc.

## SUPERIOR COURT OF ARIZONA
## COUNTY OF MOHAVE

STACY D. FORD-KELLEY,

               Plaintiff,

vs.

AMEC EARTH & ENVIRONMENTAL,
INC.,

               Defendant.

No. CV 2010-07063

**DECLARATION OF DAVID OTT IN SUPPORT OF MOTION TO DISMISS BY AMEC EARTH & ENVIRONMENTAL, INC.**

(Assigned to the Honorable Randolph A. Bartlett)

I, David Ott, declare as follows:

    1.    I am a Senior Vice President at AMEC Earth & Environmental, Inc. ("AMEC"). I make this declaration based on personal knowledge.

    2.    On or around January 26, 2011, I received a Priority Mail/Certified Mail package with a return receipt requested from an unknown party located at 1990 McCullock Blvd N # D128, Lake Havasu City, AZ 86403. The Certified Mail number for the package was 7010 0780 0001 4418 1721. When the package was opened, it contained only a quarter of a ream of blank paper. A copy of the envelope is attached as Exhibit A.

    3.    Finding the package suspicious, AMEC began to investigate the package.

    4.    I later learned that the package was likely sent by a former employee, Stacy Ford-Kelley.

    5.    After learning that Ms. Ford-Kelley may have previously sent a package to me in May 2010, I was asked whether I recall receiving the document attached as Exhibit B, which I understand is a document that was mailed to CT Corp. in May 2010. 1

2940368.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1   recall receiving this document in early 2010. However, since it did not appear to be any

2   sort of legal document but rather a rambling letter that was not addressed to me, I

3   discarded it.

4           6.      I have reviewed the two documents attached hereto as Exhibit C and D,

5   which I understand are the original Complaint and Amended Complaint filed by Ms. Ford-

6   Kelley in Mohave County, Arizona Superior Court. I have not seen these documents

7   before and do not recall receiving them by mail. I also do not recall receiving any other

8   notices related to any lawsuit filed by Ms. Ford-Kelly against AMEC. If I had received

9   any such documents, I would have forwarded them to AMEC's legal department.

10          I declare under penalty of perjury that the foregoing is true and correct to the

11  best of my knowledge. Executed this _16_ day of March, 2011 at Somerset, Wisconsin.

12

13

14                                              David Ott

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    2                              
                                                                   2340368.1

**A**

PRIORITY MAIL
UNITED STATES POSTAL SERVICE

Label 107R, January 2008

Visit us at usps.com

For Domestic and International Use

U.S. POSTAGE
PAID
LAKE HAVASU CITY, A
85403
$10.05
0003398-08

PRIORITY® MAIL
UNITED STATES POSTAL SERVICE

For Domestic and International Use

Visit us at usps.com

Label 228, January 2008

From 1970 McCulloch Blvd N #D174
Lake Havasu City, AZ 86403

TO David Ott, Vice President
AMEC Earth & Environmental
Midwest Plaza Building #1200
800 Marquette Ave.
Minneapolis, MN 55402

Country of Destination/Pays de destination:

Recycled Paper

PLEASE

PRIO MAIL
UNITED STATES POSTAL SERVICE

Any amount of mailable material may be enclosed, as long as the envelope is not modified, and the contents are entirely confined within the envelope with the adhesive provided.

CERTIFIED MAIL

7010 0780 0001 4438 1721

Please recycle.

082708_PM_EP14F   OCT 2008

B

 CT Corporation

**Service of Process Transmittal**
05/06/2010
CT Log Number 516593405

TO:    Jackie Wasyluk, Legal Assistant, AMEC Legal Services
       AMEC Inc.
       801 6th Avenue S.W.
       Calgary, AB T2P 3W3

RE:    **Process Served in Arizona**

FOR:   AMEC Earth & Environmental, Inc. (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RE: Official Letter of Complaint regarding Crimes/Violation of EPA, ADEQ, IRS and Other Federal, State or Regulatory Agencies, Laws, Policies, Rules, Standards, etc. // To: AMEC, Holdings/Infrastructure/Earth & Environmental, Incorporated Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Complaint Letter, Attachments |
| **COURT/AGENCY:** | None Specified<br>Case # None Specified |
| **NATURE OF ACTION:** | Letter of Intent – Pertaining to Sewer Design Errors |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/06/2010 postmarked on 05/05/2010 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Stacy D. Ford-Kelly<br>4561 Mohican Dr.<br>Lake Havasu City, AZ 86406<br>928 505 4963 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/06/2010, Expected Purge Date: 05/11/2010<br>Image SOP<br>Email Notification, Jackie Wasyluk jackie.wasyluk@amec.com<br>Email Notification, Rana Gill rana.gill@amec.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Isis Gonzalez |
| **ADDRESS:** | 2394 E. Camelback Road<br>Phoenix, AZ 85016 |
| **TELEPHONE:** | 602-277-4792 |

Page 1 of 1 / VF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# LAKE HAVASU CITY WASTEWATER SEWER EXPANSION (WWSE) PROJECT DESIGN ERRORS DISREGARDED BY CITY COUNCIL & LOCAL GOVERNMENT DUE TO THE DECEITFUL CORRUPTION TO CONTINUE FEDERAL FUNDING!!

## *OFFICIAL COMPLAINT WITH DOCUMENTATION OF EXTREME CORRUPTION IN LAKE HAVASU CITY, ARIZONA AND MOHAVE COUNTY, ARIZONA*

THERE IS URGENT NEED FOR NEARLY EVERY BRANCH OF FEDERAL & STATE LAW AGENCIES & REGULATORY BOARDS TO INVESTIGATE THE EXTREMETY & DEPTH OF THE CORRUPTION BEST SUMMED UP AS THE "RICO ACT" IN FULL SWING OUT HERE IN THE MIDDLE OF NOWHERE! THE ENCLOSED IS ONLY A SMALL PORTION OF EVIDENCE IN MY POSSESSION CONSISTING OF PHYSICAL EVIDENCE, DOCUMENTATION AND PHOTOGRAPHS; ALL OF WHICH WERE LEGALLY OBTAINED THROUGH PERSONAL INVOLVEMENT/KNOWLEDGE, ENGINEERS/CONSTRUCTION MANAGERS, AS WELL AS ACQUAINTANTS RANGING FROM PRIVATE CITIZENS TO LOCAL, STATE AND FEDERAL GOVERNMENT OFFICIALS, PUBLIC RECORDS RESEARCH AND PRIVATE INVESTIGATIONS. HOPEFULLY THE ENCLOSURES CHOSEN IN THE APPENDICES WILL PROVIDE ENOUGH INFORMATION TO INITIATE THE PURSUIT OF TRUTH & JUSTICE TO RID HAVASU OF CORRUPTION WITHIN THE CITY & COUNTY GOVERNMENT, PROTECT THE RESIDENTS & TAXPAYERS OF MOHAVE COUNTY, PRESERVE THE COLORADO RIVER BY CORRECTING THE SEWER DESIGN ERRORS AT THE EXPENSE OF THE CONTRACTORS/DESIGN FIRMS THAT VIOLATED EPA, ADEQ AND OTHER STANDARDS

*SUBMITTED BY:*

*STACY D. FORD-KELLY*
*LAKE HAVASU CITY, ARIZONA*

*DECEMBER 2009*

# COMPLAINT
# LETTER

December 22, 2009

Submitted by:
Stacy D. Ford-Kelly
1561 Mohican Dr.
Lake Havasu City, AZ 86406
(928) 505-4963 home/fax
(928) 846-2289 cell
stacy.deann71@gmail.com

**RE: OFFICIAL LETTER OF COMPLAINT REGARDING CRIMES/VIOLATIONS OF EPA, ADEQ, IRS AND OTHER FEDERAL, STATE OR REGULATORY AGENCIES LAWS, POLICIES, RULES, STANDARDS, ETC.**

To Whom It May Concern:

The purpose of this letter is to formally file an official complaint against the following three companies AMEC, KPMG and PBS&J, also the City of Lake Havasu City, LHC Police Department, LHC Public Works Department and Mohave County Prosecuting Attorney's Office, Lake Havasu City Newspaper: Today's News-Herald and individually each listed employee/official, and others listed below for US and AZ State crimes/violations committed against the US Government, AZ State Government, other regulatory agencies and Stacy D. Ford-Kelly.

> AMEC, Holdings/Infrastructure/Earth & Environmental, Incorporated;
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> KPMG, LLP – Hired by AMEC for independent internal accounting audit;
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬.
> PBS&J, INC – Engineering firm working on the LHC WWSE Project
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> Lake Havasu City, Incorporated & individually the following employees/officials of LHC;
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
> ▪ ▬▬▬▬▬▬▬▬▬▬▬▬
> LHC Police Department & individually the following employees;



➤ LHC Public Works Department & individually the following employees;

➤ Mohave County Prosecuting Attorney's Office & the following employee;

➤ Lake Havasu City Newspaper: Today's News-Harold & individually the following employees;

My name is Stacy D. Ford-Kelly and I reside in Lake Havasu City with my husband, James L. Kelly and three teenage children. My husband has lived here with his two children since 1994 and I relocated to Lake Havasu City in January of 2008 with my daughter to work for AMEC on the sewer project known as Lake Havasu City's Wastewater Sewer Expansion (WWSE) Program. I completed my Bachelors Degree in Civil Engineering May of 2006 from Boise State University, and am just a few credits shy of a Masters Degree in Engineering specializing in wastewater and water treatment facility design with an emphasis in hydrology and hydrogeology. Upon completion of my Bachelors Degree I was in the top ½% in the nation and received over 12 awards for my academic achievements, some of which are being one of 66 students selected nationwide to go to China for three weeks for the International Mission on Engineering in the Summer of 2005, the National Collegiate Engineering Award which required nomination from the Dean of the College of Engineering, and most recently Who's Who Amongst Executive and Professional Women in Engineering in 2007 for having a 4.0 GPA my first year of Grad School. I have my license to practice as an engineer in training and have enough credits to be a hydrologist and geologist as well. See attached Resume (Appendix A).

Upon getting hired by AMEC in January of 2008 because of my credentials and experience of doing the sewer modeling and wastewater master planning for the City of Nampa, ID, population 55K, which is roughly the same size as Havasu. I was the one who did the redesign for the accelerated installation of the WWSE Project, knocking two years off of the project and saving the taxpayers $78 million. I then began working on the model of the sewer system which had not been updated since AMEC received it from Burns & McDonnel two years earlier (AMEC is the third engineering firm on the project and the previous two were fired by the City). I found several errors in environmental permitting applications, Engineering Design Reports and the As-Built Record Drawings prepared/stamped and signed by AMEC Engineers and then distributed by AMEC to ADEQ and LHC Public Works Department. ADEQ, LHC Public Works Department and AMEC missed several errors in the permitting applications, reports and drawings. When I brought the errors to the attention of my superiors, who are all Registered Professional Engineers they

disregarded my concerns. I very much wanted to, but never once was allowed to attend a design meeting with the City and even asked Mike Lywood, P.E. why Darin Miller, an Engineer In Training (same as myself at the time, he is now a P.E.) and Jim Satterwhite, a drafter, attended and I was not allowed. Mike told me that I was of no importance to the meetings and it would be a waste of my time. From then on I was shut down when I asked questions or pointed out concerns, errors, QA/QC not being properly done, etc. The more discrepancies or design errors I found the worse things got for me. I think it is worth bringing it to your attention that Jim Satterwhite (personal friend of Judge Clyde Andress & City Manager Richard Kaffenberger) and Sean Anderson, along with several other AMEC employees from the surveying, construction management and materials testing departments have worked for every firm since the beginning as well.

July 30, 2008 an illegal search warrant was done on my home just minutes after leaving for work a little before 8:00am. It claimed my husband committed a crime March 30, 2008 that someone else actually committed, Jason Todd Doerflinger, and my husband was secreting a weapon that had actually been released back to my husband, the legal owner, May 13, 2008 by LHCPD and the warrant also stated that the officers could keep anything they found in their own possession or the possession of LHCPD. This warrant was signed by Judge Clyde Andress whom is a City Council appointed judge for Lake Havasu City Justice Courts, a former police supervisor with no law degree, has been reprimanded for being unwilling to hear the defense and brags that his court brings in the most revenue. Federal IRS documents and federally registered firearms were listed as items to be seized which requires a Superior Court Magistrate's signature on the Search Warrant, which Andress is not, and a federal agent to be the one requesting the warrant, not a class III weapons dealer detective, Scott Cheshire, who has falsified information to obtain an arrest warrant in the past on my husband, but the FBI got that 2001 incident dismissed immediately. I was called at work around 9:15am and told that the police were going to break open my safe or come and get the key. I did not allow them to come to my office and informed the officer on the phone I was on my way. Upon arrival at my home found I out that my husband and children had been held and not allowed a phone call. The officers conducting the search took several AMEC documents and sewer plans I had been working on at home or had for references when bringing work home was needed and did not record them on the property sheets. From what I understand seizure of those documents also requires a federal warrant due to the fact that infrastructure is protected by Homeland Security and the Anti-Terrorism Act, let alone not even listed as items to be seized, nor was my name even on the warrant. There is still property seized, that is not illegal or contraband valued at approximately $60K that has not been returned, not to mention the police deny having even taken the work related documents and plans, as well as deny that I was even at the house while the search was being done (Appendix B & Grey Book).

Former City Manager, Richard Kaffenberger, has a list of all the names of AMEC employees and in the past, without a search warrant and with the assistance of the Bullhead Chief of Police they raided the Bullhead City Attorney's office to acquire tapes that implicated Kaffenberger being part of illicit activities, using a different reason for the search and the search warrant was not obtained until the next day. Kaffenberger has quite a history, going back 20 years (Appendix C).

September 29, 2008, ironically the same day I got pictures with my cell phone of three teenagers joy riding in a police issued vehicle, plate #GO5150, at LHC High School and was turned away from LHCPD when I tried to report it; Sgt. Troy Sterling just wanted the camera, and I wasn't about to give him my cell phone, the registration on my car was revoked due to failure of having insurance on it. I have never let my insurance lapse, the MVD website even showed that I had insurance on my car October 2, 2008 when I received the letter and looked it up. On October 3, 2008 I spent three hours that morning getting everything straightened out and when I left work that evening, briefcase in hand, I got pulled over and was told that I didn't have valid registration on my car. Upon insisting that the officer double check he went to his car and made a call on his cell phone, came back to my car and sent me on my way. I could

have gotten my car impounded, let alone my vehicle searched and my briefcase searched as well, had I not taken care of reinstating my registration that morning. Funny thing is the registration on my motorcycle was not revoked and it is insured with the same company. When discussing the whole thing with my husband we came to the conclusion that the briefcase must have been the target because I cannot carry it on my motorcycle, it is a custom with no bags (Appendix D).

At one time in October 2008 I refused to prepare for submittal an Engineering Design Report to ADEQ with known quantities to be incorrect even though I was being pressured into it for the sake of meeting a deadline, which is unethical and illegal. It was at that point that some of my work assignments were redirected to me through Jim Satterwhite, a drafter at a lower level whom I previously gave work assignments to. The assignment of work went from Mike Lywood, Professional Engineer & Project Manager, to Jim Satterwhite, drafter, to Darin Miller, Engineer In Training at the time, back to Jim Satterwhite, then to me and when completed I had to turn over my work to Jim Satterwhite and Darin Miller with file paths. I was not treated as an Engineer In Training would expect to be, received less pay than Darin Miller who was also an Engineer In Training with less education than myself and I believe that Jim Satterwhite who has a vocational technical 2 year CAD certificate was paid more than me as well. I have filed an EEOC complaint against AMEC and the City of Lake Havasu City, AZ. I do have emails that back up my allegations in regards to the ADEQ Engineering Design Report and documentation of design and quantity errors throughout the sewer system that is already built.

I was one of two employees out on short-term disability for a brief period of time. I was out on short-term disability due to migraines and went into the office on April 16, 2009 to inform Darin Miller, Mike Lywood and HR Manager David Bennion I was expecting the Neurologist to release me on April 20, 2009 and I would be returning April 21, 2009. It was at that point that I found out my computer tower had been removed from my work area and Darin Miller, Mike Lywood and Jim Satterwhite said they needed the software on it for some things they were working on. The only software on my computer that wasn't on Darin's was Adobe Acrobat Professional 9.0, for creating pdf documents and is capable of making changes to scanned documents. While in the office that afternoon Jim Satterwhite commented on how nice my butt looked in my leather chaps (I rode my motorcycle that day) and my husband heard every word of all conversations that took place that day, including the fact that the other employee, a drafter on the design team, Sean Anderson, who was out for neck/shoulder surgery came back to work for one day and then went on long term disability. Sean was not laid off and had been in trouble several times throughout his employment. On April 21, 2009 I was let go by AMEC at 8:05 am. I was told by Mike Lywood and Darin Miller it was due to the economic downfall but, I was the only one laid off and the Lake Havasu City office was operating at an unbelievable 35% profit at the time. My leave of absence forms stated I would return to the same position at the same rate of pay and if there were any changes I would be notified of the changes and have to sign documentation acknowledging the change, which never happened (Appendix E). They wanted me to sign a separation agreement and turn over any documentation I might have that could prove illegal activities and agree to not disclose any information regarding the underlying facts leading up to or the existence of or substance of the separation agreement. This would have effectively prevented me from being able to file complaints or turn over evidence to authorities at any level. If I would have signed the agreement in return I would have received an undisclosed amount of cash in an envelope that was sitting on the table in front of me, along with severance pay documented in the separation agreement, as well as return of my original BSCE Degree from Boise State University, Engineer in Training Certificate issued by the State of Idaho and Official Boise State University Transcripts that were stolen from my cubicle the day before and replaced with color photo copies. I refused to sign the separation agreement and walked out with both originals signed by Mike Lywood, along with the original cover letter also signed by Mike Lywood, and immediately contacted AMEC Headquarters in London. Contacting the London office was a waste of time; they hired an independent accounting firm, KPMG, to investigate the Lake Havasu City office and then contacted me to let me know that there was no wrongdoing on AMEC's part. An accountant can

balance the books; it takes an engineer to do the calculations and look at plans/documents to understand what my complaints were. See attached employment layoff documents I was given April 21, 2009 which includes the separation agreement I refused to sign that, according to Judi Branter and Rick Sellers, the document I refused to sign titled "Confidential Separation Agreement and General Release" IS NOT the official "Final Release and Indemnity Agreement" produced by AMEC as named in the "Private & Confidential" letter dated April 21, 2009 and signed by Mike Lywood (Appendix F). The two weeks wages and one month of Cobra costs offered was included in my year to date income on my final paycheck and I never received the funds because I refused to sign the separation agreement. Not to mention the fact that short-term disability pay was removed from my check stubs and payroll deducted taxes when I filed exempt (Appendix G).

On July 23, 2009 I spoke with Jennifer Chen, Senior Project Manager, of the PBS&J Lake Havasu City office and she requested my resume stating that she could really use someone like me on their team since the firm was new to the project. I sent her my resume via email that same evening and she replied back that they would review my resume and get back to me ASAP. The following Monday, July 27, 2009 I got a phone call from City Manager Richard Kaffenberger, which I recorded, and he was asking me questions about things specifically and exclusively discussed between Jennifer Chen and myself regarding design errors and problems with the sewer system. I was sent an email that same day from Jennifer Chen stating that PBS&J was not hiring for their Lake Havasu City office. I called this blackballing and retaliation for whistle blowing at the City Council public meeting November 10, 2009.

On October 14, 2009, at 7:30am, in the lobby/front desk area of Thunderbolt Middle School I met with Margaret Nyberg, a City Council member and teacher. My husband, James, went with me as a witness, I showed her the "Grey Complaint Booklet" sent out to some of the recipients in June and discussed as much information as possible with Margaret, in the limited amount of time we had, regarding the sewer project design problems, AMEC, PBS&J, Richard Kaffenberger, LHCPD employees, Judge Clyde Andress and other public servants in regards to their illegal and unethical conduct. When she heard that I had Kaffenberger on tape blackballing me she said, "There's going to be a party soon!! I can't believe you actually got him on tape!!" She requested a copy of the tape and documentation that I could hand over. I told her I would make a copy of the tape and get some information together for her and be in touch ASAP. After a couple of times of leaving voicemails for her to call back and set a time and place to meet so I could hand over a copy of the tape and some documents, my calls were not returned. I assumed that she apparently didn't want to know me, or got scared off, because of the amount of "dirt" I have on people involved that are supposed to be looking out for the best interest of the people, when in reality they are corrupt. I couldn't believe my eyes when I read the article in LHC newspaper, Today's News-Harold, on October 20, 2009 (Appendix H).

On November 10, 2009 I appeared in front of City Council during a public meeting making my concerns of the design errors of the sewer project and blatant disregard of the ADEQ design standards involving AMEC and the Public Works Department and the illegal activities of the Lake Havasu City Police Department and City Manager Richard Kaffenberger (terminated by City Council October 20, 2009-See newspaper article & LHC City Council Meeting Minutes in Appendix I). In closing I gave my phone number to the members of City Council if they wanted to discuss the matter further and to date have not received one phone call from any of the City Council members. City Attorney, Paul Lenkowsky, motioned for me to step out into the entrance of the meeting room and he gave me his card and Charlie Cassens card requesting that I hand over all documentation that I had on the sewer errors and AMEC, but when I asked Lenkowsky about looking into the illegal search warrant and helping me get back property that was not contraband or illegal he said that wasn't his problem. I have not given any documentation to anyone besides the list of recipients in both books. See attached city council meeting minutes and newspaper articles (Appendix J). You can also view the video of the public meeting on the city's website, www.lhcaz.gov, if you would like. The newspaper articles November 11 & 19, 2009 just try to discredit

me, are libel, defamation of character, etc. ███████████████████████. I never told them my last name was Ford-Kelly, nor did I mention my husband's name, and there are no police reports involving me. My name wasn't even on the search warrant and the alleged charges against my husband are false, let alone the fact that the feds are not prosecuting my husband, as stated in the article November 19, 2009.

I have all the documentation and personal knowledge of where to find anything I might not have to back up my allegations and will provide anything you may need to make a determination on this matter. Please contact me if you have any questions or require any further information. ████████████████████

Currently the LHC Public Works Department Interim Director Mark Clark, Interim City Manager Charlie Cassens, Mayor Mark Nexsen, and others claim that there are no significant design problems, violations or corruption with regards to the sewer project and that they have done a thorough check of the Record Drawings. They claim that there are some minor problems, but nothing that will effect current construction and there is no need to halt the project. PLEASE!!! DO NOT let them blow you off with a letter.

THESE SEWER DESIGN ERRORS DESPERATELY NEED TO BE ADDRESSED AND THE COVERUPS, NUMBER FUDGING, MISAPPROPRIATION OF FUNDS AND POLITICAL CORRUPTION MUST END!! ANYONE I HAVE GONE TO RUNS FOR COVER AND WILL NOT LISTEN TO ME!! MULTIMILLIONS OF FEDERAL, STATE AND TAXPAYERS DOLLARS ARE AT STAKE!!

Sincerely,

Stacy D. Ford-Kelly



CERTIFIED MAIL

7008 0150 0001 3705 1376

U.S. POSTAGE
PAID
LAKE HAVASU CIT, AZ
86403
MAY 05 '10
AMOUNT
$5.91
00036271-07

85016

1000

UNITED STATES
POSTAL SERVICE

1561 Mohican Dr.
LHC, AZ 86406

TO:  AMEC E & E / CT CORPORATION SYSTEM
2394 E. CAMELBACK RD.
PHOENIX, AZ 85016

C

Name of Person Filing: *Stacy D. Ford-Kelly*
Mailing Address: *1561 Mohican Dr.*
City, State, and Zip Code: *Lake Havasu City, Az 86404*
Daytime Phone Number: *(928) 846-2209*
Evening Phone Number:
ATLAS Number (if applicable):
State Bar Number (if applicable):
Representing: ☑ Self ☐ Petitioner ☐ Respondent

For Clerk's Use Only

BY: *198*

2010 APR 15 PM 4: 26

VIRLYNN TINNELL
SUPERIOR COURT CLERK

## SUPERIOR COURT OF ARIZONA
## MOHAVE COUNTY

*Stacy D. Ford-Kelly*
(Name of Petitioner/Plaintiff)

Case Number: *CV-2010-0-7063*

*CIVIL COMPLAINT*
(Title of Form)

AND

*AMEC Earth & Environmental, Inc.*
(Name of Respondent/Defendant)

COMES NOW *Stacy D. Ford-Kelly* in the above captioned case to request the Court to:
(Name)

*ask for judgment against Defendant in the sum of $25,000,000.00, with interest (at the legal rate from date of judgment) until paid, plus all costs of this suit.*

For the following reason(s):

*Plaintiff alleges that this Court has jurisdiction over this matter and Plaintiff is suing the Defendant for violation of Arizona Employment Protections Act, Arizona Constructive Discharge Law, Arizona Equal Pay Law, Arizona Drug Testing Law, Arizona Blacklist Law. Plaintiff also seeks relief for being discharged for "whistle blowing" that is in violation of Public policy, theft of original BSCE Degree, theft of original EIT Certification, theft of official transcripts, attempted bribery, defamation of character / libel, public disclosure of private facts, false light laws and physical, mental and emotional distress.*

10/9/2009                          Page 1 of 2



L8015CV201007063

Case No._____

# OATH OR AFFIRMATION

STATE OF ARIZONA )
                 } ss.
County of Mohave )

I declare under penalty of perjury that the information on this form is true and correct to the best of my knowledge and belief.

_Stacy D. Ford-Kelly_                    _04/15/2010_
Signature                                 Date

Subscribed and sworn to (or affirmed) before me on this _15_ day of _April_, 20_10_.

By: _Stacy Deann Ford Kelly_

My commission Expires:_____

                                          _____
                                          Deputy Clerk / Notary Public

                         _AMEC Earth & Environmental, Inc. Statutory Agent:_
Copy sent to:            _CT Corporation System_          (other party)
                         _2394 E. Camelback Rd._          (address)
                         _Phoenix, AZ  85016_             (city, state, zip)
                     on: _April 15, 2010_                (date)
                         _Certified mail- return receipt requested_

10/8/2009                        Page 2 of 2

D

1  Stacy D. Ford-Kelly
   1561 Mohican Dr
2  Lake Havasu City, AZ 86406
   928-505-4963
3  Plaintiff Pro Per

FILED
BY: _____

2011 JAN 14  PM 4: 36

VIRLYNN TINNELL
SUPERIOR COURT CLERK

4

## SUPERIOR COURT OF THE STATE OF ARIZONA

5

## COUNTY OF MOHAVE

6

7                                            Case No: CV-2010-07063

8       STACY D. FORD-KELLY,
           Plaintiff               **FIRST AMENDED CIVIL COMPLAINT in re:**

9                           Violation of AEPA, Breach of Employment Contract,
             v.                   Violation of AZ Drug Testing Law, Violation of the

10                           Whistle Blowing Act, Theft, Attempted Bribery, FLMA
     AMEC EARTH & ENVIRONMENTAL, INC.,     Violation, Defamation of Character/Libel, Blacklisting,
           Defendant            Privacy Act Violation, Sexual Harassment, Racial

11                           Discrimination, Religious Discrimination, Punitive
                           Damages for Financial, Emotional, Physical & Mental

12                           Distress/Damages

13  COMES NOW, Stacy D. Ford-Kelly, in pro per for her complaint against the above named Defendant, alleges and states

14  as follows:

15

16    1.   Plaintiff, Stacy D. Ford-Kelly, resides at 1561 Mohican Drive, Lake Havasu City, AZ 86406.

17    2.   Defendant AMEC Earth & Environmental, Inc., a division of the International Corporation AMEC Holdings, is a

18        licensed Arizona Corporation located at 94 Acoma Blvd. S. #100, Lake Havasu City, AZ 86403. Defendant is a

19        corporation with a business office in Mohave County, State of Arizona, and that all matters and the obligation

20        hereinafter set forth incurred and is payable in Mohave County, State of Arizona.

21    3.   Original Civil Complaint was filed by the Plaintiff on April 15, 2010. On December 20, 2010, the Honorable

22        Randolph A. Bartlett ordered granting the Plaintiff's Motion to Amend Civil Complaint.

23    4.   That the amount of Plaintiff's claim is within the jurisdictional limits of this Court, the venue is proper, and

24        that the Defendant is liable for and/or has contractual obligations to Plaintiff which are to be carried out and

25        fulfilled in this jurisdiction.

26

Page 1 of 11

L8015CV201007063

## FIRST CAUSE OF ACTION- BREACH OF CONTRACT

5. Plaintiff alleges that on or about January 21, 2008, the Defendant, AMEC Infrastructure, Inc. now known as AMEC Earth & Environmental, Inc., made and delivered to the Plaintiff an Employment Contract that was executed by both parties and that was effective January 28, 2008 and expires December 31, 2013 which is in the form and figures as set forth in Exhibit 1 attached hereto and by reference made a part hereof. Defendant violated Arizona Employment Protection Act of 1996 and breached the employment contract when they laid her off on April 21, 2009.

6. Employment contract became due and payable in full on April 24, 2009, which is three days after Plaintiff was involuntarily laid off and is eligible for rehire as set forth in Exhibit 2 attached hereto and by reference and made a part hereof. Balance due for remainder of employment contract is $455,672.93, which includes unpaid wages, bonuses, vacation, and sick pay for the remaining period of the employment contract; plus the eighteen months of Cobra in the amount of $24,830.28 for a total of $480,503.21.

7. Pursuant to A.R.S. 23-353(A), Payment of wages as stated in paragraph 6 for the period of the Employment Contract is due and payable in the amount of $480,503.21 is enforceable pursuant to A.R.S §23-1501(2) and A.R.S. § 23-1501(3)(a). Amount of recovery in accordance with ARS §23-255(A) of the amount owed is treble the unpaid wages, etc, ($455,672.93 x 3=$1,367,028.18) as set forth in Exhibit 3 & Exhibit 4 attached hereto and reference made a part hereof. Treble wages $1,367,018.78 plus Cobra $24,830.28 = $1,391,849.06.

## SECOND CAUSE OF ACTION- VIOLATION OF ARIZONA DRUG TESTING LAW

8. Plaintiff alleges that the Defendant violated A.R.S. § 23-493.04(D) by instituting a mandatory drug testing policy on January 01, 2008 as AMEC Infrastructure, Inc., was merging with AMEC Earth & Environmental, Inc. AMEC Earth & Environmental, Inc. does Homeland Security and other US Government projects. Plaintiff was subjected to pre-employment drug testing on 1/23/2008 as set forth in Exhibit 5 attached hereto and reference made a part hereof. All the other compensated employees, including officers, directors and supervisors admitted to Plaintiff they were not required to undergo drug testing or sign the Employee

Substance Abuse Policy Acknowledgment or participate in Supplemental Training for Employees involved in

U.S. Government Work as set forth in Exhibit 6 attached hereto and reference made a part hereof.

9.    Plaintiff seeks relief for punitive damages in the amount of $70,000.00

### THIRD CAUSE OF ACTION- VIOLATION OF WHISTLE BLOWING ACT

10.   Plaintiff alleges that her involuntary layoff on April 21, 2009 was in retaliation for two incidents of "Whistle

Blowing". On April 16, 2009 Plaintiff's immediate supervisors discovered that Plaintiff had lodged formal

complaints about the incidents involving overpriced construction costs/bid rigging by AMEC Earth &

Environmental that is funded with Federal and State public funds to the Criminal Division of the Environmental

Protection Agency  as set forth in Exhibit 7 attached hereto and reference made a part hereof, Arizona

Department of Environmental Quality (ADEQ) and the Arizona Board of Professional Registrants because AMEC

did nothing to correct the matters that they are legally liable for as described below. Plaintiff's complaints of

design errors that led to overpriced construction costs/bid rigging are backed up by the former oversight

engineer Todd Connelly from RCI, Inc. as set forth in Exhibit 8 attached hereto and reference made a part

hereof.

11.   The first incident was notifying superior Nick Bokale via telephone and then reiterated in an email dated August

28, 2008, as set forth in Exhibit 9 attached hereto and reference made a part hereof, that Plaintiff had

discovered AMEC inspectors approved serious errors in the plans during construction of the Hillside Area of

Lake Havasu City Wastewater Expansion Project that had already been completed. When Plaintiff brought her

findings to her immediate supervisor, Darin Miller, he just said "Not good" and that there wasn't much we

could do about it. The design errors were in violation of ADEQ minimum slope design requirements/standards.

12.   The second incident occurred October 6, 2008 when Plaintiff had notified superior Nick Bokale, whose PE

stamp was on all documents and construction plans, via email as set forth in Exhibit 10 attached hereto and

reference made a part hereof, that her immediate supervisor, Darin Miller, was insisting that the Engineering

Report she was preparing for the Neptune Area of the Lake Havasu City Wastewater Sewer Expansion Project

be submitted to ADEQ with construction material quantities that were known by Darin Miller and Plaintiff to be

Page 3 of 11

incorrect. Plaintiff refused to submit the Engineering Report because it was unethical and illegal. Plaintiff also notified Nick Bokale in the same email (Exhibit 10) that the Issue for Bid (IFB) plans and quantities in the Bid Package, which were to be included in the ADEQ submittal with the Engineering Report, had already been submitted to the Lake Havasu City Public Works Department and were currently being advertised for bid.

13.  Both incidents are in violation of the Arizona Employment Protection Act of 1996, Whistleblower Protection Act of 1989, 40 C.F.R. 7.100(b), A.R.S. § 23-1501(3)(c)(i) and A.R.S. § 23-1501(3)(c)(ii). Plaintiff asks for punitive relief for damages in the amount of $5,000,000.00 for her termination being "malicious, willful, reckless, wanton, fraudulent, and/or in bad faith."

## FOURTH CAUSE OF ACTION -THEFT OF ORIGINAL CREDENTIALS

14.  Plaintiff alleges that her work area was illegally searched on April 20, 2009 and resulted in the theft of Plaintiff's original BSCE Degree, original Engineering Certification License, official transcripts, and computer. The Plaintiff also alleges that her former supervisor, Darin Miller and former City Manager, Richard Kaffenberger, took part in the search looking for documentation that could prove the illicit activities. Kaffenberger has a history of unwarranted searches as set forth in Exhibit 11 attached hereto and reference made a part hereof.

15.  These actions by Defendant are in violation of A.R.S. § 12-542.04. Plaintiff cannot get employment within the Civil Engineering field or finish her Master's Degree in Civil Engineering without all of the original professional credentials that were stolen and seeks punitive damages in the amount of $3,000,000.00

## FIFTH CAUSE OF ACTION-EXTORTION AND ATTEMPTED BRIBERY

16.  Plaintiff alleges that Defendant committed extortion and attempted to bribe her by asking her to sign a Separation Agreement as set forth in Exhibit 12 attached hereto and reference made a part hereof and would in return receive her professional credentials consisting of Plaintiff's original BSCE degree, original Engineering Certification License and official transcripts that were stolen from her work area and an undisclosed amount of cash that were in an envelope on the desk in front of her.

17.  Plaintiff refused to sign the agreement and seeks punitive damages in the amount of $3,000,000.00.

1
2          **SIXTH CAUSE OF ACTION- VIOLATION OF FMLA**
3      18.  Plaintiff alleges that the Defendant was laying her off due to the fact that she had exhausted all employment
4           protected Family Medical Leave as set forth in Exhibit 13 attached hereto and reference made a part hereof.
5           Defendant was mistaken, Plaintiff was on Non-FML Short Term Disability from December 22, 2008 through
6           March 6, 2009, as set forth in Exhibit 14 attached hereto and reference made a part hereof, because she did
7           not qualify for FML until January 28, 2009 and was informed of this in a letter from Defendant, as set forth in
8           Exhibit 15 attached hereto and reference made a part hereof. Plaintiff was never offered FML by defendant,
9           but if taken there would have been six weeks used out of twenty four weeks available, according to company
10          policy, leaving an available balance of employment protected leave of 18 weeks.
11     19.  Defendant's admitted reason for Plaintiff's involuntary layoff was a violation of FMLA governed by 29 U.S.C.
12          2615(a)(1). Plaintiff seeks statutory liquidated damages in the amount $43,905.60, which is two times eighteen
13          weeks of salary at the time (2 x 18 x $1219.60 = $43,905.60)
14          A.  Plaintiff cites *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112 (9th Cir. 2001). The Ninth Circuit
15              emphasized that Bachelder's lawsuit was governed by 29 U.S.C. 2615(a)(1), which prohibits an
16              employer from "interfer[ing] with" an employee's FMLA rights. The court declared that an employer
17              violates this provision any time it uses an employee's protected leave as *"a negative factor"* in an
18              adverse employment action. The "negative factor" language comes from a DOL regulation which the
19              court found worthy of deference. 29 C.F.R. 825.220(c). *Bachelder* is the first published appellate
20              decision to expressly apply DOL's "negative factor" standard. America West's termination of Bachelder
21              violated FMLA as a matter of law and she could recover statutory liquidated damages.
22          **SEVENTH CAUSE OF ACTION-DEFAMATION OF CHARACTER & LIBEL**
23     20.  Plaintiff alleges that Defendant publicized the Plaintiff in the Lake Havasu City Today's-News Herald newspaper
24          article dated November 19, 2009 in such a way that it made her appear to be incompetent and a liar about the
25          design errors, twisting her allegations around to make it sound as if Plaintiff had accused Defendant of
26          corruption and misconduct. Plaintiff had actually turned the Defendant in for violation of design standards and

Page 5 of 11

knowingly submitting false information to Local and State agencies. See Lake Havasu City Today's-News Herald newspaper article dated November 19, 2009 as set forth in Exhibit 16 attached hereto and reference made a part hereof.

21. Plaintiff seeks punitive damages for invasion of privacy false light tort claim for violation of the Privacy Act of 1974 in the amount of $3,000,000.00.

## EIGHTH CAUSE OF ACTION-VIOLATION OF THE PRIVACY ACT OF 1974

22. Plaintiff alleges that Defendant revealed private information, without her consent a list of Plaintiff's former employers to Charlie Cassens, LHC Interim City Manager and Cassens took it upon himself to contact Plaintiff's former employers as stated in a memo from Mr. Cassens and publicized in the Lake Havasu City Today's-News Herald newspaper article dated November 19, 2009 as set forth in Exhibit 16 attached hereto and reference made a part hereof.

23. Plaintiff seeks punitive damages for invasion of privacy public release of private information tort claim for violation of the Privacy Act of 1974 in the amount of $3,000,000.00

## NINTH CAUSE OF ACTION-BLACKLISTING

24. Plaintiff alleges that Defendant took part in blacklisting Plaintiff by means of communication or transmittal between two or more employers of labor, or their bosses, foremen, superintendents, managers, officers or other agents, whether verbal or written, whereby the Plaintiff is being prevented or prohibited from engaging in a useful occupation. Defendant and, including but not limited to, the LHC Public Works Department, whom employ engineers, had communications about Plaintiff admittedly beginning May of 2009 in the Lake Havasu City Today's-News Herald newspaper article dated November 19, 2009 as set forth in Exhibit 16 attached hereto and reference made a part hereof.

25. Plaintiff seeks punitive damages in the amount of $3,000,000.00 for Defendant's violation of A.R.S. § 23-1361(A).

## TENTH CAUSE OF ACTION-KNOWLEDGE OF SEXUAL HARRASSMENT

26. Plaintiff alleges that Defendant knew of sexual harassment in the workplace due to the fact that on two separate occasions Plaintiff immediately made a verbal complaint after each incident directly to her supervisor, Darin Miller, who was also present during the harassment and witnessed the harassment, both instances were involving Jim Satterwhite, a co-worker, who made sexual comments directly to Plaintiff and another time about Plaintiff to Darin Miller in the Plaintiff's presence. No actions were taken to correct or end Jim Satterwhite's unwanted sexual comments/advancements towards the Plaintiff, which is a violation of EEOC Laws/Regulations and AMEC's Code of Business Conduct as set forth in Exhibit 17 attached hereto and reference made a part hereof. Plaintiff filed an EEOC Complaint in September of 2009 and was given the right to sue by the EEOC in April of 2009 as set forth in Exhibit 18 attached hereto and reference made a part hereof.

27. Defendant violated Arizona Employment Protection Act of 1996, EEOC Laws/Regulations and AMEC's Code of Business Conduct. Plaintiff seeks relief for hostile work environment claim in the amount of $100,000.00 ($50,000.00 per incident), plus relief for Defendant acting with malice and reckless indifference in the amount of $200,000.00 ($100,000.00 per incident) and punitive damages in the amount of $5,000,000.00 ($2,500,000.00 per incident).

    A.  Plaintiff cites *Swenson v. Potter*, 2001 Daily Journal D.A.R. 12653 (9th Cir., November 30, 2001). The Court noted that notice of the sexually harassing conduct triggers an employer's duty to take prompt corrective action that is "reasonably calculated to end the harassment." The employer failed to take prompt corrective action and awarded punitive damages.

    B.  Plaintiff cites *Miller v. Kenworth of Dothan*, 7 D.L.R. A-3to A-4 (11th Cir., January 10, 2002). The Jury found in favor of Miller's claims of hostile work environment and that Kenworth acted with malice and reckless indifference awarding Miller monetarily for both claims. The Court readily admitted that Kenworth did have actual knowledge of harassment. Therefore, there was sufficient evidence to support the additional punitive damages award.

<u>ELEVENTH CAUSE OF ACTION- KNOWLEDGE OF RACIAL DISCRIMINATION</u>

28. Plaintiff, of Native American decent, alleges that Defendant knew of a hostile work environment in the workplace due to the fact that Plaintiff immediately made a verbal complaint directly to her supervisor, Darin Miller, who was also present during the harassment and witnessed the harassment involving Sean Anderson, a co-worker, who made racial slurs/comments to Plaintiff in the presence supervisor Darin Miller. No actions were taken to correct Sean Anderson's unwanted racial slurs/comments towards the Plaintiff and no corrective actions were taken by the Defendant to end the harassment, which is a violation of EEOC Laws/Regulations and AMEC's Code of Business Conduct as set forth in Exhibit 17 attached hereto and reference made a part hereof. Plaintiff filed an EEOC Complaint in September of 2009 and was given the right to sue by the EEOC in April of 2009 as set forth in Exhibit 18 attached hereto and reference made a part hereof.

29. Defendant violated EEOC Laws/Regulations and AMEC's Code of Business Conduct. Plaintiff seeks relief for hostile work environment claim in the amount of $50,000.00, plus relief for Defendant acting with malice and reckless indifference in the amount of $100,000.00 and punitive damages in the amount of $2,500,000.00.

    A. Plaintiff cites *Miller v. Kenworth of Dothan*, 7 D.L.R. A-3to A-4 (11th Cir., January 10, 2002). The jury found in favor of Miller's claims of hostile work environment and that Kenworth acted with malice and reckless indifference awarding Miller monetarily for both claims. The Court readily admitted that Kenworth did have actual knowledge of harassment. Therefore, there was sufficient evidence to support the additional punitive damages award.

<u>TWELFTH CAUSE OF ACTION – KNOWLEDGE OF RELIGIOUS DISCRIMINATION</u>

30. Plaintiff, a Christian, alleges that Defendant knew of a hostile work environment in the workplace due to the fact that Plaintiff immediately made a verbal complaint directly to her supervisor, Darin Miller, who was also present during the harassment and witnessed the harassment involving Jim Satterwhite, a co-worker, who made negative religious slurs/comments about Plaintiffs religious preference in the presence of supervisor Darin Miller. No actions were taken to correct Jim Satterwhite's unwanted negative religious slurs/comments towards the Plaintiff and no corrective actions were taken by the Defendant to end the harassment, which is in

violation of EEOC Laws/Regulations and AMEC's Code of Business Conduct as set forth in Exhibit 17 attached

hereto and reference made a part hereof. Plaintiff filed an EEOC Complaint in September of 2009 and was given

the right to sue by the EEOC in April of 2009 as set forth in Exhibit 18 attached hereto and reference made a

part hereof.

31. Defendant violated EEOC Laws/Regulations and AMEC's Code of Business Conduct. Plaintiff seeks relief for a

hostile work environment claim in the amount of $50,000.00, plus relief for Defendant acting with malice and

reckless indifference in the amount of $100,000.00 and punitive damages in the amount of $2,500,000.00.

    A.  Plaintiff cites *Miller v. Kenworth of Dothan*, 7 D.L.R. A-3to A-4 (11th Cir., January 10, 2002). The jury

        found in favor of Miller's claims of hostile work environment and that Kenworth acted with malice and

        reckless indifference awarding Miller monetarily for both claims. The Court readily admitted that

        Kenworth did have actual knowledge of harassment. Therefore, there was sufficient evidence to

        support the additional punitive damages award.

**THIRTEENTH CAUSE OF ACTION-FINANCIAL, PHYSICAL, EMOTIONAL & MENTAL DISTRESS/DAMAGES**

32. Plaintiff alleges that Defendant's actions have caused irreversible financial, physical, emotional, mental

distress/damages to the Plaintiff as a result of losing her employment with Defendant. Defendant has two

daughters ages 11 and 15 at the time of her discharge. Plaintiff had 100% physical custody of her oldest

daughter and was unable to pay for an attorney when the father filed for a modification requesting full custody

along with the Plaintiff forgiving over $11,000.00 in back child support and $20,000.00 in back medical owed to

her. Plaintiff had 50% physical custody and of her youngest daughter and was unable to pay for an attorney

when the father filed for a modification requesting full custody and support. Plaintiff lost any and all custody of

both of her daughters because she could not afford an attorney or travel to Idaho several times and the Idaho

courts denied her telephonic appearance and she now pays child support in the amount of $357.00 per month.

Plaintiff is convinced that these losses would have never happened if Defendant had not breached Plaintiff's

employment contract.

33. Plaintiff seeks relief of punitive damages for irreversible financial, mental, physical and emotional distress/damages in the amount of $4,250,000.00.

WHEREFORE, Plaintiff prays for Judgment against the Defendant(s) and on behalf of Plaintiff as follows:

A. Breach of Contract-Treble wages $1,367,018.78 plus COBRA $24,830.28 = $1,391,849.06

B. Punitive damages in the amount of $34,320,000.00

C. Statutory liquidated damages of $43,905.60

D. Relief for hostile work environment claim in the amount of $200,000.00

E. Malice and reckless indifference in the amount of $400,000.00

F. Total Principal Balance in the amount of $36,355,754.66 plus interest at the legal rate of 10% per annum.

G. Pursuant to A.R.S. § 12-341.01, for Plaintiff's costs of suit incurred herein of court filing fee of $256.00 and any other costs associated in bringing this action to court.

H. For such other relief as the Court may deem just and proper.

Respectfully submitted this _14th_ day of January 2011.

Stacy D. Ford-Kelly, Plaintiff

1 | **OATH OR AFFIRMATION**

2 | STATE OF ARIZONA     )

                       )ss.

3 | County of Mohave     )

4

5 | I, Stacy D. Ford-Kelly, declare under penalty of perjury that the information contained herein is true and correct to the best of my knowledge and belief.

6 | *Stacy D. Ford-Kelly*             01/14/2011

Stacy D. Ford-Kelly, Plaintiff          Date

7

8 | Subscribed, sworn to (or affirmed) before me on this ___14___ day of January 2011.

9 | By: *Stacy Deann. Ford. Kelly*

10

11 | My commission Expires:_____                                     Deputy Clerk / Notary Public

12

13

14 | Copy sent via Certified Mail to each of the following:

15 |         Statutory Agent for

        AMEC Earth & Environmental, Inc.

16 |         CT Corporation System

        2394 E. Camelback Rd.

        Phoenix, AZ 85016

17

18 |         Roger Jinks, President

        AMEC Earth & Environmental, Inc.

19 |         502 W. Germantown Pike, STE 850

        Plymouth Meeting, PA 19462

20 |         David Ott, Vice President

        AMEC Earth & Environmental, Inc.

21 |         Midwest Plaza Building #1200

        800 Marquette Ave.

22 |         Minneapolis, MN 55402

23

24

25

26

# Exhibit 8

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Attorneys for Defendant
AMEC Earth & Environmental, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF ARIZONA
COUNTY OF MOHAVE

STACY D. FORD-KELLEY,

                    Plaintiff,

vs.

AMEC EARTH & ENVIRONMENTAL,
INC.,

                    Defendant.

No. CV 2010-07063

**DECLARATION OF DEBBIE
KEYES IN SUPPORT OF MOTION
TO DISMISS BY AMEC EARTH &
ENVIRONMENTAL, INC.**

(Assigned to the Honorable
Randolph A. Bartlett)

I, Debbie Keyes, declare as follows:

1.    I am the Corporate Radiation Safety Administrator and Fleet Manager at AMEC Earth & Environmental, Inc ("AMEC"). I make this declaration based on personal knowledge.

2.    On January 27, 2011, I received an e-mail from Vladimir Ivensky, Director of Safety, Health, and Environment at AMEC, regarding a suspicious Priority Mail/Certified Mail package that was received by David Ott, Senior Vice President of AMEC, on January 26, 2011.

3.    Vladimir requested that I assist in an investigation of the package that was being conducted by Rick Sellers, Vice President of Corporate Security at AMEC. A copy of the front of the envelope was sent to me via e-mail. A copy of the January 27, 2011 email and the envelope are attached as Exhibit A.

4.    Using the certified mail receipt number attached to the front of the envelope, I discovered, through the U.S. Postal Service website, that a return receipt had

2339581.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1  been requested.  A true and correct copy of the website search results is attached as

2  Exhibit B.

3         5.     I investigated the return address and discovered that it was a mailbox

4  number at a mailbox rental facility called Lake Havasu Mail & Business Center, Inc.

5  located at 1990 McCulloch Blvd, Lake Havasu City, Arizona, 86403.

6         6.     I went to the post office and verified that the return receipt was, in fact

7  being sent to the mailbox return address in Lake Havasu City.

8         7.     Because the return address was in Lake Havasu City, I concentrated my

9  investigation on individuals in Lake Havasu who may have, or at one time may have had,

10  any issues with AMEC.  I interviewed the former manager for the Lake Havasu group and

11  two individuals came up as possibilities.  One of them was a former employ of AMEC,

12  Stacey Ford-Kelley.

13         8.     I went to the HR manager and asked for copies of handwritten paperwork

14  from the two individuals in question.  He gave me a sample of Stacy Ford's handwriting,

15  and I told him that I would not need the other sample, as her handwriting, in my opinion,

16  matched the writing on the envelope.  A copy of Stacy Ford's handwriting sample that I

17  obtained from AMEC's files is attached as Exhibit C.

18         9.     Curious as to why Ms. Ford would pay for a return receipt for a package

19  containing blank paper, I went to the Mohave County Superior Court website and checked

20  for court records for AMEC Earth & Environmental.  My search revealed a civil suit

21  commenced by Stacy Ford against AMEC, filed on April 15, 2010.  I printed out a copy

22  of the court docket for the case on January 28, 2011.  A copy of the printed docket is

23  attached as Exhibit D.

24       I declare under penalty of perjury that the foregoing is true and correct to the

25  best of my knowledge.  Executed this _18th_ day of March, 2011 at Tempe, Arizona.

26

27  _____

28  Debbie Keyes

2

2339581.1

# Exhibit 9

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: RSchaffer@LRLaw.com

Attorneys for Defendant
AMEC Earth & Environmental, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF ARIZONA
COUNTY OF MOHAVE

STACY D. FORD-KELLEY,

              Plaintiff,

vs.

AMEC EARTH & ENVIRONMENTAL,
INC.,

              Defendant.

No. CV 2010-07063

**DECLARATION OF ROGER JINKS
IN SUPPORT OF MOTION TO
DISMISS BY AMEC EARTH &
ENVIRONMENTAL, INC.**

(Assigned to the Honorable
Randolph A. Bartlett)

I, Roger Jinks, declare as follows:

      1.     I am the former President of AMEC Earth & Environmental, Inc. ("AMEC") and am currently employed by AMEC in a consulting role. I make this declaration based on personal knowledge.

      2.     On or around January 26, 2011, AMEC's Plymouth Meeting, PA office received a Priority Mail/Certified Mail package addressed to me, Roger Jinks, President, AMEC Earth & Environmental, 502 W. Germantown Pike, Ste. 850, Plymouth Meeting, PA 19462, with a return receipt requested from an unknown party located at 1990 McCullock Blvd. N #D128, Lake Havasu City, AZ 86403. The Certified Mail number for the package was 7010 0780 0001 4418 1714. A copy of the envelope is attached as Exhibit A.

      3.     Because I have retired as President of AMEC and am now living near Nanaimo, British Columbia, Canada, the package was not immediately opened but was forwarded to me through AMEC's office in Nanaimo.

AMEC_DECLARATION OF ROGER JINKS (2).DOC

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1       4.     Prior to my opening the package, I was informed that AMEC believed

2 the package came from Stacey Ford-Kelly and suspected that it contained blank paper.

3 Thus, arrangements were made for me to open the package with several witnesses. When

4 I opened the package on February 16, 2011, it contained only blank sheets of paper.

5       5.     After learning that Ms. Ford-Kelley may have previously sent a package

6 to me in May 2010, I was asked whether I recall receiving the document attached as

7 Exhibit B, which I understand is a document that was mailed to CT Corp. in May 2010.

8 The letter looks familiar and I believe that I did receive a similar letter but I cannot be

9 certain of the date. After searching my email files, I was able to locate a copy of the letter

10 attached to a May 7, 2010 email from AMEC's legal counsel. However, the document

11 does not contain any reference to a court case number nor does it indicate that a lawsuit

12 had been filed against AMEC.

13       6.     I have reviewed the two documents attached as Exhibit C and D, which I

14 understand are the original Complaint and Amended Complaint filed by Ms. Ford-Kelley

15 in Mohave County, Arizona Superior Court. The original Complaint (Exhibit C) was sent

16 to me by AMEC's in-house legal counsel on February 9, 2011, in connection with

17 AMEC's investigation into the packages sent by Ms. Ford. Other than that, I have not

18 seen these documents before and do not recall receiving them by mail. I also do not recall

19 receiving any other notices by mail related to any lawsuit filed by Ms. Ford-Kelly against

20 AMEC. If I had received any such documents, I would have forwarded them to AMEC's

21 legal department.

22       I declare under penalty of perjury that the foregoing is true and correct to the

23 best of my knowledge. Executed this 21 day of March 2011 in Nanaimo, British

24 Columbia, Canada.

25

26

27 Roger Jinks

28

2       AMEC_DECLARATION OF ROGER JINKS (2).DOC

# Exhibit 10



**LEWIS AND ROCA LLP LAWYERS**

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Attorneys for Defendant
AMEC Earth & Environmental, Inc.

SUPERIOR COURT OF ARIZONA
COUNTY OF MOHAVE

STACY D. FORD-KELLEY,

               Plaintiff,

vs.

AMEC EARTH & ENVIRONMENTAL, INC.,

               Defendant.

No. CV 2010-07063

**DECLARATION OF ALLAN MORRISON IN SUPPORT OF MOTION TO DISMISS BY AMEC EARTH & ENVIRONMENTAL, INC.**

(Assigned to the Honorable Randolph A. Bartlett)

I, Allan Morrison, declare as follows:

1.    I am the Senior Environmental Engineer at AMEC Earth & Environmental, Inc. ("AMEC"). I make this affidavit based on personal knowledge.

2.    On February 16, 2011, I was one of three people who personally witnessed the opening of a Priority Mail/Certified Mail envelope addressed to Roger Jinks, President, AMEC Earth & Environmental, 502 W. Germantown Pike, Ste. 850, Plymouth Meeting, PA 19462, with a return receipt requested from an unknown party located at 1990 McCulloch Blvd. N, Lake Havasu City, AZ 86403. The Certified Mail number for the package was 7010 0780 0001 4418 1714.

3.    Roger Jinks opened the envelope and removed the contents. The envelope contained only blank sheets of paper.

2339668.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1          I declare under penalty of perjury that the foregoing is true and correct to the
2    best of my knowledge.  Executed this 18th day of March 2011 at Nanaimo, British
3    Columbia, Canada.

4

5

6                                              Allan Morrison

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

2339668.1

# Exhibit 11



**LEWIS**
AND
**ROCA**
LLP
L A W Y E R S

1   40 North Central Avenue, 19th Floor
    Phoenix, Arizona 85004-4429
    Telephone: (602) 262-5311
2
    Robert G. Schaffer, State Bar No. 017475
3   Direct Dial: (602) 262-0271
    Direct Fax: (602) 734-3777
    EMail: BSchaffer@LRLaw.com
4
    Attorneys for Defendant
    AMEC Earth & Environmental, Inc.
5

6                    SUPERIOR COURT OF ARIZONA
7                        COUNTY OF MOHAVE

8   STACY D. FORD-KELLEY,              )   No. CV 2010-07063
9                         Plaintiff,   )
                                       )   DECLARATION OF DARCEY
10      vs.                            )   KALUZA IN SUPPORT OF
                                       )   MOTION TO DISMISS BY AMEC
11  AMEC EARTH & ENVIRONMENTAL,        )   EARTH & ENVIRONMENTAL,
    INC.,                              )   INC.
12                                     )
                          Defendant.   )   (Assigned to the Honorable
13                                     )   Randolph A. Bartlett)
14  _____   )

15      I, Darcey Kaluza, declare as follows:

16      1.   I am the Office Administrator at AMEC Earth & Environmental, Inc
17  ("AMEC") in the Nanaimo, BC, Canada office. I make this declaration based on personal
18  knowledge.

19      2.   On February 16, 2011, I was one of three people who personally
20  witnessed the opening of a Priority Mail/Certified Mail envelope addressed to Roger Jinks,
21  President, AMEC Earth & Environmental, 502 W. Germantown Pike, Ste. 850, Plymouth
22  Meeting, PA 19462, with a return receipt requested from an unknown party located at
23  1990 McCulloch Blvd. N, Lake Havasu City, AZ 86403. The Certified Mail number for
24  the package was 7010 0780 0001 4418 1714.

25      3.   Roger Jinks opened the envelope and removed the contents. The
26  envelope contained only blank sheets of paper.

27

28

                                                              2339624.1

LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

1      I declare under penalty of perjury that the foregoing is true and correct to the

2    best of my knowledge. Executed this *18th* day of March 2011 at Nanaimo, British

3    Columbia, Canada.

4

5

6             Darcey Kaluza

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          2

2339624.1

# Exhibit 12

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Attorneys for Defendant
AMEC Earth & Environmental, Inc.

SUPERIOR COURT OF ARIZONA
COUNTY OF MOHAVE

STACY D. FORD-KELLEY,

                    Plaintiff,

vs.

AMEC EARTH & ENVIRONMENTAL, INC.,

                    Defendant.

No. CV 2010-07063

**DECLARATION OF AMELIA MARTINEZ IN SUPPORT OF MOTION TO DISMISS BY AMEC EARTH & ENVIRONMENTAL, INC.**

(Assigned to the Honorable Randolph A. Bartlett)

I, Amelia Martinez, declare as follows:

1.     I am the Senior Corporate Operations Specialist at CT, a WoltersKluwer business, located at 2394 E. Camelback Road, Phoenix, AZ 85016. As such, I am familiar with CT's procedures and recordkeeping policies. I have been employed by CT since July 1, 1988. I make this affidavit based on personal knowledge as well as knowledge obtained from a review of CT's business records.

2.     On January 26, 2011, CT received a Priority Mail/Certified Mail package with a return receipt requested from an unknown party located at 1990 McCulloch Blvd. N, Lake Havasu City, AZ 86403. The Certified Mail number for the package was 7010 0780 0001 4418 1707. A copy of the envelope is attached as Exhibit A. When opened, the package contained blank pages with no identifying information as to the party upon whom service was sought.

2339599.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1    3.  On January 26, 2011, I sent the attached letter (Exhibit B) by Federal

2 Express returning the package to the sender.  In the letter I advised the sender that the

3 package contained only blank pages.

4    4.  My letter was delivered and signed for on January 28, 2011.  *See* Federal

5 Express tracking report attached as Exhibit C.

6    5.  I was contacted by counsel for AMEC Earth & Environmental, Inc. and

7 asked to search CT's records for anything served upon CT as the statutory agent for

8 AMEC by Stacy D. Ford-Kelly.  My investigation revealed that a complaint letter

9 (attached as Exhibit D) from Ms. Ford-Kelly was received by CT on May 6, 2010.  It was

10 sent by Certified Mail Return Receipt Requested with tracking number 7008 0150 0001

11 3705 1376.  As indicated on CT's Service of Process Transmittal, the document did not

12 contain any reference to a court case number nor did it indicate that a lawsuit had been

13 filed against AMEC.  This document was transmitted to Jackie Wasyluk at AMEC Inc. by

14 email the same date it was received.

15    6.  I performed a thorough search of CT's records for the period January 1,

16 2010 to the present.  At no time did CT receive notice of Mohave County Superior Court

17 case CV-2010-07063 styled *Stacy D. Ford-Kelly v. AMEC Earth & Environmental, Inc.*

18 Only after I was made aware by AMEC's counsel that two AMEC employees had also

19 received packages of blank paper did I recall a similar event and I was able to locate the

20 documentation attached as Exhibits A-C.

21    7.  The documents and records attached hereto were prepared by the

22 personnel of CT in the ordinary course of its business or received and kept by CT in the

23 ordinary course of business.

24    I declare under penalty of perjury that the foregoing is true and correct to the

25 best of my knowledge.

26    Executed this _17th_ day of March, 2011 in Phoenix, Arizona.

27

28

                Amelia Martinez

           2

2339599.1

# EXHIBIT 2

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MOHAVE

**HONORABLE CHARLES W. GURTLER, JR., JUDGE**
**DIVISION I – BULLHEAD CITY**                                              **\*ks**
**DATE:   DECEMBER 8, 2011**

---

### COURT ORDER

---

| STACY D. FORD-KELLY, | NO. CV-2010-7063 |
|---|---|
| Plaintiff, | |
| v. | |
| AMEC EARTH & ENVIRONMENTAL, INC., | |
| Defendant. | |

Pending are several Motions including Plaintiff's Motion to Vacate Dismissal, Motion to Reinstate Claim, Motion for Enlargement of Time; Defendant's Motion to Dismiss Pursuant to Rule 4(i) or, Alternatively for Limited Discovery and Evidentiary Hearing, Defendant's Motion to Strike Plaintiff's Motion for Enlargement of Time, Defendant's Motion to Strike Plaintiff's Second Motion for Enlargement of Time, and Defendant's Motion for Summary Grant of Motion to Dismiss or Alternatively, for Limited Discovery and Evidentiary Hearing, and Plaintiff's Second Motion for Summary Grant of Motion to Dismiss.

Plaintiff argues in her initial Motion that there is excusable neglect warranting an extension of time with which to serve the Defendant. The Rule is premised upon Plaintiff establishing "good cause" as to why an extension of time to serve a Defendant should be granted. Rule 4(i), A.R.C.P. See also, Maher v. Urman, 211 Ariz. 543, 549, 124 P.3d 770 (App. 2005). As the Defendant points out, good cause is the standard. Good cause standard equates to excusable neglect.

There does not appear to be any case on point in Arizona. However, several Federal Courts have addressed the issue under the Federal Rules equivalent. As an example, in Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987) it was held that a secretary's failure to mail Summons along with a Complaint was inadvertent error, but that was not good cause. Additionally, in West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528-29 (9th Cir. 1990), the Ninth Circuit held that a dismissal was warranted where a party had served an incomplete draft of a complaint by mistake. Therefore, it would appear to the Court that dismissal is appropriate.

However, the Court finds that excusable neglect or good cause exists under the Savings Statute of A.R.S. § 12-504(A) to allow the Plaintiff to file a new lawsuit provided that the new action is filed within ninety (90) days of the date of the signed Order dismissing this matter. In Schwartz v. Arizona Primary Care Physicians, 192 Ariz. 290, 964 P.2d 491 (App.Div.1 1998), the Court of Appeals found the Plaintiff was entitled to, as a matter of right, to commence a new action when the basis for a dismissal was insufficiency of process rather than abatement. In this matter, the Court's prior ruling was to the nature and extent that there was insufficient service of process. Plaintiff reasonably believed that she had served copies of the documents upon the appropriate agent or agents of the Defendant. Defendant moved to dismiss based upon fraud upon the

Court. The Court specified that it could not make a fraud determination without an evidentiary hearing. However, the Court also found that the service was inappropriate. Therefore, this case will not be dismissed upon abatement, but rather upon an insufficiency of service of process.

**IT IS, THEREFORE, ORDERED** granting Defendant's Motion to Dismiss.

**IT IS FURTHER ORDERED** granting to Plaintiff the right to file a new action under A.R.S. § 12-504(A) provided that the new action is commenced and filed within ninety (90) days of the date of the signed Order dismissing the case at bar.

**IT IS FURTHER ORDERED** directing the Clerk to proceed to close the file.

The Court's ruling on this particular issue abates the necessity for ruling on all the other pending Motions as the same become moot.

cc:

STACY D. FORD-KELLY
1561 MOHICAN DR
LAKE HAVASU CITY AZ  86406
Plaintiff

ROBERT G. SHAFFER*
LEWIS & ROCA, LLP
Attorney for Defendant

Honorable Charles W. Gurtler, Jr.
Division I