# EXHIBIT 1

## AGREEMENT FOR VOLUNTARY DISMISSAL WITH PREJUDICE

## AND MUTUAL RELEASE OF ALL CLAIMS

This Agreement for Voluntary Dismissal with Prejudice and Mutual Release of all Claims (the "Agreement") is entered into this 21st day of March, 2013, by and between Stacy Ford-Kelly ("Ford-Kelly"), and AMEC Environment & Infrastructure, Inc., and any of its affiliates, agents, servants, employees, parents, subsidiaries or any person or entity acting by, through, under or in concert with them (collectively referred to as the "AMEC Released Parties"). AMEC Released Parties and Ford-Kelly are collectively referred to as "parties."

### RECITALS

A.  Ford-Kelly and AMEC Environment & Infrastructure, Inc. are involved in a civil lawsuit currently pending in federal District Court, in and for the District of Arizona, styled *Stacy Ford-Kelly v. AMEC Environment & Infrastructure, Inc., et al.*, Case No. 3:12-CV-08085 (the "Civil Action"). The Civil Action arises out of the parties' now-terminated employment relationship.

B.  Ford-Kelly represents that she does not have any valid claims or causes of action against the AMEC Released Parties, either as alleged in the Civil Action or otherwise. The AMEC Released Parties deny that they are liable to Ford-Kelly in any way in connection with the parties' former employment relationship or otherwise.

C.  Ford-Kelly wishes to voluntarily dismiss the Civil Action with prejudice in exchange for the parties entering into this Agreement, which includes an agreement by the AMEC Released Parties not to seek reimbursement of their legal expenses in the Civil Action as a condition of Ford-Kelly's voluntary dismissal of the Civil Action, and a mutual release of any known or potential claims that have been or which might have been asserted between and among the parties as of the date Ford-Kelly executes this Agreement.

### AGREEMENT

Based upon the foregoing, and in consideration of the terms set forth in this Agreement, and for other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.  **Voluntary Dismissal of Civil Action.** Ford-Kelly represents that she will take all actions necessary to cause the Civil Action to be voluntarily dismissed with prejudice. Ford-Kelly specifically agrees that she will execute, or authorize her attorneys-of-record in the Civil Action to execute, the Motion for Voluntary Dismissal with Prejudice attached hereto as Exhibit A, and that AMEC Environment & Infrastructure, Inc., may file the Motion for Voluntary Dismissal with Prejudice with the Court upon its receipt of a copy of this Agreement executed by Ford-Kelly.

1

2. <u>Mutual Release</u>.

A. The parties agree that pursuant to this Agreement, they irrevocably and unconditionally waive, release and forever discharge each other from any and all claims, demands, damages, causes of action, complaints, controversies, costs, damages, debts, expenses, obligations, losses, promises, charges, and any liability whatsoever, known or unknown, suspected or unsuspected, that they may have against each other, including without limitation, on account of or in any manner arising out of the employment relationship between the parties or the termination thereof ("Released Claims"). This release includes, without limitation, any claim for breach of obligation, contract, agreement, understanding, covenant of good faith or fair dealing, whether express or implied, promise of continued employment, constructive discharge, wrongful discharge, retaliation, retaliatory discharge for filing a claim for worker's compensation, discrimination based on sexual orientation, discrimination based upon sex, gender, race, age, religion, color, national origin, or disability, or any other protected status, retaliation, negligent or intentional infliction of emotional distress, overtime, and any duties or obligations arising from the employment relationship or the termination thereof. The parties expressly agree that they will not initiate any legal proceedings against any other party with respect to the Released Claims.

B. This FULL MUTUAL WAIVER OF ALL CLAIMS AND DEMANDS includes, by way of example only and without limiting this release, the parties' agreement to release each other from any cause of action, right, claim or liability under Title VII of the 1964 Civil Rights Act, as amended, the Fair Labor Standards Act, the United States Constitution, the Americans with Disabilities Act, the Vietnam Era Veterans' Readjustment Assistance Act, the Older Workers Benefit Protection Act, the Equal Pay Act, the Family and Medical Leave Act, the National Labor Relations Act, and any other equal employment opportunity law or statute as amended, any administrative regulations or legal doctrines, constitutional law, any common law claim including wrongful discharge, breach of implied or express contract, whistleblower, the covenant of good faith and fair dealing, or any other claim in tort or contract arising under the law.

C. The parties further warrant and agree that they waive any right to monetary recovery should they, or any administrative or governmental agency, individual or entity on their behalf, pursue any claims with state or federal governmental or administrative agencies arising out of or related in any way to the parties' employment relationship or the termination thereof.

D. The further parties warrant and represent that they have not pledged, sold, assigned, conveyed or otherwise transferred, in whole or in part, any claim or cause of action that they may have against each other.

E. Ford-Kelly understands and acknowledges that the AMEC Released Parties are entering into this Agreement on the express condition that Ford-Kelly shall abide by its terms. The release by the AMEC Released Parties contained in this paragraph

2

*3389824.1*

shall be null and void, and the Released Claims of the AMEC Released Parties reinstated in full without further instrument, if Ford-Kelly materially breaches any provision of this Agreement.

3. <u>No Other Indebtedness</u>. The parties understand and acknowledge that, other than the mutual release of claims and other promises expressly made in this Agreement, they are not obligated to provide each other with any payment or benefit of any kind whatsoever, other than as may arise from a claim for breach of this Agreement, as expressly provided herein.

4. <u>Non-Disparagement</u>. Ford-Kelly agrees not to disparage or otherwise harm the reputation, goodwill or commercial interests of AMEC Released Parties in any written or oral communication with any person or entity.

5. <u>Employee Information and No Future Employment</u>. Ford-Kelly agrees not to seek, apply for, or accept employment with any of the AMEC Released Parties. Ford-Kelly understands and acknowledges that she will have no valid cause of action against the AMEC Released Parties in any court or with any state or federal agency for not hiring Ford-Kelly, should she seek employment in violation of this Agreement, or for terminating Ford-Kelly, if she is hired by any of the AMEC Released Parties in violation of this Agreement.

6. <u>Complete Agreement and Understanding</u>. This Agreement contains the entire understanding between the parties, and supersedes, if any, all prior and contemporaneous agreements and understandings, inducements or conditions, express or implied, oral or written, except as herein contained. The parties agree that any purported reliance on oral representations would be unreasonable.

7. <u>Review by Parties and Counsel</u>. The parties acknowledge that each of them, and their respective counsel, has had an opportunity to review the Agreement, that the terms of the Agreement have been completely read by them and explained to them, that the terms are fully understood and voluntarily accepted by them, and that the Agreement will not be construed against any party merely because such party prepared the Agreement. The parties hereby represent to each other that they have reviewed this Agreement with competent legal counsel, or have had the opportunity to do so, and that no party shall deny the validity of this Agreement on the grounds that it did not understand the nature and consequences of this Agreement or did not have the opportunity to seek the advice of independent counsel prior to executing it or is acting under any type of compulsion that would render this Agreement void or voidable.

8. <u>Binding Nature of Agreement</u>. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, heirs, representatives and assigns.

9. <u>Enforcement of Agreement</u>. In any action brought to enforce, interpret or determine the validity of the obligations, terms, covenants or conditions of the Agreement, the prevailing party shall be entitled to recover from the other party its costs (including but not limited to the costs incurred in connection with the use of any necessary expert witness) and reasonable attorneys' fees.

10. **Attorneys' Fees and Costs.** The parties to the Agreement agree that, except as to an action to enforce the Agreement, each party shall bear its own costs, attorneys' fees and other expenses incurred in connection with the Civil Action.

11. **Captions.** The paragraph captions set forth in the Agreement are for the convenience of the parties and do not modify, limit or otherwise affect the express provisions of the Agreement.

12. **Governing Law.** The Agreement and all questions relating to its validity, interpretation, performance and enforcement shall be governed by and construed in accordance with the laws of the State of Arizona.

13. **Forum Selection Clause.** In the event of any litigation that in any way relates to or arises out of the subject matter of this Agreement, the parties hereby consent to the personal jurisdiction of the federal and state courts of Arizona, and further agree that the venue of any such litigation shall be exclusively limited to the state or federal courts located in Maricopa County, Arizona.

14. **Severability.** Should any provision of this Agreement be declared or determined by any Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

15. **Modification.** This Agreement may not be modified or amended other than by a written agreement signed by authorized representatives of all parties.

16. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, and it shall not be necessary in making proof of this Agreement to produce or account for more than one such counterpart.

STACY FORD-KELLY

*[signature]*
Stacy Ford-Kelly
Date: 3/20/2013

Reviewed as to form:

*[signature]*
Peter K. Strojnik
The Strojnik Law Firm LLC
Counsel for Stacy Ford-Kelly

AMEC ENVIRONMENT & INFRASTRUCTURE, INC. & AMEC RELEASED PARTIES

By: *[signature]*
Its: SVP + Secretary
Date: 3/21/2013

*[signature]*
Melanie V. Pate
Lewis & Roca, LLP
Counsel for AMEC Environment & Infrastructure, Inc.

4

**EXHIBIT A**

**LEWIS AND ROCA LLP LAWYERS**

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Robert G. Schaffer, State Bar No. 017475
Direct Dial: (602) 262-0271
Direct Fax: (602) 734-3777
EMail: BSchaffer@LRLaw.com

Melanie V. Pate, State Bar No. 017424
Direct Dial: (602) 262-5318
Direct Fax: (602) 734-3785
EMail: MPate@LRLaw.com

Alastair Gamble, State Bar No. 025488
Direct Dial: (602) 262-5370
Direct Fax: (602) 262-3787
EMail: AGamble@LRLaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy D. Ford-Kelly,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>AMEC Environment & Infrastructure, Inc., a Nevada corporation *fka* AMEC Earth & Environmental, Inc. *fka* AMEC Infrastructure, Inc.,<br><br>　　　　　　　　Defendant. | No. 3:12-cv-08085-NVW<br><br>**MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE** |

　　　　Pursuant to Rule 41(a)(2), and in partial fulfillment of the terms and conditions of a written Agreement For Voluntary Dismissal With Prejudice and Mutual Release of All Claims attached hereto as Exhibit 1, Plaintiff Stacy D. Ford-Kelly and Defendant AMEC Environment & Infrastructure, Inc. hereby request that the Court dismiss the above-captioned matter against all Defendants with prejudice, each side to bear their own fees and costs.

　　　　RESPECTFULLY SUBMITTED this 21st day of March, 2013.

　　　　　　　　　　　　　　　　　　LEWIS AND ROCA LLP


　　　　　　　　　　　　　　　　　　By /s/ *Melanie V. Pate*
　　　　　　　　　　　　　　　　　　　　Robert G. Schaffer
　　　　　　　　　　　　　　　　　　　　Melanie V. Pate
　　　　　　　　　　　　　　　　　　　　Alastair Gamble
　　　　　　　　　　　　　　　　　　Attorneys for Defendants

3390078.1

THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, AZ 85016


By /s/ *Peter K. Strojnik*
    Peter K. Strojnik
Attorneys for Plaintiff

STROJNIK, P.C.
2415 East Camelback Road, Suite 700
Phoenix, AZ 85016


By /s/ *Peter Strojnik*
    Peter Strojnik
Attorneys for Plaintiff

2

3390078.1

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter K. Strojnik, Esq.
The Strojnik Firm L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, AZ 85016
strojnik@skplaw.com

Peter Strojnik, Esq.
Strojnik, P.C.
2415 East Camelback Road, Suite 700
Phoenix, AZ 85016
ps@strojnik.com

Robert G. Schaffer, Esq.
RSchaffer@LRlaw.com
Melanie V. Pate, Esq.
MPate@LRLaw.com
Alastair Gamble, Esq.
AGamble@LRLaw.com
Lewis and Roca LLP
40 North Central Avenue
Phoenix, AZ 85004

/s/ Susan J. Durkee

3390078.1